

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**RECEIVED**

DEC – 4 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Carla Hill                              )
_____                 )
_____                 )
_____                 )        CIVIL ACTION
(Name of the plaintiff or plaintiffs)   )
                                        )        NO.
              v.                        )
John E. Potter, Postmaster General      )        07CV6835
Patrick Kavaugh, Postmaster             )        JUDGE COAR
James Fiscauldo, Supervisor             )        MAG. JUDGE DENLOW
(Name of the defendant or defendants)   )
(continued on next page)                )        - - - - - - - - - - -

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1.  This is an action for employment discrimination.

2.  The plaintiff is **Carla Hill** _____ of the

county of **Cook** _____ in the state of **Illinois** _____.

3.  The defendant is **John E. Potter, Patrick Kavaughn, James Fiscauldo,** whose
Stephen Schneider, Zerek Veal, Karen Mysken

street address is **475 W Enfant Plaza SW** _____,

(city) **Washington** (county) _____ (state) **D C** (ZIP) **20260**

(Defendant's telephone number)    (___) – ____ ____

4.  The plaintiff sought employment or was employed by the defendant at (street address)

**17541 S. Kedzie Avenue** _____ (city) **Hazel Crest**

(county) **Cook** (state) **IL** (ZIP code) **60429**

5.  The plaintiff [*check one box*]

   (a) ☐    was denied employment by the defendant.

   (b) ☒    was hired and is still employed by the defendant.

   (c) ☐    was employed but is no longer employed by the defendant.

·pg 2

Defendant(s)
Stephen Schneider, Post Master
Zerex Veal, O.I.C.
Karen Myskens, O.I.C.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,

(month)_____, (day)_____, (year) 2002 . and is still going ON .

7.1  *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a)  The defendant is not a federal governmental agency, and the plaintiff  [*check*
one box]  ☐ has not  ☐ has    filed a charge or charges against the defendant

asserting the acts of discrimination indicated in this complaint with any of the following

government agencies:

(i)  ☐ the United States Equal Employment Opportunity Commission, on or about
(month)_____ (day)_____ (year)_____

(ii)  ☐ the Illinois Department of Human Rights, on or about
(month)_____ (day)_____ (year)_____.

(b)  If charges *were* filed with an agency indicated above, a copy of the charge is

attached.  ☐ YES.    ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received. The

plaintiff has no reason to believe that this policy was not followed in this case.

7.2    The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the

defendant asserting the acts of discrimination indicated in this court complaint.

☒    Yes (month) June ~~November~~ ~~February~~ (day) 17 ~~13~~ ~~26~~ (year) 2002 ~~2005~~ ~~2004~~

☐    No, did not file Complaint of Employment Discrimination

2.    The plaintiff received a Final Agency Decision on (month) October
(day) 5 (year) 2005

c.    Attached is a copy of the

a.  Complaint of Employment Discrimination,

☒ YES    ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☒ YES    ☐ NO, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a)☐ the United States Equal Employment Opportunity Commission has not issued a

*Notice of Right to Sue.*

(b)☐ the United States Equal Employment Opportunity Commission has issued a

*Notice of Right to Sue*, which was received by the plaintiff on

(month)_____ (day)_____ (year)_____ a copy of which *Notice*

is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a)☒ Age (Age Discrimination Employment Act).

(b)☒ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(c)☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d)☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e)☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f)☐ Religion (Title VII of the Civil Rights Act of 1964)

(g)☒ Sex (Title VII of the Civil Rights Act of 1964)

(h) x  Breach of an settlement agreement. (Aug 19, 2004)

10.    If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11.    Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12.    The defendant [*check only those that apply*]

(a)☐ failed to hire the plaintiff.

(b)☐ terminated the plaintiff's employment.

(c)☒ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☒ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒    failed to stop harassment;

(g) ☒    retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☒ other (specify): Cut my full time hours of 40 hours a week down to 13 hours a week from 8/01/2003 to 7/28/2004. Denied overtime rights. Told not to talk at work. Denied no lunch priviliges as others were. Not given light duty assignment. Sit at work with nothing to do. Gave part time employees more hours than me. I am a full time employee. Breached settlement agreement.

13.    The facts supporting the plaintiff's claim of discrimination are as follows:

I have been subjected to an on-going pattern of reprisal, harassment, disparate treatment, will ful discrimination, disability discrimination, denied a promotion to a window distribution clerk position by way of an EEOC settlement agreement. Breach of the EEOC settlement agreement by the United States Postal Service agency. Younger females have been promoted to this position in our office with less seniority and years of service at our office

14.    [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.    The plaintiff demands that the case be tried by a jury. ☒ YES    ☐ NO

16.    THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check only those that apply]

(a) ☐    Direct the defendant to hire the plaintiff.

(b) ☐    Direct the defendant to re-employ the plaintiff.

(c) ☒    Direct the defendant to promote the plaintiff.

(d) ☐    Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☒    Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☒    Direct the defendant to (specify): _Cease and desist all_
_reprisal, harassment and discrimination from past,_
_present and future responsible management_
_officials._

(g) ☒    If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒    Grant such other relief as the Court may find appropriate.

(Plaintiff's signature) _Ms Carla Hill_

(Plaintiff's name)
_Ms. Carla Hill_

(Plaintiff's street address)
_18119 Charlemagne Avenue_
_Hazel Crest_
(City) _Hazel Crest_   (State) _IL_   (ZIP) _60429_
(Plaintiff's telephone number) (_708_) _798-4251_

Date: _11/26/07_

## LOCAL RULES 5.2 — 5.4

### LR5.2.    Form of Papers Filed

(a)    PAPER AND FONT SIZE.  Each document filed shall be flat and unfolded on opaque, unglazed, white paper approximately 8 ½ x 11 inches in size.  It shall be plainly written, or typed, or printed, or prepared by means of a duplicating process, without erasures or interlineations which materially deface it.  It shall be bound or secured on the top edge of the document. Where the document is typed, line spacing will be at least 1½ lines.  Where it is typed or printed, (1)    the size of the type in the body of the text shall be 12 points and that in footnotes, no less than 11 points, and (2)    the margins, left-hand, right-hand, top, and bottom, shall each be 1 inch.

APPEALS PROCESSING CENTER
GREAT LAKES AREA


**UNITED STATES**
**POSTAL SERVICE.™**

# UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
### IN THE MATTER OF:

Carla Hill,
Complainant,

v.

John E. Potter,
Postmaster General,
c/o Great Lakes Area Operations
Respondent

Agency No.:      4J-604-0101-02

Allegation of Non-Compliance with
Settlement Agreement

## Notice of Final Agency Decision

This is the final agency decision of the Postal Service in the above referenced matter. You alleged a breach of a settlement agreement entered into with management on August 19, 2004.

EEOC Regulation 29 C. F. R. § 1614.504, provides for reopening a complaint upon your written request, if shown that the agency has failed to comply with the terms of a settlement agreement for reasons not attributable to your acts or conduct. The regulation states that any settlement agreement reached at any stage of the complaint process shall be binding on both parties. If you believe that the agency has failed to comply with the terms of a settlement agreement or final decision, you must notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when you knew or should have known of the alleged noncompliance.

The Settlement Agreement dated August 19, 2004 stated in part:

4.   Respondent agrees to provide Complainant with window and scheme training consistent with the applicable collective bargaining agreement, which she must successfully complete in order to serve as a Part-time Flexible Sales, Services, and Distribution Associate.

5.   Complainant agrees to provide a medical release from a licensed physician, that she is physically capable of performing the essential functions of the Part-time Flexible Sales, Services and distribution Associate position (PS-05, most junior), at the Hazel Crest, Illinois Post Office which includes a permanent release to lift up to forty (40) pounds and intermittently lifting seventy (70) pounds. Complainant and her counsel shall provide said release to Respondent's counsel within fourteen (14) calendar days of her execution of this agreement.

Notice of Final Agency Decision
Carla Hill
4J-604-0101-02
Page 2

6.    If the conditions set forth in paragraphs four (4) and five (5) above are met, Respondent agrees to place Complainant in a Part-time Flexible Sales, Services, and Distribution Associate position (PS-05, most junior), at the Hazel Crest, Illinois Post office, starting on September 18, 2004. Respondent guarantees the Complainant six (6) weeks of work at forty (40) hours per week from the start date in said position. Thereafter, complainant understands, accepts, and agrees that she is not guaranteed a set number of hours of work per week.

You submitted correspondence dated August 15, 2005, to the EEO Dispute Resolution Office, Central Illinois District in Bedford Park, IL 60499-9411, alleging that the August 19, 2004 settlement agreement had been breached. You alleged that the Respondent was supposed to award you the Part-time Flexible Sales, Services and Distribution Associate position at the Hazel Crest Post Office starting on September 18, 2004. You further alleged that you have been passed over three times for this position.

An inquiry was conducted into your allegation(s) of a breach of the August 19, 2004 Settlement Agreement and it revealed that there was no breach.

Management indicated that you did not provide documentation within fourteen (14) calendar days as stipulated in the August 19, 2004 settlement agreement (Item #5), that you were physically capable of performing the essential functions of said position. Therefore, you were not awarded the position.

Since you failed to comply with the applicable provisions of the August 19, 2004 settlement agreement, specifically Item five (5), by failing to provide a medical release from a licensed physician that you are capable of performing the essential functions of the Part-Time Flexible Sales, Services, and Distribution Associate position (PS-05, most junior) within fourteen (14) calendar days of your execution of this Agreement, you have failed to establish how the Postal Service has breached the provisions of the settlement agreement.

Also, you did not notify the EEO Director and/or the Central Illinois District EEO Dispute Resolution Office of your allegation of non-compliance with the settlement agreement within 30 days, as required by EEOC regulations under 29 C.F.R. §1614.504. Accordingly, you have failed to timely exhaust your administrative remedies to raise this claim of non-compliance with the settlement agreement.

Based on the foregoing, there was no breach of the settlement agreement reached on August 19, 2004.

Since the agency has not violated any terms of the settlement agreement, the agency is closing this complaint pursuant to 29 C. F. R. § 1614.504.

Notice of Final Agency Decision
Carla Hill
4J-604-0101-02
Page 3

### Appeal to the EEOC

You have the right to appeal the Postal Service's final decision to the Director, Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), Post Office Box 19848, Washington, DC 20036-9848 within 30 calendar days of the date of your receipt of the Postal Service's final action. You must use Form 3573, a copy of which is enclosed, in connection with your appeal. You may also deliver your appeal in person or by facsimile provided that briefs filed by facsimile are ten or fewer pages in length. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation or brief were also submitted to the Manager, EEO Compliance and Appeals, USPS, Great Lakes Area Operations, 244 Knollwood Drive- 2nd Floor, Bloomingdale, IL 60117-3010. You are advised that if you file your appeal beyond the 30-day period set forth in the Commission's regulations, you should provide an explanation, in writing, as to why your appeal should be accepted despite its untimeliness. If you cannot explain why your untimeliness should be excused in accordance with § 1614.604, the Commission may dismiss the appeal as untimely.

### Right to File Civil Action

Alternatively, if you are dissatisfied with the Postal Service's final decision in this case, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of the date of your receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered. If you choose to file a civil action, that action should be captioned **(Your Name)** v. **John E. Potter, Postmaster General.** You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or other security. Whether these requests are granted or denied is within the sole discretion of the District Judge. Your application must be filed within the same 90-day time period for filing the civil action.

_Michael L. Garrett_     _10/5/05_
Michael L. Garrett                                                    Date
Manager, EEO Compliance and Appeals
Great Lakes Area Operations
244 Knollwood Drive, 2nd Floor
Bloomingdale, IL 60117-3010

Enclosure:     Appeal Form 3573

Notice of Final Agency Decision
Carla Hill
4J-604-0101-02
Page 4

## CERTIFICATE OF SERVICE

For timeliness purposes, it will be presumed that this Notice of Final Agency Decision
was received within five (5) calendar days after it was mailed. I certify that on this date,
this Notice of Final Decision was mailed via Regular First Class Mail to the following
parties:

Carla Hill
18119 Charlemagne Avenue
Hazel Crest, IL 60429-2226

Richard J. Little
Manager, Labor Relations
6801 W. 73rd Street
Bedford Park, IL 60499-9401

Heather R. Sloan, Esq.
USPS Law Department
222 S. Riverside Plaza, Suite 1200
Chicago, IL 60606-6105

EEO ADR Specialist
Central Illinois District

_____
Arturo Berumen
A/EEO Compliance and Appeals Specialist
Great Lakes Area Operations
244 Knollwood Drive, 2nd Floor
Bloomingdale, IL 60117-3010

10/5/05
Date



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C.  20036**

Carla H. Hill,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 01A60626

Agency No. 4-J-604-0101-02

<u>DECISION</u>

Complainant filed a timely appeal with this Commission from an agency final determination dated October 5, 2005, finding that it complied with the terms of an August 19, 2004 settlement agreement.  The Commission accepts the appeal.  *See* 29 C.F.R. § 1614.402; 29 C.F.R. § 1614.504(b); and 29 C.F.R. § 1614.405.

The August 19, 2004 settlement agreement provided, in pertinent part, that:

(4)    [Agency] agrees to provide complainant with window and scheme training consistent with the applicable collective bargaining agreement, which she must successfully complete in order to serve as a Part-time Flexible Sales, Services, and Distribution Clerk;

(5)    Complainant agrees to provide a medical release from a licensed physician, that she is physically capable of performing the essential functions of the Part-time Flexible Sales, Services and Distribution Associate position (PS-05 most junior), at the Hazel Crest, Illinois Post Office which includes a permanent release to lift up to forty (40) pounds and intermittently lifting seventy (70) pounds.  Complainant and her counsel shall provide said release to [Agency] counsel within fourteen (14) calendar days of her execution of this agreement;

(6)    If the conditions set forth in paragraphs four (4) and five (5) above are met, [Agency] agrees to place complainant in a Part-time Flexible Sales, Services, and Distribution Associate position (PS-05, most junior), at the Hazel Crest, Illinois

2                                                      01A60626

Post Office, starting on September 18, 2004. [Agency] guarantees the complainant
six (6) weeks of work at forty (40) hours per week from the start date in said
positions. Thereafter, complainant understands, accepts, and agrees that she is not
guaranteed a set number of hours of work per week.

The settlement agreement also contained the following provision:

(2)    Complainant and respondent agree that the Complainant may only seek to enforce
the terms and conditions of this Agreement pursuant to those Equal Employment
Opportunity Commission regulations that address the matter of enforcement.

By letter to the agency dated August 15, 2005, complainant alleged that the agency breached the
settlement agreement when it had taken no steps to place her in the position at issue. Complainant
indicates that she contacted the EEO office by phone in December 2004, and was informed that
she could not file a breach claim because it was beyond the 30-day time limit for timely filing a
breach claim. However, complainant indicates that she is now filing the instant breach claim
based on legal advice that she may still do so. Furthermore, complainant avers that the agency
improperly gave the position at issue to a co-worker on August 1, 2005. Complainant argues that
even without the settlement agreement, she was next in line for the position. As such, complainant
claims that the agency's  action is an act of reprisal against her because of her participation in the
EEO process. Complainant asserts that she has now been passed over three times for this position.
As a remedy, complainant requests that the underlying complaint be reopened and processing
recommenced,  and that the other cases which were also resolved by the settlement agreement
be reopened as well.

In its October 5, 2005 final determination, the agency found that complainant failed to provide the
required medical release as stipulated in provision (5). The agency therefore determined  that it
had no obligation to award complainant the position at issue. Furthermore, the agency found that
complainant's  August 2005 breach claim was filed substantially beyond the 30-day time limit,
such that she had no standing to pursue this matter.

On appeal, complainant contends that her attorney and the Administrative Judge(AJ) who helped
broker the settlement agreement both assured her that she would not actually be required to satisfy
the lifting restrictions specified in provision (5) because the agency is obligated to provide her with
an accommodation.[1]  Complainant further contends that at the time she executed the settlement
agreement, she was in a light/limited duty status due to repeated on-the-job back injuries, and the
agency was aware that she could not satisfy the lifting restrictions specified in provision (5).
Complainant avers that for these reasons, the settlement agreement was executed in bad faith and
should be voided.

_____

[1]The record reflects that at the time the settlement agreement was executed the captioned
complaint was pending a hearing at the Chicago District Office as Hearing No. 210-2004-00152X.

In response, the agency against reiterates that the breach claim should be dismissed because complainant's August 2005 breach claim is untimely. Furthermore, the agency argues that none of the medical documentation submitted by complainant in an attempt to comply with provision (5) showed that she could both lift 40 pounds and intermittently lift 70 pounds, and in fact, specified to the contrary. The agency argues that it therefore had no obligation to take any further steps under the settlement agreement. Moreover, the agency asserts that notwithstanding this outcome, the settlement agreement is still valid, and supported by adequate consideration, because it paid complainant $1,500.00 for attorney's fees. Furthermore, the agency argues that complainant is precluded from asking for reinstatement of her complaint as a remedy. Specifically, the agency argues that complainant waived this right in provision (2), which specifies that complainant may only request specific performance as a remedy in the event of non-compliance.

EEOC Regulation 29 C.F.R. § 1614.504(a) provides that any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties. The Commission has held that a settlement agreement constitutes a contract between the employee and the agency, to which ordinary rules of contract construction apply. *See Herrington v. Department of Defense*, EEOC Request No. 05960032 (December 9, 1996).

First, the Commission notes that the agency required complainant to waive her regulatory right to have her underlying complaint reinstated as a remedy in provision (2). However, EEOC Regulation 29 C.F.R. § 1614.405(c) provides that in the event of an agency's non-compliance with a settlement agreement, a complainant may, as a remedy, request either specific enforcement of the breached provision(s), or that the underlying complaint be reinstated for processing at the point at which processing ceased. An agency may not require a complainant to waive his/her rights under this regulation, and such a provision in a settlement agreement is invalid.

Moreover, the Commission determines that the instant settlement agreement is invalid because it violates the Older Workers Benefit Protection Act (OWBPA). The OWBPA amended the Age Discrimination in Employment Act of 1967 (ADEA), effective October 16, 1990. The OWBPA provides the minimum requirements for waiver of ADEA claims. To meet the standards of the OWBPA, a waiver is not considered knowing and voluntary unless, at a minimum: (1) it is clearly written from the viewpoint of the complainant; (2) it specifically refers to rights or claims under the ADEA; (3) the complainant does not waive rights or claims arising in exchange for the waiver; (4) valuable consideration is given in exchange for the waiver; (5) the complainant is advised, in writing, to consult with an attorney prior to executing the agreement, and (6) the complainant is given a "reasonable" period of time in which to consider the agreement. 29 U.S.C. 626(f)(2). *See Swain v. Department of the Army*, EEOC Request No. 05921079 (June 3, 1993) (settlement agreement upheld which was found to meet the waiver provisions of the OWBPA); *Juhola v. Department of the Army*, EEOC Appeal No. 01934032 (June 30, 1994).

The Commission determines that complainant is entitled to the protections of the OWBPA because her formal complaint in this matter is based, in part, on her claim of age discrimination under the

4                                          01A60626

ADEA.[2] The settlement agreement makes no reference to complainant's ADEA claim, and does not indicate that complainant is waiving her rights under the ADEA by executing the settlement agreement. Because the settlement agreement lacks express waiver language as to complainant's age discrimination claim, we find that complainant's decision to enter the settlement agreement may not be deemed knowing and voluntary under the OWBPA. Accordingly, we find the settlement agreement here violates the OWBPA and must be declared void for this reason as well.

Moreover, we find that complainant's retention of any consideration received under the settlement agreement is not an impediment to the reinstatement of her ADEA claim against the agency. *See Oubre v. Entergy Operations, Inc.*, 522 U.S. 422 (1998). However, complainant is advised that if she prevails on her EEO complaint, any monetary award may be subject to an off-set by the consideration that she received from the agency under the settlement agreement. *See Oubre, id.*

Regarding the agency's argument that the breach claim should be dismissed as untimely, we note that the settlement agreement does not specify the 30-day time limit, and does not provide a citation to the regulation containing this provision. Therefore, we find that complainant had no notice of the time limit. Furthermore, given that we have determined that the settlement agreement is invalid, this time limit does not operate as a bar in this matter.

Finally, given our disposition in this case, we find that complainant's claim that she was denied the position at issue again in August 2005 must be viewed as a separate complaint. Therefore, we advise complainant to contact an EEO Counselor should she desire to pursue this matter in the EEO process.

Accordingly, the agency's finding that it complied with the settlement agreement is **VACATED**. The matter is **REMANDED** to the agency for further processing in accordance with the **ORDER** below.

ORDER

The agency is ORDERED to resume processing of complainant's underlying complaint from the point where processing ceased. The agency shall acknowledge to complainant that it has reinstated and resumed processing of complainant's complaint.

A copy of the agency letter of acknowledgment must be sent to the Compliance Officer as referenced below.

---

[2]In the underlying complaint, filed on June 19, 2002, complainant claims harassment, to include the non-payment of overtime, based on race, color, sex, age, and retaliation.

5                                                      01A60626

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0501)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. See 29 C.F.R. § 1614.409.

## STATEMENT OF RIGHTS - ON APPEAL

## RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.      The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.      The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

6                                          01A60626

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0900)

This is a decision requiring the agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.    In the alternative, you may file a civil action **after one hundred and eighty (180) calendar days** of the date you filed your complaint with the agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. **Filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

MAY 1 7 2006

Date

7                                           01A60626

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

MAY 1 7 2006
_____
Date

_____
Equal Opportunity Assistant

AUG.25.2004   3:26PM   USPS CHICAGO LAW                    NO.897   P.3

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
CHICAGO DISTRICT OFFICE

| | |
|---|---|
| CARLA H. HILL, ) | EEOC Case No. 210-2004-00152X |
| ) | |
| Complainant, ) | |
| ) | |
| and ) | Respondent No. 4-J-604-0101-02 |
| ) | |
| JOHN E. POTTER, ) | |
| POSTMASTER GENERAL OF ) | Administrative Judge |
| THE UNITED STATES, ) | Winston J. Jackson, Jr. |
| ) | |
| Respondent. ) | August 19, 2004 |

## SETTLEMENT AGREEMENT

IT IS HEREBY AGREED by and between Complainant, Carla H. Hill
(hereinafter "Complainant"), represented by her attorney, Gregory T. Mitchell,
and John E. Potter, Postmaster General for the United States Postal Service
(hereinafter "Postal Service" or "Respondent"), represented by his designated
representative and attorney, Heather R. Sloan, as follows. The Complainant and
Respondent expressly agree that this Settlement Agreement (hereinafter
"Agreement") constitutes a full and complete resolution of the above-captioned
EEOC Complaint and those matters identified in Paragraphs 1 and 9 below, i.e.,
a "global settlement." Complainant and Respondent expressly agree that the
terms and conditions of this Agreement are as follows:

    1.    Complainant agrees to withdraw, with prejudice, her Formal
Complaint and Request for Hearing in EEOC No. 210-2004-00152X/Respondent
No. 4-J-604-0101-02, and her Formal Complaint in Respondent No. 4-J-604-

0016-04, and all other employment discrimination claims and grievances that are pending or could have been brought against John E. Potter, as Postmaster General, or the United States Postal, Service, as of the date of the execution of this Agreement.

2.      Complainant and Respondent agree that the Complainant may only seek to enforce the terms and conditions of this Agreement pursuant to those Equal Employment Opportunity Commission regulations that address the matter of enforcement.

3.      Respondent shall pay Complainant's counsel the sum of $1,500.00, as reasonable attorneys' fees.  It is understood between the parties that an Internal Revenue Service Form 1099 will be issued in this regard. The check will be issued to Carla H. Hill and Gregory T. Mitchell, Esq., and mailed to Carla H. Hill, in care of her counsel.

4.      Respondent agrees to provide Complainant with window and scheme training consistent with the applicable collective bargaining agreement, which she must successfully complete in order to serve as a Part-time Flexible Sales, Services, and Distribution Associate.

5.      Complainant agrees to provide a medical release from a licensed physician, that she is physically capable of performing the essential functions of the Part-time Flexible Sales, Services and Distribution Associate position (PS-05, most junior), at the Hazel Crest, Illinois Post Office, which includes a permanent release to lift up to forty (40) pounds and intermittently lifting seventy (70) pounds.  Complainant and her counsel shall provide said release to

2

Respondent's counsel within fourteen (14) calendar days of her execution of this Agreement.

6.    If the conditions set forth in paragraphs four (4) and five (5) above are met, Respondent agrees to place Complainant in a Part-Time Flexible Sales, Services, and Distribution Associate position (PS-05, most junior), at the Hazel Crest, Illinois Post Office, starting on September 18, 2004. Respondent guarantees the Complainant six (6) weeks of work at forty (40) hours per week from the start date in said position. Thereafter, Complainant understands, accepts, and agrees that she is not guaranteed a set number of hours of work per week.

7.    Complainant agrees that she will not litigate or relitigate in any forum, the allegations of discrimination contained in any and all employment discrimination matters identified in Paragraph 1 above.

8.    Complainant and Respondent agree that prior to Complainant's commencement in the position identified in Paragraph 6 above, Complainant shall meet with her attorney Gregory T. Mitchell, Hazel Crest Postmaster Patrick Kavanaugh, Respondent's counsel, Heather R. Sloan, and a designated union representative, to clearly outline the expectations and responsibilities of the Complainant in said new position.

9.    Complainant and her heirs, executors, administrators or assigns hereby agree to accept the above consideration in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, including but not limited to the claims alleged herein and

any claims against the Postal Service, its agents, servants, and employees on account of the same subject matter that gave rise to the above-captioned lawsuit.

10.  Complainant and Respondent expressly agree that by entering into this Agreement, the Postal Service, its officers, agents, and/or employees, in no way admit to any wrongdoing, liability to, or discrimination against, the Complainant, and that this Agreement shall not be construed as an admission of wrongdoing, liability or discrimination by the Postal Service, its officers, agents and/or employees in this or any other proceeding or litigation.

11.  Complainant and Respondent agree that the terms of this Agreement are unique to the facts and circumstances of this case and will not establish any precedent whatsoever except as is necessary to implement the terms and conditions of the Agreement as required by law.  This Agreement may not be used as a basis by either party, any individual, or any representative or organization for seeking or justifying similar terms in any subsequent case. However, the parties agree that it may be cited by either party in a subsequent action involving Complainant and the United States Postal Service.

12.  Complainant and Respondent agree that this Agreement fully sets forth all of the terms and conditions governing the settlement of those matters identified in Paragraphs 1 and 9 above.

13.  As an express term and condition of this Agreement, the Complainant agrees to maintain the confidentiality of the information contained herein, and will not disclose said information to any third party other than her immediate family, her representative and if necessary, her tax advisor.

4

14. Complainant agrees that after reviewing this entire document, she freely and voluntarily enters into it and recognizes that this document will bind her to the Agreement. Complainant has read the terms contained in the Agreement.

15. The undersigned signatories for the Respondent represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement. Each person who signs this Agreement in a representative capacity on behalf of Complainant warrants that he is duly authorized to do so.

16. This Agreement constitutes the entire understanding and agreement by and between Complainant and Respondent.

IN WITNESS WHEREOF, Complainant, Carla H. Hill, and the Respondent, John E. Potter, Postmaster General for the United States Postal Service, intending to be legally bound, have set their hands and seals to this Agreement, consisting of six (6) pages, as of the day and year written below.

CARLA H. HILL,
COMPLAINANT

_CARLA H. HILL_

Dated: 8/19/04

JOHN E. POTTER,
POSTMASTER GENERAL,
UNITED STATES POSTAL
SERVICE, RESPONDENT

RICHARD LITTLE
Manager, Labor Relations
Central Illinois District
United States Postal Service

Dated: 8-23-04

Gregory I. Mitchell
Attorney at Law
18141 Dixie Highway, Suite 105
Homewood, IL 60430
Telephone: 708-799-9325
Facsimile:   708-799-9326

Dated: 8/19/04

Heather R. Sloan, Esq.
United States Postal Service
Law Department
222 South Riverside Plaza, Suite 1200
Chicago, IL 60606
Telephone: 708-669-5900
Facsimile: 708-669-5981/5983

Dated:   8/19/04



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, D.C. 20036**


Carla H. Hill,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Request No. 0520060862[1]

Appeal No. 01A60626

Agency Nos. 4J-604-0101-02
4J-604-0016-04[2]

### DENIAL

Both complainant and the agency timely requested reconsideration of the decision in *Carla H. Hill v. United States Postal Service*, EEOC Appeal No. 01A60626 (May 17, 2006). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the requests fail to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the

---

[1] Due to a new Commission data system, this case has been redesignated with the above-referenced appeal number.

[2] In her request, complainant pointed out that the Commission inadvertently left out the second complaint number, since the record indicates that the settlement agreement at issue was meant to cover two complaints.

2                                                  0520060862

Commission to deny the requests.[3]  The decision in EEOC Appeal No. 01A60626 remains the
Commission's final decision.  There is no further right of administrative appeal on the decision
of the Commission on this request.  The agency shall comply with the Order as set forth
below.

## ORDER

The agency is ORDERED to resume processing of complainant's  underlying complaints from
the point where processing ceased.  The agency shall acknowledge to complainant that it has
reinstated and resumed processing of complainant's complaint.

A copy of the agency letter of acknowledgement must be sent to the Compliance Officer as
referenced below.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0501)

Compliance with the Commission's corrective action is mandatory.  The agency shall submit
its compliance report within thirty (30) calendar days of the completion of all ordered
corrective action. The report shall be submitted to the Compliance Officer, Office of Federal
Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C.
20036. The agency's report must contain supporting documentation, and the agency must send
a copy of all submissions to the complainant.  If the agency does not comply with the
Commission's order, the complainant may petition the Commission for enforcement of the
order.  29 C.F.R. § 1614.503(a).  The complainant also has the right to file a civil action to
enforce compliance with the Commission's order prior to or following an administrative
petition for enforcement.    See  29  C.F.R.  §§ 1614.407,  1614.408,  and  29  C.F.R.
§ 1614.503(g).   Alternatively, the complainant has the right to file a civil action on the
underlying complaint in accordance with the paragraph below entitled "Right to File A Civil
Action."  29 C.F.R. §§ 1614.407 and 1614.408.  A civil action for enforcement or a civil
action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c)
(1994 & Supp. IV 1999).  If the complainant files a civil action, the administrative processing
of the complaint, including any petition for enforcement, will be terminated.  See 29 C.F.R.
§ 1614.409.

---

[3]    The agency argues that complainant withdrew her age claims during a pre-hearing
conference before the Administrative Judge (AJ). However, as this matter was settled, the AJ
never issued a decision effectuating this alleged withdrawal.  It is impossible to tell from the
record that complainant (who was not represented by an attorney) meant to withdraw the age
claims when the settlement agreement was entered into as the agreement only references the
complaints, and not their bases. The agreement does not contain any language to the effect that
her age claims were withdrawn and, therefore, were not part of the agreement.

3                                          0520060862

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

FEB 0 2 2007
_____
Date

4                                         0520060862

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Carla H. Hill
18119 Charlemagne Av
Hazel Crest, IL  60429-2226

U.S. Postal Service (Great Lakes)
NEEOISO - Appeals
U.S. Postal Service
PO Box 21979
Tampa, FL  33622-1979

FEB 0 2 2007
_____
Date

_____
Equal Opportunity Assistant



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Carla H. Hill,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 0120072519

Agency Nos. 4J604001604; 4J604010102
Hearing No. 210200400152x

DECISION

Complainant filed a timely appeal with this Commission from the agency's decision dated April 2, 2007, dismissing her complaints of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*, Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*[1]

On June 7, 2006, and amended on May 8, 2007, complainant filed a civil action (Civil Action No. 06C 3105) in the United States District Court for the Northern District of Illinois, Eastern Division. The agency determined that "the issues raised in [complainant's] civil action included the same issues [complainant] raised in these two administrative complaints" and dismissed her complaints pursuant to 29 C.F.R. § 1614(a)(3). For the following reasons, we vacate the agency's action and remand the complaints to the agency for issuance of a final decision on the merits of complainant's claims.

The issues set forth in complainant's complaints which were accepted by the agency are as follows:

---

[1] The complaints at issue herein are before us from a decision invalidating a Settlement Agreement (SA) between the parties. EEOC Appeal No. 01A60626 (May 17, 2006), *request to reconsider den.,* EEOC Request No. 05A60862 (February 2, 2007). The parties entered into the SA while the complaints were pending hearing before an EEOC Administrative Judge (AJ).

2                                                                    0120072519

| Date | Dates of event | Bases | Issues[2] |
|------|----------------|-------|-----------|
| 7/1/2002 | 5/14/2002 | race (black) color (black) sex (female) age (DOB 9/30/1959) reprisal | 1. interrogated & harassed about being late |
| 4/20/2004 | 9/30 to 12/22/2003 | race (black) sex (female) disability (back) reprisal | 2. not given light duty assignment 3. told not to talk, no skipping lunch, sit without work, denied leave 4. ordered to take fitness exam 5. moved to light duty and not given full day's work (8 hours) |
| 6/16/2004 | 5/18/2004 12/21/2003 to 7/28/2004 | race (black) sex (female) disability (back) reprisal | 6. told to go home because no light duty work available and denied request to remain |

In her appeal, complainant asserted that her civil action, as affirmed in her amendment, addressed a third complaint, *i.e.*, Complaint No. 4J604008305, not the two complaints at issue in this case. In that third complaint, complainant identified four incidents based on race, sex, color, age, and reprisal that took place in late 2004 to early 2005, when (a) she was subjected to harassment; (2) her fiancé was subjected to harassment: (3) her supervisor sexually harassed her by his screaming and yelling; and (4) her supervisor instructed her to deliver priority mail and then revoked the instruction. The agency dismissed the third complaint on the grounds of failure to state a claim, and, on appeal, the Commission affirmed the agency's action.[3] *See* 29 C.F.R. § 1614.107(a)(3).

In her civil action and amendment, complainant identified the following issues: failure to promote; harassment; reprisal; termination of fiancé; physical assault; denial of overtime; days off; cut in hours; and assignment to window clerk position (but *see fn.* 2). In remedy, she sought, among other things, promotion; assignment to a window clerk position; re-employment for her fiancé; reasonable accommodation; an end to the alleged harassment and physical abuse; and $5,000,000.00.

---

[2] We note, in addition, that complainant asserted that she was denied a transfer to the position of window clerk. In the Commission's decision invalidating the SA, complainant was directed to contact an EEO counselor should she desire to pursue this claim. The record does not indicate whether she did so; however, it is not an issue within the complaints at issue herein.

[3] EEOC Appeal No. 01A54488 (October 6, 2005), *request to reconsider den.*, EEOC Request No. 05A60306 (March 16, 2006).

In support of its decision herein, the agency pointed to certain language in her civil action. Specifically, it relied on the portions that concerned the agency's failure to assign or promote complainant to a window clerk position. In addition, the agency noted several pages of a lengthy attachment to the civil action that also discussed the transfer to the clerk position. The Commission, however, had determined in its May 2006 decision in EEOC Appeal No. 01A60626, that complainant's claim that she was denied the window clerk position in August 2005, "must be viewed as a separate complaint," and she was directed to seek EEO counseling if she desired to pursue it. *See fn. 2, supra.* We find that complainant's claim that she was denied a position was not part of any issue raised by her in her complaint; therefore, the agency's reliance on complainant's references to the clerk position are misplaced and cannot justify its dismissal action.

For all of the above reasons, we find that the agency improperly dismissed the complaints at issue herein. Because complainant acceded to dismissal of the hearing, we remand this matter to the agency for issuance of a final agency decision.

## CONCLUSION

Accordingly, the agency's decision is vacated. The agency is directed to comply with the Order below.

## ORDER   (E0900)

The agency is ordered to process the remanded claims in accordance with this decision and issue a final agency decision pursuant to 29 C.F.R. § 1614.110(b). The agency shall acknowledge to the complainant that it has received the remanded claims within ten (10) calendar days of the date this decision becomes final, and issue its decision within sixty (60) days thereafter. A copy of the agency's letter of acknowledgment to complainant and a copy of the decision must be sent to the Compliance Officer as referenced below.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0501)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. *See* 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the

4                                                    0120072519

underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. *See* 29 C.F.R. § 1614.409.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0900)

This is a decision requiring the agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court within ninety (90) calendar days from the date that

5                                             0120072519

you receive this decision. In the alternative, you may file a civil action after one hundred and eighty (180) calendar days of the date you filed your complaint with the agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. Filing a civil action will terminate the administrative processing of your complaint.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:


_____
Carlton M. Hadden, Director
Office of Federal Operations


SEP 1 8 2007
_____
Date

6                                    0120072519

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Carla H. Hill
18119 Charlemagne Ave
Hazel Crest, IL  60429

Diana Hayes
P.O.B.188
Bedford Park, IL  60499


U.S. Postal Service (Great Lakes)
NEEOISO - Appeals
U.S. Postal Service
PO Box 21979
Tampa, FL  33622-1979


_____
Date

_____
Equal Opportunity Assistant



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, D.C. 20036**
Sep 24, 2007

COPY OF EEOC'S COMPLIANCE LETTER TO THE AGENCY

Carla H Hill
18119 Charlemagne Ave
Hazel Crest, IL 60429

Hill v. USPS - Great Lakes
REF: Compliance #: 0620071038
Appeal #    : 0120072519
Agency Number(s): 4J604001604

Dear Sir/Madam:

The Commission's decision in appeal number 0120072519 directed your agency to
accept the complainant's complaint for processing.  This letter is to inform
you that your compliance with that decision will be monitored under the
tracking number cited above.  Please submit your compliance report to Natalie
Rochelle, Compliance Officer, at the above address, and use that tracking
number in all related correspondence.  However if you decide to request a
reopening, the request must be addressed to the Commission and not the
Compliance Officer.  CAVEAT: THERE IS NO FURTHER RIGHT OF ADMINISTRATIVE
APPEAL FROM THE DECISION OF THE COMMISSION ON A REQUEST FOR RECONSIDERATION
(05) OR FROM A PETITION FOR ENFORCEMENT (04).

Your report must be in writing.  It should indicate that the matter has been
accepted for processing, and identify a contact person to whom the
complainant can be referred for questions.  A copy of your report must be
sent to the complainant.  Upon completion of the processing of the complaint,
you are to submit a FINAL REPORT indicating how the matter was resolved, i.e.
the complaint was settled, the complaint was withdrawn, a final decision was
issued, etc.  The final report must include appropriate supporting documen-
tation.

If the final compliance action includes the issuance of a new final agency
decision, and that decision is subsequently appealed, any documents related
to the remanded complaint file must be forwarded to the Intake Section.

Your cooperation in this matter will be greatly appreciated.

Sincerely,

Robert J. Barnhart, Director
Compliance and Control Division

CC:

**UNITED STATES POSTAL SERVICE**®

# Notice of Right to File Individual Complaint

TO: Name *(First, MI, Last)*

Re: Case No.

**4J604010102**

**CARLA HILL**

This notice will attest to the fact that on ~~June 12, 2002~~ , I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you received this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney, If you retain one to represent you. I am providing you with *PS Form 2565, EEO Complaint of Discrimination in the Postal Service*, for this purpose.  The complaint must be delivered to:

EEO DISPUTE RESOLUTION
CENTRAL ILLINOIS DISTRICT
6801 WEST 73RD STREET
BEDFORD PARK IL 60499-9411

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination.  A complaint must contain the following information:

(1) **Your name, address, position, and level;**

  ■ If you change your address, you have a regulatory requirement to immediately report the change to the Manager, EEO Compliance and Appeals, in your area. *(If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service, you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)*

2) **The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;**

(3) **The specific type of discrimination alleged, e.g. race – African American, sex - female, etc.;**

  ■ If you allege disability discrimination, the alleged disability must be more than a temporary condition.
  ■ If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) **A brief statement of the facts that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.**

  ■ If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.
  ■ If you allege retaliation, you must show a connection between the action at issue in the complaint your are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

(5) **The name of the EEO Dispute Resolution Specialist** who provided you with this notice and the date you received this Notice of Right to File.

**Privacy Act Notice**

Privacy Act Notice. The collection of this information is authorized by The Equal Employment Opportunity Act of 1972; 42 U.S.C. § 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 833a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended.  This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which is USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations,

Contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act.  Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Signature of Dispute Resolution Specialist | Date | Your Signature | Date Received |
|---|---|---|---|
|  | 9/12/02 | Ms Carla H. Hill | 6/13/02 |

*Dispute Resolution Specialist: If you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested*

PS Form 2579-A, March 2001

**POSTAL SERVICE**® **EEO Complaint of Discrimination in the Postal Service**
*(See Instructions and Privacy Act Statement on Reverse)*

| 1. Name | 2. SSN | 3. Case No. |
|---|---|---|
| CARLA HILL | 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 | 4J604010102 |

| 4a. Mailing Address – Street or PO Box | 4b. City, State & Zip +4 |
|---|---|
| 18119 Charlemagne Ave | Hazel Crest, IL 60429-2226 |

| 5. Email Address* | 6. Home Phone | 7. Work Phone |
|---|---|---|
| | (708) 798-4251 | (708) 647-0465 |

| 8. Position Title *(USPS Employees Only)* | 9. Grade Level *(USPS Employees Only)* | 10. Do you have Veteran's Preference Eligibility? |
|---|---|---|
| Letter Carrier | Level 6 | ☐ Yes  ☒ No |

| 11. Installation Where You Believe the Discrimination Occurred *(Identify Installation, City, State, and Zip+4)* | 12. Name and Title of Person(s) Who Took the Action(s) You Allege was Discriminatory |
|---|---|
| Hazel Crest, IL 60429 | Zerek Veal, Jim Fiscauldo |

| 13a. Name of Your Designated Representative | 13b. Title |
|---|---|
| Robert Whitehead | Vice President Union |

| 13c. Mailing Address *(Street or P.O. Box)* | 13d. City, State and Zip +4 |
|---|---|
| | Flossmoor, IL |

| 13e. Email Address* | 13f. Home Phone | 13g. Work Phone |
|---|---|---|
| | ( ) 647-02__ | (708) 647-0222 |

**14. Type of Discrimination You Are Alleging**

☒ Race (Specify): Jim is predudice, Zerek ☒ Sex (Specify): Female
☒ Color (Specify): is black he is just retaliatd ☒ Age (40+) (Specify): Over 40
☐ Religion (Specify): because I filed an EEO ☒ Retaliation (Specify): Previous EEO 5/8/02
☐ National Origin (Specify): back in April 2002. ☐ Disability (Specify):

**15. Date on which alleged act(s) of Discrimination Took Place**
5/14/02

16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. *Note that if your allegation is like or related to a previous complaint, that complaint may be amended.* 29 C.F.R § 1614.106(d)

The ARO from my office alleges he brought me into the office on May 14, 2002 for not filling out a 3971 for being late. To show I am being discriminated against have our office records for 7 time from being of May until and you will see how many other people have been late and did not fill out a 3971 and I am the only one he took into the office because of it. My route was adjusted to this likin not mine I had no input at all which he says I did. Thirdly rem have been made such as why would I make a "carrier a clerk" and say I would not get the possible I was promised in April of year 2002.

17. What Remedy Are You Seeking to Resolve this Complaint? I have also have written proof of this as we

That Jim Fiscauldo is removed from the Hazel Crest post office because he is very ignorant, rude to the employees there. I want the clerk position promised to me which is a full time regular position that they hide so no one could bid on it. Jim also works the work regularly to keep from giving me the position and he's not suppose to work the window at all. Check the time machine for the last six month to see how often he works the clerk window.

| 18. Did You Discuss Your Complaint with a *Dispute Resolution Specialist* or a *REDRESS™ mediator?* |
|---|
| ☒ Yes  ☒ No |

| 19a. Signature of Dispute Resolution Specialist *(Date You Received the Notice of Final Interview)* | 19b. Date |
|---|---|
| | 6/12/07 |

| 20. Signature of Complainant or Complainant's Attorney | 21. Date of this Complaint |
|---|---|
| Carla H. Hill | 6/12/02 |

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

PS Form 2565, March 2001 *(page 1 of 2)*

# FILE

**U.S. Postal Service**

## Information for Pre-Complaint Counseling

| Certified Mail No. | Date Mail | *or* | Hand Delivered On |
|---|---|---|---|
| By *(Initials)* ncm | Case No. | | |

On __November 12, 2003__ , you requested an appointment with a Dispute Resolution Specialist.
*Month, Day, Year*

**Important: Please Read.** You should complete this form and return it to the EEO office *within 10 calendar days of receipt.* This the only notification that you will receive regarding the necessity for you to complete this form.

## A. Requester Information

| Name *(Last, First, MI)* Hill, Carla H, | Social Security No. 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 | Home Telephone No. (708) 798-4251 |
|---|---|---|

Your Mailing Address
18119 Charlemagne Avenue

| Name of Postal Facility Where You Work Hazel Crest Post Office | | Office Telephone No. (708) 647-0465 |
|---|---|---|

| Address of Postal Facility 17541 South Kedzie Avenue | Email Address * | |
|---|---|---|

| Employment Status *(Check One)* ☐ Applicant ☐ Casual ☐ TE ☒ Career | Position Title Letter Carrier | Grade Level 6 |
|---|---|---|
| Pay Location | Tour | Duty Hours 8:00-4:30 | Off Days *(If Tour I, Show Nights Off)* Rotating | Time in Current Position 6 Years 7 Months |

| Your Supervisor's Name Jim Fuscaldo | Supervisor's Title Delivery Supervisor | Supervisor's Telephone No. (708) 647-0465 |
|---|---|---|

\* Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

## B. Discrimination Factors

Prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability,* or in *Retaliation (actions based on your participation in prior EEO activity).* These categories are referred to on this form as factors.

What Factor(s) of Discrimination Are You Alleging? *(Please be specific, i.e., Race - African American, Sex - Female.)*

1. Race – African American

2. Physical Disability

3. Sex – Female

4. Retaliation

*For Retaliation Allegations Only:* If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity which you feel caused you to be retaliated against.

1. On __April 5, 2002__ , I engaged in EEO activity.  Case No.: __4J-604-005602__
   *Month, Day, Year*

2. On __June 17, 2002__ , I engaged in EEO activity.  Case No.: __4J-604-0101-02__
   *Month, Day, Year*

## C. Description of Incident/Activity

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On __September 30__ , 20 __03__
  *Month, Day*   *Year*

On September 30, 2003, I reported to work with a light duty medical authorization form. My supervisor, Jim Fuscaldo, refused to provide a light duty assignment for me and instead ordered me to go home and further stated that I would not receive pay. This Complaint is a racial harassment complaint for the period of September 2001 through and continuing through November 17, 2003. See attached statement.

PS Form **2564-A,** March 2001 *(Page 1 of 3)*

## D. Comparisons

Explain why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in similar situations.

1. Marlyne Seitz                    Race (White)
   ___(Name of Employee)___          ___Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)___

   was treated differently than I when: was granted light duty with pay upon requests, granted

   approval of overtime and auxiliary assistance routinely, and leave to allow her

   to balance her family commitments as a mother with work and physical limitations.

2. Marge Nemeth                     Race (White)
   ___(Name of Employee)___          ___Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)___

   was treated differently than I when: supervisor, Jim Fuscaldo, and others would routinely

   approve her request for auxiliary assistance which prevented her from straining
   and overly exerting herself to accomplish her work.

3. John Fajman                      Race (White)    Sex (Male)
   ___(Name of Employee)___          ___Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)___

   was treated differently than I when: was assigned light duty work when he presented a

   medical light duty form, was allowed to attend physical therapy and received

   pay without punishment or harassment.

## E. Official(s) Responsible for Action(s)

List the name(s) of the official(s) who took the action which prompted you to seek counseling at this time.

| 1a. Name   Jim Fuscaldo | b. Title   Supervisor |
|---|---|
| c. Office   Hazel Crest Post Office | d. Grade Level |
| 2a. Name   Karen Myskens | b. Title   Supervisor |
| c. Office   Hazel Crest Post Office | d. Grade Level |

**Retaliation Allegations Only:** Was/were the official(s) listed in Section E above aware of your prior EEO activity?

☒ Yes    ☐ No    If yes, explain how the official(s) became aware:

Jim Fuscaldo was individually named as the discriminating and harassing official

## F. Resolution

What are you seeking as a resolution to your pre-complaint?

Compensatory damages; injunctive relief to prevent this from recurring; lost pay

and vacation time; reassignment to a window clerk position

## G. Grievance/MSPB Appeal

On the incident that prompted you to seek EEO counseling, have you:

|   |   |   |   |   | Filed many grievances since |
|---|---|---|---|---|---|
| 1. Filed a grievance on the issue? | ☐ No | ☒ Yes | If yes, | September 2001 | |
|   |   |   |   | (Date) | (Current Step) |
| 2. Filed an MSPB appeal on this issue? | ☒ No | ☐ Yes | If yes, | | |
|   |   |   |   | (Date Appeal Filed) | |

Because of management cutting my hours at work December 2003 to July 28, 2004 I was forced to draw unemployment. Because of Patrick KaVaughn and Jin Fiscauldo's deception to falsely overstate to the Department of Unemployment Security my actual wages earned I have an overpayment of $2,985.00 I owe them. I feel because the management officials did this they should be liable for this amount and also the $558.00 the Department of Revenue intercepted from me. I spoke to Christine Cook the Special agent and she said my bosses kept sending her different figures every time she requested them for the same time frame because I was trying to let her know I was not the one falsely stating the amount I made. If further information is needed from her let me know. The cutting of my 40 hours work week down to less than 15 hours has caused financial hardship to me and my children. There are other people on light duty in the office whose weekly pay did not drop because of their status just mine.

## H. Anonymity

You have the right to remain anonymous during the pre-complaint process.

Do you desire anonymity?    ☒ No    ☐ Yes

## I. Representation

You have the right to retain representation of your choice. *(Check One)*

☐ I waive the right to representation at this time.    ☒ I authorize the person listed below to represent me.

| Name of Representative<br>Gregory T. Mitchell | Representative's Title<br>Attorney | |
|---|---|---|
| Organization<br>Law Office of Gregory T. Mitchell, P.C. | Telephone No.<br>(708 )799-9325 | Email Address *<br>mitchlaw00@aol.com |
| Mailing Address *(Street or P.O. Box, City, State and ZIP + 4)*<br>18141 Dixie Highway, Suite 105, Homewood, IL 60430 | | |

* Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s) Include a copy of any written action(s) that caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, it is important for you to submit medical documentation of your disability during the pre-complaint process.

## K. Privacy Act Statement

Privacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses,

grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act.  Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## L. Authorization

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process *if* like or related to a formal complaint that I have already filed, or *if* the claim(s) constitutes a spin-off complaint. (A spin-off complaint contests the manner in which a previously filed complaint is being processed.) In completing this PS Form 2564-A, *Information for Pre-Complaint Counseling*, I recognize that the Manager, Dispute Resolution, will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the Manager determines that my claim(s) shall be processed as amendments or appendages to a formal complaint that I have already filed.

| Please Print Your Name Here<br>*Carla H. Hill* | |
|---|---|
| Your Signature<br>*Ms Carla H Hill* | Date Signed<br>*11/14/03* |

## Please Return This Form to:

EEO Dispute Resolution
Central Illinois District
6801 West 73rd Street
Bedford Park, IL 60499-9411

**ATTACHMENT TO EEO COMPLAINT OF CARLA HILL – 11-5-2003**

**B. DISCRIMINATION FACTORS:  RACE  AFRICAN-AMERICAN**

**C. DESCRIPTION OF INCIDENT/ACTIVITY**

Beginning in about September 2001 and continuing through October 27, 2003, I have been consistently harassed by supervisors assigned to the Hazel Crest Post Office because of my race, African American and treated less favorably than similarly situated white employees.

Specifically, beginning on or about September 2001, after learning that I had applied for and had been selected for a full-time clerk position, managers Jim Fuscaldo and Zerek Veal began a campaign to undermine my exemplary six-year postal employment record by improperly evaluating the time requirements of my route, unfairly assigning additional pivots, and then consistently refusing and disapproving all requests for auxiliary assistance and/or overtime to complete the work within the time I had accurately estimated.  In fact, from September 2001 through to April 2003, I have had to request auxiliary assistance and/or overtime more than 60 times, to complete my assigned work.  Without exception, manager Jim Fuscaldo either flatly disapproved the request for auxiliary assistance, significantly cut or reduced the time auxiliary time assistance requested, and without exception, Jim refused to approve any overtime pay when overtime was rightfully earned for the work required.  I was only subsequently awarded overtime pay for the time I was required to work extra time because of Jim Fuscaldo's improper evaluation of my route after submitting a formal grievance to the union.  I believe that Jim Fuscaldo routinely assigned me extra work, under-evaluated the time needed to complete the extra work, and consistently denied me either auxiliary assistance and/or overtime to complete the work as a means to intentionally and maliciously harass me because of my race, African American, because white letter carriers assigned to the Hazel Crest Post Office were not treated in this way.

Additionally, Jim Fuscaldo and several other managers assigned to the Hazel Crest Branch, beginning on or about March 2, 2002 and continuing until October 27, 2003, routinely and continually improperly harassed me about my medical condition, by routinely and improperly denying my leave request for doctor's appointments, openly interrogating me about the extent of my back injury and inferring that I was not truly injured.  The managers also began to closely scrutinize my work and imposing discipline when I could not perform all my prior regular duties as a result of by injury and light duty status. In May 2002, I had to file a formal grievance for unlawful retaliation because of this mistreatment and harassment.  In my experience, white employees assigned the Hazel Crest Post Office who have been injured and placed on light duty, were not treated in this way, and were not made to feel like liars and cheaters because of their injuries.  Additionally, white employees were not subjected to discipline because of their light duty work status.

1

The pattern of racial harassment because of my race, African American, has continued uninterrupted since May 2002, by Jim Fuscaldo, who has been assisted by Karen and other managers and supervisors and has created a hostile work environment for me in the by denying me benefits, privileges and professional courtesies afforded to similarly situated white employees in the following ways:

- Jim Fuscaldo routinely shouts and screams at me in front of other employees, calling me a "child" and saying, "he's tried of baby-sitting"
- In response to by complaint of discrimination, Jim Fuscaldo called me a "piece of shit' and advised that he would cause me to be terminated.
- Thereafter, Jim Fuscaldo routinely denied my leave requests, and with unbelievable cruelty and unfairness, denied my request to leave at 4:00 pm on Christmas Eve and New Years Eve in 2002, a leave request I submitted because I needed to pick-up my children from school because of early dismissal because of the holidays. My request was denied even though I had agreed to skip my 30 minute lunch to leave early.
- Jim Fuscaldo has consistently treated my medical condition and injury with open suspicion and contempt, often assigning me more work, pivot assignments, a longer walking route and no accommodations. Moreover, as soon as I am formally taken off light, Jim assigns extra work, denies any auxiliary assistance request and overtime, and threatens disciplinary action for my failure to meet his unfair time allotments..
- Consistently refused to approve overtime and all earned pay, requiring me to file a formal grievance just to receive pay I have earned.
- Has for over two years refused to assign me to the clerk position that I had been selected to fill, while assigning others to the needed clerk work and trying to force by termination to forever prohibit me from receiving the clerk position earned.
- Has on at least two separate occasions falsely accused me of :failure to deliver mail" and subsequently impose discipline based on false and fabricated information;
- Imposed harsher discipline on me for same infraction committed by non-white employees;
- On May 17, 2002, Jim Fuscaldo ordered me to deliver all mail late into the evening, and when I returned to the Post Office. Everyone was gone, and while I was putting my work away, Jim Fuscaldo turned out the lights in the building, putting me into complete darkness, putting me in fear of my personal safety.
- Jim Fuscaldo and Verek Veal , after thinking that I was dating a Hispanic male, made several derogatory comments, including, " I would never date a black girl", referring to black female employees as "you people" and began to speak to me and my friend, another postal employee, in a demeaning and disrespectful manner and tone.
- Refusal to provide light duty assignment after being placed on light duty for recurring back injury on September 30, 2003
- Instructing co-workers to not to talk to me during the work day

2

- Reprimanded and screamed at me in front of co-workers and told me I could "not talk"
- On October 20, 2003, manager Pat Kavanaugh, ordered me not to talk, refused to allow me to skip my lunch break though others were allowed to leave early and skip their lunch break and thereafter, while I was on light duty, ordered to come in and "do nothing all day" purposely to embarrass and humiliate me in front of co-workers. Kavanaugh also then denied my leave request when I attempt to request leave to avoid this mistreatment.
- On October 28, 2003 postal management, to further harass me, have demanded that I submit to independent "fitness for duty" medical evaluation to verify continuation of my light duty status though my several back injuries have been well documented since 2000.

## D. COMPARISONS

I believe that this harassment and pattern of mistreatment is racially motivated because over the last few years I have witnessed similar leave requests submitted by **Marlyne Seitz**, **(white female)**, full-time regular, be routinely granted by Jim Fuscaldo. I also witnessed how favorably and accommodating managers treated **John Fajman**, a white male, full-time regular when he was on light duty and was required to leave work to attend physical therapy. Additionally, **Marge Nemeth**, a white female, full-time regular employee would routinely be granted her request for auxiliary assistance and overtime and once commented to me that Jim had a problem with me because of the "black female – large white male" intimidation thing." Also, **Jerry Brown (white male)** and **Marlyne Seitz** violated the same postal work regulations, but did receive discipline or less discipline imposed against me.

## E. OFFICERS RESPONSIBEL FOR ACTIONS

Jim Fuscaldo
Karen Myskens
Pat Kavanaugh
Zerek Veal

Lastly, because I have been forced to fight for fair treatment, overtime pay earned, I also believe that the continuing pattern of harassment and disparate treatment is in retaliation to my filing numerous grievances with he union against Jim Fuscaldo and other managers, challenging there mistreatment of me and attempts to impose discipline, and in retaliation of my filing several formal EEO complaints.

## F. RESOLUTION

I believe I am entitled to an immediate assignment to a clerk position, an additional period of light duty to recover from by back injuries, a lump sum payment for permanent injuries, lost wages, overtime and benefits and reasonable attorney fees. I also deserve

monetary compensation for emotional distress and mental anguish suffered during the course of the harassment period. The disparate treatment should stop and all management should be required to participate in racial discrimination counseling.

0462

U.S. Postal Service

# Information for Pre-Complaint Counseling

| Certified Mail No. | Date Mail | or | Hand Delivered On |
|---|---|---|---|
| By (Initials) *ncm)* | Case No. | | |

On **January 5, 2004**, you requested an appointment with a Dispute Resolution Specialist.
  Month, Day, Year

**Important: Please Read.** You should complete this form and return it to the EEO office *within 10 calendar days of receipt.* This the only notification that you will receive regarding the necessity for you to complete this form.

## A. Requester Information

Name (Last, First, MI) **Hill Carla H**
Social Security No. **350568016**    Home Telephone No. **(708)798-4251**

Your Mailing Address **18119 Charlemagne Ave    Hazel Crest, Ill. 60429**

Name of Postal Facility Where You Work **Hazel Crest Post Office**
Office Telephone No. **(708)647-0465**

Address of Postal Facility **17541 S Kedzie Ave, Hazel Crest, Il 60429**    Email Address **○**

Employment Status (Check One)
☐ Applicant   ☐ Casual   ☐ TE   ☑ Career
Position Title **Letter Carrier**    Grade/Level **6**

Pay Location   Tour   Duty Hours **8:00 - 4:30**
Off Days (if Tour I, Show Nights Off) **Sun, Rotating**
Time in Current Position **8** Years **2** Months

Your Supervisor's Name **Jim Fiscauldo**
Supervisor's Title **Delivery Supervisor**
Supervisor's Telephone No. **(708)647-0465**

* Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

## B. Discrimination Factors

Prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or in Retaliation* (actions based on your participation in prior EEO activity). These categories are referred to on this form as factors.

What Factor(s) of Discrimination Are You Alleging? *(Please be specific, i.e., Race - African American, Sex - Female.)*

**Race - African American    Sex - Female**

**For Retaliation Allegations Only:** If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity which you feel caused you to be retaliated against.

1. On **June 19, 2002**, I engaged in EEO activity.    Case No.: **4-J-604-0101-02**
     Month, Day, Year

2. On _____, I engaged in EEO activity.    Case No.: _____
     Month, Day, Year

## C. Description of Incident/Activity

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On **December 6**, 20 **03**
  Month, Day    Year

**Jim Fiscauldo was on the work room floor ballering at the carriers of how is tired of our shit and anybody late coming back from the street that day he's writing them all up. I am sick of how he verbally talks to us and creates a violent work environment. On December 22, 2003 Pat Kavaughn decides to change my limited light duty assignment to light duty and now he and Jim are sending me home everyday with less than 8 hours of work without any documentation whatsoever. I am a full time regular carrier.**

PS Form 2564-A, March 2001 (Page 1 of 3)

## D. Comparisons

Explain, why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in similar situations.

1. _John Jayman_
   (Name of Employee)       _White male_
   (Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

   was treated differently than I when: _He had an on the job injury in 2003_
   _and they never tried to send him home with less than_
   _8 hours without pay._

2. _____
   (Name of Employee)       _____
   (Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

   was treated differently than I when: _____

3. _____
   (Name of Employee)       _____
   (Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

   was treated differently than I when: _____

## E. Official(s) Responsible for Action(s)

List the name(s) of the official(s) who took the action which prompted you to seek counseling at this time.

| 1a. Name _Jim Fiscauldo_ | b. Title _Supervisor_ |
| c. Office _Hazel Crest_ | d. Grade Level _N/A_ |
| 2a. Name _Pat Kavaughn_ | b. Title _Postmaster_ |
| c. Office _Hazel Crest_ | d. Grade Level _N/A_ |

*Retaliation Allegations Only:* Was/were the official(s) listed in Section E above aware of your prior EEO activity?

☑ Yes    ☐ No    If yes, explain how the official(s) became aware:
_The EEO department contacted them to let them know._

## F. Resolution

What are you seeking as a resolution to your pre-complaint?
_That I am re-instated to 8 hours as a regular carrier_
_and Jim is sent to anger management classes for his temper_
_and big mouth._

## G. Grievance/MSPB Appeal

On the incident that prompted you to seek EEO counseling, have you:

1. Filed a grievance on the issue?   ☐ No   ☑ Yes   If yes, _1/12/2004_
   _Only the second issue_     (Date)     _B_ (Current Step)
2. Filed an MSPB appeal on this issue?   ☑ No   ☐ Yes   If yes, _____
   (Date Appeal Filed)

PS Form 2564-A, March 2001 *(Page 2 of 3)*

## H. Anonymity

You have the right to remain anonymous during the pre-complaint process.

Do you desire anonymity?    ☒ No    ☐ Yes

## I. Representation

You have the right to retain representation of your choice. *(Check One)*

☐ I waive the right to representation at this time.    ☒ I authorize the person listed below to represent me.

Name of Representative    *Attorney Gregory Mitchell PC*

Representative's Title    *Attorney at Law*

Organization

Telephone No.    *(708) 799-9325*    Email Address *

Mailing Address *(Street or P.O. Box, City, State and ZIP + 4)*    *18141 Dixie Highway Suite 105 Homewood, IL 60430*

* Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s) Include a copy of any written action(s) that caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, it is important for you to submit medical documentation of your disability during the pre-complaint process.

## K. Privacy Act Statement

Privacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses,

grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## L. Authorization

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process *if* like or related to a formal complaint that I have already filed, or *if* the claim(s) constitutes a spin-off complaint. (A spin-off complaint contests the manner in which a previously filed complaint is being processed.) In completing this PS Form 2564-A, *Information for Pre-Complaint Counseling*, I recognize that the Manager, Dispute Resolution, will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the Manager determines that my claim(s) shall be processed as amendments or appendages to a formal complaint that I have already filed.

Please Print Your Name Here    *Carla A. Hill*

Your Signature    *Carla H Hill*    Date Signed    *1/13/04*

## Please Return This Form to:

EEO Dispute Resolution
Central Illinois District
6801 West 73rd Street
Bedford Park, IL 60499-9411


**UNITED STATES POSTAL SERVICE ®**

## Certification of Receipt — Publication 133

**Privacy Act Notice**

Privacy Act Notice. The collection of this information is authorized the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or othe benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

### Certification of Receipt — Publication 133

I hereby certify that on this date I received a copy of Publication 133, *What You Need to Know About EEO,* to keep for my personal records.

| Signature of Recipient | Date |
|---|---|
| Ms Carla Hill | 1/13/04 |

**Note:** Recipient, when you receive this form by mail, please sign and return it to the EEO Office at the same time you return your completed PS Form 2564-A, *Information for Pre-Complaint Counseling.*

### Certification of Service — Publication 133

I hereby certify that on this date, Publication 133, *What You Need to Know About EEO,*

was mailed to _____ Carla H. Hill _____

via Certified Mail No. _____

*or* delivered by hand to _____

| Signature of Server | Date |
|---|---|
| Noreen C. McCarthy | January 5, 2004 |

PS Form **2563-A**, March 2001

**UNITED STATES POSTAL SERVICE**®

# Notice of Right to File Individual Complaint

| TO: Name *(First, MI, Last)* | Re: Case No. |
|---|---|
| **CARLA H. HILL** | **4J-604-0016-04** |

This notice will attest to the fact that on _____**February 26, 2004**_____, I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you received this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney. if you retain one to represent you. I am providing you with *PS Form 2565, EEO Complaint of Discrimination in the Postal Service,* for this purpose. The complaint must be delivered to:

> EEO DISPUTE RESOLUTION
> CENTRAL ILLINOIS DISTRICT
> 6801 WEST 73RD STREET
> BEDFORD PARK IL 60499-9411

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) **Your name, address, position, and level;**

- If you change your address, you have a regulatory requirement to immediately report the change to the Manager. EEO Compliance and Appeals. in your area. *(If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service, you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)*

(2) **The specific action or matter complained of,** the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;

(3) **The specific type of discrimination alleged,** e.g. race – African American, sex - female, etc.;

- If you allege disability discrimination, the alleged disability must be more than a temporary condition.
- If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) **A brief statement of the facts** that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.

- If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.
- If you allege retaliation, you must show a connection between the action at issue in the complaint your are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

(5) **The name of the EEO Dispute Resolution Specialist** who provided you with this notice and the date you received this Notice of Right to File.

## Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by The Equal Employment Opportunity Act of 1972; 42 U.S.C. § 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which USPS is a party of has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations,

Contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Signature of Dispute Resolution Specialist | Date 02/26/2004 | Your Signature | Date Received 3-26-04 |
|---|---|---|---|
| *Pamela D. Lee* | | | |

*Dispute Resolution Specialist: If you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested*

PS Form 2579-A, March 2001

**UNITED STATES POSTAL SERVICE®**

## EEO Complaint of Discrimination in the Postal Service

*(See Instructions and Privacy Act Statement on Reverse)*

| 1. Name CARLA H. HILL | 2. SSN 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 | 3. Case No. 4J-604-0016-04 |
|---|---|---|

| 4a. Mailing Address – Street or PO Box 18119 Charlemagne Avenue | 4b. City State & Zip +4 Hazel Crest, Il 60409-2226 |
|---|---|

| 5. Email Address* None | 6. Home Phone (708)798-4251 | 7. Work Phone (708) 647-0465 |
|---|---|---|

| 8. Position Title *(USPS Employees Only)* Letter Carrier | 9. Grade Level *(USPS Employees Only)* 6 | 10. Do you have Veteran's Preference Eligibility? ☐ Yes ☒ No |
|---|---|---|

| 11. Installation Where You Believe the Discrimination Occurred *(Identify Installation, City, State, and Zip+4)* Hazel Crest Post Office 17541 S. Kedzie Ave | 12. Name and Title of Person(s) Who Took the Action(s) You Allege was Discriminatory Jim Fuscaldo, Supervisor Karen Myskens, Supervisor |
|---|---|

| 13a. Name of Your Designated Representative Gregory T. Mitchell | 13b. Title Attorney |
|---|---|

| 13c. Mailing Address *(Street or P.O .Box)* 18141 Dixie Highway, Suite 105 | 13d. City, State and Zip +4 Homewood, Illinois 60430 |
|---|---|

| 13e. Email Address* mitchlaw00@aol.com | 13f. Home Phone (708)798-4853 | 13g. Work Phone (708 ) 799-9325 |
|---|---|---|

| 14. Type of Discrimination You Are Alleging | 15. Date on which alleged act(s) of Discrimination Took Place |
|---|---|
| ☒ Race *(Specify)*: African American | |
| ☐ Color *(Specify)*: | Sept 2001 – through |
| ☐ Religion *(Specify)*: | Oct 2003; Sept 30, 2003 |
| ☐ National Origin *(Specify)*: | |

☒ Sex *(Specify)*: Female
☐ Age (40+) *(Specify)*:
☒ Retaliation *(Specify)*: Filing Prior EEO
☒ Disability *(Specify)*: Limited Duty – back

16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. *Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R § 1614.106(d)*

See attached EEO Complaint filed on November 14, 2003

17. What Remedy Are You Seeking to Resolve this Complaint?

Compensatory damages; injunctive relief; loss pay and vacation time; reassignment

to a regular, full-time window clerk position.

18. Did You Discuss Your Complaint with a *Dispute Resolution Specialist* or a *REDRESS™ mediator?*
☒ Yes                    ☐ No
*(Date You Received the Notice of Final Interview)*

| 19a. Signature of Dispute Resolution Specialist *Pamela D. Lee* | 19b. Date 2-26-04 |
|---|---|

| 20. Signature of Complainant or Complainant's Attorney | 21. Date of this Complaint 3-27-04 |
|---|---|

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.*

PS Form 2565, March 2001 *(page 1 of 2)*

| U.S. Postal Service | Case No: |
| --- | --- |
| **EEO Dispute Resolution Specialist's (DRS) Inquiry Report** | **4J-604-0016-04** |

### NOTICE OF RESTRICTED USAGE

Access to, and usage of, this EEO report is restricted by both the Freedom of Information Act and the Privacy Act to: (1) the complainant and his or her representative, and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The report must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).

#### Complainant

| Name (Last, First, MI) | Social Security No. |
| --- | --- |
| **HILL, CARLA H.** | **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** |

Home Address (No., Street, City, State, ZIP + 4)
**18119 CHARLEMAGNE AVENUE, HAZEL CREST, IL 60409-2226**

| Home Telephone No. | Email Address | Office Telephone No. |
| --- | --- | --- |
| **(708) 798-4251** | | **(708) 647-0465** |

| Position Title | Grade Level | Tour | Duty Hours |
| --- | --- | --- | --- |
| **LETTER CARRIER** | **6** | **2** | **0800-1650** |

| Off Days (For Tour I, record of nights) | Is EEO Poster 72 on display in Complainant's facility? |
| --- | --- |
| **Rotating** | ☒ Yes, verified on date _____ ☐ No |

| Preference Eligible | Mixed Case | MSPB Appeal Filed? |
| --- | --- | --- |
| ☐ Yes  ☒ No | ☐ Yes  ☒ No | ☐ Yes  ☒ No If Yes, Date Filed: |

#### Chronology of Informal Process

| Date of Incident | Date of Initial Contact with EEO Office | Date of Initial Interview |
| --- | --- | --- |
| **09/30/2003** | **11/12/2003** | **01/09/2004** |

| REDRESS™ Overview | ADR Election Form Signed | 60 Day Extension Form Signed |
| --- | --- | --- |
| ☒ Yes  ☐ No | ☐ Yes  ☒ No | ☐ Yes  ☒ No If Yes, Expiration Date: |

| Date Complainant Signed or Received Notice of Right to File **03/02/2004** | Date DRS Report Requested **03/30/2004** | Date DRS Report Submitted **03/30/2004** |
| --- | --- | --- |

#### Basis for Alleged Discrimination

Check and Particularize Each that Applies

| | |
| --- | --- |
| ☒ 1. Race (Specify): African American | ☐ 6. Age (Specify Date of Birth): |
| ☐ 2. Color (Specify): | ☒ 7. Physical Disability (Specify): Back (limited duty) |
| ☐ 3. Religion (Specify): | ☐ 8. Mental Disability (Specify): |
| ☒ 4. Sex (Specify): Female | ☒ 9. Retaliation (Specify Cited Prior EEO Activity): 4J-604-0056-02; 4J-604-0101-02 |
| ☐ 5. National Origin (Specify): | |

*(stamped: HUMAN RESOURCE APPEALS SECTION   APR 0 5 2004   BLOOMINGDALE, IL 60117-30__)*

Discrimination Claim(s): Counselee alleges discrimination occurred on the following dates:

09/30/03 - She reported to work with a light duty form and ARO refused to provide a light duty assignment, ordered her to go home, and stated she would not be paid.

10/20/03 - Postmaster ordered her not to talk, refused to allow her to skip her lunch break although other employees were allowed to leave early and skip their lunches. She was ordered to come in, while on light duty, and do nothing all day purposely to embarrass and humiliate her in front of co-workers. When she requested to leave to avoid being mistreated, Postmaster denied her leave request.

10/28/03 - Management demanded she submit to a fitness for duty evaluation.

12/06/03 - ARO hollered at carriers about coming back from the street late and threatened to write them all up. She feels he creates a violent work environment by the way he talks to the carriers.

12/22/03 - ARO changed her limited duty assignment to light duty and she is being sent home everyday with less than 8 hours.

Requested Resolution
Counselee requests compensatory damages, injunctive relief, loss pay and vacation time, and reassignment to a regular, full-time window clerk position.

PS Form **2570**, March *(Page 1 of 3)*

**EEO Dispute Resolution Specialist's Checklist.**

Please check All That Apply.

☒ 1. I informed counselee of the impartial role of the Dispute Resolution Specialist in the EEO complaint process, explained the EEO process, and provided counselee with the booklet, *What You Need to Know About EEO* – an overview of the EEO process in the Postal Service.

☒ 2. I notified counselee of his/her right to be accompanied, represented, and advised by a representative of his/her choice at any stage in the complaint process. If counselee elected representation, I obtained the following information:

Representative's Name: **GREGORY T. MITCHELL**

Title: **ATTORNEY**                                  Telephone Number: **(708) 799-9325**

Fax No: (   )                                          Email Address: **mltchlaw00@aol.com**

Mailing Address: **18141 DIXIE HIGHWAY, SUITE 105**

**HOMEWOOD, IL 60430**

☒ 3. I advised counselee of his/her right to remain anonymous during pre-complaint counseling and he/she DID __X__ / DID NOT ____ waive anonymity.

☒ 4. I explained the privacy act notice. Counselee signed a copy of the notice prior to the interview.

☐ 5. If a mixed case, I informed counselee of the mixed case election procedures in 29 C.F.R. §1614.302.

☐ 6. If age discrimination was alleged, I informed counselee of the alternate procedures available for pursuing age claims, as outlined in 29 C.F.R. §1614.201.

☐ 7. If a sex based claim of wage discrimination was alleged under Equal Pay Act (EPA), I advised counselee of his/her right to bypass the administrative procedure and file a civil action, as outlined in 29 C.F.R. §1614.408.

☐ 8. If discrimination based on disability was alleged I informed counselee of his/her requirement to submit documentation of his/her disability. Documentation HAS ____ / HAS NOT ____ been submitted.

☐ 9. If counselee presented his/herself as an agent of a class, I explained the class complaint procedures and the class agent's responsibilities, as outlined in 29 C.F.R.§1614.204.

☒ 10. I informed counselee of his/her requirement to immediately notify the area Manager, EEO Compliance and Appeals and the EEOC if the representative's or his/her mailing address change.

☐ 11. I explained that I will not be the one who will make the decision on the acceptability of counselee's claim(s); but, there is a possibility that, for the reason(s) I have briefly restated below, the claim(s) will be dismissed in accordance with 29 C.F.R.1614.107.

**Dispute Resolution Specialist's Inquiry**

Brief Summary of Inquiry (if applicable)

The alleged responsible officials, Jim Fuscaldo and Karen Myskens, stated on September 30, 2003 counselee did not present a light duty request or medical documentation. However, on September 25, 2003 she presented two forms of medical documentation. The first was a request for FMLA WH380 dated September 19, 2003 which stated counselee was completely incapacitated to work from September 5, 2003 until October 5, 2003. The second document was dated September 26, 2003 and it stated she had restrictions incapacitating her also. The ARO instructed her to leave based on the medical documentation counselee provided  The ARO said she requested sick leave on September 30, 2003 which was approved and counselee was paid for being off.  On October 20, 2003, the ARO said counselee was interfering with the daily function of the clerk activities so he instructed her to cease the conversation. According to Postal records, she was allowed to skip her lunch.  The ARO stated she was assigned sit down duties due to her restrictions. On October 28, 2003, the ARO said that a fitness for duty exam was required to determine counselee's medical status because her diagnosis did not coincide with her restrictions.  On December 6, 2003, the ARO admits to giving carriers instructions regarding continued use of unauthorized overtime. Carriers are to request overtime on control Form 3996. Minimal carriers submitted PS Form 3996, which placed them in a status of unauthorized overtime.  Counselee was not even performing the duties of carrying her route so she was not the subject of the instructions. On 12/22/03, the issue of counselee being denied eight hours of work was settled in the Grievance/Arbitration procedure which she signed.  The Department of Labor officially denied counselee's claim for recurrence of her initial injury on December 17, 2003.  The available work that counselee can perform is limited to the work available and agreed upon as previously stated in the arbitration proceedings.

**REDRESS™ (Dispute Resolution Specialist complete this section if counselee participated in ADR)**

Date of mediation

Disposition    ☐ Resolved    ☐ Not Resolved

**Summary of Final Interview**

Counselee was notified of management's position by certfied mail and issued PS Forms 2565 and 2579-A.

**Privacy Act Notice**

The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Office Address of Dispute Resolution Specialist (No., Street, City, State, and Zip + 4) | Office Address of Manager EEO Compliance & Appeals (No., Street, City, State, and Zip + 4) |
|---|---|
| EEO DISPUTE RESOLUTION 6801 WEST 73RD STREET BEDFORD PARK IL 60499-9411 | APPEALS PROCESSING CENTER 244 KNOLLWOOD DR - FLOOR 2 BLOOMINGDALE IL 60117-3010 |

| Specialist's Office Telephone No. | Specialist's Office Hours |
|---|---|
| (708) 563-7661 | 8:00 AM - 4:00 PM |

| Signature of EEO Dispute Resolution Specialist | Typed Name of EEO Dispute Resolution Specialist | Date |
|---|---|---|
| *Pamela D. Gee* | PAMELA D. GEE | 03/31/2004 |

PS Form 2570, March (Page 3 of 3)

On _May 18 2004_ , you requested an appointment with a Dispute Resolution Specialist.
Month, Day, Year

**Important: Please Read.** You should complete this form and return it to the EEO office *within 10 calendar days of receipt.* This the only notification that you will receive regarding the necessity for you to complete this form.

## A. Requester Information

| | |
|---|---|
| **Name** *(Last, First, MI)* <br> Hill, Carla H. | **Social Security No.** <br> 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 |
| | **Home Telephone No.** <br> (708) 798-4251 |

**Your Mailing Address**
18119 Charlemagne Ave.

| **Name of Postal Facility Where You Work** <br> Hazel Crest Post Office | **Office Telephone No.** <br> (708) 647-0465 |
|---|---|

| **Address of Postal Facility** <br> 17541 S. Kedzie Ave. | **Email Address \*** |
|---|---|

| **Employment Status** *(Check One)* | **Position Title** <br> Letter Carrier | **Grade Level** <br> 6 |
|---|---|---|
| ☐ Applicant  ☐ Casual  ☐ TE  ☒ Career | **Off Days** *(If Tour I, Show Nights Off)* <br> Rotating | **Time in Current Position** <br> 6 Years  7 Months |

| **Pay Location** | **Tour** | **Duty Hours** <br> 8:00-4:30 | |
|---|---|---|---|

| **Your Supervisor's Name** <br> Jim Fuscaldo | **Supervisor's Title** <br> Delivery Supervisor | **Supervisor's Telephone No.** <br> (708) 647-0465 |
|---|---|---|

\* Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

## B. Discrimination Factors

Prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or in Retaliation (actions based on your participation in prior EEO activity).* These categories are referred to on this form as factors.

What Factor(s) of Discrimination Are You Alleging? *(Please be specific, i.e., Race - African American, Sex - Female.)*

1.  Race – African American
2.  Physical Disability
3.  Sex – Female
4.  Retaliation

**For Retaliation Allegations Only:** If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity which you feel caused you to be retaliated against.

1. On _APRIL 5, 2002_ , I engaged in EEO activity.  Case No.: _45 - 604 - 0056 - 02_
   Month, Day, Year
2. On _JUNE 17, 2002_ , I engaged in EEO activity.  Case No.: _45 - 604 - 0101 - 02_
   Month, Day, Year
3. ON _MARCH 27, 2004_ _I engaged in EEO activity. CASE NO: 45-604 -0016-04_

## C. Description of Incident/Activity

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On _MAY 12_ , 20 _04_
       Month, Day          Year

On May 12, 2004, Jim Fuscaldo ordered me to stop work and to go home at 9:55 a.m.
He said he had no additional light duty assignments or work for me because he
assigned Jim Gudowski the remaining light duty work, including sending Gudowski
to retrieve express mail because Gudowski had nothing else to do. Jim Fuscaldo
denied my request to remain at work to put in more hours.

\*CONTINUED ON ATTACHED SHEET

PS Form 2564-A, March 2001 *(Page 1 of 3)*

_(Name of Employee)_
was treated differently than I when: permitted to perform light duty assignments when, because of my senority and full-time status, I should have been assigned to work.

2. John Fajman                    White - non-African American male
   _(Name of Employee)_    _Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)_
   was treated differently than I when: John Fajman was on light duty during this time. Jim Fuscaldo provided sufficient light duty assignments to ensure John received his regular pay for the time he was on light duty status.

3. Marge Nemeth                   Female, White - non-African American
   _(Name of Employee)_    _Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)_
   was treated differently than I when: Marge was on light duty.  Jim Fuscaldo provided sufficient light duty assignments to ensure she received her regular pay for the time she was on light duty status.

### E. Official(s) Responsible for Action(s).
List the name(s) of the official(s) who took the action which prompted you to seek counseling at this time.

| 1a. Name        | b. Title        |
|-----------------|-----------------|
| Jim Fuscaldo    | Supervisor      |
| c. Office       | d. Grade Level  |
| Hazel Crest Post Office | |
| 2a. Name        | b. Title        |
| c. Office       | d. Grade Level  |

_Retaliation Allegations Only:_ Was/were the official(s) listed in Section E above aware of your prior EEO activity?

☒ Yes    ☐ No    If yes, explain how the official(s) became aware:

Jim Fuscaldo was individually named as the discriminating and harassing official

### F. Resolution
What are you seeking as a resolution to your pre-complaint?

Compensatory damages; injunctive relief to prevent this from recurring; lost pay and vacation time; reassignment to a window clerk position.

### G. Grievance/MSPB Appeal
On the incident that prompted you to seek EEO counseling, have you:

1. Filed a grievance on the issue?    ☐ No  ☒ Yes    If yes, _____ _____
                                                        _(Date)_    _(Current Step)_
2. Filed an MSPB appeal on this issue?  ☒ No  ☐ Yes    If yes, _____
                                                        _(Date Appeal Filed)_

PS Form 2564-A, March 2001 _(Page 2 of 3)_

Do you desire anonymity?  □ No  □ Yes

## I. Representation

You have the right to retain representation of your choice.  *(Check One)*

□ I waive the right to representation at this time.    ☒ I authorize the person listed below to represent me.

| Name of Representative | Representative's Title |
| --- | --- |
| Gregory T. Mitchell | Attorney |

| | Telephone No. | Email Address * |
| --- | --- | --- |
| Organization<br>Law Office of Gregory T. Mitchell, P.C. | ( 708 ) 799-9325 | mitchlaw00@aol.com |

Mailing Address *(Street or P.O. Box, City, State and ZIP + 4)*
18141 Dixie Highway, Suite 105, Homewood, IL  60430

* Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s) Include a copy of any written action(s) that caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, it is important for you to submit medical documentation of your disability during the pre-complaint process.

## K. Privacy Act Statement

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794s; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses,

grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## L. Authorization

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process *if* like or related to a formal complaint that I have already filed, or *if* the claim(s) constitutes a spin-off complaint. (A spin-off complaint contests the manner in which a previously filed complaint is being processed.) In completing this PS Form 2564-A, *Information for Pre-Complaint Counseling*, I recognize that the Manager, Dispute Resolution, will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the Manager determines that my claim(s) shall be processed as amendments or appendages to a formal complaint that I have already filed.

| Please Print Your Name Here | GREGORY T. MITCHELL  ATTORNEY AT LAW | |
| --- | --- | --- |
| CARLA HILL | | |
| Your Signature | | Date Signed |
| *Gregory Mitchell for Carla Hill* | | June 3, 2004 |

Please Return This Form to:

EEO Dispute Resolution
Central Illinois District
6801 West 73rd Street
Bedford Park, IL 60499-9411

PS Form 2564-A, March 2001 *(Page 3 of 3)*