# RECEIVED

MAR - 5 2008
3-5-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
_____ DIVISION

Carla Hill
_____
(Name of the plaintiff or plaintiffs)

V.

John Potter, United States Postal Service
Beverly Greene, O.I.C.
Cynthia Simon-Pruitt, Supervisor
_____
(Name of the defendant or defendants)

07cv 6835

CIVIL ACTION

NO. 07 C 6835
(Case number will be supplied by the
assignment clerk)

Judge COAR
Magistrate Judge Denlow

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is _Carla Hill_ of
the county of _Cook_ in the state of _Illinois_.

3. The defendant is _John Potter, Beverly Greene, Cynthia Simon-Pruitt_, who
_United States Postal Service_
resides at (street address) _17541 S. Kedzie_
(city) _Hazel Crest_ (county) _Cook_ (state) _IL_ (ZIP) _60429_
(Defendant's telephone number) (_708_) – _647-0465_

FILED
MARCH 17, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

4) The plaintiff sought employment or was employed by the defendant at

(street address) _17541 S. Kedzie_

(city) _Hazel Crest_ (county) _Cook_ (state) _IL_ (ZIP code) _60429_

5. The plaintiff [check one box]

(a) ☐ was denied employment by the defendant.

(b) ☑ was hired and is still employed by the defendant.

(c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,

(month) _April_ , (day) _10_ , (year) _2007_ .

7. (a) The plaintiff [check one box] ☐ _has not_ filed a charge or charges against the defendant ☑ _has_

asserting the acts of discrimination indicated in this complaint with any of the following    government agencies:

(i) ☑ the United States Equal Employment Opportunity Commission on or about

(month) _March_ (day) _29_ (year) _2007_ .

(ii) ☐ the Illinois Department of Human Rights on or about

(month)_____ (day)_____ (year)_____.

(b)    If charges _were_ filed with an agency indicated above, a copy of the charge is

attached.    ☑ YES    ☐ NO

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

8. (a) ☐ the United States Equal Employment Opportunity Commission has not issued a _Notice of Right to Sue._

(b) ☑ the United States Equal Employment Opportunity Commission has issued a _Notice of Right to Sue,_ which was received by the plaintiff on (month) _December_

(day) _21_ (year) _2007_ a copy of which _Notice_ is attached to this complaint.

(Guide to Civil Cases for Litigants Without Lawyers: Page 44)

9. The defendant discriminated against the plaintiff because of the plaintiff's [check all that apply]

   (a) ☑ Age (Age Discrimination Employment Act).

   (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

   (c) ☑ Disability (Americans with Disabilities Act)

   (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

   (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

   (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

   (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. The plaintiff is suing the defendant, a state or local government agency, for discrimination on the basis of race, color, or national origin (42 U.S.C. §1983).

       ☐ YES    ☑ NO

11. Jurisdiction over the statutory violation alleged is conferred as follows: over Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); over 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; over the A.D.E.A. by 42 U.S.C.§12117.

12. The defendant [check all that apply]

   (a) ☐ failed to hire the plaintiff.

   (b) ☐ terminated the plaintiff's employment.

   (c) ☑ failed to promote the plaintiff.

   (d) ☐ failed to reasonably accommodate the plaintiff's religion.

   (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

   (f) ☑ other (specify): Cut my hours at work 20,000.00. Forced to pay back $2,905.00 to the unemployment security when hours were cut down to 13 or less hours per week for 8 months.

13. The facts supporting the plaintiff's claim of discrimination are as follows:

IN 2000 I was being converted to a window distribution clerk which I have enclosed documentation. My postmaster was detailed out of the office and the new managers stopped the process. IN 2003 I was offered the position and not given it. IN August 2004 a settlement agreement for a clerk position was breached. IN August 2005 a clerk position was given to a young black female with less seniority than me. IN April 2007 Another young black female with less seniority was given another position.

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.   Yes

15. The plaintiff demands that the case be tried by a jury.   ☑ YES   ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check all that apply]

(a) ☐   Direct the defendant to hire the plaintiff.

(b) ☐   Direct the defendant to re-employ the plaintiff.

(c) ☑   Direct the defendant to promote the plaintiff.

(d) ☐   Find that the defendant failed to reasonably accommodate the plaintiff's religion.

(e) ☐   Find that the defendant failed to reasonably accommodate the plaintiff's disabilities.

(f) ☑   Direct the defendant to (specify): Pay all back pay losses of about $50,000.00, Pay the $2,905.00 I paid to the Employment Security because of them cutting my hours. Compensatory damages of $5,000.000.00 for being purposely passed over for a clerk position I was next in line to be promoted.

(g) ☑   If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(Guide to Civil Cases for Litigants Without Lawyers: Page 46)

(h) ☑   Grant such other relief as the Court may find appropriate.

(Plaintiff's signature) _Ms Carla H. Hill_

(Plaintiff's name) _Ms. Carla H. Hill_

(Plaintiff's street address) _18119 Charlemagne Avenue_

(City) _Hazel Crest_   (State) _IL_   (ZIP) _60429_

(Plaintiff's telephone number) (708) - 798-4251

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| **(a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| (b) County of Residence of First Listed Plaintiff  *Carla H. Hill*<br>(EXCEPT IN U.S. PLAINTIFF CASES) | *John Potter, U.S.P.S.*<br>*Beverly Greene*<br>*Cynthia Simon-Pruitt*<br>County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☒ U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:  *Complaint of Employment Discrimination*

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND$ *5,000.000.00*

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE *Ashman / Gettleman*

DOCKET NUMBER  *07C 6833 / 06C3105*

DATE  *March 5, 2008*

SIGNATURE OF ATTORNEY OF RECORD  *No Carla H. Hill*

MANAGER
EEO DISPUTE RESOLUTION

 **UNITED STATES
POSTAL SERVICE**

January 16, 2002

TO:    ALL CURRENT EMPLOYEES OF THE UNITED STATES POSTAL SERVICE
(POSTAL SERVICE) WHO HAVE HELD PERMANENT REHABILITATION POSITIONS
DURING THE TIME PERIOD JANUARY 1, 1992 TO THE PRESENT; AND

ALL FORMER EMPLOYEES OF THE POSTAL SERVICE WHO HELD PERMANENT
REHABILITATION POSITIONS AT ANY TIME SINCE JANUARY 1, 1992.

RE:    NATIONWIDE EMPLOYMENT DISCRIMINATION CLASS COMPLAINT AGAINST THE
POSTAL SERVICE (Chandler Glover and Dean Albrecht, et. al., v. John E. Potter,
Postmaster General, U. S. Postal Service, EEOC Case No. 320-A2-8011X; Agency Case No.
CC-801-0015-99).

### BACKGROUND OF THE CASE

On October 1, 1998, Chandler Glover filed a charge of discrimination against his employer, the Postal
Service, claiming that permanent rehabilitation employees, as a class, suffered employment
discrimination. Specifically, Mr. Glover alleged that he and other permanent rehabilitation employees
were denied promotional opportunities and opportunities to advance their careers with the Postal
Service, as a result of their alleged disabilities. On March 30, 2000, a United States Equal
Employment Opportunity Commission (Commission) Administrative Judge certified Mr. Glover's case
as a class action.

### ISSUES INVOLVED IN THIS CASE

The issue in this case is whether present or past employees of the Postal Service, who presently hold
or have held permanent rehabilitation positions for the time period January 1, 1992 to the present,
who while in that position, have been denied promotional opportunities and/or opportunities to
advance their careers due to discrimination on the basis of an alleged disability.

### DEFINITION OF THE CLASS

The Commission has defined the class in this case as follows:

> **Those persons employed by the Agency throughout the United States
> between January 1, 1992, and the present while in permanent
> rehabilitation positions who were allegedly denied promotional and/or
> advancement opportunities allegedly due to discrimination on the basis
> of disability. (A copy of the Decision is attached).**

The Commission has defined the phrase "advancement opportunities" to mean vertical movement
from a lower level grade and/or pay within the Postal Service system, to a position at a higher level
grade and/or pay. The Commission has defined the phrase "promotional opportunities" to include
training, assignments, details, and awards that would have enhanced a class member's qualifications

6801 WEST 73RD STREET
BEDFORD PARK, IL  60499-9411
708/563-7661
FAX:  708/563-9189

- 2 -

for promotion to such position, whether the promotion would have been a career ladder promotion or a competitive promotion. The phrase "permanent rehabilitation employee" means any current or former Postal Service employee injured in the performance of their duties, who as of January 1992 and forward: (1) had a claim accepted by the U. S. Department of Labor, Office of Workers' Compensation Programs for wage loss and permanent partial disability; and (2) was provided with an indefinite modified job assignment or position, upon return to work.

## WHAT ARE YOUR LEGAL RIGHTS?

If you are a past or present employee of the Postal Service, who worked in a Permanent Rehabilitation position between January 1, 1992 and the present, you may be a member of the class. You are not required to do anything at this point in order to remain a part of the class. However, there are certain matters you should consider if you are a member of the class:

- This case will determine your legal rights as a class member; and

- Any decision issued will have a binding effect upon you.

## OPTING OUT

**THE COMMISSION DOES NOT ALLOW ANY CLASS MEMBER TO "OPT OUT" OR CHOOSE NOT TO BE BOUND BY A CLASS COMPLAINT DECISION.**

A final agency decision finding discrimination is binding on all members of the class and on the Agency. A finding of no discrimination is not binding on a class member's individual complaint. While you may not exclude yourself from the class ("opt out"), you do not have to participate in this class action. If liability is found, you will have to file a claim to receive individual relief. In the event that liability is found, you will receive another notice on how and when to file such a claim.

## SETTLEMENT

Any class member will have the right to object to or challenge any proposed settlement. You also may participate in any determination of individual relief if discrimination is found.

For additional information about this case, you may contact the class agent's attorney. The following is the lawyer representative of record for this class action:

John Mosby, Esq.
Elisa Moran, Esq.
P. O. Box 8902
Denver, CO  80201

Telephone:  Toll Free (800)280-8301
Email:  gloyercase@msn.com.

## REPRISAL

Please note that the law prohibits discrimination, retaliation, threats, interference, intimidation and/or coercion against individuals who participate, testify, assist and/or are involved in the presentation or processing of this class complaint.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Denver District Office

CLASS CERTIFICATION DECISION IN THE
CLASS EMPLOYMENT DISCRIMINATION COMPLAINT OF CHANDLER GLOVER
VERSUS WILLIAM HENDERSON, POSTMASTER GENERAL OF THE UNITED STATES

FILE NUMBER : 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X
(CC-801-0015-99)

CLASS REPRESENTATIVE : John Mosby, Esq.
730 17th Street #750
Denver, CO 80202

CLASS AGENT : Chandler Glover
2383 Vaughn Way #B1-114
Aurora, CO 80014

AGENCY : United State Postal Service

AGENCY REPRESENTATIVE : James Burroughs, Esq.
Managing Counsel
South San Francisco Field Office
P.O. Box 4402
South San Francisco, CA 94099-4402

COMPLAINT : Class discrimination based upon disability

ADMINISTRATIVE JUDGE : Dickie Montemayor
Equal Employment Opportunity Commission
Denver District Office
303 E. 17th Ave., Suite #510
Denver, Colorado 80203

DATE OF COMPLAINT : February 20, 1999

RECEIVED
APR 0 7 2000
EEO COMPLIANCE & APPEALS
Pacific/Western Areas

I.    INTRODUCTION

On October 1, 1998, Complainant, who was then pursuing an individual complaint, withdrew his request for hearing and indicated his desire to pursue the matter as a class complaint. Pursuant to a Final Agency Decision, the individual complaint was closed. The claim was thereafter processed as a class complaint. Mr. Glover alleged that he, along with others, had been the victim of unlawful discrimination on the basis of disability. He further alleged that the postal service maintained a nationwide policy of systematically denying promotional opportunities to disabled individuals who have been placed in permanent rehabilitation duty positions.  On August 18, 1999, the Agency forwarded the file to the Denver District Office of the EEOC for an Administrative Judge's decision regarding acceptance of the matter as a class complaint.

II.   ISSUE

Whether or not the instant complaint satisfies the requirements of 29 C.F.R. §1614.204(d)(7) for acceptance as a class complaint?

III.   ANALYSIS AND CONCLUSIONS

The controlling regulation, 29 C.F.R. § 1614.204 specifies that the Administrative Judge may reject certification of the complaint, or a portion thereof if it does not meet the

2

prerequisites of 29 C.F.R. § 1614.204.   29 C.F.R. §

1614.204(a)(2) provides as follows:

> A "class complaint" is a written complaint of discrimination
> filed on behalf of a class by the agent of the class
> alleging that:
>
> > (1)  The class is so numerous that a consolidated
> > complaint of the members of the class is impractical;
> >
> > (2)  There are questions of fact common to the class;
> >
> > (3)  The claims of the agent of the class are typical
> > of the claims of the class;
> >
> > (4)  The agent of the class, or his/her representative,
> > if any, will fairly and adequately protect the
> > interests of the class.

After reviewing the formal complaint and the other materials

contained in the materials provided by the Agency, I find that

certification of this matter as a class complaint is appropriate.

It is clear that rejection is proper if any one criterion of a

class complaint is not met.  Baldwin v. Frank, Postmaster

General, EEOC No. 01890416 (1989); Tillman v. McGovern, Secretary

of the Air Force, EEOC No. 01890695 (1989); McNeal v. Marsh,

Secretary of the Army, EEOC No. 01890250 (1989); General

Telephone Co. of the Southwest v. Falcon, 457 U.S. 147 (1982).

However, as more fully set forth below, I find that all of the

necessary requirements for certification have been met.

A.  Numerosity

The formal complaint filed alleges a class consisting of all

employees in permanent rehabilitation duty positions throughout

3

the United States. The numerosity requirement of the class action regulation is, for all relevant purposes, identical to the requirement of Rule 23 of the Federal Rules of Civil Procedure. This similarity is intentional and deliberate. 42 Fed. Reg. 11087 (1977). Therefore, decisions interpreting Rule 23 F.R.C.P. are important in analyzing and in interpreting the regulations contained in 29 C.F.R. § 1614.204, et seq.

It is clear that numerosity is a fluid concept and no exact number of class members is enough or not enough, in and of itself, to satisfy the numerosity requirements of Rule 23 F.R.C.P. (or 5 C.F.R. 713.601, et seq.) Ewh v. Monarch Wine Company, Inc., 73 F.R.D. 131 (EDNY 1977); Wright & Miller, Federal Practice and Procedure: Civil § 1762.

The number of potential class members is a factor in determining whether the class is insufficiently numerous, as is the geographic concentration, or lack thereof, of the potential class members. DeMarco v. Edens, 390 F.2d 836 (CA2 1968); Ewh v. Monarch Wine Company, Inc., supra; Wilburn v. Steamship Trade Ass'n of Baltimore, Inc., 376 F. Supp. 1228 (DCMD 1974). Charles v. Ball, Secretary, Department of the Navy, EEOC No. 05880256 (1988); Andrews v. Bechtel Power Corp., 780 F.2d 132 (CA1 1985); Garcia v. Gloor, 618 F.2d 264 (CA5 1980), Terrill v. Secretary, Department of the Army, EEOC Request No. 05830209 (1985).

4

B.    Commonality

I find that common questions of law and fact are readily
apparent.   The common question is whether the Agency
discriminated against disabled employees who were in permanent
rehabilitation positions by denying them promotional
opportunities. See East Texas Motor Freight . v. Rodriguez, 431
U.S. 395 (1977).

C.    Typicality

In the instant case typicality of the claims has also been
shown.   In General Telephone, the court noted that "class relief
is peculiarly appropriate when the issues involved are common to
the class as a whole and when they turn on questions of law
applicable in the same manner to each member of the class."   Id.
at 155.   This observation of the court goes to the heart of the
commonality and typicality question.   More to the point the court
noted,

> conceptually there is a wide gap between (a) an
> individual's claim that he has been denied a promotion
> on discriminatory grounds . . . and the existence of a
> class of persons who have suffered the same injury as
> that individual, such that the individuals claim and
> the class claims will share common questions of law or
> fact and that the individuals claim will be typical of
> the class claims. Id. at 157.

Complainant does not complain about an isolated promotion
that he was denied.   Rather, he alleges that disabled employees
were denied promotional opportunities pursuant to a nationwide

policy that he alleges was applicable to him and other disabled employees around the country. Thus, his claim is sufficiently broad to invoke the exception to the rule "that litigation in conducted by and on behalf of individual parties." Id. at 156. Moreover, the interests of the class agent are sufficiently broad to be typical of the wider interests of the putative class.

D.    Adequacy of Representation

The Agency in its letter of August 18, 1999, conceded this requirement of the regulations has been met. I concur. The proposed class agent retained the services of attorney John Mosby. There is nothing to suggest that Mr. Mosby, (an employment lawyer who has appeared before the Commission on numerous occasions)and those associated with his firm are not qualified, experienced and generally able to conduct the proposed litigation.

IV.    CONCLUSION

For the reasons stated above, I find that all of the prerequisites of class certification have been met and find class certification appropriate as outlined above. The certified class shall include all those employees in permanent rehabilitation duty positions throughout the United States that were denied promotional opportunities as a result of the policy which Complainant alleges was discriminatory.

7

V.  NOTICE

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to C.F.R. §1614.204(d)(7). With the exception detailed below, the complainant may not appeal to the Commission directly from this decision. EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying the complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision. The complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. The complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of the complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. §1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

8

If the Agency has not issued its final order within forty
(40) calendar days of its receipt of this decision, the
complainant may file an appeal to the Commission directly from
this decision. In this event, a copy of the Administrative
Judge's decision should be attached to the appeal. The
complainant should furnish a copy of the appeal to the Agency at
the same time it is filed with the Commission, and should certify
to the Commission the date and method by which such service was
made on the Agency.

All appeals to the Commission must be filed by mail,
personal delivery or facsimile to the following address:

> Director, Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 19848
> Washington, D.C. 20036
> Fax No. (202)663-7022

Facsimile transmissions over 10 pages will not be accepted.

## COMPLIANCE WITH AN AGENCY FINAL ACTION

An Agency's final action that has not been the subject of an
appeal to the Commission or civil action is binding on the
Agency. *See* 29 C.F.R. §1614.504 (1999). If the complainant

9

specified by the Administrative Judge.  See also MD-110 8-5, 8-6
November 9, 1999.

In order to ensure compliance with the requirements of
§1614.204(e)(1) and (2), the *agency is required to submit to the
undersigned a proposed notice along with a proposed method of
notification within 15 days of receiving a copy of this decision.*
We encourage the parties to stipulate to the form and content of
a proposed notice to the class and the manner in which it would
be issued, consistent with this decision and the requirements of
§1614.204(e).  If the parties are unable to so stipulate, the
class agent may submit her objections to the agency's proposal
within five (5) days of receiving the same from the agency.  Once
the undersigned approves the notice and the method of its
distribution, the agency shall notify all class members of the
acceptance of this class complaint within 15 days of the date the
agency issues a final order fully implementing this decision
pursuant to §1614.204(d)(7)(1999) or within 15 days of the date
this decision otherwise becomes the agency's final action because
of its failure to timely issue a final order.

Dated: 3/30/00

Dickie Montemayor
Administrative Judge

11

<u>Certificate of Mailing</u>

I, Martha Muller, hereby certify that on ~~March 30, 2000~~ April 3, 2000, I

mailed a copy of the above Decision to the following persons:


John Mosby, Esq.
730 Seventeenth Street, Suite 750
Denver, CO 80202

James Burroughs
USPS
South San Francisco Field Office
577 Airport Blvd. Suite 200
Burlingame, CA 94010

Chandler Glover
14921 E. Evans Ave.
Aurora, CO 80014

Martha Muller
EEOC

2/01/00

Steve Synder
Postmaster
Hazelcrest P.O.

Dear Steve:

I am interested in becoming a clerk
with the next available opening.

Thank You,

Carla H. Hill
Letter Carrier
Hazelcrest P.O.

C 0219

DS Central Management Facility
Security Management Department
4924 Green Rd.
Raleigh, NC 27616-2800
09/19/2000

POSTMASTER
17541 S KEDZIE AVE
HAZEL CREST
IL    60429-

Site ID:    6040911

This certified envelope contains the POS ONE logon ID notification letters for each person requesting
an ID from your office.

Secure the package until it is requested on night of Install by the NOI Facilitator.  Note that these envelopes
may not be opened by anyone other than the addressee. Please mark off each user as the envelopes are
distributed, either on the night of install, or the individual's first working day on POS ONE.

| | User Name | | Logon ID |
|---|---|---|---|
| 1 | HADLEY, WYNNETTA A. | Clerk | KQ4WP1 |
| 2 | BLAYLOCK, CLAUDELL A. | Clerk | KKGC3D |
| 3 | CORCORAN, SUSAN L. | Clerk | KRTPBD |
| 4 | GUDOWSKI, JAMES B. | Clerk | KQ2VBN |
| 5 | SCHNEIDER, STEPHEN C. | Postmaster | KD4HZ4 |
| 6 | ROBINSON, BRIDGET M. | Clerk | KG71FF |
| 7 | GARCIA, JOHN R. | Clerk | KBNR5R |
| 8 | HILL, CARLA H. | Clerk | KVMR5C |
| 9 | PARKHURST, TAMMY S. | Supervisor | KTV4CF |

Please mark off each user as they are distributed and place a copy of this letter in the POS ONE Coordinator's
package.

Thank you,

DSCMF/POS Security Management

Page    1

06221

**Greene, Beverly A - Palos Park, IL**

| | |
|---|---|
| From: | |
| Sent: | eAccess System Agent [agent1@email.usps.gov] |
| | Wednesday, October 10, 2007 7:28 PM |
| To: | D16WP0 |
| Subject: | eAccess MGR Workflow Notice |

A request which you approved as manager for CARLA H. HILL (Logon ID:KVMR5C) to Passport
Label Acquisition Sys (PLAS) has been Approved

++++++++++++++++++++

Please log onto the eAccess system at
http://eaccess
using the the Unique ID D16WP0.

If you do not know your password, please visit ePassword Reset website at
https://epasswordreset

Help using the eAccess system is available online from the eAccess home page.

March 11, 2003


Ms. Karen Muyskens
Postmaster
Hazel Crest Post Office

Dear Karen:

I am writing this letter in regards to our conversation of Friday, December 27, 2002 when you approached me and asked me if I would still be interested in changing crafts to become a distribution window clerk. I stated to you that I was very much interested. To which you replied that you would keep me in mind.

On Monday, March 3, 2003 you approached me stating that you are going to hire a part time flexible clerk and would I be interested. I replied yes, but I needed to think it over. You stated that I didn't have to give you an answer today, but you needed an answer within two weeks. You stated to me if I wasn't interested, that Suzanne Hankins is interested.

On September 19, 2000 the DS Central Management Facility, Security Management Department, 4924 Green Rd., Raleigh, NC 27616-2800 sent a letter to Postmaster which at that time was Mr. Steve Synder displaying all of the clerks POS logon identification numbers. On that list I was included as user name #8 KVMRSC.

Today I stated to you verbally, my acceptance of this position of window distribution clerk. I am looking forward to a new and challenging position. In the event you don't hire anyone now or decide on a accessed window clerk, I am still interested in the very next available open position.

Per your request, attached is a copy of the letter submitted to Mr. Steve Synder (February 1, 2000) our previous Postmaster.

Thank You,

Ms. Carla Hill

Ms. Carla Hill
Att.
Mh/ch


Karen hired a casual clerk for our office June 2003 after I accepted the job offer. Karen said her boss Betty Simms - Jones told her she couldn't hire anyone.

**South Holland**
100 W. 162nd Street
South Holland, Illinois 60473
Telephone 708.730.2200
Facsimile 708.210.0625



*Advocate Health Center*

2/10/05

Re: Carla Hill

To Whom It May Concern:

I am writing to reiterate the opinion of the orthopedic surgeon, Dr. Brooker, that Carla Hill's condition is expected to improve only to a certain point. Ms. Hill's initial occurrence of thoracic strain is reported to have been November, 21, 2002. Since then, Ms. Hill has had three reported recurrences on 3/6/2003, 9/5/2003, and 7/28/2004. I recommend that Ms. Hill be assigned a position in which she can work indoors and with the restrictions imposed by the orthopedic physician.

Sincerely,

Dr. Lakshmi Emory

**South Holland**
100 W. 162nd Street
South Holland, Illinois 60473
Telephone 708.730.2200
Facsimile 708.210.0625

 *Advocate Health Center*

Re: Carla Hill

To Whom It May Concern:

I am writing to reiterate the opinion of the orthopedic doctor, Dr Brooker, that Carla Hill's condition will only improve to a certain point. Ms. Hill has reportedly had three injuries the first such occurrence was 3/6/2003, the second 9/5/2003, and the third was 7/28/04. Ms. Hill continues to follow with the specialist, Dr. Brooker.

Dr. Lakshmi Emory

NEEOISO
EEO CONTACT CENTER


**UNITED STATES**
**POSTAL SERVICE**

6/11/2007

Carla Hill
18119 Charlemagne
Hazel Crest, IL 60429-2226

Dear Carla Hill

This is to acknowledge receipt of your request for pre-complaint counseling under
the Equal Employment Opportunity process. Please review the enclosed
documents as **you have ten (10) calendar days from receipt of this package** to
complete, sign, date, and return PS Form 2564-A, *Information for Pre-Complaint
Counseling* and PS Form 2563-A, acknowledging your receipt of Publication 133,
*What You Need to Know About EEO*. Keep Publication 133 for your personal use,
as it explains the EEO administrative complaint process, as well as your rights and
responsibilities under the EEO process. Return the completed signed forms to the
National EEO Investigative Services Office (NEEOISO) at the following address.
Do not return the forms to your local District EEO Office.

> **NEEOISO**
> **EEO Contact Center**
> **U.S. Postal Service**
> **PO Box 21979**
> **Tampa FL 33622-1979**

The counseling process is limited to 30 calendar days unless you agree to extend
the counseling period for up to an additional 60 calendar days. Counseling
extensions ensure that there is sufficient time to attempt an informal resolution of
your concerns before it escalates to the formal stage of the EEO process.
Enclosed is PS Form 2567-A, *Agreement to Extend the 30-day EEO Counseling
Process*. If you agree, sign and return the form to NEEOISO with your PS Form
2564-A, *Information for Pre-Complaint Counseling*.

To expedite your request for EEO counseling, the Postal Service offers you the
opportunity to mediate your claim under the **REDRESS®** program. **REDRESS®** is
an acronym for *Resolve Employment Dispute Reach Equitable Solutions Swiftly*.
**REDRESS®** allows you to request mediation in lieu of traditional pre-complaint
counseling. A non-Postal, neutral, third-party will facilitate a discussion between
you and the person with whom you have a dispute, in a non-adversarial setting.

If you participate in mediation, you do NOT waive any of your rights under the EEO
process. In fact, during all phases of the administrative EEO process, including
mediation under the **REDRESS®** program, a representative of your choice may

Reference: 78393 - PRE-026247-2007

| | Certified Mail No. | Date Mailed   *or*   Hand Delivered on |
|---|---|---|

**Information for Pre-Complaint Counseling**

| By *(Initials)* | Case No. |
|---|---|

On **6/11/2007**_____, you requested an appointment with a Dispute Resolution Specialist.
*(Month, Day, Year)*

**Important: Please read.** You should complete this form and return it to the EEO office *within 10 calendar days* of receipt. This is the only notification that you will receive regarding the necessity for you to complete this form.

**A. Requester Information**

Name *(Last, First, MI)* **Hill Carla H**     Social Security **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**     Home Telephone No. **(708) 798-4251**

Your Mailing Address **18119 Charlemagne Avenue**     Finance Number **16-3486**

Name of Postal Facility Where You Work **Hazel Crest Post Office**     Office Telephone No. **708 647-0465**

Address of Postal Facility **17541 South Kedzie Avenue**     Email Address*

Employment Status *(Check One)*  ☐ Applicant  ☐ Casual  ☐ TE  ☒ Career     Position Title **Letter Carrier**     Grade Level **6**

Pay Location     Tour     Duty Hours     Off Days *(If Tour I, Show Nights Off)* **Rotating**     Time In Current Position **11** Years **7** Months

Your Supervisor's Name **Ms Cynthia Pruitt**     Supervisor's Title **Delivery Supervisor**     Supervisor's Telephone No. **708 647-0465**

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

**B. Discrimination Factors**

Prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or in Retaliation (actions based on your participation in prior EEO activity)*. These categories are referred to on this form as factors.
What factor(s) of Discrimination are you alleging? (Please be specific, i.e., Race-African American, Sex-Female).

**Retaliation, Disability Discrimination, Harassment, Disparate Treatment under the ADA**

**For Retaliation Allegations Only.** If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity that you feel caused you to be retaliated against.

1. On **3 29 2007**, I engaged in EEO activity. Case No.: **4J-604-0088-07, 4J604001604 5/2/07**
*(Month, Day, Year)*

2. On **2004**, I engaged in EEO activity. Case No.: **4J-604-0142-04, 4J604008305**
*(Month, Day, Year)* **2002** **4J604P05602, 4J604010162,**
**6 23 2005** **4J604010105**

**C. Description of Incident/Action**

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On **05 18 2007**
    *Month, Day    Year*

① I received my check stub with sick leave hours of 80 hours I called and spoke to Beverly Greene OIC and asked her why my sick leave was being used to pay me when I requested COP on a 3971 for an on the job injury. Beverly said I can do whatever I want to do I told her no you can't because I did not request sick leave. Beverly went on to say I can do whatever I want to you so I told her no you can't and I will file a

PS Form **2564-A**, March 2001 *(Page 1 of 3)*

grievance on this matter. I wrote a letter
to Simon - Pruitt, Cynthia on that Monday
following to tell her do not use my sick
leave or annual leave to pay me because they
denied paying me COP. I received my check
stub 6/1/07 how they used all but 4 hours of
sick leave and took away annual leave after
I told them not to. This retaliation against
me because of my EEO activity since March of
2007 and discrimination of a back disability
from on the job injuries. I have been off work
since April 9, 2007 and it is creating financial
hardship with no income from the Postal
Service while I'm off work on an injury.

② On June 20, 2007 the Postal Inspectors came
and sat in front of my house circling around
four different times that day. On June 22,
2007 the Postal Inspectors were over in front of
my parents house. This is outright blatant
harassment! ③ Marlene Scotz white female
over 40 years of age came back to work after
being off on knee and ankle surgery not related
to work. Marlene is on light duty and not
able to carry her walking part of her route.
Marlene is being accomodated and receiving 8
hours and overtime work every day. I was on
light duty in December 2003 when my limited

duty status changed when an reoccurence from
an injury was never accepted by the Department
of Labor. Management told me I don't have
to give you any hours and sent me home for 7
months with 14 or less hours per day creating
$25,000.00 in lost wages). Marlene is a white
female whom they are reasonably accomodating
and she is a non union member. I am a
black female who they won't reasonably accomodate
and am union member. I want since Marlene
is getting hours and I wasn't not even
overtime was allowed for me to be paid back
pay of $25,000.00 for lost wages and sick
leave restored back to my sick leave bank
in lieu of hours being cut and 38 hours
annual lost due to leave without pay
status for 7 months also restored back to
my vacation bank. Marlene came back
to work in May 2007 after being off 3
or 4 months in 2007. ③ Debra Morris from
Injury Compensation keeps sending back
my requests for pay and it's her job to
get my LWOP hours I can write down
anything and I know she is going to check
what I write. My requests from her keep
coming back to me requesting I write the
hours for all my days. ④ Our previous Union

Steward, white female, Marge Nemeth is also part of the discrimination in our office against me. On or about March 20th Marge said to me on the workroom floor in front of all the carriers at work that I need to quit and find myself a real job. Marge Nemeth went on to say I don't blame management for not giving you the clerk position do you? Marge went on to say I would have given the clerk position to someone healthy like Kendra than to give it to someone like you who's hurt. Marge's out right blantant discrimination remarks in front of everyone on the workroom floor not only embarrassed and humiliated me causing emotional distress. The carriers are now rebeling against me because I am not able to carry and because the RMO's assigned Kendra McGhee to the clerk craft who is healthy and young (33) it hurts the carriers with one less person to deliver mail since she hasn't been replaced. Management is saying because I can't get a release to lift up to 70 pounds because of my back disability is why Kendra was awarded the position. The clerk official ELM does not have a regulation weight limit and management is discriminating against me because of it. All of this discrimination is because

of my back disability. I am afraid of going
back to work because of my mistrust of every
one. The RMO's are seeking to move me out of
the office somewhere way, way out miles from
my home. It's not fair because if I had
been reasonably accomodated by assigning me to
the clerk position in 2004 or 2007 I wouldn't
be hurt now and going through all this
disciplinary reprimand. I transfered to
the Hazel Crest Post Office to be close to my
children and if I am moved from the office
because of the agency's adverse action against
me I would be even more devasted. Madge's
discriminatory actions have harmed my reputation
and character to my co-workers. I'm paranoid
because I feel someone is following and watching
me at home. This issue was in EEO case
#J-604-0058-07 filed on March 29, 2007 and
Pamela Gee told me that this issue had not
received counseling but I didn't receive
counseling on any of my issues which can be
verified and this issue was dismissed and
I would like it included with these issues.

## Allegations of Discrimination Based on Age

| Case No. |
|---|
|  |

To: (Full Name and Address)

The Age Discrimination in Employment Act (ADEA) of 1967, as amended, prohibits discrimination in employment on the basis of age (40 years or older). The ADEA allows persons claiming age discrimination to go directly to court without going through an agency's administrative complaint procedures. The following information is being provided to you to explain the procedures concerning age discrimination.

If your complaint alleges age discrimination, you may bypass the administrative complaint process by electing not to file a formal complaint and instead filing a civil action in an appropriate U.S. district court. Before filing suit in U.S. district court, you must file a notice of intent to sue with the Office of Federal Operations, Equal Employment Opportunity Commission. You must file the notice within 180 calendar days of the date of the alleged discriminatory action. Once you have timely filed the notice of intent to sue with the EEOC, you must wait at least thirty (30) calendar days before filing a civil action.

A.  *Notices of intent to sue must be mailed to the EEOC at the following address:*

>      EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
>      OFFICE OF FEDERAL OPERATIONS
>      FEDERAL SECTOR PROGRAMS
>      P.O. BOX 19848
>      WASHINGTON DC 20036-9848

*or delivered to:*

>      EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
>      OFFICE OF FEDERAL OPERATIONS
>      FEDERAL SECTOR PROGRAMS
>      1801 L STREET, NW
>      WASHINGTON DC 20507-0001

*or faxed (if no more than 10 pages) to:*

>      OFFICE OF FEDERAL OPERATIONS
>      FEDERAL SECTOR PROGRAMS
>      (202) 663-7022.

B.  *The notice of intent to sue should be dated and must contain the following information:*

     (1)    Statement of intent to file a civil action under section 15(d) of the Age Discrimination in Employment Act of 1967, as amended;
     (2)    Name, address, and telephone number;
     (3)    Name, address, and telephone number of your designated representative, if any;
     (4)    Name and location of the Postal facility where the alleged discriminatory action occurred;
     (5)    Date on which the alleged discriminatory action occurred;
     (6)    Statement of the nature of the alleged discriminatory action(s); and
     (7)    Your signature or your representative's signature.

C.  If you choose to file a formal EEO complaint, you must exhaust your administrative remedies before you can file a civil action. 29 C.F.R. §1614 provides that you exhaust administrative remedies under the ADEA: (1) 180 days after filing a complaint, if the Postal Service has not taken final action and you have not filed an appeal; or (2) within 90 calendar days after receiving a final action by the Postal Service; or (3) 180 days after filing an appeal with the EEOC; if the Commission has not issued a final decision; or (4) within 90 days after receiving the Commission's final decision on appeal.

| Signature of Dispute Resolution Specialist | Date Issued | Your Signature | Date Received |
|---|---|---|---|
|  |  | *Carla Hill* | 6/13/07 |

PS Form **2563-B**, March 2001

## H. Anonymity

You have the right to remain anonymous during the pre-complaint process.

Do you desire anonymity? ☒ No   ☐ Yes

## I. Representation

You have the right to retain representation of your choice. *(check one)*

☐ I waive the right to representation at this time.   ☐ I authorize the person listed below to represent me.

| Name of Representative *Diana Hayes* | Representative's Title *Vice President APWU* |
|---|---|
| Organization *United States Postal Service* | Telephone Number *(708) 563-2946* · Email Address* |
| Mailing Address *(Street or P.P. Box, City, State and Zip +4)* *P.O. Box 188 Bedford Park, Il 60499* | |

\* Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s).  Include a copy of any written action(s) that caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, it is important for you to submit medical documentation of your disability during the pre-complaint process.

## K. Privacy Act Notice

**Privacy Act Notice.**  The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security, clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of. Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## L. Authorization

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process *if* like or related to a formal complaint that I have already filed, or *if* the claim(s) constitutes a spin-off complaint. (A spin-off complaint contests the manner in which a previously filed complaint is being processed.)  In completing this PS Form 2564-A, *Information for Pre-complaint Counseling*, I recognize that the Manager, Dispute Resolution will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the Manager determines that my claim(s) shall be processed as amendments or appendages to a formal complaint that I have already filed.

| Please print your name here *Carla Hill* | |
|---|---|
| Your Signature *Carla Hill* | Date signed *6/30/07* |

## Please return this form to:

National EEO Investigative Services Office
EEO Contact Center
U.S. Postal Service
PO Box 21979
Tampa FL 33622-1979

## D. Comparisons

Explain why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in similar situations

1. *Marlene Seitz* (White female over 40)
(Name of Employee)      Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: She came back to work on light duty and management did not cut her hours and accomodated her by finding work for her and I wasn't accomodated when I was on light duty.

2. _____
(Name of Employee)      Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: _____

_____

_____

3. _____
(Name of Employee)      Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: _____

_____

## E. Official(s) Responsible for Action(s)

List the name(s) of the official(s) who took the action that prompted you to seek counseling at this time.

| 1a. Name Beverly Green | b. Title OIC |
| c. Office Hazel Crest Post Office | d. Grade Level |
| 2a. Name Cynthia Simon - Pruitt | b. Title Delivery Supervisor |
| c. Office Hazel Crest Post Office | d. Grade Level |

*Retaliation Allegations Only:* Was/were the official(s) listed in Section D above aware of your prior EEO activity?

☐ No   ☑ Yes   If yes, explain how the official(s) became aware: I've filed EEO's against them in March 2007, November 2006 and now.

## F. Resolution

What are you seeking as a resolution to your pre-complaint? $35,000.00 in back pay, all sick and annual taken restored to my bank, COP and workman's comp wages paid.

## G. Grievance/MSPB Appeal

On the incident that prompted you to seek EEO counseling, have you:

1. Filed a grievance on the same issue?   ☐ No   ☑ Yes   If yes, June 2007
(Date)                      (Current Step)

2. Filed a MSPB appeal on this issue?   ☐ No   ☐ Yes   If yes, _____
(Date Appeal Filed)


**UNITED STATES**
**POSTAL SERVICE** ®

## Certification of Receipt — Publication 13

**Privacy Act Notice**

**Privacy Act Notice.** The collection of this information is authorized the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

**Certification of Receipt — Publication 133**

I hereby certify that on this date I received a copy of Publication 133, *What You Need to Know About EEO,* to keep for my personal records.

| Signature of Recipient | Date |
|---|---|
|  |  |

**Note:** Recipient, when you receive this form by mail, please sign and return it to the EEO Office at the same time you return your completed PS Form 2564-A, *Information for Pre-Complaint Counseling.*

**Certification of Service — Publication 133**

I hereby certify that on this date, Publication 133, *What You Need to Know About EEO,*

was mailed to _____

via Certified Mail No. _____

*or* delivered by hand to _____

| Signature of Server | Date |
|---|---|
|  |  |

represent you. In addition, if a resolution is not reached during the mediation, you may pursue your EEO claim under the EEO administrative process. Enclosed is a **REDRESS**® brochure to better explain the **REDRESS**® program to you.

If you are interested in taking advantage of mediation under the **REDRESS**® program, please sign, date, and return PS Form 2567-B, *Agreement to Participate in Alternative Dispute Resolution (ADR) Process.*

If you are not sure about electing mediation under **REDRESS**®, but would like additional information about the **REDRESS**® program and how mediation works, please discuss the matter with your EEO ADR Specialist when they contact you.

Although most cases are accepted for mediation, please be advised that the Postal Service may decline your request for mediation, and in that case, you will be allowed to continue the counseling process.

You may request to remain anonymous during the pre-complaint process; however there is no anonymity when you elect mediation.

As a reminder, please complete, sign and date the above-referenced forms and return them within **ten (10) calendar days** from receipt of this package to the address provided on the previous page. If the forms are not returned in 10 days, your request for EEO counseling may be cancelled. Timely completion and submission of the enclosed forms ensures prompt processing of your request for EEO counseling.

Sincerely,

*Joseph R. Bruce*

Joseph R. Bruce
Manager, EEO Field Programs

Enclosures

X PS Form 2564-A (Request for Counseling)

X PS Form 2567-A (Agreement to Extend 30-Day Counseling)

X Publication 133 "What You Need To Know About EEO"

X PS Form 2563-A (Certification of Receipt)

X PS Form 2567-B (Agreement to Participate in REDRESS®, An Alternate Dispute Resolution Process)

X REDRESS® Brochure Publication 94

Reference: 103891 - PRE-001210-2008

| | Certified Mail No. | Date Mailed    or    Hand Delivered on |
|---|---|---|

## Information for Pre-Complaint Counseling

| By *(Initials)* | Case No. |
|---|---|

On _10/11/2007_, you requested an appointment with a Dispute Resolution Specialist.
    *(Month, Day, Year)*

**Important: Please read.** You should complete this form and return it to the EEO office *within 10 calendar days* of receipt. This is the only notification that you will receive regarding the necessity for you to complete this form.

### A. Requester Information

Name *(Last, First, MI)*
Hill Carla H.

Social Security
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

Home Telephone No.
(708)798-4251

Your Mailing Address
18119 Charlemagne Avenue

Finance Number
16-3456

Name of Postal Facility Where You Work
Hazel Crest Post Office

Office Telephone No.
(708)647-0465

Address of Postal Facility
17541 S. Kedzie Ave. Hazel Crest, IL 60429

Email Address*

Employment Status *(Check One)*

Position Title
Letter Carrier

Grade Level
6

| Applicant | Casual | TE | ☑ Career |

| Pay Location | Tour | Duty Hours 10:00 - 4:30 | Off Days *(If Tour I, Show Nights Off)* Rotating | Time in Current Position ☐ Years ☐ Months |

Your Supervisor's Name
Beverly Greene &
Cynthia Simon-Pratt

Supervisor's Title
O.I.C. &
Supervisor

Supervisor's Telephone No.
(708) 647-0465

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

### B. Discrimination Factors

Prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or in Retaliation (actions based on your participation in prior EEO activity)*. These categories are referred to on this form as factors.
What factor(s) of Discrimination are you alleging? (Please be specific, i.e., Race-African American, Sex-Female).

Age (40+), Disability Discrimination, Retaliation (prior EEO activity), Disparate treatment, Harassment.

**For Retaliation Allegations Only.** If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity that you feel caused you to be retaliated against.

1. On May 22, 2002, I engaged in EEO activity. Case No. 4J-604-0016-04    April 2007 4J-604-0033-07
   *(Month, Day, Year)*

2. On May 2, 2005, I engaged in EEO activity. Case No. 4J-604-0101-05
   *(Month, Day, Year)*    4J-604-0056-02
   April 19, 2222    4J-604-0016-04
   Nov 19, 2005    4J-604-0083-05    4J-604-0041-05
   Apr 22, 2005    4J-604-0083-05    4J-604-0433-06

### C. Description of Incident/Action

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On Sept 19, 2007
    *Month, Day*    *Year*

I received an decision from the E.E.O.C. office of Federal Operations in Washington D.C. vacating the agency's decision of August 19, 2004. The agency is advising me to file a separate E.E.O.C. against the agency for breach of an EEO settlement agreement on August 19, 2004. Per the Commission's decision on page 2 footnote 2 I am now seeking to pursue this claim. I was denied promotion by the agency to become a window clerk and am filing a breach of contract because the settlement agreement was issued

PS Form 2564-A, March 2001 *(Page 1 of 3)*

in bad faith by the agency. The settlement agreement stated in provision (5) page 2 a permanent release to lift up to forty (40) pounds and intermittently lifting seventy (70) pounds. There is no required lifting restriction for the clerk craft. I am also a letter carrier with permanent lifting restrictions of no lifting over 15 pounds. I have been on limited duty since September 2003 and management requests monthly that I go to the orthopedic doctor for treatment. I have a CA-17 filled out at every office visit so management is and has been fully aware of my medical condition. I have a thoracic strain of the back from slip and falls and carrying too much weight in the mail bag. I haven't carried a mail bag either since September 2003. Management knew my lifting restrictions at the time of the settlement agreement; there is no lifting requirement for the clerk craft so the settlement agreement was issued in bad faith. Judge Winston Jackson told the agency to make me a clerk also and it still didn't happen. I am no longer able to carry mail and my permanent restrictions are well within me being able to perform the duties of the clerk craft. I was offered a clerk position in 2000 whereby I was given a clerk i.d. number and was being converted over by my previous postmaster Stephen Schneider at that time. On September 19, 2000 I received a letter in writing from DS Central Management Facility listing me on the clerk side showing username and logon ID. My postmaster

was then detailed out of the office and Zerek Veal came to our office as O.I.C. and James Fiscauldo was supervisor. Zerek told me when I explained to him what was going on he responded "why would I make a carrier a clerk"! I never became a clerk and I started filing EEO's. In February 2003 Karen Muyskens came to the Hazel Crest Post Office and she told me I understand you have a letter of interest on file with Steve to become a clerk. I told her yes. Karen then said since you are next for promotion would you still be interested in the clerk position? I told Karen yes. Karen offered me a position and said I could take a couple of weeks to decide. On March 11, 2003 I gave her my letter of acceptance. Karen told me she couldn't promote me then because her boss Betty Jones-Simms said she couldn't hire anyone. My letter states though that I would still be interested in the very next available clerk position. Karen told me also that if I wasn't interested that Suzanne Hankins was interested. It seems strange to me because when the settlement agreement was breached in 2004 how management awarded Suzanne Hankins a clerk position in August 2005. I say that when I was offered the position in 2003 management hoped I would say no because it was apparent that their intentions were clearly to give it Suzanne. She has less seniority than myself in the office and is 15 years younger than me. I have also filed EEO's against Suzanne Hankins and James Fiscauldo. I was bumped into by her at work

and James Ascauldo pushed me. Another clerk at that time Bridget Robinson took a chair and hit me in my leg with it. I was going to work every day terrified not knowing what to do. I filed an EEO, I filed a grievance and was told if there weren't any witnesses I couldn't prove it. I even went to the Hazel Crest Police and made out reports. My settlement agreement stated that I had to successfully complete window and scheme training to become a clerk and yet their are clerks at our office who didn't take the window and scheme training until after being awarded the clerk position. Another issue of bad faith of the settlement agreement because it shows disparity in treatment towards me. Management never took any steps to enroll me to go to window training or place me into the position. The position was given to Suzanne Hankins in September 2005 denying me the promotion and failing to offer an reasonable accomodation to me based upon my back disability. Even without a settlement agreement I was next in line for the position. The agency acted against me by means of reprisal because of my participation in the EEO process. The agency says that I failed to provide the required medical release as stipulated in provision (5). It was stipulated in bad faith because there is no clerk lifting requirement and my current medical back condition known to them. My attorney at that time Gregory Mitchell and administrative judge Winston Jackson, Jr. assured that

actually I would not be required to satisfy the lifting restriction provision(5) because the agency is obligated to provide me with an accomodation! I further contend that at the time I executed the settlement agreement I was in a limited duty status due to repeated on-the-job back injuries, and the agency was aware that I could not satisfy the lifting restrictions specified in Provision (5). I avers for these reasons, the settlement agreement was executed in bad faith and should be enforced.

The record reflects that at the time the settlement agreement was executed the captioned complaint was pending a hearing at the Chicago District Office as Hearing No. 210-2004-00152X.

Management in March 2007 awarded Kendra McGhee a pt# clerk positions who has been working 50 plus hours a week in her 7 month in the position. Kendra told me at work in 2006 that James Fiscaulddo wants to remove me from the postal service. Kendra went on to say Jim asked her to do something to me to help him get rid of me but Kendra went on to say I wouldn't do it. Jim promised her in return if she did it for him, he would make her a clerk. Now I wonder about all that because she is now a clerk. Kendra has less seniority than me in the office and I am 15 years older than her and she has no prior injury at work. I have been passed over several times for promotion and I don't understand it. A reasonable accomodation for my injury would be a clerk position and it's the same level

of pay. A coworker told me in front of everyone on the workroom floor to do myself a favor and quit. Marge Nemeth went on to say I need to find myself a real job. Marge said I no if you don't blame management for not giving you the clerk job do you I don't. Marge said I don't blame them because I would have given the clerk job to Kendra anyday over someone like you who's injured. I felt so embarrassed and humiliated at work because it was said in front of everyone but I tried to just ignore her. I just want the injustice that has been caused to me be made right. I deserve to be promoted just like anyone else and I want to be treated with dignity and respect because that's how I treat everyone.

Ms Carla Hill
And nothing else follows!

## D. Comparisons

Explain why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in similar situations

**Suzanne Hankins**
(Name of Employee)

Female, Black, Under 40, 204 B Supervisor, ptf letter carrier
Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: She was promoted as a ptf carrier to the clerk position. I am a regular carrier on limited duty because of on-the-job back injuries unable to carry anymore. I have more seniority in this office than she, 15 years and she's not on limited duty. The position was never posted for bidding in the office for everyone to bid on.

**Marlene Seitz**
(Name of Employee)

White, Female (over 40, regular letter carrier
Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: Marlene is on light duty because of medical reasons not related to work. She is being accomodated daily and back in December 2003 until July 28, 2004 my hours were cut to less than 15 hours a week from 40 hours because management would not allow to stay and use me. I answer phones, do express mail, put current financial, help being a single hour, do inserted deliveries. As Marlene is being allowed to because put current financial, help being a single hour, do inserted deliveries.

**Kendra McGhee**
(Name of Employee)

Female, Black, Under 40, regular letter carrier
Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: Kendra was promoted in April 2007 to a ptf clerk position. I am a regular carrier on limited duty because of on the job back injuries unable to carry anymore. I have more seniority in this office than she, 15 years older than she and she has not prior injuries. The position was never posted for bidding in the office for everyone to bid on.

## E. Official(s) Responsible for Action(s)

List the name(s) of the official(s) who took the action that prompted you to seek counseling at this time.

| 1a. Name | James Fiscainao | b. Title | Supervisor |
|---|---|---|---|
| c. Office | Hazel Crest Post Office | d. Grade Level | |
| 2a. Name | Beverley Greene & Cynthia Simon Pruitt | b. Title | O.I.C. & Supervisor |
| c. Office | Hazel Crest Post Office | d. Grade Level | |

Retaliation Allegations Only: Was/were the official(s) listed in Section D above aware of your prior EEO activity?

☐ No  ☑ Yes   If yes, explain how the official(s) became aware: I have filed EEO's against these management officials at the Hazel Crest Post Office

## F. Resolution

What are you seeking as a resolution to your pre-complaint?
That James Fiscainao and Suzanne Hankins never come back to the Hazel Crest Post Office. Permanent reassignment to full time regular clerk in the number 2 spot behind James Gladowski with Sat & Sun off and Five Million Dollars compensatory damages for pain and suffering. All

## G. Grievance/MSPB Appeal

On the incident that prompted you to seek EEO counseling, have you:

1. Filed a grievance on the same issue?   ☐ No   ☑ Yes   If yes,  April  August 24 2005 2007  (Date)  Union vacated it  (Current Step)

2. Filed a MSPB appeal on this issue?   ☑ No   ☐ Yes   If yes, _____ (Date Appeal Filed)

harassment and discrimination to cease and desist from all Illinois past, present and future. To be made whole. All back pay wages and overtime losses paid. Permanence at the Hazel Crest Post Office unless I decide to transfer out.

## H. Anonymity

You have the right to remain anonymous during the pre-complaint process.

Do you desire anonymity?  ☑ No    ☐ Yes

## I. Representation

You have the right to retain representation of your choice. *(check one)*

☐ I waive the right to representation at this time.     ☑ I authorize the person listed below to represent me.

| | |
|---|---|
| Name of Representative<br>Mrs. Diane Hayes | Representative's Title APWU Representative |
| Organization<br>United States Postal Service | Telephone Number<br>(708) 563-2946 | Email Address* |
| Mailing Address (Street or P.P. Box, City, State and Zip +4)<br>P.O. Box 188 Bedford Park IL 60499-0188 | | |

\* Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s). Include a copy of any written action(s) that caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, it is important for you to submit medical documentation of your disability during the pre-complaint process.

## K. Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses,

grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## L. Authorization

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process *if* like or related to a formal complaint that I have already filed, or *if* the claim(s) constitutes a spin-off complaint. (A spin-off complaint contests the manner in which a previously filed complaint is being processed.) In completing this PS Form 2564-A, *Information for Pre-complaint Counseling*, I recognize that the Manager, Dispute Resolution will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the Manager determines that my claim(s) shall be processed as amendments or appendages to a formal complaint that I have already filed.

| | |
|---|---|
| Please print your name here<br>Ms. Carla Hill | |
| Your Signature<br>Ms. Carla Hill | Date signed<br>10/15/07 |

## Please return this form to:

National EEO Investigative Services Office
EEO Contact Center
U.S. Postal Service
PO Box 21979
Tampa FL 33622-1979


**UNITED STATES**
**POSTAL SERVICE** ®

## Certification of Receipt — Publication 133

**Privacy Act Notice**

**Privacy Act Notice.** The collection of this information is authorized the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Disrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

### Certification of Receipt — Publication 133

I hereby certify that on this date I received a copy of Publication 133, *What You Need to Know About EEO*, to keep for my personal records.

| Signature of Recipient | Date |
|---|---|
| *Ms Carla Hill* | 10/15/07 |

**Note:** Recipient, when you receive this form by mail, please sign and return it to the EEO Office at the same time you return your completed PS Form 2564-A, *Information for Pre-Complaint Counseling.*

### Certification of Service — Publication 133

I hereby certify that on this date, Publication 133, *What You Need to Know About EEO*,

was mailed to _____

via Certified Mail No. _____

*or* delivered by hand to _____

| Signature of Server | Date |
|---|---|
| | |

PS Form **2563-A**, March 2001

National EEO Services Office

**UNITED STATES**
**POSTAL SERVICE**

# UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
## IN THE MATTER OF:

CARLA H HILL                                    )
18119 CHARLEMAGNE AVE                           )
HAZEL CREST        IL    06429-2226             )   Delivery Confirmation Complainant        0307 0020 0001 8483 5140
   Complainant,                             )
                                             )   Delivery Confirmation Representative   0307 0020 0001 8483 5157
                                             )
v.                                              )
JOHN E. POTTER                                  )
POSTMASTER GENERAL                              )
                                             )
GREAT LAKES AREA                                )   **Agency Case Number**      **4J-604-0006-08**
U.S. POSTAL SERVICE                             )   **Date Formal Filed:**      **November 14, 2007**
   Respondent.                              )

## ACKNOWLEDGEMENT OF COMPLAINT

This correspondence is to acknowledge the receipt of your formal complaint of discrimination referenced above, which is considered to be filed on the date indicated which is the date of the postmark or, if the postmark is illegible, the date it was received in this office.

Your complaint file is being evaluated to determine whether the complaint should be accepted or dismissed. Once that determination is made, you will be advised as to the status of your complaint and provided with a copy of the EEO/ADR Specialist's Inquiry Report. If you have any questions or concerns about this stage of your complaint, please contact Joceline A. Height, EEO Services Analyst, at the number below or by mail.

If your complaint is accepted for investigation, either in whole or in part, it will be assigned to a contract EEO Investigator who will contact you to obtain an affidavit. The Postal Service is required to conduct an impartial and appropriate investigation of your complaint within 180 calendar days of the filing of the complaint unless you and the Postal Service agree in writing to extend the time period. If you amend your complaint by adding issues or claims that are like or related to your original issues, the Postal Service is required to complete its investigation within the earlier of 180 calendar days after the last amendment or 360 calendar days after the filing of the original complaint. However, you may request a hearing before an Administrative Judge on your complaints any time after 180 calendar days from the date you filed your original complaint.

When the investigation is complete, you will receive a copy of the investigative report and at that time you will be advised of your right to elect one of the following options with respect to the further processing of your complaint:

Joceline A. Height
EEO Services Analyst
PO Box 21979
Tampa FL  33622-1979
Tel. (813) 739-2014
FAX  (650) 577-6091

Agency Case Number 4J-604-0006-08
Acknowledgement of Complaint
Pg. 2

OPTION 1:  Request a hearing before an Administrative Judge appointed by the Equal
Employment Opportunity Commission (EEOC) by making the request in writing to:

> SUPERVISORY ADMINISTRATIVE JUDGE
> CHICAGO DISTRICT OFFICE
> 500 W MADISON ST #2800
> CHICAGO            IL     60661-2511

A copy of your hearing request must also be sent to the following address:

> NEEOISO - HEARINGS
> U.S. POSTAL SERVICE
> PO BOX 21979
> TAMPA FL  33622-1979

OPTION 2:  Request that the Postal Service issue a final agency decision on the merits of your
complaint without an EEOC hearing by making the request in writing to:

> NEEOISO - FAD
> U.S. POSTAL SERVICE
> PO BOX 21979
> TAMPA FL  33622-1979

If your complaint is not accepted for investigation; i.e.: it was dismissed, you will have the right to
appeal the dismissal.  You will also have the right to appeal any final agency decision or notice of
final action during the processsing of your complaint.  Any appeal of such actions must be sent
to the following address:

> OFFICE OF FEDERAL OPERATIONS
> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> PO BOX 19848
> WASHINGTON DC  20036-9848

A copy of any such appeal must also be sent to the following address:

> NEEOISO - OFO
> U.S. POSTAL SERVICE
> PO BOX 25478
> TAMPA FL  33622-5478

_____          11/19/2007
Rose M. Jones                            Date
Manager, EEO Services

cc:    Diana Haynes
       V.P. APWU, South Suburban
       P O BOX 188
       BEDFORD PARK IL  60499-0188

National EEO Investigative Services Office


**UNITED STATES**
**POSTAL SERVICE**

UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY
IN THE MATTER OF:

CARLA H HILL                        )
18119 Charlemagne Ave               )
Hazel Crest IL  06429-2226          )
   Complainant,                 )
                        )
       v.                         )
                        )
JOHN E. POTTER                      )
Postmaster General                  )
United States Postal Service        )
Great Lakes Area                    )
   Respondent.                  )
_____)

Delivery Confirmation Complainant:
0307 1790 0001 0981 9124
Delivery Confirmation Representative:
0307 1790 0001 0981 9131

Agency Case Number: 4J-604-0006-08

Date Formal Filed: 11/14/2007

## *DISMISSAL OF FORMAL EEO COMPLAINT*

This is the Postal Service's final decision on the above-cited discrimination complaint[1].

➤ You alleged discrimination based on Age (DOB: 9/30/1959), Physical Disability (Back), and Retaliation (prior/present EEO activity) when (1) you were not given a a window distribution clerk position which was awarded to you as part of an EEO settlement agreement on August 19, 2004; (2) in August 2005, you were denied a clerk position; (3) in July 2006, you were denied a clerk position; and (4) in March 2007, you were denied a clerk position.

### Chronology

You were a Letter Carrier at the agency's Hazel Crest Post Office in Hazel Crest, Illinois at the time of the alleged discriminatory action. The record reflects that you requested pre-complaint processing on October 11, 2007, and were issued a Notice of Right to File Individual Complaint (PS Form 2579-A) on November 5, 2007. Subsequently, on November 14, 2007, you filed a formal complaint of discrimination with the agency, which was received on November 19, 2007.

### Analysis and Conclusion

**CLAIM #1:** You alleged discrimination based on Age (DOB: 9/30/1959), Physical Disability (Back), and Retaliation (prior/present EEO activity) when you were not given a window distribution clerk position which was awarded to you as part of an EEO settlement agreement on August 19, 2004.

---

[1]We are also in receipt of a duplicate copy of your formal complaint on which "Amended complaint 11/15/07" is written at the top along with your initials.

P.O. Box 21979
Tampa, FL  33622-1979

2

Allegations of a breach of settlement are not investigated as part of a formal complaint. Regulations provide that they must be presented in writing to your Regional Area EEO Office, identifying the specific case that has allegedly been breached and in accordance with 29 C.F.R. § 1614.504. Upon receipt of your written notification of a breach allegation, the case file is reviewed and a determination made as to whether or not a breach has occurred. Thus, the filing of a separate complaint is therefore, improper and will not be processed.

In Claim #1, you stated that you were not given a window distribution clerk position which was awarded to you as part of an EEO settlement agreement on August 19, 2004. The record establishes you previously raised a breach allegation and that a decision was made by the EEOC Office of Federal Operations (OFO) on May 17, 2006 in regards to the August 19, 2004 settlement agreement in Appeal Number 01A60626. OFO vacated the agency's finding that it had complied with the settlement agreement and remanded it back to the agency for further processing. Specifically, it invalidated the settlement for failure to include OWBPA rights. Footnote 1 at the bottom of page 2 of this decision reads, *"The record reflects that at the time the settlement agreement was executed the captioned complaint was pending a hearing at the Chicago District Office as Hearing No. 210-2004-00152X. The files in case numbers 4J-604-0016-04 and 4J-604-0101-02 will be re-submitted to the Chicago Hearing Unit. The issues raised in them are: You alleged discrimination based on race, color, gender, age and retaliation for prior EEO activity when, on May 14, 2002, you were interrogated about being late and harassed about being late on your route since its adjustment. You also alleged discrimination based on race, gender, physical disability, and retaliation for prior EEO activity when, on September 30, 2003, you reported for work with a light duty form and Supervisor Fuscaldo refused to provide a light duty assignment, ordered you to go home, and told you that you would not be paid; when, on October 20, 2003, the Postmaster ordered you not to talk and refused to allow you to skip your lunch break although other employees were allowed to leave early and skip their lunch breaks, ordered you to report and, while on light duty, do nothing all day to embarrass and humiliate you in front of your co-workers, and denied your leave request; when on October 28, 2003, management demanded that you submit to a fitness for duty examination; and when, on December 22, 2003, Supervisor Fuscaldo changed your limited duty assignment to light duty and you were being sent home everyday after less than eight hours of work.*

Therefore, to the extent your current complaint is attempting to raise these issues again, Claim #1 as cited above is now **dismissed** for being identical to issues currently pending in case numbers 4J-604-0016-04 and 4J-604-0101-02; specifically, for alleging dissatisfaction with the processing of previously filed complaints in accordance with the above regulation.

**CLAIM #2:** You alleged discrimination based on Age (DOB: 9/30/1959), Physical Disability (Back), and Retaliation (prior/present EEO activity) when in August 2005, you were denied a clerk position.

**CLAIM #3:** You alleged discrimination based on Age (DOB: 9/30/1959), Physical Disability (Back), and Retaliation (prior/present EEO activity) when in July 2006, you were denied a clerk position.

3

**CLAIM #4:**  You alleged discrimination based on Age (DOB: 9/30/1959), Physical Disability (Back), and Retaliation (prior/present EEO activity) when in March 2007, you were denied a clerk position.

EEOC Regulations found at 29 C.F.R. 1614.107(a), state that prior to a request for a hearing in a case, the agency shall dismiss an entire complaint: (2) that fails to comply with the applicable time limits contained in 1614.105.  Under part 29 C.F.R. 1614.105(a) (1), an aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory.

Evidence of record indicates that you did not contact a Counselor until October 11, 2007; approximately two plus years after the incident in which you allege you were denied a clerk position in August 2005 [claim #2]; approximately one plus years after the incident in which you allege you were denied a clerk position in July 2006 [claim #3]; and approximately seven months after the incident in which you allege you were denied a clerk position in March 2007 [claim #4].

EEOC Regulations at 1614.105(a)(2) state that the agency shall extend the 45-day time limit when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

The Commission has adopted a "reasonable suspicion" standard to determine when the 45-day limitation period is triggered.  *See Davis v. Department of the Air Force*, EEOC Appeal No. 01A21734, (March 18, 2003), *Bowser v. USPS*, EEOC Appeal No. 01A05301, (June 13, 2002). *All citing Howard v. Department of the Navy*, EEO Request No. 05970852 (February 11, 1999).

Additionally, the Commission has held that a complainant must act with due diligence in the pursuit of a claim or the doctrine of "laches" may be applied. See Davis, supra, Whitaker v.  U.S. Postal Service, Appeal No. 01A60917 (April 11, 2006), *Tonzola v. USPS*, EEOC Appeal No. 01A05263, November 20, 2001), Boyd v. USPS, EEOC Appeal No. 01A24859, (February 13, 2003), all citing *O'Dell v. Department of Health and Human Services*, EEOC Request No. 05901130 (December 27, 1990).

Furthermore, it is the Commission's policy that constructive knowledge will be imputed to an employee when the employer has fulfilled its obligation of informing employees of their rights and obligations under Title VII. *Thompson v. Department of the Army*, EEOC Request No. 05910474 (September 12, 1991) (citing *Kale v. Combined Ins. Co. of America*, 961 F.2d 746, 752-53 (1st Cir. 1988).

The allegations of being denied a clerk position are discrete acts, and each discrete act triggers the limitations period.  The Supreme Court has recently ruled *"We conclude that a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time periods..."* See *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 122 S. Ct 2061, *Ornelas v. Department of Justice*, EEOC Appeal No. 01995301, (September 29, 2002). In *Morgan*, the Court

4

held "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify."

You have provided no evidence that you were not aware of the time limit for contacting an EEO Counselor. On your PS Form 2564-A, *Information for Pre-Complaint Counseling*, dated October 15, 2007, you stated the following: *On September 19, 2007, I received a decision from the EEOC Office of Federal Operations in Washington DC vacating the agency's decision of August 19, 2004. The agency is advising me to file a separate EEOC against the agency for breach of an EEO settlement agreement on August 19, 2004. Per the Commission's decision on page 2 footnote 2 I am now seeking to pursue this claim. I was denied promotion by the agency to become a window clerk and am filing a breach of contract because the settlement agreement was issued in bad faith by the agency.*

Footnote 2 at the bottom of page 2 of the decision dated September 19, 2007 reads, *We note, in addition, that complainant asserted that she was denied a transfer to the position of window clerk. In the Commission's decision invalidating the SA, complainant was directed to contact an EEO counselor should she desire to pursue this claim. The record does not indicate whether she did so; however, it is not an issue within the complaints at issue herein.* This clearly indicates that you were not directed in the September 19, 2007 OFO decision to pursue this claim at this time. Rather, you had been instructed *"in the Commission's decision invalidating the SA [settlement agreement]"* to pursue this claim. These instructions were located on page 4 of the OFO decision dated May 17, 2006 which vacated the settlement agreement and read, *"Finally, given our disposition in this case, we find that complainant's claim that she was denied the position at issue again in August 2005 must be viewed as a separate complaint. Therefore, we advise complainant to contact an EEO Counselor should she desire to pursue this matter in the EEO process.* This decision dated May 17, 2006 became final within 30 days, on June 16, 2006 and it only made reference to the date of incident of August 2005. To initiate contact with the EEO office in a timely manner regarding the August 2005 incident, you should have made contact within 45 days, no later than July 1, 2006. However, you made contact in the subject case on October 11, 2007, well beyond the regulatory time limit.

The record is void of a credible explanation from you to justify your untimely contact with the counselor. In fact, the record establishes that you participated in prior EEO activity in eight other cases prior to filing the instant complaint. We find that you were aware of the time limits for contacting an EEO Counselor and were not otherwise prevented by circumstances beyond your control from becoming aware of the alleged discriminatory incident within the prescribed time limits.

Under the "reasonable suspicion standard" applied by the Commission, the time period for contacting an EEO counselor is triggered when the complainant should reasonably suspect discrimination, but before all the facts that would support a charge of discrimination may have become apparent. Id.; *Paredes v. Nagle,* 27 FEP Cases 1345 (D.D.C. 1982). See also *Heins v. US Postal Service,* EEOC Appeal No. 01981724 (May 5, 1999) (Commission affirmed agency's decision of untimeliness).

See *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151 (1984) (per curiam) ("One who fails to act diligently cannot invoke equitable principles to excuse lack of diligence); *Rys v. U.S. Postal*

5

*Service,* 886 F.2d 443, 446 (1st Cir. 1989) ("to find succor in equity a Title VII plaintiff must have diligently pursued her claim"); *Longo v. US Postal Service,* EEOC Appeal No. 01980933 (October 15, 1998) (Commission affirms agency's decision of untimeliness when appellant alleged she only became aware of the alleged discrimination when she learned that another employee was allowed to work eight hours daily on limited duty).

You have offered no evidence that would serve to persuade the agency to extend the time limits for contacting an EEO Counselor in this case. Therefore, your complaint alleging discrimination in regards to Claims #2, #3, and #4 as cited above are now **dismissed** as untimely brought to the attention of an EEO Counselor in accordance with 29 C.F.R. 1614.107(a) (2).

*We also find that you are stating the same claim in regards to Claims #2 and #4.* Equal Employment Opportunity Commission (EEOC) Regulations 29 C.F.R. 1614.107(a)(1) provide that the agency shall dismiss an entire complaint that states the same claim that is pending before or has been decided by the agency or Commission. The Commission has held that the same claim is one that sets forth identical matters. *Terhune v. United States Postal Service,* EEOC Request No. 05950907 (July 18, 1997). For purposes of determining whether a new complaint states the same claim, the Commission focuses on the action(s) or practice(s) of the agency about which the complainant complains. *Meros v. Department of Commerce,* EEOC Request No. 05950690 (January 10, 1997).

The Commission has long held that a complainant cannot raise an issue previously raised during EEO counseling. See *Rebello v. United States Postal Service,* EEOC Request NO. 05980211 (June 24, 1999).

<u>CLAIM 2:</u>
According to our records, you initiated counseling on an identical complaint on May 23, 2006 in Case Number 4J-604-0092-06 alleging discrimination based on race, color, sex, age, physical disability, and retaliation: In an attachment to your PS Form 2564-A, *Information for Pre-Complaint Counseling,* dated May 27, 2006, you stated the following: *...Since that time the EEOC Office of Federal Operations has overturned the previous decision of appeal #01A60626 Agency #4J-604-0101-02 has vacated the September 19, 2004 settlement agreement as invalid therefore reopening the previous case. I was instructed to now treat this as a separate complaint and to contact an EEO Counselor should I desire to pursue it. (page 4 paragraph 4) I now want to start a neew EEO on my being passed over for a clerk position.* The record establishes that you subsequently signed a form on June 2, 2006 withdrawing your request for EEO counseling in case number 4J-604-0092-06 in its entirety.

<u>In Claim #2 in the instant complaint</u>, you are alleging discrimination based on age, physical disability, and retaliation when you were denied a clerk position in August 2005. Applying the above regulations, you are stating the same claim; specifically, the claim in case number 4J-604-0092-06 which you withdrew on June 2, 2006.

6

CLAIM 4:

According to our records, you initiated counseling on an identical complaint on March 29, 2007 in Case Number 4J-604-0088-07. One of the allegations you raised was that on March 17, 2007, you were denied reasonable accommodations when you were not reassigned to the clerk craft. The record establishes that the investigation was completed on September 24, 2007 and an Agency Requested FAD (Final Agency Decision) has been pending since November 5, 2007.

In Claim #4 in the instant complaint, you are alleging discrimination based on age, physical disabiluity, and retaliation when you were denied a clerk position in March 2007. Applying the above regulations, you are stating the same claim; specifically, the claim in case number 4J-604-0088-07 which is pending a Final Agency Decision.

Therefore, Claims #2 and #4 are **dismissed** in accordance EEOC Regulations for stating the same claim in accordance with 29 C.F.R. § 1614.107(a)(1).

## Appeal to the Equal Employment Opportunity Commission

If you are dissatisfied with this decision you may appeal to the Equal Employment Opportunity Commission **within 30 calendar days** of the date of your receipt of the Agency's final action, or, if you are represented by an attorney, **within 30 calendar days** of your attorney's receipt of this action. The appeal must be in writing and filed with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P. O. Box 19848, Washington, DC 20036-0848, or by personal delivery to 1801 L Street NW 5th Floor, Washington, DC 20507, or facsimile to (202) 663-7022. The complainant should use EEOC Form 573, Notice of Appeal/Petition, (attached to the agency's decision) and should indicate what he or she is appealing. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. A copy of the appeal and any supporting documentation must also be submitted to the agency's designated office: National EEO Investigative Services Office, P.O. Box 21979, Tampa, FL 33622-1979. In or attached to the appeal to the EEOC, you must certify the date and method by which service of the appeal was made on the agency's office.

Failure to file within the 30-day period could result in the EEOC's dismissal of the appeal unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit. In this event, extending the time limit and accepting the appeal will be discretionary with the EEOC.

If you file an appeal with the EEOC's Office of Federal Operations, you may thereafter file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of the Office of Federal Operations' decision. A civil action may also be filed after 180 calendar days of your appeal to the EEOC, if you have not received a notice of final action on your appeal.

## Right to file a civil action

In lieu of filing an appeal with the Equal Employment Opportunity Commission, you may file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of this decision. If you choose to file a civil action, that action should be captioned **Carla H. Hill vs. John E. Potter,**

7

**Postmaster General, U.S. Postal Service**. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security in such circumstances as the court deems just. Your application must be filed within the same 90-day time period for filing the civil action.


Joceline Height
EEO Services Analyst

December 8, 2007
Date

Attachment:    PS Form 2570, EEO Dispute Resolution Specialist's (DRS) Inquiry Report
               EEOC 573, "Notice of Appeal/Petition"

cc: Diana Haynes
P O Box 188
Bedford Park IL  60499-0188

| U.S. Postal Service | Case No. |
|---|---|
| **EEO Dispute Resolution Specialist's (DRS) Inquiry Report** | **4J-604-0006-08** |

### NOTICE OF RESTRICTED USAGE

Access to, and usage of, this EEO report is restricted by both the Freedom of Information Act and the Privacy Act to: (1) the complainant and his or her representative, and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The report must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).

## Complainant

| Name *(Last, First, MI)* | Social Security No. |
|---|---|
| HILL, CARLA H. | 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 |

| Home Address *(No., Street, City, State, ZIP + 4)* | Work Address *(Facility Name, No., Street, City, State, ZIP + 4)* |
|---|---|
| 18119 CHARLEMAGNE AVENUE<br>HAZEL CREST, IL 60429-2226 | HAZEL CREST POST OFFICE<br>17541 S. KEDZIE AVENUE<br>HAZEL CREST, IL 60429-9998 |

| Home Telephone No. | Email Address | Office Telephone No. |
|---|---|---|
| (708) 798-4251 | | (708) 647-0465 |

| Position Title | Grade Level | Tour | Duty Hours |
|---|---|---|---|
| LETTER CARRIER | Q-01 | 2 | 1000-1650 |

| Off Days *(For Tour I, record of nights)* | Is EEO Poster 72 on display in Complainant's facility? |
|---|---|
| Rotating | ☒ Yes, verified on date 08/31/2006    ☐ No |

| Preference Eligible | Mixed Case | MSPB Appeal Filed? |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No | ☐ Yes  ☒ No  If Yes, Date Filed: |

## Chronology of Informal Process

| Date of Incident | Date of Initial Contact with EEO Office | Date of Initial Interview |
|---|---|---|
| 9/19/07 | 10/11/2007 | 11/02/2007 |

| REDRESS™ Overview | ADR Election Form Signed | 60 Day Extension Form Signed |
|---|---|---|
| ☒ Yes  ☐ No | ☐ Yes  ☒ No | ☐ Yes  ☒ No  If Yes, Expiration Date: |

| Date Complainant Signed or Received Notice of Right to File  11/06/2007 | Date DRS Report Requested  11/20/2007 | Date DRS Report Submitted  11/20/2007 |
|---|---|---|

## Basis for Alleged Discrimination

Check and Particularize Each that Applies

| | |
|---|---|
| ☐ 1. Race (Specify): | ☒ 6. Age (Specify Date of Birth): September 30, 1959 |
| ☐ 2. Color (Specify): | ☒ 7. Physical Disability (Specify): (OJI) Back |
| ☐ 3. Religion (Specify): | ☐ 8. Mental Disability (Specify): |
| ☐ 4. Sex (Specify): | ☒ 9. Retaliation (Specify Cited Prior EEO Activity): |
| ☐ 5. National Origin (Specify): | 4J-604-0016-04; 4J-604-0101-02; 4J-604-0088-07; 4J-604-0182-06; 4J-604-0101-06; 4J-604-0056-02; 4J-604-0083-05 |

Discrimination Claim(s): Counselee claims age, physical disability (OJI-back), and retaliation discrimination when she received a decision from EEOC, OFO advising her to file a breach of an EEO settlement agreement dated August 19, 2004.



RECEIVED
NOV 30 2007
NEEOISO

Requested Resolution

The Counselee requested James Fuscauldo & Suzanne Hankins never come back to Hazel Crest, a permanent reassignment to FT regular clerk in the number 2 spot with Saturday and Sunday off, 5 million dollars compensatory damages, harassment stopped, to be made whole, back pay and overtime, and permanent assignment at Hazel Crest unless she transfers.

PS Form 2570, June 2001 *(Page 1 of 3)*

## EEO Dispute Resolution Specialist's Checklist.

Please check All That Apply.

☒ 1. I informed counselee of the impartial role of the Dispute Resolution Specialist in the EEO complaint process, explained the EEO process, and provided counselee with the booklet, *What You Need to Know About EEO* -- an overview of the EEO process in the Postal Service.

☒ 2. I notified counselee of his/her right to be accompanied, represented, and advised by a representative of his/her choice at any stage in the complaint process. If counselee elected representation, I obtained the following information:

Representative's Name: <u>DIANA HAYES</u>

Title: <u>VICE PRESIDENT, APWU, SOUTH SUBURBAN</u>     Telephone Number: <u>(708) 563-2946</u>

Fax No: ( ) _____     Email Address: _____

Mailing Address: <u>P. O. BOX 188</u> _____

_____<u>BEDFORD PARK, IL 60499-0188</u>_____

☒ 3. I advised counselee of his/her right to remain anonymous during pre-complaint counseling and he/she DID __X__ / DID NOT ____ waive anonymity.

☒ 4. I explained the privacy act notice. Counselee signed a copy of the notice prior to the interview.

☐ 5. If a mixed case, I informed counselee of the mixed case election procedures in 29 C.F.R. §1614.302.

☒ 6. If age discrimination was alleged, I informed counselee of the alternate procedures available for pursuing age claims, as outlined in 29 C.F.R. §1614.201.

☐ 7. If a sex based claim of wage discrimination was alleged under Equal Pay Act (EPA), I advised counselee of his/her right to bypass the administrative procedure and file a civil action, as outlined in 29 C.F.R. §1614.408.

☒ 8. If discrimination based on disability was alleged I informed counselee of his/her requirement to submit documentation of his/her disability. Documentation HAS __X__ / HAS NOT ____ been submitted.

☐ 9. If counselee presented his/herself as an agent of a class, I explained the class complaint procedures and the class agent's responsibilities, as outlined in 29 C.F.R.§1614.204.

☒ 10. I informed counselee of his/her requirement to immediately notify the area Manager, EEO Compliance and Appeals and the EEOC if the representative's or his/her mailing address change.

☒ 11. I explained that I will not be the one who will make the decision on the acceptability of counselee's claim(s); but, there is a possibility that, for the reason(s) I have briefly restated below, the claim(s) will be dismissed in accordance with 29 C.F.R.1614.107.

<u>Possible dismissal based on untimeliness 29 C.F.R. 1614.107 (2)</u>

## Dispute Resolution Specialist's Inquiry

Brief Summary of Inquiry (If applicable)

Counselee requested EEO counseling on October 11, 2007. An initial interview was conducted on November 2, 2007. Counselee was deemed not appropriate for REDRESS Mediation. Counselee cites Supervisor James Fuscauldo, Beverly Greene, OIC, and Supervisor Cynthia Simon-Pruitt, Hazel Crest Post Office as the responsible management officials. Counselee said she received an OFO Decision on September 19, 2007 vacating the Agency's Decision of August 19, 2004. Counselee stated a footnote in the Decision advised her to file a separate EEO against the Agency for breach of the August 19, 2004 settlement. Counselee said she was denied a promotion to become a window clerk because of her on-the-job permanent back injury and is now seeking to pursue her claim.

Fiscauldo responded on November 5, 2007 stating that the August 19, 2004 EEOC Settlement Agreement stipulated Counselee provide a medical release stating she was physically capable of performing the essential functions of the position which included a permanent release to lift up to 40 pounds and intermittent lifting of 70 pounds. Management stated Counselee failed to provide medical documentation.

## REDRESS™ (Dispute Resolution Specialist complete this section if counselee participated in ADR)

Date of mediation | Disposition
☐ Resolved  ☐ Not Resolved

## Summary of Final Interview

Counselee was given a final interview on November 5, 2007, in writing. Notice of Right to File a formal complaint was issued by Priority Mail Delivery Confirmation and explained to the Counselee.

## Privacy Act Notice

The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| | |
|---|---|
| Office Address of Dispute Resolution Specialist (No., Street, City, State, and Zip + 4)<br>EEO FIELD OPERATIONS - GREAT LAKES<br>6801 WEST 73RD STREET<br>BEDFORD PARK, IL 60499-9411 | Office Address of Manager EEO Compliance & Appeals (No., Street, City, State, and Zip + 4)<br>EEO COMPLIANCE AND APPEALS<br>244 KNOLLWOOD DRIVE, 2ND FLOOR<br>BLOOMINGDALE, IL 60117-3010 |
| Specialist's Office Telephone No.<br>(708)563-7663 | Specialist's Office Hours<br>8 A.M. - 4 P.M. |
| Signature of EEO Dispute Resolution Specialist<br>*Pamela W Gee* | Typed Name of EEO Dispute Resolution Specialist<br>PAMELA D. GEE | Date<br>11/21/2007 |

PS Form 2570, June 2001(Page 3 of 3)

EEO Dispute Resolution Specialist's (DRS) Inquiry Report
PS Form 2570
Continuation Page

It is significant to note that Counselee filed this Complaint based a footnote found in an EEOC, OFO Decision dated September 19, 2007.  Counselee stated on her PS Form 2565 that the EEO ADR Specialist had not discussed her complaint prior to sending the Notice of Right to File.  I contacted Counselee by phone at the Hazel Crest Post Office to conduct an initial interview and she stated she could not talk to me at that time and would call me back to discuss her complaint.  Counselee did not return my call.  I sent an intial Interview letter clarifying the issues of her complaint on November 2, 2007 to her home address.

_Pamela D. Gee_

Signature of EEO Dispute Resolution Specialist

Reference: 65229 - PRE-018872-2007

**Information for Pre-Complaint Counseling**

| Certified Mail No. | Date Mailed *or* Hand Delivered on |
|---|---|
| By *(Initials)* | Case No. |

On __3/29/2007__ , you requested an appointment with a Dispute Resolution Specialist.
   *(Month, Day, Year)*

**Important: Please read.** You should complete this form and return it to the EEO office *within 10 calendar days* of receipt. This is the only notification that you will receive regarding the necessity for you to complete this form.

## A. Requester Information

Name *(Last, First, MI)* Hill, Carla M.

Social Security 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

Home Telephone No. (708) 798-4251

Your Mailing Address 18119 Charlemagne Avenue

Finance Number 16-3486

Name of Postal Facility Where You Work Hazel Crest (Post Office

Office Telephone No. 708 647-0465

Address of Postal Facility 17541 S. Kedzie Avenue Hazel Crest, IL 60429

Email Address*

Employment Status *(Check One)*  [ ] Applicant  [ ] Casual  [ ] TE  [✓] Career

Position Title Letter Carrier

Grade Level 6

Pay Location | Tour | Duty Hours | Off Days *(If Tour I, Show Nights Off)* Tour 1 Rotating | Time in Current Position 11 Years 5 Months

Your Supervisor's Name Ms. Cynthia Simon-Pruitt

Supervisor's Title Delivery Supervisor

Supervisor's Telephone No. (708) 647-0465

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

## B. Discrimination Factors

Prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or in Retaliation (actions based on your participation in prior EEO activity).* These categories are referred to on this form as factors.

What factor(s) of Discrimination are you alleging? (Please be specific, i.e., Race-African American, Sex-Female).

Retaliation and physical disability. Age (40+), Disparate treatment, Discrimination. Reconsideration Discrimination

**For Retaliation Allegations Only.** If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity that you feel caused you to be retaliated against.

1. On 12-13 2005, I engaged in EEO activity. Case No.: 4J-604-0132-06
   *(Month, Day, Year)*  5 17 2005    4J-604-0083-05 + 4J604-0101-05
                                       4J-604-0161-02
2. On 2004, I engaged in EEO activity. Case No.: 4J-604-0016-04
   *(Month, Day, Year)* 6-9-2006

## C. Description of Incident/Action

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On Feb 16 , 2007 .
   *Month, Day*        *Year*

① I called to the postal sick line number because I was sick. Management has us also call the office as well which they aren't suppose to do. I have filed a grievance on this matter to have management cease and desist. My supervisor Cynthia Simon-Pruitt changed my 3971 to LWOP which is wrong to be punitive in not paying me. I brought in 4 doctor statements to management on 3/8/07. I still haven't been paid for the 16 hours LWOP yet. Cynthia told me she changed my sick leave

to leave without pay because I had previously asked for annual leave for the same dates. I also said I ended up not needing the time so Cynthia assumed I wasn't sick and called off which I feel isn't acceptable behaviour from a management official. Later Cynthia said I didn't pay because you called off before a holiday. I was sick three days before the holiday. Cynthia said the policy is you charge LWOP when an employee calls off the day before or the day after which wasn't my case. Cynthia has exhibited disparate treatment towards me by not paying me. I say this because I am over 40 years of age and belong to a protected class; I was subjected to an adverse employment action because I wasn't paid and I was treated differently than another full time regular carrier in my office who is not over 40 years of age and not part of a protected group. Robert McGee who is supervised by Cynthia Simon-Pruitt like myself who is under 40 years of age called off sick December 26, 2006 the day after Christmas. Robert was paid and not harassed and interrogated about documentation as I was. I have been told by another manager that there is no policy regarding sick calls before or after a holiday and being that Cynthia hasn't articulated a legitimate reasons for her actions toward me they are discriminatory as well. Cynthia's reasoning are not only pretext but are pretext for discrimination. Her actions were punitive not a mistake. The reason Cynthia offered to me is factually baseless, is not the actual motivation for the action, and is insufficient to motivate her actions. I am a victim of intentional discrimination. Discriminatory employment practices are unlawful and Cynthia's explanation for

her action of not paying me are unbelievable because Cynthia didn't do it to Robert McG..e. He was treated more favorably than me. Robert and I both work under Cynthia Simon-Pruitt, we are both full time regular letter carriers, we have the same job standards, work the same time periods and I was discriminated against and shown disparate treatment. Cynthia is also retaliating against me because I have several pending EEO's and one case filed in U.S. District Court. Cynthia's adverse treatment toward me is based on a retaliatory motive. I am also the union steward in our office and I whole heartedly believe in representing my fellow carriers and doing the right thing.

② On March 17, 2007 a full time regular carrier was given a clerk position at our office. I have filed numerous EEO's against management because I was offered a clerk position back in 2000. I have a letter in writing showing that I am listed with the other clerks in our office along with our then postmaster and supervisor. I was yet again offered the clerk position in 2003 which yet again I was not awarded the position. I received an EEO settlement agreement in 2004 and was not awarded the position. In 2005 the supervisor James Tiscauldo awarded the position without even posting the position or offering it to me. The position was awarded to a part time flexible carrier with less seniority in the office than me and 14 years younger than me. I filed an EEO and found out in December 2006 that it was closed by EEO in Bedford Park, IL and I didn't sign off on it. I am now a limited duty carrier from an on the job injury with permanent restrictions to never be able to carry mail because of my back. My orthopedic doctor has

told my employer that they need to change my
vocation to a clerk position to accomodate my back
injury restrictions to prevent further injury and
it hasn't happened. Kendra Mc Ghee the full time regular
carrier who was awarded the clerk position works
under Supervisor Cynthia Simon-Pruitt as I do, we
both have the same job standards, work the same
hours and Kendra is not in a protected class as I am
over 40 years of age and she isn't. I have more
seniority than Kendra in the office. I was told I
wasn't given the clerk position because I can't
lift up to 70 pounds. Since my arrival to the
Hazel Crest Post Office in 1998 none of the clerks
have been subjected to lifting heavy weight the
men clerks lift all the heavy packages for them.
Kendra who is the latest clerk only weighs 90 pounds
how is she going to lift 70 pounds she can't? Management
has again use retaliatory motive against me for this
is the 4th EEO I have filed about this clerk position.
Management accomodates me on the carrier side by
the supervisor and fellow employees helping me everyday
to load and unload my truck because I have a 10 pound
lifting restriction which I've had since September
2003 so why won't they accomodate me to give me
a clerk position which is within my restrictions would
prevent me from having further injury and they are
accomodating the other clerks by having James
Gudowski the male clerk handled all heavy parcels
and mail in the office. Our ex union steward told
me on the work room floor that management didn't give
me the clerk position because I am injured and Kendra
isn't which is discrimination because of my physical
injury. The clerk position was never posted for others

to bid on so I have also filed a grievance on this
matter. The President of the clerk's union at Bedford
Park, Mr. James Malone says the clerks don't have a 70 pound lifting clause,

⑤ Management keeps harassing me about my medical
documentation from my doctor. On March 19, 2007
Cynthia Simon-Pruitt was trying to force me to come to
work against my doctor restrictions shown on my CA-17.
My CA-17 states work 8 hours a day 5 days a week
only. Cynthia told me my doctor can't tell her that I
can't work 6 days only Dedra Morris at Injury
Compensation can approve it. I told Cynthia I couldn't
come in because I had something to do. Cynthia said what
time are they coming which I never said anybody was
coming or anything. I told Cynthia I don't know so
Cynthia told me to call her when I'm done so I can
still come in. I told Cynthia I'm wasn't coming in so
Cynthia told me when you come in tomorrow I need you
to bring me documentation that you had some business
to take care of and what time they came and what time
they left. I called Frank Kietor who called Cynthia
about this situation and Cynthia insisted on telling
the Union President that I had to come in against
my doctors restrictions saying 5 days only and
requesting documentation and it was my N/S day.
(708)647-0222 Frank Kietor called our Business Agent Ken Miller (309)762-0273
who contacted the District to let them know what Cynthia
was trying to do to me. Cynthia still insisted that I
come in to work which I didn't and the District called
back to our office to tell Cynthia that management has
to honor my medical restrictions from my doctor. Everything
I go to the doctor Cynthia Simon-Pruitt and Beverly
Greene always have some thing to harass me about that
my doctor writes. I am on permanent restrictions for

told my employer that they need to change my
vocation to a clerk position to accomodate my back
injury restrictions to prevent further injury and
it hasn't happened. Kendra McGhee the full time regular
carrier who was awarded the clerk position works
under Supervisor Cynthia Simon-Pruitt as I do, we
both have the same job standards, work the same
hours and Kendra is not in a protected class as I am
over 40 years of age and she isn't. I have more
seniority than Kendra in the office. I was told I
wasn't given the clerk position because I can't
lift up to 70 pounds. Since my arrival to the
Hazel Crest Post Office in 1998 none of the clerks
have been subjected to lifting heavy weight the
men clerks lift all the heavy packages for them.
Kendra who is the latest clerk only weighs 90 pounds
how is she going to lift 70 pounds she can't? Management
has again use retailiatory motive against me for this
is the 4th EEO I have filed about this clerk position.
Management accomodates me on the carrier side by
the supervisor and fellow employees helping me everyday
to load and unload my truck because I have a 10 pound
lifting restriction which I've had since September
2003 so why won't they accomodate me to give me
a clerk position which is within my restrictions would
prevent me from having further injury and they are
accomodating the other clerks by having James
Gudowski the male clerk handled all heavy parcels
and mail in the office. Our ex union steward told
me on the work room floor that management didn't give
me the clerk position because I am injured and Kendra
isn't which is discrimination because of my physical
injury. The clerk position was never posted for others

my back injury and I am forced to go to the doctor
every month when I am also suppose to only go once
a year and I want that to be cease and desisted on.

(4) On March 22, 2007 I wrote up management on the
grievances I talked about earlier and when I finished
Cynthia Simon Pruitt retailiated back by issuing me
a letter of warning for an on the job injury I had
on March 12, 2007. I did in my informal meeting with
Cynthia on it and was seeking to reduce it to a verbal
discussion and Cynthia told me "Oh no I can't do that".
I asked why and wasn't given any other explanation.
In December 2006 Tenisha Darrough another fellow
carrier was also written up for an on the job injury.
Tenisha is a fellow regular carrier now has the the
same supervisor as myself Cynthia Simon-Pruitt, who
have the same job standards, we work the same hours.
Tenisha is not in a protected class because she is under
40 years of age and I am not. Cynthia Simon-Pruitt
reduced Tenisha's letter of warning to a verbal discussion
at the informal meeting whereas Cynthia did not
reduce my letter to a verbal it went to the formal stage
with our Officer In Charge Beverly Greene and Union
Vice President Robert Whitehead which Rob already told
me he knows they aren't going to settle because they are
showing discriminatory practices and disparate treatment
towards me. Should I loose in arbitration I want
the letter of warning expunged from my file. Cynthia
also did a Pre-D on me 4/2/07 which I haven't
been issued a letter yet because she is waiting on the
outcome of the first letter to see if she can get
something else in my file at that point. My injury is
a workman's comp approved injury.

5. Management has me calling the office every at 2:30 to check to see if Tri-City Post Office has called our office to tell us if they have received any Express Mail packages there for us. I requested a form 1164 for reimbursement of the phone calls and was given a statement from management signed by Cynthia Simon-Pruitt stating that I would not be paid for my calls and from that day on come back to the office every day at 2:30 to check to see if Tri-City called or not. I want to be reimbursed for my calls that I've requested.

In Issue Number 2 I belonged to a protected class; I was subjected to an adverse employment action when I wasn't awarded the clerk position seniority wise or EEO settlement agreement; I was treated differently because Kendra was awarded the position with less seniority than me in the office and not in a protected class. Management did not offer me an adequate explanation for the discrepancy in treatment between me and her except that Beverly told me I had promised the position to her. The reason offered by management is factually baseless shows unlawful discriminatory practices towards me. Kendra was treated more favorably because she was awarded the position and I wasn't which shows disparate treatment.

In Issue Number 3 I belonged to a protected class and continually experience on-going harassment where I am subjected to go to the doctor back and forth. Dedra Morris is also part of this 3 ring conspiracy that management has going on against me also. Dedra Morris submitted to Department of Labor

by telephone conversation that on 12/6/2006 I was
reemployed by the Postal Service and offered a
permanent modified letter carrier position at a higher
rate of pay and was told I accepted. I received
a letter from the Department of Labor saying that
my benefits are now terminated and couldn't understand
why. I talked to Roby Mason who told me that the
documentation in the file was from Dedra Morris
verbally giving them that information. I was
apalled to find that out that she would maliciously
perjur herself to misinform the Department of Labor
like that. I have not been unemployed from the Postal
Service at any time; I have not been offered a
permanent modified letter carrier position and my higher
rate of pay comes from salary increases and cost of
living rates. The file # is 102035591. I have
filed for an appeal on this decision which is pending. I
also have three outstanding workman's comp bills
that haven't been paid which I am also submitting
for payment.

In Issue Number 4 I belonged to a protected class,
I was subjected to an adverse employment action when
I was issued a letter of warning that was not
reduced to a verbal discussion and Tenisha Durrough was
issued a letter of warning and her letter was reduced.
Cynthia Simon-Pruitt did not offer a valid reason for
not reducing my letter of warning just said "Oh no I can't
do that".

In Issue # 5 I belonged to a protected class,
and was subjected to an adverse employment action
when management refused to pay me for my calls to

the office.

6) On Wednesday April 11, 2007 Cynthia Simon-Pruitt and Beverly Greene sent to my home by certified letter a 7 day suspension. I was issued this suspension due to retaliation from them because on April 9, 2007 I went to my ortho doctor and he gave me three more time off from work due to my back injury. Beverly Greene told me my doctor can't tell them I can't come to work and said I had to report anyway. All of this discrimination and disparate treatment is really coming out. My Union Vice President met with Beverly Greene today on my grievances I filed against her and Cynthia Simon-Pruitt so I expected this from them. I was issued the seven day suspension because of the following elements of my past record. Cynthia's and Beverly's letter states I was issued a letter of warning for failure to maintain regular attendance dated March 22, 2007 which in fact on March 22, 2007 I wasn't issued any such letter of warning for failure to maintain regular attendance. I also want this letter of 7 day suspension expunged from my file as well. I filled out a 3971 for CoP for the next three weeks they may not pay me. My injury is approved through the Dept. of Labor.

Cordially Yours,

Ms Carla H. Hill
18119 Charlemagne Ave.
Hazel Crest, Ill 60429

**D. Comparisons**

Explain why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in similar situations

1. Robert McGee    Male African American Black Letter Carrier under 40 years of age.
(Name of Employee)    Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: Rob called in sick the day after Christmas 12/26/2006 he was paid sick leave for his day I called in on Feb 16, 2007 and on Feb 19, 2007 it was a holiday management didn't pay me sick leave I was charged leave without pay.

2. Kendra McGhee    Female African American Black Letter Carrier under 40 yrs. of age.
(Name of Employee)    Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: She was given a clerk position in our office and I have more seniority than her in the office and a permanent restrictions from an on the job back injury and I won't ever be able to carry mail and she's not injured. I have an EEO 2004 settlement agreement to become a clerk and it was never honored.

3. Tenisha Durrough    Female African American Black Letter Carrier under 40 yrs. of age.
(Name of Employee)    Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: Both of us were issued a letter of warning by Cynthia Simon-Pruitt. Tenisha's letter of warning was reduced to a verbal discussion mine wasn't when I asked Cynthia why she responded "oh I can't do that"!

**E. Official(s) Responsible for Action(s)**

List the name(s) of the official(s) who took the action that prompted you to seek counseling at this time.

| 1a. Name | Cynthia Simon-Pruitt | b. Title | Supervisor |
| c. Office | Hazel Crest Post Office. | d. Grade Level | |
| 2a. Name | Beverly Greene | b. Title | Officer In Charge |
| c. Office | Hazel Crest Post Office | d. Grade Level | |

*Retaliation/Allegations Only:* Was/were the official(s) listed in Section D above aware of your prior EEO activity?

[ ] No   [✓] Yes   If yes, explain how the official(s) became aware: I told them both and other previous managers told them. I'm also union steward and have filed grievances against management.

**F. Resolution**

What are you seeking as a resolution to your pre-complaint? Full time, regular clerk position with permanance in the Hazel Crest Post Office. $8,300,000 punitive damages for mental pain and suffering. Humility brought on by management for being punitive in awarding me the position. Letter of warning expunged from my file. To

**G. Grievance/MSPB Appeal**

On the incident that prompted you to seek EEO counseling, have you:

1. Filed a grievance on the same issue?   [ ] No   [✓] Yes   If yes, 3/22/07 (Date)   Formal (Current Step)

2. Filed a MSPB appeal on this issue?   [✓] No   [ ] Yes   If yes, _____ (Date Appeal Filed)

## H. Anonymity

You have the right to remain anonymous during the pre-complaint process.

Do you desire anonymity? ☑ No    ☐ Yes

## I. Representation

You have the right to retain representation of your choice. *(check one)*

☐ I waive the right to representation at this time.    ☑ I authorize the person listed below to represent me.

| Name of Representative | Representative's Title |
|---|---|
| Diana Hayes | Vice President APWU Union |

| Organization | Telephone Number | Email Address* |
|---|---|---|
| P.O. Box 188 | (708) 563-2946 | |

Mailing Address *(Street or P.P. Box, City, State and Zip +4)*
Bedford Park IL 66499

* Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s). Include a copy of any written action(s) that caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, it is important for you to submit medical documentation of your disability during the pre-complaint process.

## K. Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## L. Authorization

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process *if like or related to a formal complaint that I have already filed,* or *if the claim(s) constitutes a spin-off complaint.* (A spin-off complaint contests the manner in which a previously filed complaint is being processed.) In completing this PS Form 2564-A, *Information for Pre-complaint Counseling,* I recognize that the Manager, Dispute Resolution will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the Manager determines that my claim(s) shall be processed as amendments or appendages to a formal complaint that I have already filed.

| Please print your name here | |
|---|---|
| Carla Hill | |

| Your Signature | Date signed |
|---|---|
| Carla Hill | 4/10/07 |

## Please return this form to:

┌
National EEO Investigative Services Office
EEO Contact Center
U.S. Postal Service
PO Box 21979
Tampa FL 33622-1979

| **Allegations of Discrimination Based on Age** | Case No. |
|---|---|

To: (Full Name and Address)

The Age Discrimination in Employment Act (ADEA) of 1967, as amended, prohibits discrimination in employment on the basis of age (40 years or older). The ADEA allows persons claiming age discrimination to go directly to court without going through an agency's administrative complaint procedures. The following information is being provided to you to explain the procedures concerning age discrimination.

If your complaint alleges age discrimination, you may bypass the administrative complaint process by electing not to file a formal complaint and instead filing a civil action in an appropriate U.S. district court. Before filing suit in U.S. district court, you must file a notice of intent to sue with the Office of Federal Operations, Equal Employment Opportunity Commission. You must file the notice within 180 calendar days of the date of the alleged discriminatory action. Once you have timely filed the notice of intent to sue with the EEOC, you must wait at least thirty (30) calendar days before filing a civil action.

A.  *Notices of intent to sue must be mailed to the EEOC at the following address:*

> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> OFFICE OF FEDERAL OPERATIONS
> FEDERAL SECTOR PROGRAMS
> P.O. BOX 19848
> WASHINGTON DC 20036-9848

*or delivered to:*

> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> OFFICE OF FEDERAL OPERATIONS
> FEDERAL SECTOR PROGRAMS
> 1801 L STREET, NW
> WASHINGTON DC 20507-0001

*or faxed (if no more than 10 pages) to:*

> OFFICE OF FEDERAL OPERATIONS
> FEDERAL SECTOR PROGRAMS
> (202) 663-7022.

B.  *The notice of intent to sue should be dated and must contain the following information:*

> (1)  Statement of intent to file a civil action under section 15(d) of the Age Discrimination in Employment Act of 1967, as amended;
> (2)  Name, address, and telephone number;
> (3)  Name, address, and telephone number of your designated representative, if any;
> (4)  Name and location of the Postal facility where the alleged discriminatory action occurred;
> (5)  Date on which the alleged discriminatory action occurred;
> (6)  Statement of the nature of the alleged discriminatory action(s); and
> (7)  Your signature or your representative's signature.

C.  If you choose to file a formal EEO complaint, you must exhaust your administrative remedies before you can file a civil action. 29 C.F.R. §1614 provides that you exhaust administrative remedies under the ADEA: (1) 180 days after filing a complaint, if the Postal Service has not taken final action and you have not filed an appeal; or (2) within 90 calendar days after receiving a final action by the Postal Service; or (3) 180 days after filing an appeal with the EEOC; if the Commission has not issued a final decision; or (4) within 90 days after receiving the Commission's final decision on appeal.

| Signature of Dispute Resolution Specialist | Date Issued | Your Signature | Date Received |
|---|---|---|---|
| | | Ms Carla Hill | 4/4/07 |

PS Form **2563-B**, March 2001

## Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## Instructions

A.  Use this form to file a formal complaint if you are an employee or applicant for employment who believes that you have been discriminated against by the Postal Service because of your race, color, religion, sex, age (40+), national origin or disability. You must have presented the matter to an EEO dispute resolution specialist within 45 calendar days of the date the incident occurred, or, if a personnel action was involved, within 45 calendar days of the effective date of the personnel action.

B.  Unless you have agreed to extend the 30-day period for an additional 60 calendar days, you will receive a notice of right to file a formal complaint within 30 calendar days from the date of your first contact with the EEO Office. You must file your formal complaint within 15 calendar days of the date on which you receive your notice of right to file. If you do not receive a notice of right to file within the appropriate time period, you may file a formal complaint at any time thereafter, up to 15 calendar days after receiving the notice.

C.  If you have agreed to participate in alternative dispute resolution (ADR), the informal process must be completed within 90 calendar days of your first contact with the EEO office. You have the right to file a formal complaint at any time thereafter, up to 15 calendar days after you have received your notice of right to file.

D.  Your notice of right to file contains the address where your formal complaint must be mailed or delivered. The formal complaint will be deemed timely if it is received or postmarked before the expiration of the 15-day filing period, or, in the absence of a legible postmark, if it is received by mail within 5 days of the expiration of the filing period.

E.  The time limits for filing a formal complaint may be extended if you show that you were prevented by circumstances beyond your control from timely submitting the complaint, or if you present other reasons considered sufficient by the Postal Service.

F.  If you need help preparing this form, you may obtain assistance from a representative of your choice. You may also seek guidance from the dispute resolution specialist who issued you the notice of right to file.

G.  Your formal complaint must be in writing and must be signed and dated by you or your attorney. You are entitled to a representative of your choice at all stages of the EEO complaint process; however, only an attorney can sign official EEO documents on your behalf.

H.  If your written complaint is accepted, it will be assigned to an EEO complaints investigator who will provide you with an opportunity to present all the facts that you believe resulted in the alleged discrimination. The EEO complaints investigator will conduct a thorough review of the circumstances under which the alleged discrimination occurred.

I.  While your complaint is under investigation, you may amend it to add claims that are like or related. Contact the EEO office for the address where your written amendment request must be mailed or delivered.

J.  You and your representative will each be provided a copy of the completed investigative file. You have the right to request a hearing within 30 calendar days of the date you receive the investigative file by mailing or delivering your request to the appropriate Equal Employment Opportunity Commission (EEOC) District Office with a copy to the area Manager, EEO Compliance & Appeals. If you are represented by an attorney, the 30-day period will begin on the date your attorney receives a copy of the case file. Instead of requesting a hearing, you may request an agency decision without a hearing and the head of the agency or his/her designee will issue you a decision letter with appeal rights.

K.  If you request a hearing, the EEOC will appoint an administrative judge (AJ) to conduct the hearing. The AJ will notify you and the Postal Service of the right to seek discovery prior to the hearing to develop evidence reasonably on matters relevant to the issues raised in the complaint(s) to be heard. Attendance at the hearing will be limited to persons the administrative judge determines have direct knowledge relating to the complaint. Hearings are part of the investigative process and are closed to the public.

L.  Following the hearing, the AJ will send you copy of the hearing record, including the transcript and his/her decision. The head of the agency, or his/her designee, will review the entire record, including the transcript, and will determine whether or not to implement the AJ's decision. You will receive the agency's notification of final action within 40 days of the date the agency receives the AJ's decision. If the agency's final action will not fully implement the AJ's decision, the agency must appeal to the EEOC. A copy of the Postal Service's appeal will be attached to your notification of final action.

M.  If you are not satisfied with the decision of the AJ, or the agency's final action on the decision, you have the right to appeal within 30 calendar days after receiving notification of the agency's final action. Your appeal must be mailed to the EEOC at the following address:

> EEOC
> OFFICE OF FEDERAL OPERATIONS
> PO BOX 19848
> WASHINGTON DC 20036-9848

N.  In lieu of filing an appeal of the agency's final action to the EEOC's Office of Federal Operations (OFO), you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the agency's final action.

O.  You may also file a civil action in an appropriate U.S. district court: after 180 days have passed from the date you filed the complaint, if the final agency action has not been issued and an appeal has not been filed; within 90 days of receipt of the OFO's decision on your appeal; or after 180 days have passed from the date you filed your appeal with the OFO, if there has been no decision issued on that appeal.

P.  Special statutory provisions in Public 93-259 relate to age discrimination. The Public Law sets forth the right to by-pass the administrative complaint processing procedure and file a civil action. For additional information, contact the EEO office.

Q.  Under the Equal Pay Act, you have the right to file a civil action without exhausting the administrative procedures.

R.  You must keep the EEO complaint processing office aware of your current mailing address at all times. Failure to notify the EEO complaint processing office and the EEOC of an address change could result in the dismissal of your complaint.

 **UNITED STATES**
**POSTAL SERVICE**®

| Allegations of Discrimination Based on Age | Case No. 4J-604-0088-07 |
|---|---|

To: *(Full Name, & Address)*

CARLA H. HILL
18119 CHARLEMAGNE AVENUE
HAZEL CREST, IL 60429-2226

The Age Discrimination in Employment Act (ADEA) of 1967, as amended, prohibits discrimination in employment on the basis of age (40 years or older). The ADEA allows persons claiming age discrimination to go directly to court without going through an agency's administrative complaint procedures. The following information is being provided to you to explain the procedures concerning age discrimination.

If your complaint alleges age discrimination, you may bypass the administrative complaint process by electing not to file a formal complaint and instead filing a civil action in an appropriate U.S. District Court. Before filing suit in U.S. District Court, you must file a notice of intent to sue with the Office of Federal Operations, Equal Employment Opportunity Commission. You must file the notice within 180 calendar days of the date of the alleged discriminatory action. Once you have filed a timely notice of intent to sue with the EEOC, you must wait thirty (30) calendar days before filing a civil action.

A.  *Notices of intent to sue must be mailed to the EEOC at the following address:*

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS
FEDERAL SECTOR PROGRAMS
P.O. BOX 19848
WASHINGTON, D.C. 20036-9848

*or delivered to:*

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS
FEDERAL SECTOR PROGRAMS
1801 L STREET, N.W.
WASHINGTON, D.C. 20507-0001

*or faxed (if no more than 10 pages) to:*

OFFICE OF FEDERAL OPERATIONS
FEDERAL SECTOR PROGRAMS
(202) 663-7022.

B.  *The notice of intent to sue should be dated and must contain the following information:*

(1)  Statement of intent to file a civil action under section 15(d) of the Age Discrimination in Employment Act of 1967, as amended;
(2)  Your name, address, and telephone number;
(3)  Name, address, and telephone number of the your designated representative, if any;
(4)  Name and location of the Postal facility where the alleged discriminatory action occurred;
(5)  Date on which the alleged discriminatory action occurred;
(6)  Statement of the nature of the alleged discriminatory action(s); and
(7)  Your signature or your representative's signature.

C.  If you choose to file a formal EEO complaint, you must exhaust your administrative remedies before you can file a civil action. 29 C.F.R. §1614 provides that you exhaust administrative remedies under the ADEA: (1) 180 days after filing a complaint, if the Postal Service has not taken final action and you have not filed an appeal; or (2) within 90 calendar days after receiving a final action by the Postal Service; or (3) 180 days after filing an appeal with the EEOC if the Commission has not issued a final decision; or (4) within 90 days after receiving the Commission's final decision on appeal.

| Signature of Dispute Resolution Specialist  *Pamela W. Lee* | Date Issued 04/23/07 | Your Signature | Date Received |
|---|---|---|---|

PS Form 2563-B, March 2001

# VERY IMPORTANT

**Carefully read the Notice of Right to File Individual Complaint form prior to completing the EEO Complaint of Discrimination in the Postal Service (PS Form 2565) or commonly referred to as the formal complaint. The instructions on the Notice of Right to File Individual Complaint form clearly spells out the requirements necessary to file a formal complaint. Failure to completely fill out all of the items of the formal complaint, specifically items 14, 15, and 16, may result in the dismissal of your formal complaint.**

**Contact me if you have any questions regarding the filing of the formal complaint.**

EEO FIELD OPERATIONS
Great Lakes

 **UNITED STATES**
**POSTAL SERVICE**

April 19, 2007

Carla H. Hill
18119 Charlemagne Avenue
Hazel Crest, IL 60429-2226

**Re:  EEO Initial Interview**
       **Case No. 4J-604-0088-07**

Dear Ms. Hill:

This is in reference to your request for pre-complaint counseling under the Equal
Employment Opportunity Process initiated on March 29, 2007.

I have attempted to contact you by phone to conduct an initial interview to clarify the
issues of your complaint but I have been unsuccessful in reaching you.

It appears that you are raising a claim of disparate treatment based on physical disability
(back), age, and retaliation when the following occurred:

1. On February 16, 2007, you called the toll-free line to request sick leave for
   February 16-18 and was charged with LWOP.
2. On March 17, 2007, another employee was given a clerk position that should
   have been given to you.
3. On March 19, 2007, management tried to force you to come in on your
   nonscheduled day which was against your medical restrictions.  You feel you are
   continually being harassed about providing medical documentation.  You stated
   that Dedra Morris, Injury Compensation Specialist told the Department of Labor
   (DOL) on December 6, 2006 that you were reemployed by the Postal Service
   and had been offered a permanent modified letter carrier position at a higher rate
   of pay and that you accepted it.  Based on that, the DOL terminated your
   benefits.  Three outstanding workman's compensation bills have not been paid.
4. On March 22, 2007, you were issued a Letter of Warning for Failure to Perform
   Duties in a safe Manner.
5. January 4 – March 23, 2007, you were not paid for phone calls you made to the
   office to check to see if there were any Express Mail packages that needed to be
   picked up from Tri-City.
6. On April 11, 2007, you received a Seven-Day Suspension for Failure to Perform
   Duties in a Safe Manner.  This discipline incorrectly cited that you had received a
   Letter of Warning for Failure to Maintain a Regular Schedule issued on March 22.
7. On April 12, 2007, you received a call from management stating your COP was
   denied and asked how you wanted to be paid.

6801 WEST 73RD STREET
BEDFORD PARK, IL 60499-9411
(708) 563-7661
FAX: (708) 563-9189

Be advised that my role as an EEO ADR Specialists is that of a third-party neutral. I do not have authority to make decisions or recommendations concerning the ultimate outcome of your dispute. Later, should you file a formal complaint I will not be the one who will make the decision on the acceptability of your claim(s); but claim(s) may be dismissed for reasons, in accordance with 29 C.F.R. 1614.107, i.e., failure to state a claim, failure to comply with the applicable time limitation.

I need to speak with you to clarify the specific incident dates and issues. Please contact me as soon as possible to discuss your complaint. I can be reached Monday-Friday, 8 a.m. to 4:30 p.m. at 708-563-7661.

Thanks for your assistance in this matter.

Sincerely,

Pamela D. Gee
EEO ADR Specialist

National EEO Investigative Services Office


**UNITED STATES**
**POSTAL SERVICE**

UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY
IN THE MATTER OF:

CARLA H HILL                                )
18119 Charlemagne Avenue    )
Hazel Crest IL  60429-2226     )
    Complainant,                        )
                      )
       v.                                      )
                      )
JOHN E. POTTER                        )
Postmaster General                    )
United States Postal Service        )
Great Lakes Area                       )
    Respondent.                          )
_____)

**Delivery Confirmation Complainant:**
  0306 3030 0002 7428 3263
**Delivery Confirmation Representative:**
  0306 3030 0002 7428 3331

**Agency Case Number:** 4J-604-0088-07

**Date Formal Filed:** 5/7/2007

## ACCEPTANCE FOR INVESTIGATION

We have received your complaint of discrimination filed on May 7, 2007. Enclosed is a copy of the PS Form 2570, EEO Dispute Resolution Specialist's (DRS) Inquiry Report for your reference in this case. Your complaint has been accepted for investigation. The scope of the investigation will include the following issue(s) only:

➢ Specific Issue(s): The Complainant alleges discrimination based on Age (DOB: 9/30/1959), Physical Disability (Back), and Retaliation (prior EEO activity)[1] in that she was subjected to a hostile work environment when, including but not limited to:

➢ (1) on February 16 and 17, 2007 she was charged LWOP (leave without pay) instead of the sick leave she requested and as of May 2007, she has not been paid for these days;

➢ (2) on March 17, 2007, she was denied reasonable accommodations when she was not reassigned to the clerk craft;

➢ (3) on March 19, 2007, she was assigned to work outside of her medical restrictions;

➢ (4) on March 22, 2007, she was issued a Letter of Warning charging her with Failure to Perform in a Safe Manner;

---

[1] It is noted that you added *Disparate Impact under ADA (Americans with Disabilities Act)* as one of the types of discrimination you are alleging. This is not a recognized factor of discrimination under EEO Law in the Federal sector. However, you also cited Disability as one of your factors and it will be addressed during the investigation in accordance with the *Rehabilitation Act of 1973, as amended.*

2

> (5) from January 4, 2007 to March 23, 2007, she was required to call the office everyday;

> (6) on April 11, 2007, she was issued a Letter of 7-day Suspension charging her with Failure to Perform in a Safe Manner;

> (7) on April 12, 2007, she was denied COP (continuation of pay); and

> (8) on April 23, 2007 she was issued a Letter of 14-day Suspension charging her with Failure to Follow Instructions.

NOTE: If your complaint involves an allegation of age discrimination, the Postal Service is required by the Age Discrimination in Employment Act of 1967, as amended, to advise you that you may consult with an attorney should you desire to do so before signing any agreement resolving your complaint of age discrimination.

If you do not agree with the defined accepted issue(s), you must provide a written response specifying the nature of your disagreement within seven (7) calendar days of receipt of this letter to the EEO Services Analyst at the address below. You are reminded that any notification of disagreement with the defined accepted issues is not an opportunity or forum to raise additional, unrelated allegations of discrimination. Additional unrelated issues must be pursued through established procedures with your local EEO Office.

Your case will be assigned for investigation. Please be prepared to go forward with your case and provide an affidavit when the Investigator contacts you in the near future.

The investigation of the accepted issues will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days. Should you seek to amend the complaint, the amendment will extend the time for processing an additional 180 days from the date of the amendment with the total allowable time for processing the complaint and all amendments no more than 360 days.

If you have a grievance pending on the same issue(s) as those addressed in your complaint of discrimination, the agency may, at its discretion, defer the processing of this complaint until the grievance procedure has run its course and there has been a final resolution of the grievance. When an investigation is deferred, pending the outcome of the grievance process, the 180-day time period for processing the complaint is stopped temporarily, and does not restart until the grievance is resolved. If your complaint is deferred, you will be notified, in writing, of the options which may be available to you as a result.

When the investigation is completed, you will receive a copy of the investigative report, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge or of your right to a final decision by the agency head or designee

3

without a hearing. You may request a final agency decision without a hearing, at the appropriate time, by writing the NEEOISO-FADS, P.O. Box 21979, Tampa, FL 33622-1979.

You may request a hearing by an EEOC Administrative Judge by notifying, in writing, the District Director of the EEOC at the following address:

>   Chief Administrative Judge
>   EEOC Chicago District Office
>   500 W Madison St #2800
>   Chicago IL 60661-2511

You must make your hearing request within 30 calendar days of your receipt of the investigative report and you must provide the Manager NEEOISO-Hearings, P.O. Box 21979, Tampa, FL 33622-1979 with a copy of that hearing request. If you do not receive your investigative report and notification concerning your appeal rights within 180 calendar days from the date on which you filed your formal complaint, you may request a hearing by writing directly to the EEOC District Office shown above, with a copy to the Manager NEEOISO-Hearings, P.O. Box 21979, Tampa, FL 33622-1979.

If you are dissatisfied with the Postal Service's final agency decision where there has been no hearing, or with the Postal Service's final action on the decision of an Administrative Judge following a hearing, you have certain appeals rights. You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), at the address shown below, within 30 calendar days of the date of your receipt of the final agency decision or you may file a civil action in the appropriate U. S. District Court within 90 calendar days of your receipt of the decision.

You may also appeal a final action by the Postal Service implementing a decision of an Administrative Judge following a hearing within 30 calendar days of the date of your receipt of that final action or you may file a civil action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action. Finally, you may respond to an appeal by the Postal Service in connection with its final action not to implement a decision of an Administrative Judge following a hearing or you may file a civil action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action and appeal.

Any appeal to the EEOC should be addressed to the Office of Federal Operations, Equal Employment Opportunity Commission, P. O. Box 19848, Washington, DC 20036-9848. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to NEEOISO-FADS, P.O. Box 21979, Tampa, FL 33622-1979.

4

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U. S. District Court if the Postal Service has not issued a final decision on your complaint or if no final action has been taken on a decision by an Administrative Judge.

If you decide to appeal to the Office of Federal Operations, EEOC, you may file a civil action in an appropriate U. S. District Court within 90 calendar days after your receipt of the Office of Federal Operation's decision.   If you do not receive a decision on your appeal within 180 calendar days from the date of your appeal, you may file a civil action.


Joceline Height
EEO Services Analyst

5/17/07

Date

U.S. Postal Service
# EEO Dispute Resolution Specialist's (DRS) Inquiry Report

| Case No. |
| --- |
| **4J-604-0088-07** |

### NOTICE OF RESTRICTED USAGE

Access to, and usage of, this EEO report is restricted by both the Freedom of Information Act and the Privacy Act to: (1) the complainant and his or her representative, and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The report must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).

## Complainant

| Name *(Last, First, MI)* | Social Security No. |
| --- | --- |
| HILL, CARLA H. | 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 |

| Home Address *(No., Street, City, State, ZIP + 4)* | Work Address *(Facility Name, No., Street, City, State, ZIP + 4)* |
| --- | --- |
| 18119 CHARLEMAGNE AVENUE<br>HAZEL CREST, IL 60429-2226 | HAZEL CREST POST OFFICE<br>17541 S. KEDZIE AVENUE<br>HAZEL CREST, IL 60429-9998 |

| Home Telephone No. | Email Address | Office Telephone No. |
| --- | --- | --- |
| (708) 798-4251 | | (708) 647-0465 |

| Position Title | Grade Level | Tour | Duty Hours |
| --- | --- | --- | --- |
| LETTER CARRIER | Q-01M | 2 | Varies |

| Off Days *(For Tour I, record of nights)* | Is EEO Poster 72 on display in Complainant's facility? |
| --- | --- |
| Rotating | ☒ Yes, verified on date _____ ☐ No |

| Preference Eligible | Mixed Case | MSPB Appeal Filed? |
| --- | --- | --- |
| ☐ Yes ☒ No | ☐ Yes ☒ No | ☐ Yes ☒ No If Yes, Date Filed: |

## Chronology of Informal Process

| Date of Incident | Date of Initial Contact with EEO Office | Date of Initial Interview |
| --- | --- | --- |
| 2/16/07 | 03/29/2007 | 04/19/2007 |

| REDRESS™ Overview | ADR Election Form Signed | 60 Day Extension Form Signed |
| --- | --- | --- |
| ☒ Yes ☐ No | ☐ Yes ☒ No | ☐ Yes ☒ No If Yes, Expiration Date: |

| Date Complainant Signed and Received Notice of Right to File  04/24/2007 | Date DRS Report Requested  05/10/2007 | Date DRS Report Submitted  05/11/2007 |
| --- | --- | --- |

## Basis for Alleged Discrimination

Check and Particularize Each that Applies

| | |
| --- | --- |
| ☐ 1. Race (Specify): | ☒ 6. Age (Specify Date of Birth): September 30, 1959 |
| ☐ 2. Color (Specify): | ☒ 7. Physical Disability (Specify): OJI (back) |
| ☐ 3. Religion (Specify): | ☐ 8. Mental Disability (Specify): |
| ☐ 4. Sex (Specify): | ☒ 9. Retaliation (Specify Cited Prior EEO Activity): |
| ☐ 5. National Origin (Specify): | 4J-604-0132-06; 4J-604-0083-05; 4J-604-0101-05; 4J-604-0101-02; 4J-604-0016-04 |

Discrimination Claim(s): **Counselee claims Physical Disability (OJI-Back), Reprisal, and Age discrimination when the following occurred:**
1. On February 16, 2007, counselee called the toll-free number to request sick leave for February 16-17, 2007 and was charged with LWOP and was not paid.
2. On March 17, 2007, another employee was given a clerk position that Counselee feels she should have gotten.
3. On March 19, 2007, management tried to force Counselee to come in on her non-scheduled day which was against her medical restrictions.
Counselee is being continually harassed about providing medical documentation.
4. On March 22, 2007, Counselee was issued a Letter of Warning for failure to perform in a safe manner.
5. Counselee was not paid for phone calls from January 4 - March 23, 2007 that she made to office to receive further instructions regarding Express Mail pick-up.
6. On April 11, 2007, Counselee received a Seven-Day Suspension for failure to perform in a safe manner.
7. On April 12, 2007, Counselee received a call from management stating her COP was denied and she has not been paid for injury treatment time or COP.

Requested Resolution
The Complainant requested a full-time regular clerk position in the Hazel Crest Post Office, $300,000 punitive damages for mental pain and suffering, and the Letter of Warning expunged.

PS Form **2570**, June 2001 *(Page 1 of 3)*



**EEO Dispute Resolution Specialist's Checklist.**

Please check All That Apply.

☒ 1. I informed counselee of the impartial role of the Dispute Resolution Specialist in the EEO complaint process, explained the EEO process, and provided counselee with the booklet, *What You Need to Know About EEO* -- an overview of the EEO process in the Postal Service.

☒ 2. I notified counselee of his/her right to be accompanied, represented, and advised by a representative of his/her choice at any stage in the complaint process. If counselee elected representation, I obtained the following information:

Representative's Name: <u>DIANA HAYES</u>

Title: <u>VICE PRESIDENT, APWU</u>               Telephone Number: <u>(708) 563-2946</u>

Fax No: (   )                            Email Address: _____

Mailing Address: <u>P. O. BOX 188</u>

             <u>BEDFORD PARK, IL 60499</u>

☒ 3. I advised counselee of his/her right to remain anonymous during pre-complaint counseling and he/she DID <u>X</u> / DID NOT ____ waive anonymity.

☒ 4. I explained the privacy act notice. Counselee signed a copy of the notice prior to the interview.

☐ 5. If a mixed case, I informed counselee of the mixed case election procedures in 29 C.F.R. §1614.302.

☒ 6. If age discrimination was alleged, I informed counselee of the alternate procedures available for pursuing age claims, as outlined in 29 C.F.R. §1614.201.

☐ 7. If a sex based claim of wage discrimination was alleged under Equal Pay Act (EPA), I advised counselee of his/her right to bypass the administrative procedure and file a civil action, as outlined in 29 C.F.R. §1614.408.

☒ 8. If discrimination based on disability was alleged I informed counselee of his/her requirement to submit documentation of his/her disability. Documentation HAS <u>X</u> / HAS NOT ____ been submitted.

☐ 9. If counselee presented his/herself as an agent of a class, I explained the class complaint procedures and the class agent's responsibilities, as outlined in 29 C.F.R.§1614.204.

☒ 10. I informed counselee of his/her requirement to immediately notify the area Manager, EEO Compliance and Appeals and the EEOC if the representative's or his/her mailing address change.

☐ 11. I explained that I will not be the one who will make the decision on the acceptability of counselee's claim(s); but, there is a possibility that, for the reason(s) I have briefly restated below, the claim(s) will be dismissed in accordance with 29 C.F.R.1614.107.

## Dispute Resolution Specialist's Inquiry

Brief Summary of Inquiry (If applicable)

Counselee requested EEO counseling on March 29, 2007 and was given an initial interview in writing on April 19, 2007. Counselee refused REDRESS. She cites OIC Beverly Greene and Supervisor Cynthia Simon-Pruitt as the responsible management officials. Counselee alleges: On February 16, 2007, she called the toll-free number to request sick leave for February 16-17, 2007 and was charged with LWOP and not paid for COP or injury treatments. On March 17, 2007, another employee was given a clerk position that she feels she was entitled to because of a 2004 EEO Settlement. On March 19, 2007, management tried to force her to come in on her nonscheduled day which was against her medical restrictions. Counselee feels she is being continually harassed about providing medical documentation. She stated that Dedra Morris, Injury Compensation Specialist told the Department of Labor (DOL) on December 6, 2006 that she was reemployed by the Postal Service and had been offered a permanent modified letter carrier position at a higher rate of pay and that she accepted it. Based on that information, Counselee said the DOL terminated her benefits. Three outstanding workman's compensation bills have not been paid. On March 22, 2007, she was issued a Letter of Warning for Failure to Perform Duties in a Safe Manner. Counselee was not paid for phone calls she made to the office to check to see if there were any Express Mail packages that needed to be picked up from Tri-City. On April 11, 2007, she received a Seven-Day Suspension for Failure to Perform Duties in a Safe Manner. On April 12, 2007, she received a call from management stating her COP was denied and inquired as to how she wanted to be paid.

## REDRESS™ (Dispute Resolution Specialist complete this section if counselee participated in ADR)

| Date of mediation | Disposition |
| --- | --- |
| | ☐ Resolved    ☐ Not Resolved |

## Summary of Final Interview

Counselee was given a final interview on , in writing. Notice of Right to File a formal complaint was issued by Priority Mail Delivery Confirmation and explained to the Counselee.

## Privacy Act Notice

The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Office Address of Dispute Resolution Specialist (No., Street, City, State, and Zip + 4) | Office Address of Manager EEO Compliance & Appeals (No., Street, City, State, and Zip + 4) |
| --- | --- |
| EEO FIELD OPERATIONS - GREAT LAKES 6801 WEST 73RD STREET BEDFORD PARK, IL 60499-9411 | EEO COMPLIANCE AND APPEALS 244 KNOLLWOOD DRIVE, 2ND FLOOR BLOOMINGDALE, IL 60117-3010 |
| Specialist's Office Telephone No. (708)563-7661 | Specialist's Office Hours 8 A.M. - 4 P.M. |

| Signature of EEO Dispute Resolution Specialist | Typed Name of EEO Dispute Resolution Specialist | Date |
| --- | --- | --- |
| *Pamela D. Gee* | PAMELA D. GEE | 05/11/2007 |

EEO Dispute Resolution Specialist's (DRS) Inquiry Report
PS Form 2570
Continuation Page

OIC Beverly Greene and Supervisor Cynthia Pruitt-Simon responded to the allegations as follows:

1. Supervisor Cynthia Simon-Pruitt stated that on January 20, 2007, Counselee submitted a PS Form 3971 requesting 16 hours of annual leave for February 16 and 17, 2007. The leave was disapproved with the option to resubmit at a later date. Counselee did not resubmit but called in sick on February 16, 2007. Counselee was charged with LWOP because no documentation was received on February 16, 2007 (the end of the pay period). Management stated that the ELM states an absence which is disapproved, is charged LWOP and may be administratively considered as AWOL. Counselee was not charged AWOL and an adjustment was made changing the hours to sick leave.

2. OIC Beverly Greene stated Counselee questioned her as to why she was not considered for a vacant clerk position after another employee was changed to a PTF Clerk. Counselee advised the OIC about her previous EEO settlement. The OIC said she was not aware of the settlement. The OIC stated when she reviewed the August 2004 EEO Settlement it stipulated that Counselee was to provide a medical release from a licensed physician stating she was physically capable of performing the essential functions of the clerk position, which included a permanent release to lift up to 40 pounds and intermittently lifting 70 pounds. Counselee was required to provide this documentation within 14 calendar days of her execution of this agreement. The management officials named in this complaint were not working at the Hazel Crest Post Office at the time the settlement was signed, but to their knowledge, Counselee did not provide the required documentation. Management denies telling her that the clerk position was not given to her because she could not lift 70 pounds.

3. On March 19, 2007, management did request Counselee to come to work on her non-scheduled day, but she did not come to work and there was no corrective action taken. Management denies harassing Counselee about her medical documentation. Management stated they have worked with her and adjusted her duties according to her injuries and her CA-17s. She was asked to go back to her doctor because Counselee's doctor failed to fill out his part of the CA-17. He combined two injuries on one CA-17 and management did not know what injury he was addressing. Management said in order for them to comply with her restrictions, they have to have clear and concise information.

4. Management stated the March 22, 2007, Letter of Warning was warranted because Counselee failed to perform in a safe manner. Supervisor Simon-Pruitt stated Counselee was not reimbursed for her calls to the office. Counselee was not instructed by management to use her cell phone. Employees have the option of returning to the office for instructions or to make phone calls. Cells phones are used by employees on a voluntary basis.

5. On April 11, 2007, a 7-Day Suspension was issued. Management stated Counselee failed to exercise care to avoid a personal injury.

Dedra Morris, Injury Compensation Specialist, Central Illinois District stated Counselee's COP was denied because she had not provided information to clarify her injury. Ms. Morris stated the Department of Labor (DOL) did not terminate her medical benefits. The DOL sent her a letter dated February 26, 2007, stating their office determined that she was capable of working as a modified letter carrier. The effective date was December 6, 2006 which is the effective date of the job offer Counselee signed on December 11, 2006 accepting the assignment. This is an action that DOL performs when a limited duty employee has worked in an assignment for more than 60 days, thereby demonstrating their capability of performing the duties.

It is significant to note that Counselee added a new incident on the PS Form 2565 that she was not counseled on. She was issued a 14-Day Suspension for Failure to Follow Instructions on April 23, 2007.

Pamela D. Gee

Signature of EEO Dispute Resolution Specialist

National EEO Services Office

**UNITED STATES**
**POSTAL SERVICE**

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
## IN THE MATTER OF:

CARLA H HILL                                    )
18119 CHARLEMAGNE AVENUE                        )
HAZEL CREST        IL    60429-2226             ) **Delivery Confirmation Complainant**    0306 3030 0002 7428 3201
   Complainant,                  ) **Delivery Confirmation Representative**  0306 3030 0002 7428 3225
                                           )
v.                                              )
JOHN E. POTTER                                  )
POSTMASTER GENERAL                              )
                                           )
                                           ) **Agency Case Number**        4J-604-0088-07
GREAT LAKES AREA                                ) **Date Formal Filed:**        May 09, 2007
U.S. POSTAL SERVICE                             )
  Respondent.

### ACKNOWLEDGEMENT OF COMPLAINT

This correspondence is to acknowledge the receipt of your formal complaint of discrimination referenced above, which is considered to be filed on the date indicated which is the date of the postmark or, if the postmark is illegible, the date it was received in this office.

Your complaint file is being evaluated to determine whether the complaint should be accepted or dismissed. Once that determination is made, you will be advised as to the status of your complaint and provided with a copy of the EEO/ADR Specialist's Inquiry Report.

If your complaint is accepted for investigation, either in whole or in part, it will be assigned to a contract EEO Investigator who will contact you to obtain an affidavit. The Postal Service is required to conduct an impartial and appropriate investigation of your complaint within 180 calendar days of the filing of the complaint unless you and the Postal Service agree in writing to extend the time period. If you amend your complaint by adding issues or claims that are like or related to your original issues, the Postal Service is required to complete its investigation within the earlier of 180 calendar days after the last amendment or 360 calendar days after the filing of the original complaint. However, you may request a hearing before an Administrative Judge on your complaints any time after 180 calendar days from the date you filed your original complaint.

When the investigation is complete, you will receive a copy of the investigative report and at that time you will be advised of your right to elect one of the following options with respect to the further processing of your complaint:

PO Box 21979
Tampa FL  33622-1979
Tel. (813) 739-2014
FAX  (650) 577-6091

Agency Case Number 4J-604-0088-07
Acknowledgement of Complaint
Pg. 2

OPTION 1:  Request a hearing before an Administrative Judge appointed by the Equal
Employment Opportunity Commission (EEOC) by making the request in writing to:

> SUPERVISORY ADMINISTRATIVE JUDGE
> CHICAGO DISTRICT OFFICE
> 500 W MADISON ST #2800
> CHICAGO          IL      60661-2511

A copy of your hearing request must also be sent to the following address:

> NEEOISO - HEARINGS
> U.S. POSTAL SERVICE
> PO BOX 21979
> TAMPA FL  33622-1979

OPTION 2:  Request that the Postal Service issue a final agency decision on the merits of your
complaint without an EEOC hearing by making the request in writing to:

> NEEOISO - FAD
> U.S. POSTAL SERVICE
> PO BOX 21979
> TAMPA FL  33622-1979

If your complaint is not accepted for investigation; i.e.: it was dismissed, you will have the right to
appeal the dismissal.  You will also have the right to appeal any final agency decision or notice of
final action during the processsing of your complaint.  Any appeal of such actions must be sent
to the following address:

> OFFICE OF FEDERAL OPERATIONS
> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> PO BOX 19848
> WASHINGTON DC  20036-9848

A copy of any such appeal must also be sent to the following address:

> NEEOISO - OFO
> U.S. POSTAL SERVICE
> PO BOX 25478
> TAMPA FL  33622-5478

_Joceline A. Height_                    5/9/2007
Joceline A. Height                      Date
EEO Services Analyst

cc:    Diana Hayes
       PO Box 188
       BEDFORD PARK IL  60499-0188

National EEO Investigative Services Office
**UNITED STATES**
**POSTAL SERVICE**

June 04, 2007

CARLA H HILL
18119 CHARLEMAGNE AVENUE
HAZEL CREST IL 60429-2226

Agency Case Number          4J-604-0088-07

Dear Carla H Hill:

The investigation of the above referenced case has been assigned to:

EVETTE R. YOUNG, CONTRACT EEO INVESTIGATOR

The investigator will contact you regarding the investigation of the referenced complaint. Any questions you may have regarding the investigation should be directed to the investigator.

The investigator may choose the method of conducting the interview and may use written interrogatories or a telephonic interview. If you have any questions or concern about how the investigator is performing, please contact me at the number below or by mail.

Sincerely,

Reginald D. Jefferson
EEO Services Analyst

cc: Investigator Evette R. Young
    Diana Hayes

PO Box 21979
Tampa FL 33622-1979
Tel. (813) 739- 2016
FAX (813) 739-2098

DIANA HAYES
PO BOX 188
BEDFORD PARK IL 60499-0188

*FMLA Coordinator*
**Central Illinois District**

UNITED STATES
POSTAL SERVICE

*June 12, 2007*

*Carla Hill*
*PL: 201*
*Hazel Crest, IL.*

*FMLA: Approved*

*Your application for FMLA consideration has met the eligibility criteria of one year of Postal Service and 1250 work hours. Your medical certificate, dated June 8, 2007, in regards to your serious health condition, was received in the Central Illinois District Family Medical Leave Coordinator's office on June 12, 2007.*

*In a letter dated May 18, 2007, and mailed both certified (7004 1350 0005 1432 0575) and regular mail, you were approved for Family Medical Leave for dates of April 9, 2007 through June 6, 2007. The letter informed you that any Family Medical Leave requested after June 6, 2007, would require additional Family Medical Leave documentation to be submitted.*

*Your request for leave covered under FMLA, for your serious health condition, has been approved for the following:*

*The health care provider indicated a need for you to take work intermittently, to work on a reduced schedule, or a request for FMLA block leave protection as:*

- *Continuing until June 27, 2007, the date of your next re-evaluation.*

*Please be advised that any request for Family Medical Leave protection after June 27, 2007, in regards to this serious health condition, will require additional Family Medical Leave documentation to be submitted.*

*Your FMLA Case ID # is still 3065501  Please refer to this number, in regards to your current Family Medical Leave approval, in regards to this serious health condition.*

*You are also again advised that your Family Medical Leave entitlement is twelve weeks and/or 480 hours, per year.*

*Once the Family Medical Leave entitlement have been exhausted, all leave requested, in regards to the serious health condition, will not receive Family Medical Leave approval and/or protection.*

*Due to the nature of your serious health condition, you may be required to be cleared before reporting back to work.  Please check with your supervisor and/or your designated FMLA Coordinator, Ms. Cynthia Simon-Pruitt, for return to work clearance procedures.*

## *Return to work clearance is done off-the-clock.*

*If you have any questions, please contact my office Monday through Friday, at (708) 563-7832, upon your receipt of this notification. If I am unavailable, please leave a voice message, with a call-back number, and I will return your call as soon as I report back to my office.*

*Dennis N. Jackson*
*CID FMLA Coordinator*

*Mailed Certified (7006 3450 0001 9248 3341) and regular mail on June 12, 2007.*

*6801 W. 73RD Street*
*Bedford Park, IL. 60499-9998*
*Telephone no:  (708) 563-7832*

EEO FIELD OPERATIONS
GREAT LAKES


*UNITED STATES
POSTAL SERVICE*

April 23, 2007

Carla H. Hill
18119 Charlemagne Avenue
Hazel Crest, IL 60429-2226

**SUBJECT:** Notice of Right to File
EEO Case No.:4J-604-0088 -07

Dear Ms. Hill:

This letter is to notify you that I have concluded the processing of your claim of discrimination initiated on March 29, 2007.

In this matter, you claim that you were discriminated against based on physical disability (back), age, and retaliation when the following occurred: disparate impact under the ADA

1. On February 16, 2007, you called the toll-free line to request sick leave for February 16-18 and was charged with LWOP.
2. On March 17, 2007, another employee was given a clerk position that should have been given to you.
3. On March 19, 2007, management tried to force you to come in on your nonscheduled day which was against your medical restrictions. You feel you are continually being harassed about providing medical documentation. You stated that Dedra Morris, Injury Compensation Specialist told the Department of Labor (DOL) on December 6, 2006 that you were reemployed by the Postal Service and had been offered a permanent modified letter carrier position at a higher rate of pay and that you accepted it. Based on that, the DOL terminated your benefits. Three outstanding workman's compensation bills have not been paid.
4. On March 22, 2007, you were issued a Letter of Warning for Failure to Perform Duties in a safe Manner.
5. January 4 – March 23, 2007, you were not paid for phone calls you made to the office to check to see if there were any Express Mail packages that needed to be picked up from Tri-City.
6. On April 11, 2007, you received a Seven-Day Suspension for Failure to Perform Duties in a Safe Manner. This discipline incorrectly cited that you had received a Letter of Warning for Failure to Maintain a Regular Schedule issued on March 22.
7. On April 12, 2007, you received a call from management stating your COP was denied and asked how you wanted to be paid.

An inquiry was conducted and management responded:

1. On February 16, 2007- Supervisor Cynthia Simon-Pruitt stated that on January 20, 2007, you submitted a PS Form 3971 requesting 16 hours of annual leave for February 16 and 17, 2007. The leave was disapproved with the option to resubmit at a later date. You did not resubmit but called in sick on February 16, 2007. You were charged with LWOP because no documentation was received on February 16, 2007 (the end of the pay period). The ELM states an absence

6801 WEST 73RD STREET
BEDFORD PARK, IL 60499-9411
(708) 563-7661
FAX: (708) 563-9189

which is disapproved, is charged LWOP and may be administratively considered as AWOL. You were not charged AWOL.

2. Postmaster Beverly Greene stated you came to her after an employee was changed to a PTF Clerk and asked why she didn't consider you for the clerk position. You also advised her about your EEO settlement which she was not aware of the settlement. Management denies telling you that the clerk position was not given to you because you could not lift 70 pounds. Management states that your August 2004 EEO Settlement stipulated that you provide a medical release from a licensed physician stating you were physically capable of performing the essential functions of the clerk position, which included a permanent release to lift up to 40 pounds and intermittently lifting 70 pounds. You were to provide this documentation within 14 calendar days of your execution of this agreement. The management officials named in your complaint were not working at the Hazel Crest Post Office at the time the settlement was signed, but to their knowledge, you did not provide the required documentation.

3. On March 19, 2007, management did request you to come to work on your non-scheduled day, but you did not come to work and there was no corrective action taken. Management denies harassing you about providing medical documentation. Management stated they have worked with you and adjusted your duties according to your injuries and your CA-17s. You were asked to go back to your doctor because your doctor failed to fill out his part of the CA-17. He combined two injuries on one CA-17 and management did not know what injury he was addressing. In order for management to comply with your restrictions, they have to have clear and concise information.

4. Management stated your March 22, 2007; Letter of Warning was warranted because you failed to perform in a safe manner. Supervisor Simon-Pruitt stated you were not reimbursed for your calls to the office. You were not instructed by management to use your cell phone. You chose to do so because you did not want to come back to the office. Employees have the option of returning to the office for instructions or to make calls. Cells phones are used by employees on a voluntary basis.

5. On April 11, 2007, a 7-Day Suspension was issued. Management stated you failed to exercise care to avoid a personal injury.

Dedra Morris, Injury Compensation Specialist, stated your COP was denied because you have not provided information to clarify your injury. Ms. Morris stated the Department of Labor (DOL) did not terminate your medical benefits. The DOL sent you a letter dated February 26, 2007, stating their office determined that you were capable of working as a modified letter carrier. The effective date was December 6, 2006 which is the effective date of the job offer you signed on December 11, 2006 accepting the assignment. This is an action that DOL performs when a limited duty employee has worked in an assignment for more than 60 days, thereby demonstrating their capability of performing the duties.

At this time there is no resolution to your counseling request. You have two options available to you. You can do nothing at which point your inquiry will expire and no further action will be taken on your counseling request or you can elect to file a formal complaint.

If you opt to file a formal complaint, you have 15 days from the date of receipt of this letter to file a timely formal complaint. Your complaint could be subject to dismissal in accordance with 29 CFR Part 1614.107 if not filed within the 15 day time limit. Your complaint will be deemed timely if it is postmarked before the expiration of the 15 day time limit. The Complaint must be specific and contain only those issues either specifically discussed with me or issues that are like or related to the issues that you discussed with me.

3

Enclosed are the required forms if you wish to pursue your complaint further through the EEO process. If you choose to file a formal complaint, you must complete, sign, and date PS Form 2579 and PS Form 2565 and return them to the following address:

**NEEOISO-Formal Complaint
U.S. Postal Service
P.O. Box 25438
Tampa, FL 33622-5438**

You are **not** permitted to use a penalty envelope to submit your formal complaint. You will receive written acknowledgment of your formal complaint.

As a reminder, it is your responsibility to immediately notify your Regional EEO Office located at Great Lakes Area Appeals Processing, 244 Knollwood Drive, 2nd Floor, Bloomingdale, IL 60117-3010

of any changes to your mailing address. If you designate or change your EEO representative, it is your responsibility to advise the Regional EEO Office in writing of that person's name, title, mailing address, and phone number.

If you have any questions, please do not hesitate to give me a call.

Sincerely,

Pamela D. Gee
EEO ADR Specialist

Enclosures

4

## CERTIFICATE OF SERVICE

**I certify that the attached document(s) was mailed on this date by delivery confirmation to the following:**

Delivery Confirmation No. 0306 1070 0003 2619 8181

Carla H. Hill
18119 Charlemagne Avenue
Hazel Crest, IL 60429-2226


_____
EEO ADR Specialist
EEO Field Operations – Great Lakes
6801 West 73rd Street
Bedford Park, IL 60499-9411

____April 23, 2007_____
Date

**UNITED STATES**
**POSTAL SERVICE**₂      # Notice of Right to File Individual Complaint

| TO: Name (First, MI, Last) | Re: Case No. |
|---|---|
| CARLA H. HILL | 4J-604-0088-07 |

This notice will attest to the fact that on _____ **April 23, 2007** _____, I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you received this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney, if you retain one to represent you. I am providing you with *PS Form 2565, EEO Complaint of Discrimination in the Postal Service*, for this purpose. The complaint must be delivered to:

    NEEOISO - FORMAL COMPLAINTS
    U. S. POSTAL SERVICE
    P. O. BOX 25438
    TAMPA, FL 33622-5438

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) **Your name, address, position, and level;**

- If you change your address, you have a regulatory requirement to immediately report the change to the Manager, EEO Compliance and Appeals, in your area. *(If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service, you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)*

(2) **The specific action or matter complained of,** the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;

(3) **The specific type of discrimination alleged,** e.g. race – African American, sex - female, etc.;

- If you allege disability discrimination, the alleged disability must be more than a temporary condition.
- If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) **A brief statement of the facts** that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.

- If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.
- If you allege retaliation, you must show a connection between the action at issue in the complaint your are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

(5) **The name of the EEO Dispute Resolution Specialist** who provided you with this notice and the date you received this Notice of Right to File.

**Privacy Act Notice**

**Privacy Act Notice.** The collection of this information is authorized by The Equal Employment Opportunity Act of 1972; 42 U.S.C. § 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party of has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations,

contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Signature of Dispute Resolution Specialist | Date | Your Signature | Date Received |
|---|---|---|---|
| *Pamela D. Hill* | 04/23/2007 | *Ms Carla H. Hill* | 5/4/07 |

**Dispute Resolution Specialist:** *If you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested*

PS Form 2579-A, March 2001

 **UNITED STATES**
**POSTAL SERVICE**®

# Notice of Right to File Individual Complaint

| TO: Name *(First, MI, Last)* | Re: Case No. |
|---|---|
| **CARLA H. HILL** | **4J-604-0088-07** |

This notice will attest to the fact that on _____ **April 23, 2007** _____, I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you received this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney, if you retain one to represent you. I am providing you with PS Form 2565, EEO Complaint of Discrimination in the Postal Service, for this purpose. The complaint must be delivered to:

> NEEOISO - FORMAL COMPLAINTS
> U. S. POSTAL SERVICE
> P. O. BOX 25438
> TAMPA, FL 33622-5438

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) **Your name, address, position, and level;**

- If you change your address, you have a regulatory requirement to immediately report the change to the Manager, EEO Compliance and Appeals, in your area. *(If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service, you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)*

(2) **The specific action or matter complained of,** the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;

(3) **The specific type of discrimination alleged,** e.g. race – African American, sex - female, etc.;

- If you allege disability discrimination, the alleged disability must be more than a temporary condition.
- If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) **A brief statement of the facts** that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.

- If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.
- If you allege retaliation, you must show a connection between the action at issue in the complaint your are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

(5) **The name of the EEO Dispute Resolution Specialist** who provided you with this notice and the date you received this Notice of Right to File.

### Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by The Equal Employment Opportunity Act of 1972; 42 U.S.C. § 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which USPS is a party of has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations,

Contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Signature of Dispute Resolution Specialist | Date | Your Signature | Date Received |
|---|---|---|---|
| *Pamela D. Hill* | 04/23/2007 | *Ms Carla H. Hill* | 5/4/07 |

*Dispute Resolution Specialist: If you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested*

PS Form 2579-A, March 2001

**UNITED STATES POSTAL SERVICE®**

**EEO Complaint of Discrimination in the Postal Service**
(See Instructions and Privacy Act Statement on Reverse)

| 1. Name CARLA H. HILL | 2. SSN 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 | 3. Case No. 4J-604-0088-07 |
|---|---|---|

| 4a. Mailing Address – Street or PO Box 18119 Charlemagne Avenue | 4b. City State & Zip +4 Hazel Crest, IL 60429-2226 |
|---|---|

| 5. Email Address* | 6. Home Phone (708) 798-4251 | 7. Work Phone (708) 647-0465 |
|---|---|---|

| 8. Position Title (USPS Employees Only) Letter Carrier | 9. Grade Level (USPS Employees Only) 6 | 10. Do you have Veteran's Preference Eligibility? ☐ Yes ☑ No |
|---|---|---|

| 11. Installation Where You Believe the Discrimination Occurred (Identify Installation, City, State, and Zip+4) 1) 7541 S. Kedzie Avenue Hazel Crest, IL 60429 | 12. Name and Title of Person(s) Who Took the Action(s) You Allege was Discriminatory Beverly Greene Cynthia Simon-Pruitt Deora Morris |
|---|---|

| 13a. Name of Your Designated Representative Diana Hayes | 13b. Title Vice President |
|---|---|

| 13c. Mailing Address (Street or P.O. Box) P.O. Box 188 | 13d. City, State and Zip +4 Bedford Park, IL 60499-0188 |
|---|---|

| 13e. Email Address* | 13f. Home Phone ( ) | 13g. Work Phone (708) 563-2946 |
|---|---|---|

| 14. Type of Discrimination You Are Alleging | 15. Date on which alleged act(s) of Discrimination Took Place |
|---|---|
| ☐ Race (Specify): ☐ Color (Specify): ☐ Religion (Specify): ☐ National Origin (Specify): ☑ Disparate Impact under ADA ☐ Sex (Specify): ☑ Age (40+) (Specify): More favoritism to younger coworkers ☑ Retaliation (Specify): EEO Filing in Feb 2007 ☑ Disability (Specify): Back | Feb. 16, March 19, March 19, Mar. 22, 1/4-3/23, 4/11, 4/12, 4/23 |

16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. *Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R § 1614.106(d)*

On February 16 & 17, 2007 I called in sick and was charged LWOP. I submitted documentation from my doctor and still have not been paid. Now in May 2007, Cynthia Simon-Pruitt the RMO told me that when you call in sick before or after a holiday you are given LWOP. I called in 3 days before a holiday and had medical documentation. Robert McGee a similarly situated letter carrier who also works under the supervision of Cynthia Simon-Pruitt, has the same job duties as me, works the same work hours, Robert is an African American male who is not in a protected group and I am an African American female who is in a protected group. Rob was treated differently than me when he called in sick on 12/26/2006 the day after Christmas and was paid sick leave and not requested to bring medical documentation as I was for two days. Why is Robert treated differently than me?

17. What Remedy Are You Seeking to Resolve this Complaint?

The RMO's moved from the Hazel Crest Post Office because of my fear to return to work afraid they may physically harm me or have a co-worker do it as management has done in the past. I want to made whole. Assigned to the full time regular window distribution clerk position with permanence at the Hazel Crest Post Office as the number 2 regular. Compensatory damages - non pecuniary & pecuniary + future pecuniary for all past, present and future managers to cease and desist with reprisal, harassment and discrimination.

| 18. Did You Discuss Your Complaint with a Dispute Resolution Specialist or a REDRESS™ mediator? ☐ Yes ☑ No |
|---|
| (Date You Received the Notice of Final Interview) |

| 19a. Signature of Dispute Resolution Specialist Pamela W. Lee | 19b. Date 4-23-07 |
|---|---|

| 20. Signature of Complainant or Complainant's Attorney Ms. Carla H. Hill | 21. Date of this Complaint 5-4-07 |
|---|---|

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

**UNITED STATES POSTAL SERVICE®**

## EEO Complaint of Discrimination in the Postal Service

*(See Instructions and Privacy Act Statement on Reverse)*

| 1. Name | 2. SSN | 3. Case No. |
|---|---|---|
| CARLA H. HILL | 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 | 4J-604-0088-07 |

| 4a. Mailing Address – Street or PO Box | 4b. City State & Zip +4 |
|---|---|
| 18119 Charlemagne Avenue | Hazel Crest IL 60429-2226 |

| 5. Email Address* | 6. Home Phone | 7. Work Phone |
|---|---|---|
| | (708) 798-4251 | (708) 647-0465 |

| 8. Position Title *(USPS Employees Only)* | 9. Grade Level *(USPS Employees Only)* | 10. Do you have Veteran's Preference Eligibility? |
|---|---|---|
| Letter Carrier | 6 | ☐ Yes  ☑ No |

| 11. Installation Where You Believe the Discrimination Occurred *(Identify Installation, City, State, and Zip+4)* | 12. Name and Title of Person(s) Who Took the Action(s) You Allege was Discriminatory |
|---|---|
| 17541 S. Kedzie Avenue Hazel Crest, IL 60429 | Beverly Greene Cynthia Simon-Pruitt Dedra Morris |

| 13a. Name of Your Designated Representative | 13b. Title |
|---|---|
| Diana Hayes | Vice President |

| 13c. Mailing Address *(Street or P.O. Box)* | 13d. City, State and Zip +4 |
|---|---|
| P.O. Box 188 | Bedford Park, IL 60499-0188 |

| 13e. Email Address* | 13f. Home Phone | 13g. Work Phone |
|---|---|---|
| | ( ) | (708) 563-2946 |

| 14. Type of Discrimination You Are Alleging | 15. Date on which alleged act(s) of Discrimination Took Place |
|---|---|
| ☑ Disparate Impact under ADA | |
| ☐ Race (Specify): | Feb. 16, March 17, March 19, |
| ☐ Sex (Specify): | Mar. 22, 1/4-3/23, 4/11, |
| ☐ Color (Specify):  EEO | ☑ Age (40+) (Specify): More favoritism to younger coworkers |
| Dec. 2006 | |
| ☐ Religion (Specify): | ☑ Retaliation (Specify): EEO Filing in Feb 2007 | 4/12, 4/23 |
| ☐ National Origin (Specify): | ☑ Disability (Specify): Back |

16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. *Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R § 1614.106(d)*

1. On February 16+17, 2007 I called in sick and was charged LWOP. I submitted documentation from my doctor and still have not been paid, now in May 2007. Cynthia Simon-Pruitt the RMO told me that when you call in sick before or after a holiday you are given LWOP. I called in 3 days before a holiday and had medical documentation. Robert McGee a similarly situated letter carrier who also works under the supervision of Cynthia Simon-Pruitt, has the same job duties as me, works the same work hours, Robert is an African American male who is not in a protected group and I am an African American female who is in a protected group. Rob was treated differently than me when he called in sick on 12/26/2006 the day after Christmas and was paid sick leave and not requested to bring medical documentation as I was for two days. Why is Robert treated differently than me?

17. What Remedy Are You Seeking to Resolve this Complaint?

The RMO's moved from the Hazel Crest Post Office because of my fear to return to work afraid they may physically harm me or have a co-worker do it as management has done in the past. I want to made whole. Assigned to the full time regular window distribution clerk position with permanence at the Hazel Crest Post Office as the number 2 regular. Compensatory damages - non pecuniary + pecuniary + future pecuniary $1,600,000.00 for non seniority and times to clerk position for all past, present and future managers to cease and desist with reprisal, harassment and discrimination.

18. Did You Discuss Your Complaint with a *Dispute Resolution Specialist* or a *REDRESS™ mediator?*
☐ Yes    ☑ No

(Date You Received the Notice of Final Interview)

| 19a. Signature of Dispute Resolution Specialist | 19b. Date |
|---|---|
| *Hamela W. Lee* | 4-23-07 |

| 20. Signature of Complainant or Complainant's Attorney | 21. Date of this Complaint |
|---|---|
| Ms. Carla H. Hill | 5-4-07 |

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

2. Postmaster Beverly Greene and Cynthia Simon-Pruitt were both aware of my settlement agreement when they came to Hazel Crest Post office last year. I have discussed it with both Beverly and Cynthia. Cynthia even asked me had I ever been offered a window clerk position and I told her yes and when since. I have been on limited duty so long. I talked to her long before March 2007 when Kendra McGee was promoted to the position. When I first heard about the position on or about January 2007 I asked Beverly at the time about the position and was told I already promised it to someone else. Beverly knew about the settlement agreement because I specifically told her and I told her in December 2007 I would give her a copy of it. Beverly told me she didn't want a copy because she wasn't involved in it. My doctor Dr. Emory did provide me with a medical release to the clerk position with lifting up to 40 pounds which was submitted to the agency by my then attorney Gregory T. Mitchell. The management officials named in my complaint have made Beverly and Cynthia fully aware of my situation and being denied to be assigned to the vacant clerk position as a reasonable accomodation for my back injury. My doctor has written to the Postal Service requesting my changing of my vocation to window distribution clerk to accemodate. my disability. I was discriminatorily passed over for the position of window clerk. My nonselection to the window clerk position was discriminatorily motivated because of my medical problems and still going monthly

to the orthopedic specialist. I was denied an equal job or benefits to a clerk position based on my know disability. To prevent any further harm to the health and safety of myself it could have been eliminated or reduced by reasonable accomodation of the vacant window distribution clerk position. Administrative Judge Winston Jackson Jr. was the person responsible for the clerk settlement agreement in 2004. He told the agency to give me the distribution window clerk position because of my injured status of 10 pounds continuously and intermittently for 11 months when we engaged in settlement proceedings. I still wasn't awarded the position. I filed a breach of contract and The Commission remanded the case back to the agency in February 2007 for further proceedings. I am an individual with an disability because my medical restrictions prevent me from working in the class of jobs requiring heavy lifting. The essential function of my position is to deliver mail which can be carried out without heavy lifting. I am substantially limited in the major life activity of lifting. My physical back impairment limits the major life activity of lifting. I suffer from a permanent inability to lift objects of any weight more than 4 times a day, and can never lift objects weighing more than 20 pounds. IN addition to evidence concerning my restrictions that relate to work activities, I experience difficulty putting away groceries, bathing, washing clothes and doing housework. Reasonable accomodation to the vacant window distribution

clerk position would have been suitable for me since I can perform the essential functions of the position and be within my medical restrictions. The RMO's are seeking to reassign me outside of the Hazel Crest Post Office way way out somewhere because Kendra McGee told me that Jim Fiscauldo wanted her to do something against me at work and in turn she would be rewarded with a clerk position. Kendra never told me what he wanted her to do just they were going to move me out of the office. Kendra said she didn't do what Jim wanted but the RMO's still assigned her to the window distribution clerk position. It is discrimination reprisal because this is the second clerk position that I have not been selected to since August 2005 not even two years. My permanent medical restrictions are due to in the job back injuries since November of 2002. Back in February 2004 my doctor wrote a prescription to management that I continue to have back pain and will be doing my exercise program at home or at a health club. The doctor recommended I use a pull cart and avoid lifting over 40 pounds. I was told by Jim Fiscauldo my supervisor that if I used a push cart to deliver mail I would be terminated. Because of his denial to reasonably accomodate my doctors request I was forced to continue bag carrying which is now why I have permanent impairment. The agency's actions are the reason I am permanently impaired and now they are seeking to remove me from The Postal Service. The failure

of the agency to accomodate my back disability caused me permanent damage. This is disability based harassment by the RMO's toward me. This is the fourth clerk position denied me in this office. The first denial of the clerk position was on or around 2002 when Vanessa Lewis came from the Posen Post Office to become a part time flexible. The second denied clerk position was on or around 2002 when Dale Alston-Thomas came from Joliet Post Office as a full-time regular. The third denied clerk position was to Suzanne Hankins in or around August 2005 a part time flexible carrier to a part time flexible clerk. The fourth denied clerk position was to Kendra McGhee a full time regular carrier to a part time flexible clerk. My settlement agreement that was breached for the window distribution clerk position in 2004 was remanded back to the agency for further proceedings from the point where it ceased in February 2007. I am embarassed and publically humiliated, feel rejected and emotionally devasted. I have having emotional distress since all of the harassment and discrimination started in 2002. I have been experiencing retaliation from the RMO's since at or around April 2002 and continuing through the present. My physical and mental state of mind is deteriorating more and more because of the nonselection of the window distribution clerk position by the agency's actions. The nonselection to the window distribution clerk position has caused me suffer from depression, emotional distress, migranes, insomnia, loss of weight, not able to concentrate

and memory loss. The agency's action to not reasonably accomodate me by assigning me to the vacant window clerk position has created an hostile work environment for me. I am off for medical restrictions from my on-the-job back disability and are now afraid of returning back to work. The previous RMO's physically assaulted me and now I am afraid of the current RMO's doing the same. I was denied reasonable accomodation when the agency failed to consider my doctor's initial request to change my craft to window clerk. Kendra McGhee was awarded the window distribution clerk position with less seniority than me in the office which is a violation of the seniority rule. The RMO's did not post the position for bidding in the office or in Postal Ease for bidding either. The position was given to Kendra McGhee because she was treated more favorably than me. From September 2003 until on or around August 2006 I was working inside the post office performing all of the essential functions of a clerk with the exception of working the window and casing mail at the clerk's case, I did everything else. I had already been trained for the position and was performing the job duties so why not assign me permanently to the position to accomodate my back disability. Instead Kendra McGhee had to be trained for the position I had been doing for almost three years and with no injuries. It is an equivalent position in terms of grade and pay which I was qualified to do with or

without reasonable accommodation. I am protected from disability discrimination under 29 CFR 1630.2(9). In 1999, The Supreme Court issued a series of decisions based on the Americans with Disabilities Act and The Rehabilitation Act that deals with issues related to an individual's disability rather than the disability itself. These series of decisions dealt with the measures individuals take to mitigate the effects of their disability. These series of decisions are known as the _Sutton_ trilogy:

1. Sutton V. United Air Lines, 99 Feor 9003
2. Murphy V. United Parcel Services, 99 Feor 9004
3. Albertsons Inc., v Kirkingburg, 99 Feor 9005

In each case, the court found the central question at issue was whether the plantiff had an _impairment_ that _significantly_ restricted that individual's ability to perform a major life activity. The courts found this determination should be made on a case-by-case basis, taking into account any mitigating measures that positively or negatively impacted the individual's ability to engage in major life activities. The acts as perpetrated by the RMO's can be stated as a direct personal deprivation by the agency against me that presents an unsolved harm that I did not receive the window distribution clerk position in March 2007. Adverse action of not receiving the window distribution clerk position is not a collateral attack on a settlement agreement. It is an attack on the policy and procedures of the managers who are responsible for the

decision-making regarding reasonable accomodations. By not acting on requests from my doctor and myself to the window distribution clerk position, it will affect the condition of my employment and would not insure me to work in a reasonable safe work unit. The reasonable accomodation of window distribution clerk would do just that. A claim for compensatory damages cannot be dismissed under any provision of 29 CFR 1614.107. The agency did not offer the resolution process that might have brought about the requested relief. The agency must evaluate and consider the abilities of myself as they stand at the time of the employment decision. The agency cannot assume about my abilities based on outdated medical information or it's experience with others who have similar conditions, or general medical information about the condition in question. The United States government is supposed to be the model employer when it comes to disabilities. The agency would be required to reasonably accomodate an individual's disability even if it had no impact on the individual's work. An example would be allowing a person flextime to get treatment. I feel angry, frustrated, hurt and disappointed with the agency. I request to be compensated for mental anguish for disparity in treatment. Kendra McGhee is a regular letter carrier, working under the same RMO's as myself, performing the same job duties, working the same hours and not in a protected class. I am a regular letter carrier, working under the same RMO's, performing the same job duties,

working the same hours and in a protected class. Why is Kendra McGhee treated more favorably than me?

3. On March 19, 2007 management told me to come to work. My medical restrictions from my doctor states I can only work 5 day work weeks. The RMO's are quite aware of my medical restrictions being the harassment I receive from them everymonth to go against my doctor's medical documentation. I told the RMO's I can't work 6 days because of my medical restrictions. Both RMO's have said to me that my doctor can't tell them how many days I can work or not. Cynthia Simon-Pruitt told me that only Dedra Morris at Injury Compensation can decide if I only work 5 days or not. My doctor filled out his part of the CA-17 so management is lieing. He did not combine two injuries on that CA-17 because at that time I had two separate injuries which I went to the doctor on two separate times. Harassment of a physical disability that I want to be compensated for the mental anguish caused by the agency's actions.

4. I was issued a letter of warning in March 22, 2007 for failure to perform in a safe manner. That letter was issued for failure to reasonably accomodate me to a vacant window clerk position because of my physical disability based upon my medical restrictions. My doctor has stated that it can be expected that I will continue to have injuries as long as I am performing the work duties assigned to me as a letter carrier. My letter of warning wasn't reduced to

a verbal discussion because Cynthia-Simon Pruitt said "Oh no I can't do that". It's harassment of a medical Con Tion, disability discrimination and reprisal because of my EEO activity in December 2006 and February 2007. Cynthia Simon-Pruitt lied about saying I was not instructed to call the office everyday for Express Mail pick up from Tri-City. Cynthia never asked me to come back to the office until I kept asking to be reimbursed for my phone calls. I would have gladly come back to burn up their gas than to make calls I have to pay for on my phone. Other carriers can vouch that they heard Cynthia and Beverly Greene telling me to call back to the office everyday. I want to be reimbursed for the calls made from January 4 - March 23, 2007.

5. On April 9, 2007 My ortho filled out my CA-17 stating that I couldn't resume work for about 3 weeks to attend physical therapy for my back injury. Management harassing me again saying I have to go back to the doctor for clarity because he can't tell me I can't come to work. Beverly Greene and Cynthia Simon-Pruitt do this everytime I go to my doctor's appointments. My doctor will also verify that the RMO's are harassing me. On April 23, 2007 I was issued an adverse action of letter of 14 day suspension for failure to follow instructions. Beverly Greene stated that I have to come to work and my doctor can't tell me I can't. The letter was sent first class with delivery confirmation and certified mail to my

home. The two letters of reprimand are reprisal in discipline because of back to back write ups. The back to back letters of reprimand are punitive than corrective. Neither disciplinary letters of adverse action has been adjudicated. The adverse actions have caused me to suffer more depression, anxiety, insomnia, loss of appetite, not being able to concentrate, irritability, memory loss, with-drawal from my family and friends. On April 11, 2007 I was issued a letter of 7 day reprimand of suspension for failure to perform in a safe manner. This adverse action hasn't been adjudicated either. Management stated in this suspension, the suspension will be determined at a later date after it has been adjudicated at the step 3 level which is arbitration. This adverse action of suspension is punitive because management is not intending on settling the suspension at level 1 with me The Union Steward or level 2 with The Union Vice President. The discapline is reprisal based because of the EEO activity in February. I've suffered back to back reprimand 3 in a 30 day period which is also disability discrimination. Tenisha Durrough a letter carrier at the Hazel Crest Post Office was issued a letter of warning in November 2006 by Cynthia Simon-Pruitt for failure to perform in a safe manner. I was issued in March 2007 by Cynthia Simon-Pruitt a letter of warning for failure to perform in a safe manner. Tenisha & I both have the same job duties, work the same hours, she's not in a protected class

I am. Tenisha's letter of warning was reduced to a verbal discussion mine wasn't. Why is Tenisha being treated more favorably than me? Jerry Brown white male was issued on March 23, 2007 a 14 day letter of suspension. He is a letter carrier working under Cynthia Simon-Pruitt, performing the same job duties as me, working the same work hours. Cynthia Simon-Pruitt expunged his 14 day suspension mine hasn't been adjudicated yet. Why is management retaliating against me by issuing discipline on March 22, 2007, April 16, 2007 and April 23, 2007. I am seeking compensation for the mental pain and suffering caused by the agency's disability discrimination against me. If the agency had given me a reasonable accomodation to reassign me to the clerk craft I would not have suffered another new injury or the mental injury caused by the nonselection to the window distribution clerk position.

6  Dedra Morris is harassing me because of my physical disability. Every month I go to the doctor their is a need to clarify my information if I understand what the doctor is saying why don't they? My COP has been denied by Dedra Morris because she sent me a letter stating that I need to change my CA-1 for injury to a CA-2A for reoccurence of an old injury. I suffer from a new injury and filled out a CA-1. Dedra sent back my 3971 denying my COP until I fill out the correct form. Dedra said the Department of Labor told her to send me the form the Department of Labor told me that was

not told to her. I am now experiencing financial difficulties because I am now in a LWOP status. I have been off now going on 6 weeks and it has created financial hardship and mental stress and depression. My O.I.C. Beverly Greene used all of my sick leave I had so now I am down to 0 hours sick leave. I did not fill out a request on a 3971 for sick leave and the RMO's took it upon themselves to take it from me instead of paying me COP. I told Beverly Greene because I didn't give her anything in writing requesting sick leave she shouldn't have used it. Beverly told me I have the right to do whatever I want to do. I told her no you don't so I'll file a grievance on it. The RMO's haven't paid me also for my doctors appointments under COP. I also was instructed by Cynthia Simon-Pruitt to fill out a 3971 on the March 22, 2007 injury to go to the Postal doctor for treatment. Cynthia told me the Post Office no longer pays when you go for treatment and that Dedra Morris would have to approve it. I haven't been paid for injury treatment time or COP. Dedra Morris maliciously called the Department of Labor and lied telling them I was re-employed on 12/6/2006 when I in fact have never been unemployed. DOL was told I was offered a permanent modified letter carrier position which I wasn't hired back at a higher rate of pay again a lie. My pay is higher now from step increases and cost of living

raises. I want to be compensated because of the agency's and Dedra Morri's disability discrimination against me. I have sought counseling from the EAP counseling program and my primary care physician. I have been prescribed medication for my back pain, migrane headaches, insomnia and have to return to get a referral to see a psychiatrist for treatment of depression and harassment brought on by the agency actions. My physical and mental condition is being exacerbated by the discriminatory conduct of the agency.

Management simply has retaliated against me because of EEO activity and physical disability of the back. My pay was reduced, my pay was docked, disciplinary reprimand of a letter of warning, 7 day suspension, 14 day suspension, denial of payment for phone calls made, denial of working 5 days instead of 6 per medical restrictions, denied COP for time off, passed over for the clerk position for a fourth time, failure to offer reasonable accomodation of a disability of the back, harassment of medical restrictions, etc.

This last 5 years of my life has been a living hell because of the agency's action. Causing me great physical and mental deterioration and harm to my family as well because of the mental stress I'm enduring. The agency's non selection and reprisal, harassment and discrimination has exacerbated my physical and mental condition that I want to be compensated for with pecuniary, non-pecuniary, future pecuniary compensatory damages.

Our previous Union Steward, white female, Marge Nemeth

is also part of the discrimination in our office against. On or about March 20 said to me on the workroom floor in front of all the carriers at work that I need to quit and find myself a real job. Marge went on to say I don't blame management for not giving you the clerk position do you? Marge went on to say I would have given the clerk position to someone healthy like Kendra than to give it to someone like you who's hurt. Marge's out right discriminatory remarks in front of everyone embarrassed and humiliated me causing emotional distress. The carriers are now rebeling against me because I am not able to carry and because the RMO's assigned Kendra McGhee to the clerk craft who is healthy and young (33) it hurt the carriers since she hasn't been replaced. Kendra weighs 90 pounds and it's discrimination that she was given the clerk position and I wasn't because I can't lift up to 70 pounds because of a physical back disability. Kendra can't lift up to 70 pounds either because she's too small in weight and size. All of this discrimination because of my back disability. I am afraid of going back to work because of my mistrust of everyone. The RMO's are seeking to move me out of the office somewhere way, way out miles from my home. It's not fair because if I had been reasonably accomodated by assigning me to the clerk position in 2004 or 2007 I wouldn't be hurt now and going through all this disciplinary reprimand. I transferred to the Hazel Crest Post Office to be close to my children and if I am moved from the office because of the agency's adverse action against me I would be even more devasted. Marge's discriminatory actions have harmed my reputation and character to my co-workers. I'm paranoid because I feel someone is following and watching me at home.

**Evette Renee Young**

EEO Contract Investigator
3490 Walnut Ridge
Atlanta, Georgia 30349
eyoung231@msn.com

June 25, 2007

Carla H. Hill
18119 Charlemagne Avenue
Hazel Crest, IL 60429-2226

RE:    Carla H. Hill v. USPS
       Case No. 4J-604-0088-07
       Certified Mail No. 70060810000610289316

Dear Ms. Hill:

As you know, I have been assigned to conduct the EEO Investigation in relation to your EEO complaint filed against the United States Postal Service. Please find attached the following documents:

Instructions for Completing Affidavits
Affidavit Questions
PS Form 2568-A (Affidavit for Complainant)
PS Form 2569 (Continuation Sheet)
PS Form 2571 (Certification)
PS Form 2569-C (Affidavit for Compensatory Damages)
U.S. Postal Penalty Envelope

Please review and respond to each of the Affidavit Questions. Please sign and date each of the Postal forms. Return all of these documents, including your responses to the affidavit questions in the return envelope within 15 days of receipt.

If you have any questions or concerns, please feel free to contact me at the email address above.

Sincerely Yours,

Evette R. Young

INSTRUCTIONS FOR COMPLETING AFFIDAVITS

1.   Type or use black ink.

2.   Complete items 1 through 6 on PS Form 2568-B.

3.   Begin your statement on the first line after the Privacy Act Notices. Begin at the left margin and use all the space on the line until you reach the right margin. Record your statement in block form. Do not skip lines, indent paragraphs or leave blank spaces.

4.   Answer all questions in complete sentences and in narrative form. Do not use abbreviated terms or acronyms.

5.   Date and sign U.S. Postal Service Equal Employment Opportunity Investigative Affidavit, Witness, (PS Form 2568-B).

6.   Equal Employment Opportunity Investigative Affidavit (Continuation Sheet) is provided for additional space. You may photocopy the continuation sheet if additional sheets are needed. Record page numbers and case numbers at the top of each continuation sheet and sign each sheet in the lower right hand corner. If you cross out a word or insert a word or make any changes in the statement, please initial above the change.

7.   After writing your last sentence on the last page of your written or typed statement, write the phrase, "End of Statement" and draw an "X" over the remaining blank lines and sign your name on one of the lines of the "X". Remember to sign and date the bottom of each page.

8.   On the Certification page (PS Form 2571) – record the number of pages and case number at the top of the form. In the lower portion of the Certification page there is a section titled Declaration. Sign and date the declaration.

9.   Keep a copy of your affidavit for your records. Return all original forms to the investigator.

10.  Return all original forms to the Investigator within 15 days of receipt.

If you have any questions regarding the completion of this form, contact the EEO investigator assigned to this complaint.

**AFFIDAVIT QUESTIONS**
**Carla H. Hill, Complainant**
**AGENCY CASE NO. 4J-604-0088-07**

You have the right to be accompanied by a representative of your choice when you complete this affidavit and at all times during the EEO process. Please indicate that you are aware of this right and choose to either exercise it or waive it at this time. (If yes, please state his/her name, position title, and address (zip+4). If no, please indicate in you first statement that you have been advised of representative but waived representative at this time.

1.   Do you have a representative? If so, provide name, title, address, phone number and email address.

2.   Please state your name, position title, pay grade, and work location.

3.   Please state how long you have held this position. (Give dates)

4.   Please identify your first and second level supervisors. Provide name, position title and work location on (date).

**CLAIM: You allege that you were subjected to discrimination on the basis of Age (DOB: 9/30/1959), Disability (Back), and Retaliation (prior EEO activity) when:**

   **(1) on February 16 and 17, 2007 she was charged LWOP (leave without pay) instead of the sick leave she requested and as of May 2007, she has not been paid for these days;**

   **(2) on March 17, 2007, she was denied reasonable accommodations when she was not reassigned to the clerk craft;**

   **(3) on March 19, 2007, she was assigned to work outside of her medical restrictions;**

   **(4) on March 22, 2007, she was issued a Letter of Warning charging her with Failure to Perform in a Safe Manner;**

   **(5) from January 4, 2007 to March 23, 2007, she was required to call the office everyday;**

   **(6) on April 11, 2007, she was issued a Letter of 7-day Suspension charging her with Failure to Perform in a Safe Manner;**

   **(7) on April 12, 2007, she was denied COP (continuation of pay); and**

   **(8) on April 23, 2007 she was issued a Letter of 14-day Suspension charging her with Failure to Follow Instructions.**

5.   You alleged in your complaint that on February 16 and 17, 2007, you was charged LWOP (leave without pay) instead of the sick leave you requested and as of May 2007, you have not been paid for these days. Please provide below a detail explanation as to what occurred as it relates to this allegation. **Please provide documentation to support your response.**

6.   You also alleged in your complaint that on March 17, 2007, you was denied reasonable accommodations when you was not reassigned to the

1

**AFFIDAVIT QUESTIONS**
**Carla H. Hill, Complainant**
**AGENCY CASE NO. 4J-604-0088-07**

clerk craft. Please provide below a detail explanation as to what occurred on March 17, 2007. **Please provide documentation to support your response.**

7.  You also alleged in your complaint that on March 19, 2007, you was assigned to work outside of her medical restrictions. Please provide a detail explanation as to what occurred on March 19, 2007. **Please provide documentation to support your response.**

8.  You also alleged in your complaint that on March 22, 2007, you was issued a Letter of Warning charging you with Failure to Perform in a Safe Manner. Please provide a detail explanation as to what occurred prior to discipline being issued to on March 22, 2007 and what management reasons were for issuing you this discipline, including the status of this discipline. **Please provide documentation to support your testimony.**

9.  You also alleged in your complaint that from January 4, 2007 to March 23, 2007, you was required to call the office everyday. Please provide a detail explanation as to why you were told to call the office everyday, including whether other employees were given this same instruction. **Please provide documentation to support your testimony.**

10. You also alleged in your complaint that on April 11, 2007, you was issued a Letter of 7-day Suspension charging you with Failure to Perform in a Safe Manner. Please provide a detail explanation as to what occurred prior to discipline being issued to on April 11, 2007 and what management reasons were for issuing you this discipline, including the status of this discipline. **Please provide documentation to support your testimony.**

11. You further alleged in your complaint that on April 12, 2007, you was denied COP (continuation of pay). Please provide a detail explanation addressing the denial of COP, including the identity of the person who denied your COP. **Please provide documentation to support your testimony.**

12. You alleged in your complaint that on April 23, 2007 you was issued a Letter of 14-day Suspension charging you with Failure to Follow Instructions. Please provide a detail explanation as to what occurred prior to discipline being issued to on April 23, 2007 and what management reasons were for issuing you this discipline, including the status of this discipline. **Please provide documentation to support your testimony.**

13. In your EEO complaint, you allege that the above-mentioned actions by management were because of your age (DOB: 9/30/1969). Please explain

2

**AFFIDAVIT QUESTIONS**
**Carla H. Hill, Complainant**
**AGENCY CASE NO. 4J-604-0088-07**

in detail why you believe that your **age (9/30/1969)** was the reason that management committed the above-mentioned actions against you.

14. Were the management officials you named in your complaint aware of your age? If so, how was he or she made aware of your age?

15. In your EEO complaint, you allege that the above-mentioned actions by management were because of your age (DOB: 9/30/1969). Please explain in detail why you believe that your physical **impairment (back)** was the reason that management committed the above-mentioned actions against you.

16. Was management aware of your physical impairment? If so, how was he or she made aware of your physical impairment?

17. Have you provided management with medical documentation relating to your physical impairment? If so, what did you provide, when did you provide it, and to whom did you provide it? Provide a copy of any medical reports and records to support your claim of physical disability.

18. In your complaint, you allege that the above-mentioned actions by management were because of retaliation for **prior EEO activity**. For each prior EEO, please provide the date(s) you initiated contact with an EEO counselor; the date(s) the complaint was filed; the case number(s) for each complaint; and the management official(s) you claimed discriminated against you.

19. Were the management officials you named in this complaint aware of your prior EEO activity? If so, how was he or she made aware of your prior EEO activity? Were the management officials named in this complaint also named in your prior EEO? If so, please identify the complaint by EEO number.

20. Please explain in detail why you believe that your prior EEO activity motivated management's decisions in this case.

21. Have you been disciplined in 2007 for job performance? If so, please provide in detail the circumstances that led to the discipline, the date you were disciplined, the type of discipline received and the name and age of the supervisor who disciplined. **Please provide a copy of all discipline you have received in 2007.**

22. Please identify other similarly situated employees who were treated more favorably than you. Include in your response, name of employee, name of that employee's supervisor, the age of the employee, whether that

3

### AFFIDAVIT QUESTIONS
### Carla H. Hill, Complainant
### AGENCY CASE NO. 4J-604-0088-07

employee has a physical limitation, whether that employee has filed a prior EEO complaint, and the circumstances as to why you believe that employee was treated more favorable than you.

23. What rules, contract provisions, or policies do you believe are applicable to your EEO complaint? **Please provide a copy of all rules, contract provisions or policies that are applicable.**

24. Are there any witnesses you desire to be interviewed concerning the alleged discrimination? If so, identify the name of the witness, work location, telephone number, and state what information the named witness can provide that will be beneficial to the investigation of this complaint.

25. What do you seek as a resolution to this EEO investigation?

26. Is there any other information you would like to add to your affidavit that would prove beneficial to the investigation of this complaint? Please elaborate fully. **Please provide a copy of any documentation you believe is important to the investigation of this complaint.**

| U.S. Postal Service **Certification** | Case No. **4J-604-0088-07** |

I have read the proceeding attached statement, consisting of ___ pages, and it is true and complete to the best of my knowledge and belief. In making this statement, I understand Section 1001, Title 18 of the U.S. Code which states:

> "Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme or device a material fact, or makes any false, fictitious or fraudulent statements or representation, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

## Privacy Act Notice

Privacy Act Notice: The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.633a; The Rehabilitation Act of 1973, as amended, 29 U.S.C. 794a; and executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for the Postal Service employees and other witnesses.

## USPS Standards of Conduct

Postal Service Regulations require all postal employees to cooperate in any postal investigation.

Failure to supply the requested information could result in disciplinary action. (ELM 666)

## Oath / Affirmation

Subscribed and (sworn) (affirmed) before me on the __19th__ day of __July__ , 20__07__

*(Affiant, sign in the presence of an EEO Complaints Investigator.)*

| Signature of EEO Complaints Investigator | Signature of Affiant |

## Declaration

I declare under penalty of perjury that the foregoing is true and correct.

*(Affiant, sign and date if attached statement was not completed in the presence of an EEO Complaints Investigator.)*

| Signature of Affiant *Ms. Carla H. Hill* | Date Signed 7/19/07 |

PS Form 2571, March 2001

**UNITED STATES POSTAL SERVICE**

## EEO Investigative Affidavit for Compensatory Damages
*Note: Not applicable to Age Discrimination in Employment Act (ADEA) claims*

| Name | Case No. | Page No. | No. of pages |
|------|----------|----------|--------------|
| Carla H. Hill | 4J-604-0088-07 | 1 | 2 |

### Instructions for the Complainant

During an investigation into alleged discrimination, the Postal Service is required to gather evidence regarding appropriate remedies, which may include compensatory damages. The remedy that you are seeking to resolve this complaint includes your claim that you are entitled to receive a monetary award. Therefore, you must provide testimony and evidence concerning the nature, extent and severity of the harm you suffered due to the alleged discriminatory conduct. PS Form 2569-C contains a number of questions and/or statements regarding your claim for damages. Please read the questions or statements carefully before responding. If you need additional space, please use an additional sheet(s). Any additional sheet(s) must show the number of this form (Form 2569-C), the item number(s) to which it pertains, a page number and the total number of pages submitted for this form. *You must declare under penalty of perjury that the information you provide on this form including any attached sheets is true and correct.*

1. I experienced financial difficulties because of the discriminatory act(s) alleged in my complaint.

   ☒ Yes    ☐ No

   If yes, provide full explanation. Please include description and cause of difficulty (or difficulties) when occurred, duration of occurrence, and how severe. *Because my COP was denied beginning April 16, 2007 I've had to borrow money from family members. I received numerous late fees because of not being able to pay on time for lack of money. The duration of occurrence is April 9, 2007 still continuing and it is now July 19, 2007 with no pay. I have lost about $14,000.00 since April 9, 2007. $932.98 per week times 14 weeks*

2. I experienced personal medical problems because of the discriminatory act(s) alleged in my complaint.

   ☒ Yes    ☐ No

   If yes, provide full explanation. Please include description and cause of problems, when occurred, duration of occurrence, and severity. *I experienced depression, anxiety attacks and insomnia. I have experienced these problems because of worrying about how I was going to pay my bills with no income. It started with the 7 day suspension then 14 day suspension and denial of COP. My doctors diagnosis of panic and anxiety attacks cause me to become nervous and shakes of my hand. Frequent headaches due to stress. My emotional and mental distress has changed my personal relationship with my family.*

3. I obtained psychological or psychiatric counseling because of the discriminatory act(s) alleged in my complaint.

   ☒ Yes    ☐ No

   If yes, provide full explanation. Include description of when, the cause, its extent and severity. *I contacted the EAP counselors for counseling. I didn't have money to pay a co-payment to go to my clinical psychologist. I received counseling from a free service to a mental health counselor in Homewood even today I see her. I've become abusive toward my children. The depression continues. I'm trying to control my emotional outbreaks.*

4. I have had to take medication because of the discriminatory act(s) alleged in my complaint.

   ☒ Yes    ☐ No

   If yes, list type of medication, reason for the medication, and the cost of the medication. *Alprazolam is used for treatment of my anxiety and panic disorder. Celebrex is used for treatment of my back pain and Acetaminophen /COD #3 is used for pain and help me sleep with my insomnia and stop my migrane headaches. Sleeping pills over the counter. $50.00 medication costs.*

| Name | Case No. | Page No. | No. of pages |
|------|----------|----------|--------------|
| Carla H. Hill | 4J-604-0088-07 | 2 | 2 |

5.  Did any of the difficulties for which you checked "Yes" in items 1-4 exist prior to the act(s) of discrimination alleged in your complaint?

☒ Yes          ☐ No

If yes, please complete question 6 below.

6.  Describe for each pre-existing condition how that condition was made worse by the act(s) of discrimination alleged in your complaint. Begin each description with the item number of page 1 (items 1 through 4) to which it pertains.

#1 I suffered from a new thoraic back injury on 3/22/2007. I have terrible back pain and take Celebrex for it.

7.  Is there any other information or evidence regarding your claim for entitlement to compensatory damages that you want to include with this affidavit?

☒ Yes          ☐ No

If yes, please provide a full explanation of the information you wish to include. Attach additional pages if necessary.

My back injury causes me no lifting over 20 pounds permanent restrictions. The Postal Service is implementing a new program in 2008 to remove carriers with permanent restrictions. I've applied to several companies but no will hire me with a back condition. I feel compensation for life would be fair entitlement since now I won't be able to work at a company making a decent salary as now to be able to survive and take care of my children.

## IMPORTANT!

You must attach or provide the investigator with copies of documentation, such as bills, doctor's statements, pharmacy bills, statements from other persons, or other paperwork relevant to the difficulty that you claim is related to the discriminatory act(s) alleged in your complaint. If you do not have copies of your documentation, you may provide the original to the investigator who will copy relevant records and return the original documents to you. Alternatively, for medical information and records, you may provide a signed authorization from your health care provider to the investigator permitting him/her to obtain information directly from your health care provider or pharmacy. Or, you may sign a medical information release provided by the investigator if you prefer.

### Privacy Act Notice

Privacy Act Notice. The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.633a; The Rehabilitation Act of 1973, as amended, 29 U.S.C. 794a; and executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation, to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for the Postal Service employees and other witnesses.

**I declare under penalty of perjury that the foregoing, including any attached sheets, is true and correct.**

| Affiant's Signature | Date Signed |
|---------------------|-------------|
| Ms Carla Hill | 7/19/07 |

| U. S. Postal Service<br>**EEO INVESTIGATIVE AFFIDAVIT (COMPLAINANT)** | Page No.<br>1 | No. Pages<br>13 | Case No.<br>**4J-604-0088-07** |
|---|---|---|---|

| 1. Affiant's Name (First, Middle, Last)<br><br>**Carla H. Hill** | | 2. Employing Postal Facility<br><br>**Hazel Crest Post Office** |
|---|---|---|

| 3. Position Title<br>**Letter Carrier** | 4. Grade Level<br>**Q-01M** | 5. Postal Address and Zip + 4<br>**17541 S. Kedzie Avenue**<br>**Hazel Crest, IL 60429-9998** | 6. Unit Assigned |
|---|---|---|---|

## Privacy Act Notice/USPS Standards of Conduct

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## Important Information Regarding Your Complaint

This PS Form 2568-A, EEO Investigative Affidavit (Complainant), and the other form mentioned below, are being provided for you to use to fully respond to the accompanying questions. Mail or deliver your completed statement to the EEO complaints investigator within 15 calendar days of the date you received the forms. Use PS Form(s) 2569, EEO Investigative Affidavit (Continuation Sheet), as needed, to complete your written statement. Remember to number the top of each page and sign and date the bottom of each page of your statement. If you return your statement by mail, the return envelope must be postmarked on or before the 15th calendar day after the date that you received the affidavit forms.

Failure to complete your statement and return the forms within the allotted time period could result in your complaint being dismissed based upon your failure to proceed. EEOC complaints processing regulation, 29 C.F.R. 1614.107(a)(7), states, in part, [A complaint may be dismissed] "Where the agency has provided the complainant with the written request to provide relevant information or otherwise proceed with the complaint, and the complainant has failed to respond to the request within 15 days of its receipt, or the complainant's response does not address the agency's request, provided that the request included a notice of the proposed dismissal."

7. Statement A(Continue on Form 2569 if additional space is required)

Q1. You have the right to be accompanied by a representative of your choice when you complete this affidavit and at all times during the EEO process. Please indicate that you are aware of this right and choose to either exercise it or waive it at this time.

① Yes. Diana Hayes, Vice President APWU, P.O. Box 188, Bedford Park, IL 60499 (708) 563-2946.

② Carla Hill, Letter Carrier, Q, Hazel Crest Post Office, 17541 S. Kedzie Ave., Hazel Crest, IL 60429.

③ I've held this position since November 25, 1995.

④ Cynthia Simon-Pruitt, Supervisor, Hazel Crest Post Office. Beverly Greene, Officer In Charge, Hazel Crest Post Office.

⑤ I called in sick on February 16, 2007 and asked for sick leave because of illness. My supervisor Cynthia Simon Pruitt changed my request because she said it was before a holiday. I called in three days before a holiday. Another carrier Robert McGhee called in sick the day after Christmas 12/26/06 and he was paid not even asked for documentation. Cynthia said the day before

I declare under penalty of perjury that the foregoing is true and correct

| Affiant's Signature<br>Ms Carla Hill | Date<br>7/19/07 |
|---|---|

PS Form 2568-A, March 2001

| | Page No. | No. Pages | Case No. |
|---|---|---|---|
| UNITED STATES POSTAL SERVICE ®<br>EEO Investigative Affidavit *(Continuation Sheet)* | 2 | 13 | 4J-604-0088-07 |

and the day after a holiday policy is leave without pay without documentation from a doctor. I went to the doctor on 2/15/07 and still wasn't paid. Robert was paid the day after a holiday and did not provide any form of written documentation nor was it requested from him. Robert McGee is also a letter working under the same management officials as myself, working the same hours of duty, but he hasn't had previous EEO activity and he's not in a protected class as myself. Robert is under 40 years of age. (6) On March 17, 2007 a full-time regular carrier was given a clerk position at our office. I have filed numerous EEO's against management because I was offered a clerk position back in 2000. I have a letter in writing showing that I am listed with the other clerks in our office along with our then postmaster and supervisor. I was offered another clerk position in 2003 which again I wasn't awarded even though I accepted it with a letter in writing. I had an EEO settlement agreement in August 2004 with a clerk position starting in September and the settlement agreement was breached and I wasn't awarded the position again. (7) On March 19, 2007 Supervisor Cynthia Simon-Pruitt told me I had to work on my 6th day in a row. I told her my CA-17 from my doctor clearly states that I can only work 5 day work weeks. Cynthia said my doctor can't tell me how many days I can work only Dedra Morris from injury compensation can decide that or not. Cynthia told me well you have to come in. I told Cynthia I couldn't because I had made business plans already on my off day. Cynthia said then you can in when you finish conducting business and bring the documentation that you had business to take care of. I called our union President Frank Kiefer who in turn called Ken Miller our Business Agent and Ken called down to the District on Cynthia. The District called Hazel Crest Post Office to tell them they have to honor my medical restrictions from my doctor. I didn't go in that day.

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed |
|---|---|
| Ms Carla Hill | 7/19/07 |