File Date: _3-5-2008_____

Case No: _07cv6835_____

ATTACHMENT # _____

EXHIBIT _____

TAB (DESCRIPTION)
_Amended Complaint, Part 2_

UNITED STATES
POSTAL SERVICE ®

EEO Investigative Affidavit *(Continuation Sheet)*

| Page No. | No. Pages | Case No. |
|----------|-----------|----------|
| 3 | 13 | 4J-604-0088-07 |

⑧ Prior to the discipline being issued on March 22, 2007 Cynthia Simon-Pruitt and Beverly Greene started knickpicking at me. Cynthia was always out on the route watching and following me around. Cynthia had me in the office talking about either where she saw me on the street or what she saw me doing on the street. Cynthia said one day I had deviated on a route which I didn't. I also go a certain way to this route. Cynthia told me no I want you to go her way so I do. Cynthia said I was on the street riding with my door open when she was riding behind me. I wouldn't do that knowing that she's there for one. Cynthia was driving her car and I was in a LLV the doors on the LLV open on the right. Cynthia's car door opens on the left so how could she possibly see my door even if it was open? But it wasn't. A couple of times she stopped me on the route or drove past. I also knew Cynthia was looking to catch me doing something wrong so she could write me up. I had an on-the job injury on 3/12/2007 a right shoulder strain. Cynthia gave me a Pre-D which could lead up to discipline as I knew it would. On March 22, 2007 I was issued a letter of warning for the injury. I am the union steward in our office so I did file a grievance on my behalf. I asked for it to be reduced to a verbal discussion. Cynthia told me oh no I can't do that! So my grievance went on to the next level with our union vice-president Rob Whitehead. Once the grievance went to Rob it had it reduced to a verbal discussion. ⑨ I was instructed by Cynthia Simon-Pruitt and Beverly Greene to call the Hazel Crest Post Office from the street everyday by 2:00p.m. to check to see if Tri-City Post Office had called to say if they had any express mail pieces for our office that needed to be picked up. When they had express mail I would break away from the route I was on go get the mail scan it in and deliver it and go back and finish delivering the route.

**I declare under penalty of perjury that the foregoing is true and correct.**

| Affiant's Signature | Date Signed |
|---------------------|-------------|
| Ms Carla Neil | 7/19/07 |

PS Form 2658, March 2001

| | Page No. | No. Pages | Case No. |
|---|---|---|---|
| ЬОZTVT ZEЯVICE<br>ПVITEД ZTVTEZ ®<br>**EEO Investigative Affidavit** *(Continuation Sheet)* | 4 | 13 | 4J-604-0088-07 |

Some days they had me call more than once. I asked management to be reimbursed for my calls and was told no I'm not paying for that. I filed a grievance for a violation of Article 19 and was paid for my phone calls. (10) On March 22, 2007 I suffered a on the job back injury twisting in the truck to lift the heavy mail bundle out of the tray. On April 9, 2007 after still trying to work and my condition was worsening my doctor said I needed to stop working to attend physical therapy and get my back healthy to return back to work. My Officer IN Charge told me Beverly Greene that I couldn't take off and report to work tomorrow. I didn't report to work and I was issued this discipline at home by delivery confirmation and certified mail. I filed an FMLA so once I filed a grievance and it went to arbitration the 7 day suspension was expunged from my files. Beverly told the union I was issued the 7 day suspension because I purposely hurt myself. (11) On April 12, 2007 I was denied COP by Dedra Morris from injury compensation at Bedford Park. I was told even though I filed a CA-1 for a new injury that I needed to change it to a CA-2A for a notice of recurrence and because I wouldn't my COP was being denied. I had a new injury and was told that a CA-2A is usually not accepted by the Department of Labor because it is so hard to prove. I had a recurrence so I thought in 2003 and it still hasn't been accepted. I knew management was trying to keep my claim being accepted and having to pay me for the time off. I still haven't been paid yet being 7/19/2007. (12) I was off of work for my injury so Cynthia - Simon Pruitt sent me a letter to my home telling me to come into the office or call for a Pre-D interview. I called her and on 4/23/2007 I received a 14 day suspension in the mail. Beverly Greene told the union that because I failed to follow her instructions of coming to work against my doctor's medical documentation

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed |
|---|---|
| Ms Carla Hill | 7/19/07 |

| | Page No. | No. Pages | Case No. |
|---|---|---|---|
| ▰ UNITED STATES POSTAL SERVICE ®  EEO Investigative Affidavit *(Continuation Sheet)* | 5 | 13 | 4J-604-0088-07 |

that she was issuing me the 14-day suspension. The discipline went through the grievance process and was expunged through arbitration. (13) My birthday is 9/30/1959. I am 47 years of age and the favorites in the office are all under 40 years of age. The clerk positions given to other carriers in our office in 2005 and 2006 were to younger Black girls under 35 years of age. I am over 16 years their junior and I have a back injury and they had no injuries. By management telling people in the office they weren't going to give me a clerk position because of my injury is discriminatory towards me. Denying my CoP, letter of warning, 7 day suspension, 14 day suspension all in a month is retailiation because I have EEO's pending. starting at the beginning of March 2007. (14) Yes they have my files so they knew my age. (15) DOB: 9/30/1959 I have permanent back restrictions since 2005. Management keeps trying to get me to use a push cart when I have a 20 lifting restrictions. I can intermittently lift up to 20 pounds 1 hour in a 8 hour day. The push cart weighs over 20 pounds and I will hurt myself more lifting it. On July 11, 2007 the Postal Service had me go for a Fitness for Duty examination. Dr. Julie Wehner at 3000 North Halsted, Ste. 611, Chicago, IL 60611 (773) 296-3900. It was a 1 hour and 45 minute drive from my house. The doctor didn't have my medical records in her file and I read part of a letter from the Postal Service to her saying that they want her to return to back to full duty. The doctor touched my back had me put my hands over my head, behind my back, walk on my toes and heel. She had my doctor fax my latest MRI's to her and in 5 minutes she determined nothing is wrong with me. Dr. Wehner told me I'm writing a report to tell them to return you to full duty with no restrictions. She went on to say I don't know how your doctor said you needed permanent restrictions when you don't. I told her I can't carry a mail bag with weight in it because it hurts so bad for me

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed |
|---|---|
| Ms Carla Hill | 7/19/07 |

PS Form 2569, March 2001

| | Page No. | No. Pages | Case No. |
|---|---|---|---|
| UNITED STATES POSTAL SERVICE ® EEO Investigative Affidavit *(Continuation Sheet)* | 6 | 13 | 4J-604-0088-07 |

to do the work I'm doing now and I haven't did bag carrying in 4 years. Management is going to try to force me back to carrying and I'm hurt for real. The clerk position is a reasonable accommodation for me because there is a full time regular position open and it's the same grade as the letter carrier. The position is well within my medical restrictions and would prevent any further injury to me. Management has a problem with my back impairment due to the disparate treatment I receive from them. Other employees at work have had no problems with them just me. Tim Gudowski a white male clerk at our office suffed an on-the-job injury in March 2007. He wasn't pre-ded or given a letter of warning just me. (16) Yes management is aware of my physical impairment because I go to the doctor with a CA-17 every month. My O.I.C. Beverly Greene told me that their is no such thing as permanent restrictions but that's what my doctor writes every month. (17) Management has my medical documentation relating to my physical impairment from me, and whatever else they requested from my doctor. I provide a CA-17 every month from my doctor, I bring it back to work and give it to my supervisor Cynthia Simon-Pruitt and she gives it to the O.I.C. Beverly Greene who sends a copy to Dedra Morris at Injury Compensation at Bedford Park (18) I don't remember exactly EEO case number 4J-604-0132-06 was filed around or about 6/2/2006. Back in February 2007 EEO case number 210-2004-00152X agency number 4J-604-0161-02 and 4J-604-0016-04 were remanded back to the agency for investigation by the EEOC Commission in Washington, D.C. I filed another EEOC on March 29, 2007 4J-604-0088-07. The management officials involved on 4J-604-0132-06 were Renee Waters Supervisor and Beverly Greene Officer In Charge; 4J-604-0161-02 and 4J-604-0016-04 were management officials James Ascauldo Supervisor, Zerex Veal Officer In Charge, 4J-604-0016-04 were James Ascauldo Supervisor Patrick Kalaughn

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed |
|---|---|
| Ms. Carla Hill | 7/19/07 |

PS Form 2569, March 2001

| | Page No. | No. Pages | Case No. |
|---|---|---|---|
| UNITED STATES ® POSTAL SERVICE | 7 | 13 | 4J-604-0088-07 |

EEO Investigative Affidavit *(Continuation Sheet)*

Postmaster, 4J-604-0088-07 management officials Cynthia Simon-
Pruitt Supervisor, Beverly Greene officer IN charge. (19) The current
management officials are aware of my prior EEO activity. I know Beverly
Greene told me what James Ascauddo told her about my prior EEO's
against him. Cynthia Simon Pruitt knows from Beverly and I have
discussed it with them both as well. I filed a previous EEO complaint
involving Beverly Greene Officer IN Charge; 4J-604-U132-06. (20)
Once the scheduling order was sent by the Administrative Judge In
February 2007 the management officials started harassing me daily
about things. The disparate treatment was quite obvious to even fellow
Co-workers. (21) I have never been disciplined for job performance in
my 11 years and 8 months working there. (22) Robert McGee, Cynthia
Simon Pruitt Supervisor, 37 years old, no physical limitations, no prior
EEO activity. Cynthia Simon-Pruitt told me that policy is if you call in
the day before or the day after the holiday you are not entitled to be paid,
LWOP unless you have doctor's documentation. Robert McGee called in the
day after christmas 12/26/2006 and Cynthia paid him and never asked him
for any documentation. I called in sick 3/15 and 3/16 three days before
a holiday and I had a doctor's note from the doctor on 3/15/07 and
wasn't paid. Management made an adjustment in May for 8 hours
and 8 hours I still haven't paid for. Teneisha Durrough, Cynthia
Simon-Pruitt Supervisor, 32 years of age, no physical limitation, no prior
EEO activity. Teneisha was issued a letter of warning in November 2006
for Failure to Work IN A Safe Manner. Her letter of warning was
reduced to a verbal discussion when I filed her grievance was filed
by then union steward Marge Nemeth. I was Issued a letter of
warning 3/22/2007 for Failure To Work IN A Safe Manner and when

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed |
|---|---|
| Ms Carla Hill | 7-19-07 |

UNITED STATES ®
POSTAL SERVICE

**EEO Investigative Affidavit** *(Continuation Sheet)*

| Page No. | No. Pages | Case No. |
|---|---|---|
| 8 | 13 | 4J-604-0088-07 |

I filed my grievance with Cynthia Simon-Pruitt asking for it to be reduced to a verbal discussion. Cynthia replied "Oh no I can't do that. The step was grieved by my union Vice President Robert Whitehead with Beverly Greene Officer IN Charge who also wouldn't reduce it. My letter of warning was then reduced to a verbal discussion. Marlene Seitz, Cynthia Simon-Pruitt Supervisor, Age unknown maybe late 50's, Had knee surgery this year not able to walk to deliver her route now, light duty not an on-the job injury. Management is recomadating her daily by giving all her walking to another regular carrier and taking mounted delivery from the carrier so she has enough hours. Marlene is treated more favorably than me because from December 2003 until July 28, 2004 I was on light duty. Management officials sent me home for 7 months with less than 4 hours a day. I wasn't allowed to do mounted delivery like Marlene. I wasn't allowed to pick up and deliver Express Mail like Marlene is. I wasn't allowed to case any mail in the office as Marlene is not even on my own route. These were all within my medical restrictions then and James Fiscaldo and Patrick Kavaugh wouldn't allow me to work causing me $25,000 in lost wages and financial hardship. The emotional pain and suffering and having pain and anxiety attacks were horrific. I have two qrs as a single mother causing great pain to them as well. Marlene Seitz is working 8:00 - 4:30 management changed my hours 10:00 - 6:30 the first day I returned back to work on July 16, 2007. I am not being allowed to case mail yet again being on limited duty with an on-the job injury. Marlene is casing mail on light duty on various routes as well as her own. My doctor said casing is fine with my left hand and my D.I.C. Beverly Greene told me you will have to case with your left hand and now she won't. Being at work until 6:30 will cause my

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed |
|---|---|
| Ms Carla Hill | 7-19-07 |

PS Form 2550, March 2001

UNITED STATES
POSTAL SERVICE ®
**EEO Investigative Affidavit** (Continuation Sheet)

| Page No. | No. Pages | Case No. |
|---|---|---|
| 9 | 13 | 4J-604-0088-07 |

10 year old son be at home also from 3:30 to 6:30. My oldest son is in high school and plays on the basketball team. Before my hours were changed I would take a no lunch and leave work at 4:00 so my son would only be home by himself for 30 minutes not over 3 hours as it will now be. (23) Retaliation and harassment aren't contract violations but civil violations that can be addressed through the EEO process. Age discrimination and disability discrimination are addressed under the ADA. (24) There are witnesses in my office but they won't tell anything for fear of losing their jobs for telling on them. (25) The resolution I am seeking is to be made whole for all lost wages from 2003 until now. All sick and annual leave taken restored to their proper banks to me. All harassment, disparate treatment and retaliation to cease and desist. Past, present and future management officials. Cease and desist from trying to put me back on the street back carrying when I am hurt and can't do it. Cease and desist from removal from the Postal Service because I am hurt from an on-the-job injury. If I can't get a regular clerk position I would like to become a Post Master for the Postal Service. All late fees incurred due to the denial of COP by Pedra Morris Injury Compensation which has caused my bills to be late and me having to borrow $$,000.00 for my expenses. I want that paid back from EEOH settlement of this EEO. $ 52,000.00 compensatory damages for pain and suffering. Prescriptions prescribed by the doctor for my emotional distress not having any money and not knowing where it was going to come from since from April 9 until now July 17, 2007 I still haven't received any wages. (26) (22) This is continued from above Kendra McGhee, Cynthia Simon-Pruitt-Supervisor, 33 years of age, no physical limitation, no prior EEO activity. Kendra is treated more favorably by

I declare under penalty of perjury that the foregoing is true and correct.

Affiant's Signature
Ms Carla Hill

Date Signed
7-19-07

PS Form 2569, March 2001

| Name | Case No | Page No. | No. of pages |
|---|---|---|---|
| Carla H. Hill | 4J-604-0088-07 | 2 | 2 |

5. Did any of the difficulties for which you checked "Yes" in items 1-4 exist prior to the act(s) of discrimination alleged in your complaint?

☒ Yes          ☐ No

If yes, please complete question 6 below.

6. Describe for each pre-existing condition how that condition was made worse by the act(s) of discrimination alleged in your complaint. Begin each description with the item number of page 1 (items 1 through 4) to which it pertains.

#I suffered from a new thoaric back injury on 3/22/2007. I have terrible back pain and take Celebrex for it.

7. Is there any other information or evidence regarding your claim for entitlement to compensatory damages that you want to include with this affidavit?

☒ Yes          ☐ No

If yes, please provide a full explanation of the information you wish to include. Attach additional pages if necessary.

My back injury causes me no lifting over 30 pounds permanent restrictions. The Postal Service is implementing a new program in 2008 to remove carriers with permanent restrictions. I've applied to several companies but no will hire me with a back condition. I feel compensation for life would be fair entitlement since now I won't be able to work at a company making a decent salary as now to be able to survive and take care of my children.

## IMPORTANT!

You must attach or provide the investigator with copies of documentation, such as bills, doctor's statements, pharmacy bills, statements from other persons, or other paperwork relevant to the difficulty that you claim is related to the discriminatory act(s) alleged in your complaint. If you do not have copies of your documentation, you may provide the original to the investigator who will copy relevant records and return the original documents to you. Alternatively, for medical information and records, you may provide a signed authorization from your health care provider to the investigator permitting him/her to obtain information directly from your health care provider or pharmacy. Or, you may sign a medical information release provided by the investigator if you prefer.

**Privacy Act Notice**

Privacy Act Notice. The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.633a; The Rehabilitation Act of 1973, as amended, 29 U.S.C. 794a; and executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation, to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for the Postal Service employees and other witnesses.

**I declare under penalty of perjury that the foregoing, including any attached sheets, is true and correct.**

| Affiant's Signature | Date Signed |
|---|---|
| Ms Carla Hill | 7/19/07 |

| U. S. Postal Service<br>**EEO INVESTIGATIVE AFFIDAVIT (COMPLAINANT)** | Page No.<br>1 | No. Pages<br>13 | Case No.<br>**4J-604-0088-07** |
|---|---|---|---|

| 1.  Affiant's Name (First, Middle, Last)<br><br>**Carla H. Hill** | 2.  Employing Postal Facility<br><br>**Hazel Crest Post Office** |
|---|---|

| 3.  Position Title<br>**Letter Carrier** | 4.  Grade Level<br>**Q-01M** | 5.  Postal Address and Zip + 4<br>**17541 S. Kedzie Avenue**<br>**Hazel Crest, IL 60429-9998** | 6.  Unit Assigned |
|---|---|---|---|

## Privacy Act Notice/USPS Standards of Conduct

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits;

to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for Investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## Important Information Regarding Your Complaint

This PS Form 2568-A, EEO Investigative Affidavit (Complainant), and the other form mentioned below, are being provided for you to use to fully respond to the accompanying questions. Mail or deliver your completed statement to the EEO complaints investigator within15 calendar days of the date you received the forms. Use PS Form(s) 2569, EEO Investigative Affidavit (Continuation Sheet), as needed, to complete your written statement. Remember to number the top of each page and sign and date the bottom of each page of your statement. If you return your statement by mail, the return envelope must be postmarked on or before the 15th calendar day after the date that you received the affidavit forms.

Failure to complete your statement and return the forms within the allotted time period could result in your complaint being dismissed based upon your failure to proceed. EEOC complaints processing regulation, 29 C.F.R. 1614.107(a)(7). states, in part, [A complaint may be dismissed] "Where the agency has provided the complainant with the written request to provide relevant information or otherwise proceed with the complaint, and the complainant has failed to respond to the request within 15 days of its receipt, or the complainant's response does not address the agency's request, provided that the request included a notice of the proposed dismissal."

7. Statement A(Continue on Form 2569 if additional space is required)

**Q1. You have the right to be accompanied by a representative of your choice when you complete this affidavit and at all times during the EEO process. Please indicate that you are aware of this right and choose to either exercise it or waive it at this time.**

(1) Yes. Diana Hayes, Vice President APWU, PO Box 188, Bedford Park, IL 60499 (708) 563-2946.

(2) Carla Hill, Letter Carrier, 6, Hazel Crest Post Office, 17541 S. Kedzie Ave, Hazel Crest, IL 60429.

(3) I've held this position since November 25, 1995.

(4) Cynthia Simon-Pruitt, Supervisor, Hazel Crest Post Office. Beverly Greene, Officer In Charge, Hazel Crest Post Office.

(5) I called in sick on February 16, 2007 and asked for sick leave because of illness. My supervisor Cynthia Simon Pruitt changed my request because she said it was before a holiday. I called in three days before a holiday. Another carrier Robert McGhee called in sick the day after Christmas 12/26/06 and he was paid not even asked for documentation. Cynthia said the day before.

**I declare under penalty of perjury that the foregoing is true and correct**

| Affiant's Signature<br>*Ms Carla Hill* | Date<br>7/19/07 |
|---|---|

**PS Form 2568-A**, March 2001

POSTAL SERVICE
UNITED STATES ®
**EEO Investigative Affidavit** (Continuation Sheet)

| Page No. | No. Pages | Case No. |
|----------|-----------|----------|
| 2 | 13 | 4J-604-0088-07 |

and the day after a holiday policy is leave without pay without documentation from a doctor. I went to the doctor on 2/15/07 and still wasn't paid. Robert was paid the day after a holiday and did not provide any form of written documentation nor was it requested from him. Robert McGee is also a letter working under the same management officials as myself, working the same hours of duty, but he hasn't had previous EEO activity, and he's not in a protected class as myself. Robert is under 40 years of age. (6) On March 17, 2007 a full-time regular carrier was given a clerk position at our office. I have filed numerous EEO's against management because I was offered a clerk position back in 2000. I have a letter in writing showing that I am listed with the other clerks in our office along with our then postmaster and supervisor. I was offered another clerk position in 2003 which again I wasn't awarded even though I accepted it with a letter in writing. I had an EEO settlement agreement in August 2004 with a clerk position starting in September and the settlement agreement was breached and I wasn't awarded the position again. (7) On March 19, 2007 Supervisor Cynthia Simon-Pruitt told me I had to work on my 6th day in a row. I told her my CA-17 from my doctor clearly states that I can only work 5 day work weeks. Cynthia said my doctor can't tell me how many days I can work only Dedra Mavis from injury compensation can decide that or not. Cynthia told me well you have to come in. I told Cynthia I couldn't because I had made business plans already on my off day. Cynthia said then you can in when you finish conducting business and bring me documentation that you had business to take care of. I called our union President Frank Kiefer who in turn called Ken Miller our Business Agent and Ken called down to the District on Cynthia. The District called Hazel Crest Post Office to tell them they have to honor my medical restrictions from my doctor. I didn't go in that day.

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed |
|---------------------|-------------|
| Ms Carla Hill | 7/19/07 |

PS Form 2569, March 2001

# Evette Renee Young

EEO Contract Investigator
3490 Walnut Ridge
Atlanta, Georgia 30349
eyoung231@msn.com

July 9, 2007

Carla H. Hill
18119 Charlemagne Avenue
Hazel Crest, IL 60429-2226

RE:    Carla H. Hill v. USPS
       Case No. 4J-604-0088-07
       Delivery Confirmation No. 03063030000181348512

Dear Ms. Hill:

As you know, I have been assigned to conduct the EEO Investigation in relation to your
EEO complaint filed against the United States Postal Service. You have amended your
EEO Complaint which requires that additional questions be answered. Please find
attached the amended Affidavit questions. Please answer these along with the questions
sent to you on June 22, 2007. Include all of this information in your package.

Affidavit Questions Part II
PS Form 2568-A (Affidavit for Complainant)
PS Form 2569 (Continuation Sheet)
PS Form 2571 (Certification)

Please review and respond to each of the Affidavit Questions. Please sign and date each
of the Postal forms. Return all of these documents, including your responses to the
affidavit questions in the return envelope within 15 days of receipt.

If you have any questions or concerns, please feel free to contact me at the email address
above.

Sincerely Yours,


Evette R. Young

### AFFIDAVIT QUESTIONS
### Carla H. Hill, Complainant
### AGENCY CASE NO. 4J-604-0088-07

You have the right to be accompanied by a representative of your choice when you complete this affidavit and at all times during the EEO process. Please indicate that you are aware of this right and choose to either exercise it or waive it at this time. (If yes, please state his/her name, position title, and address (zip+4). If no, please indicate in you first statement that you have been advised of representative but waived representative at this time.

**CLAIM:** You allege that you were subjected to discrimination on the basis of Age (DOB; 9/30/1959), Disability (Back), and Retaliation (prior EEO activity) when:

  (1) on February 16 and 17, 2007 she was charged LWOP (leave without pay) instead of the sick leave she requested and as of May 2007, she has not been paid for these days;
  (2) on March 17, 2007, she was denied reasonable accommodations when she was not reassigned to the clerk craft;
  (3) on March 19, 2007, she was assigned to work outside of her medical restrictions;
  (4) on March 22, 2007, she was issued a Letter of Warning charging her with Failure to Perform in a Safe Manner;
  (5) from January 4, 2007 to March 23, 2007, she was required to call the office everyday;
  (6) on April 11, 2007, she was issued a Letter of 7-day Suspension charging her with Failure to Perform in a Safe Manner;
  (7) on April 12, 2007, she was denied COP (continuation of pay); and
  (8) on April 23, 2007 she was issued a Letter of 14-day Suspension charging her with Failure to Follow Instructions.

**ADDITIONAL CLAIMS:** You allege that you were subjected to discrimination on the basis of Disability (Back), and Retaliation (prior EEO activity) when:

  (9) On May 18, 2007, you became aware you had been denied Continuation of Pay and was charged with sick leave.
  (10)    On June 1, 2007, you became aware you had been denied Continuation of Pay and was charged with sick leave.
  (11)    On unspecified dates, the Injury Compensation Specialist returned your requests for pay; and
  (12)    On or about March 20, 2007, a co-worker made disparaging remarks to you.

  27.    You alleged that you have been subjected to on-going harassment from management. Specifically, you alleged that on May 18, 2007 and June 1, 2007, you were denied COP (continuation of pay). Please provide a detail explanation addressing the denial of COP, including the identity of the person who denied your COP. **Please provide documentation to support your testimony.**

1

# AFFIDAVIT QUESTIONS
## Carla H. Hill, Complainant
### AGENCY CASE NO. 4J-604-0088-07

28. You alleged that on unspecified dates, the Injury Compensation Specialist returned your requests for pay. Please provide a detail explanation addressing the circumstances of this incident, including any documentation that supports your testimony.

29. You alleged that on March 20, 2007 a co-worker made disparaging remarks to you. If you have any knowledge of this event, please provide a detail explanation addressing Ms. Carpenter's allegations. **Please include in your response the circumstances of this incident, including the name of the co-worker who made the disparaging remarks, the exact nature of the remarks, who in management did you complain to regarding these remarks and what was management's response to your complaint.**

30. You alleged that the above-mentioned actions against you were in retaliation for your **prior EEO activity.** Were the management officials you named in this complaint aware of your prior EEO activity? If so, how was he or she made aware of your prior EEO activity? Were the management officials named in this complaint also named in your prior EEO? If so, please identify the complaint by EEO number.

31. Please explain in detail why you believe that your prior EEO activity motivated management's decisions in this case.

32. 29. You alleged that the above-mentioned actions against you were because of your physical disability. Please explain in detail why you believe that your disability motivated management's decision in this case.

33. 30. Please identify other similarly situated employees who were treated more favorably than you. Include in your response, name of employee, name of that employee's supervisor, the age of the employee, whether that employee has a physical limitation, whether that employee has filed a prior EEO complaint, and the circumstances as to why you believe that employee was treated more favorable than you.

34. 31. What rules, contract provisions, or policies do you believe are applicable to your EEO complaint? **Please provide a copy of all rules, contract provisions or policies that are applicable.**

35. 32. Are there any witnesses you desire to be interviewed concerning the alleged discrimination? If so, identify the name of the witness, work location, telephone number, and state what information the named witness can provide that will be beneficial to the investigation of this complaint.

2

| | Page No. | No. Pages | Case No. |
|---|---|---|---|
| **POSTAL SERVICE** / **UNITED STATES** ® / EEO Investigative Affidavit *(Continuation Sheet)* | 16 | 13 | 4J-604-0088-07 |

management because of favoritism. Kendra is much younger than me, has no physical limitations and less seniority than me in the office and years of service. I am 15 years old than Kendra with a physical disability and management awarded her a clerk position not me. Kendra was a letter carrier like myself until March 2007 when Beverly Greene officer in charge awarded her the position. I was not considered as a reasonable accommodation with permanent restrictions from my doctor. Beverly told me there is no such thing as permanent restrictions and the disparity is real obvious when it comes time. If I had been awarded the position back in 2000 as it had been started I wouldn't be hurt now. (26) Jerry Brown; letter carrier on limited duty, white male, supervised by Cynthia Simon-Pruitt, working the same work hours, over 40 years of age, received a 14 day suspension from Cynthia and it was expunged by Beverly Greene O.I.C. My 14 day suspension was not expunged until it went through arbitration. I also want to include that I have been subjected to discrimination on the basis of disparate treatment under the ADEA. (27) I received a signed copy of my 3971 for COP from Dedra Morris Injury Compensation Specialist. I received a letter from Dedra Morris saying that she wanted me to change my CA-1 for traumatic injury to CA-2A for recurrence. Dedra is not a doctor so who is she to decide if I have a new injury or not? I had a new injury and filled out a CA-1. I was told by Beverly Greene if I didn't change and fill out a CA-2A after I had claimed new injury I would not be paid. (28) I sent my CA-7's to Dedra May 11, 2007 for payment of April. Dedra sent them back I need for you to fill out a time analysis form. I sent the forms back to her June 11, 2007. Dedra sent them back now I need to know the amount of time for each day.

I declare under penalty of perjury that the foregoing is true and correct.

Affiant's Signature: Ms Carla Hill

Date Signed: 7-19-07

PS Form 2569, March 2001

| | Page No. | No. Pages | Case No. |
|---|---|---|---|
| UNITED STATES ® POSTAL SERVICE<br>EEO Investigative Affidavit *(Continuation Sheet)* | 11 | 13 | 4J-604-0088-07 |

I called her to ask her why the firms keep coming back to me. I can put down an estimate of time taken when I left early from work for doctor's appointments. Once I stopped working the time is for 8 hours a day. Dedra is not going to pay for 8 hours of pay because I write it down. Dedra is checking my clock rings from management to see how much time I should be paid for and I know it. Now here it is July 19, 2007 and I still haven't been paid. (29) The co-worker that made the disparaging remarks to me is Marge Nemeth. The remarks made to me were insulting, humiliating and obviously discriminatory. Marge is the former union steward in our office I went to the union Vice President Rob Whitehead (708)647-0222. I was going to file a complaint against her and he said I don't like when union employees fight against each other. He said I will talk to Marge about this instead. Rob did talk to Marge about what happened and she denied it happened. Marge said to me on the workroom floor in front of all the carriers "Carla you need to find yourself a real job"! Marge said "Quit and find yourself a real job" I told Marge "I already have a real job". Marge then said "You don't blame management do you for giving Kendra a clerk job over you do you?". I told Marge "I am just as qualified as she is for the job". Marge said "I don't blame them I would have given the clerk job to Kendra over someone like you who is injured any day? I didn't say anything else after that. The carriers present when Marge was saying that to me was Robert McGee, Cecilia Stipes(cc), Donald Duntzler, John Fayman, Jerry Brown, Michelle Jones, Darlene Newbury. (30) Management is aware of my EEO activity because they talk to the former supervisor James Tiscauldo and Beverly Greene told me that, Beverly Greene was in a prior EEO case number 4J-604-0132-06. (31) I filed a case in U.S. District Court in June 2006 not to mention the EEO's I've filed.

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed |
|---|---|
| M Carla Hill | 7-19-07 |

| | | Page No. | No. Pages | Case No. |
|---|---|---|---|---|
| **UNITED STATES** ® **POSTAL SERVICE** | | 12 | 13 | 4J-604-0088-07 |

**EEO Investigative Affidavit** *(Continuation Sheet)*

My former fiancee' John Garcia was removed by management July 22, 2004 and they have been trying to remove me as well ever since. Kendra McGhee the new clerk in the office told me James Trivauldo wants to get rid of you from the Postal Service. Kendra went on to say that Jim asked me to help him get rid of you by me doing something to you for him. Kendra went on to say I can't tell you right now what he wanted me to do to you maybe later I will tell you. Kendra went on to say that Jim promised to give me a clerk position if I help him get rid of you! I didn't do it though said Kendra but obviously she did something because she is now a clerk. Kendra told me this about the spring of 2006 and a year later Kendra became a clerk. I have more seniority in the office than she the position wasn't posted we just were told by management Kendra McGhee is no longer a letter carrier she is now a clerk. Why wasn't every one in the office not made aware of a clerk position so we could have bidded on it? The cases remanded back to the agency for investigation because of a breach of a settlement agreement is before the Commission now on appeal in Washington, D.C. (32) Management constantly harrasses me about my injury. Management has even told me I'm not injured. Beverly Greene. O.I.C. had me in her office in February 2007 telling me I need to tell my doctor I am capable of doing more work and that my doctor works for me and he'll do what I tell him. My doctor has told me no to certain job duties that I wanted to try to do and he said it would cause further injury so he wouldn't let me. Management tells the other carriers they have to do more work because of me. Now the carriers dislike me because of it. Marge Nemeth told me it was all my fault that management won't hire any more carriers. Management told Marge Nemeth if I wasn't on limited duty they could hire some help. Since the

**I declare under penalty of perjury that the foregoing is true and correct**

| Affiant's Signature | Date Signed |
|---|---|
| Ms Carla Hill | 7-19-07 |

PS Form 2569, March 2001

Carriers are working 6 days a week sometimes 10-12 hours a day they are mad at me because it's been told to them that it's because of me being injured that they have to work all those hours and they believe it. Management has created a hostile work environment for me and practically no one there talks to me because of them and Marge Nemeth who also tells the carriers things as well. Management told me that they want me to return to full duty with no restrictions and in a letter sent to the Postal Doctor that I went to on July 11, 2007 I saw the letter. Why are they so determined to hurt me further? (33) The same as number 22 and number 26 (34) The same as number 23 (35) You can question Jerry Brown, Hazel Crest Post Office, (708) 721-0736 Jerry has worked with me for years and can provide information regarding the physical assault I experienced at work by James Ascauldo, Suzanne Hankins and Bridgette Robinson and discrimination. Annie Blue can also give information regarding this. Annie's phone number is (773) 776-5890. Diana Hayes, Bedford Park location, (708) 563-2946 Diana has been aware of my EEO activity with management since 2004. Please contact them at these phone numbers not at work. Management will threaten to remove them if they give information as they have done in the past. "End of Statement."

I declare under penalty of perjury that the foregoing is true and correct.

Affiant's Signature
Ms Carla Hill

Date Signed
7-19-07

PS Form 2569, March 2001

| U.S. Postal Service | Case No. |
| **Certification** | **4J-604-0088-07** |

I have read the proceeding attached statement, consisting of ___ pages, and it is true and complete to the best of my knowledge and belief. In making this statement, I understand Section 1001, Title 18 of the U.S. Code which states:

"Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme or device a material fact, or makes any false, fictitious or fraudulent statements or representation, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

## Privacy Act Notice

Privacy Act Notice: The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.833a; The Rehabilitation Act of 1973, as amended, 29 U.S.C. 794a; and executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for the Postal Service employees and other witnesses.

## USPS Standards of Conduct

Postal Service Regulations require all postal employees to cooperate in any postal investigation.

Failure to supply the requested information could result in disciplinary action. (ELM 666)

## Oath / Affirmation

Subscribed and (sworn) (affirmed) before me on the _____ day of _____, 20___.

*(Affiant, sign in the presence of an EEO Complaints Investigator.)*

| Signature of EEO Complaints Investigator | Signature of Affiant |

## Declaration

I declare under penalty of perjury that the foregoing is true and correct.

*(Affiant, sign and date if attached statement was not completed in the presence of an EEO Complaints Investigator.)*

| Signature of Affiant | Date Signed |
| *Mo Carla Hill* | 7-19-07 |

PS Form 2571, March 2001

## D. Comparisons

Explain why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in similar situations

**1.** Robert McGee
(Name of Employee)

Male African American Black Letter Carrier under 40 years of age.
Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: Rob called in sick the day after Christmas 12/26/2006 he was paid sick leave for his day. I called in on Feb 16, 2007 and on Feb 19, 2007 it was a holiday management didn't pay me sick leave. I was charged leave without pay.

**2.** Kendra McGhee
(Name of Employee)

Female African American Black letter Carrier under 40 yrs. of age.
Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: She was given a clerk position in our office and I have more seniority than her in the office and a permanent restrictions from an on the job back injury and I won't ever be able to carry mail and she's not injured. I have an EEO 2004 settlement agreement to become a clerk and it was never honored.

**3.** Tenisha Durrough
(Name of Employee)

Female African American Black Letter Carrier under 40 yrs. of age.
Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: Both of us were issued a letter of warning by Cynthia Simon-Pruitt. Tenisha's letter of warning was reduced to a verbal discussion mine wasn't. When I asked Cynthia why she responded "oh I can't do that"!

## E. Official(s) Responsible for Action(s)

List the name(s) of the official(s) who took the action that prompted you to seek counseling at this time.

| 1a. Name | b. Title |
|---|---|
| Cynthia Simon-Pruitt | Supervisor |
| **c. Office** Hazel Crest Post Office | **d. Grade Level** |

| 2a. Name | b. Title |
|---|---|
| Beverly Greene | Officer In Charge |
| **c. Office** Hazel Crest Post Office | **d. Grade Level** |

*Retaliation/Allegations Only:* Was/were the official(s) listed in Section D above aware of your prior EEO activity?

☐ No  ☑ Yes  If yes, explain how the official(s) became aware: I told them both and other previous managers told them. I'm also union steward and have filed grievances against management.

## F. Resolution

What are you seeking as a resolution to your pre-complaint? Full time regular clerk position with permanance in the Hazel Crest Post Office. $1,300,000 punitive damages for mental pain and suffering. Humility brought on by management for being punitive in awarding me the position. Letter of warning expunged from my file.

## G. Grievance/MSPB Appeal

On the incident that prompted you to seek EEO counseling, have you:

1. Filed a grievance on the same issue?  ☐ No  ☑ Yes  If yes, _3/22/07_ (Date)  _Formal_ (Current Step)

2. Filed a MSPB appeal on this issue?  ☑ No  ☐ Yes  If yes, _____ (Date Appeal Filed)

## H. Anonymity

You have the right to remain anonymous during the pre-complaint process.

Do you desire anonymity?  ☑ No  ☐ Yes

## I. Representation

You have the right to retain representation of your choice. *(check one)*

☐ I waive the right to representation at this time.    ☑ I authorize the person listed below to represent me.

| Name of Representative | Representative's Title |
|---|---|
| Diana Hayes | Vice President APWU Union |

| Organization | Telephone Number | Email Address* |
|---|---|---|
| P.O. Box 188 | (708) 563-2946 | |

Mailing Address *(Street or P.P. Box, City, State and Zip +4)*

Bedford Park IL 60499

\* Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s). Include a copy of any written action(s) that caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, it is important for you to submit medical documentation of your disability during the pre-complaint process.

## K. Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses,

grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## L. Authorization

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process *if* like or related to a formal complaint that I have already filed, or *if* the claim(s) constitutes a spin-off complaint. (A spin-off complaint contests the manner in which a previously filed complaint is being processed.) In completing this PS Form 2564-A, *Information for Pre-complaint Counseling*, I recognize that the Manager, Dispute Resolution will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the Manager determines that my claim(s) shall be processed as amendments or appendages to a formal complaint that I have already filed.

Please print your name here

Carla Hill

| Your Signature | Date signed |
|---|---|
| Carla Hill | 4/10/07 |

## Please return this form to:

⌐    National EEO Investigative Services Office
EEO Contact Center
U.S. Postal Service
PO Box 21979
Tampa FL 33622-1979

**U.S. Postal Service**

# Agreement to Extend 30-Day EEO Counseling Process

Case No.

Date of Contact

I, _____, in accordance with 29 C.F.R. §1614.105(e), hereby agree to postpone the final interview and to extend the informal counseling process for a period up to 60 additional days. In signing this agreement, I understand that I retain my right to file a formal complaint if the matter(s) which I raised during counseling is not resolved within 90 calendar days from the date of my first contact with the EEO Office, and at any time thereafter up to 15 calendar days after my receiving my notice of right to file a discrimination complaint.

## Privacy Act Notice

The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a

congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

Signature of Counselee

Date

PS Form **2567-A**, March 2001

# Agreement to Participate in REDRESS®, an Alternative Dispute Resolution Process

Case No.

Date Initiated

I, _____, have been advised that, in accordance with 29 C.F.R. §1614.105(f), I have the option of participating in mediation instead of the counseling process. The EEO complaints processing office has given me information about the mediation procedure, and I voluntarily agree to participate in REDRESS® mediation during the pre-complaint processing period. I am aware that REDRESS® mediation sessions are confidential, and that resolutions reached during the procedure are handled in the same manner as are resolutions reached during the counseling process. In signing this agreement, I acknowledge that the pre-complaint processing period will be 90 calendar days. If the matter that I brought to the dispute resolution specialist's attention has not been resolved before the 90th day, I have the right to file a formal complaint at any time thereafter up to 15 calendar days after receiving my notice of right to file a discrimination complaint.

## Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

Signature of Counselee

Date

PS Form 2567-B, March 2001

## Allegations of Discrimination Based on Age

| Case No. |
| --- |
|  |

To:  (Full Name and Address)

The Age Discrimination in Employment Act (ADEA) of 1967, as amended, prohibits discrimination in employment on the basis of age (40 years or older).  The ADEA allows persons claiming age discrimination to go directly to court without going through an agency's administrative complaint procedures.  The following information is being provided to you to explain the procedures concerning age discrimination.

If your complaint alleges age discrimination, you may bypass the administrative complaint process by electing not to file a formal complaint and instead filing a civil action in an appropriate U.S. district court.  Before filing suit in U.S. district court, you must file a notice of intent to sue with the Office of Federal Operations, Equal Employment Opportunity Commission. You must file the notice within 180 calendar days of the date of the alleged discriminatory action.  Once you have timely filed the notice of intent to sue with the EEOC, you must wait at least thirty (30) calendar days before filing a civil action.

A.  *Notices of intent to sue must be mailed to the EEOC at the following address:*

                EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                OFFICE OF FEDERAL OPERATIONS
                FEDERAL SECTOR PROGRAMS
                P.O. BOX 19848
                WASHINGTON DC 20036-9848

*or delivered to:*

                EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                OFFICE OF FEDERAL OPERATIONS
                FEDERAL SECTOR PROGRAMS
                1801 L STREET, NW
                WASHINGTON DC 20507-0001

*or faxed (if no more than 10 pages) to:*

                OFFICE OF FEDERAL OPERATIONS
                FEDERAL SECTOR PROGRAMS
                (202) 663-7022.

B.  *The notice of intent to sue should be dated and must contain the following information:*

        (1)      Statement of intent to file a civil action under section 15(d) of the Age Discrimination in
                  Employment Act of 1967, as amended;
        (2)      Name, address, and telephone number;
        (3)      Name, address, and telephone number of your designated representative, if any;
        (4)      Name and location of the Postal facility where the alleged discriminatory action occurred;
        (5)      Date on which the alleged discriminatory action occurred;
        (6)      Statement of the nature of the alleged discriminatory action(s); and
        (7)      Your signature or your representative's signature.

C.  If you choose to file a formal EEO complaint, you must exhaust your administrative remedies before you can file a civil action.  29 C.F.R. §1614 provides that you exhaust administrative remedies under the ADEA:  (1) 180 days after filing a complaint, if the Postal Service has not taken final action and you have not filed an appeal; or (2)  within 90 calendar days after receiving a final action by the Postal Service; or (3) 180 days after filing an appeal with the EEOC;  if the Commission has not issued a final decision; or (4) within 90 days after receiving the Commission's final decision on appeal.

| Signature of Dispute Resolution Specialist | Date Issued | Your Signature | Date Received |
| --- | --- | --- | --- |
|  |  | *Ms Carla Hill* | 2/4/07 |

PS Form **2563-B**, March 2001

## Privacy Act Notice

† ▪ **Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## Instructions

A.  Use this form to file a formal complaint if you are an employee or applicant for employment who believes that you have been discriminated against by the Postal Service because of your race, color, religion, sex, age (40+), national origin or disability. You must have presented the matter to an EEO dispute resolution specialist within 45 calendar days of the date the incident occurred, or, if a personnel action was involved, within 45 calendar days of the effective date of the personnel action.

B.  Unless you have agreed to extend the 30-day period for an additional 60 calendar days, you will receive a notice of right to file a formal complaint within 30 calendar days from the date of your first contact with the EEO Office. You must file your formal complaint within 15 calendar days of the date on which you receive your notice of right to file. If you do not receive a notice of right to file within the appropriate time period, you may file a formal complaint at any time thereafter, up to 15 calendar days after receiving the notice.

C.  If you have agreed to participate in alternative dispute resolution (ADR), the informal process must be completed within 90 calendar days of your first contact with the EEO office. You have the right to file a formal complaint at any time thereafter, up to 15 calendar days after you have received your notice of right to file.

D.  Your notice of right to file contains the address where your formal complaint must be mailed or delivered. The formal complaint will be deemed timely if it is received or postmarked before the expiration of the 15-day filing period, or, in the absence of a legible postmark, if it is received by mail within 5 days of the expiration of the filing period.

E.  The time limits for filing a formal complaint may be extended if you show that you were prevented by circumstances beyond your control from timely submitting the complaint, or if you present other reasons considered sufficient by the Postal Service.

F.  If you need help preparing this form, you may obtain assistance from a representative of your choice. You may also seek guidance from the dispute resolution specialist who issued you the notice of right to file.

G.  Your formal complaint must be in writing and must be signed and dated by you or your attorney. You are entitled to a representative of your choice at all stages of the EEO complaint process; however, only an attorney can sign official EEO documents on your behalf.

H.  If your written complaint is accepted, it will be assigned to an EEO complaints investigator who will provide you with an opportunity to present all the facts that you believe resulted in the alleged discrimination. The EEO complaints investigator will conduct a thorough review of the circumstances under which the alleged discrimination occurred.

I.  While your complaint is under investigation, you may amend it to add claims that are like or related. Contact the EEO office for the address where your written amendment request must be mailed or delivered.

J.  You and your representative will each be provided a copy of the completed investigative file. You have the right to request a hearing within 30 calendar days of the date you receive the investigative file by mailing or delivering your request to the appropriate Equal Employment Opportunity Commission (EEOC) District Office with a copy to the area Manager, EEO Compliance & Appeals. If you are represented by an attorney, the 30-day period will begin on the date your attorney receives a copy of the case file. Instead of requesting a hearing, you may request an agency decision without a hearing and the head of the agency or his/her designee will issue you a decision letter with appeal rights.

K.  If you request a hearing, the EEOC will appoint an administrative judge (AJ) to conduct the hearing. The AJ will notify you and the Postal Service of the right to seek discovery prior to the hearing to develop evidence reasonably on matters relevant to the issues raised in the complaint(s) to be heard. Attendance at the hearing will be limited to persons the administrative judge determines have direct knowledge relating to the complaint. Hearings are part of the investigative process and are closed to the public.

L.  Following the hearing, the AJ will send you copy of the hearing record, including the transcript and his/her decision. The head of the agency, or his/her designee, will review the entire record, including the transcript, and will determine whether or not to implement the AJ's decision. You will receive the agency's notification of final action within 40 days of the date the agency receives the AJ's decision. If the agency's final action will not fully implement the AJ's decision, the agency must appeal to the EEOC. A copy of the Postal Service's appeal will be attached to your notification of final action.

M.  If you are not satisfied with the decision of the AJ, or the agency's final action on the decision, you have the right to appeal within 30 calendar days after receiving notification of the agency's final action. Your appeal must be mailed to the EEOC at the following address:

> EEOC ,
> OFFICE OF FEDERAL OPERATIONS
> PO BOX 19848
> WASHINGTON DC 20036-9848

N.  In lieu of filing an appeal of the agency's final action to the EEOC's Office of Federal Operations (OFO), you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the agency's final action.

O.  You may also file a civil action in an appropriate U.S. district court: after 180 days have passed from the date you filed the complaint, if the final agency action has not been issued and an appeal has not been filed; within 90 days of receipt of the OFO's decision on your appeal; or after 180 days have passed from the date you filed your appeal with the OFO, if there has been no decision issued on that appeal.

P.  Special statutory provisions in Public 93-259 relate to age discrimination. The Public Law sets forth the right to by-pass the administrative complaint processing procedure and file a civil action. For additional information, contact the EEO office.

Q.  Under the Equal Pay Act, you have the right to file a civil action without exhausting the administrative procedures.

R.  You must keep the EEO complaint processing office aware of your current mailing address at all times. Failure to notify the EEO complaint processing office and the EEOC of an address change could result in the dismissal of your complaint.



**UNITED STATES**
**POSTAL SERVICE**®

## Allegations of Discrimination Based on Age

| Case No. | |
|---|---|
| | 4J-604-0088-07 |

To: *(Full Name, & Address)*

CARLA H. HILL
18119 CHARLEMAGNE AVENUE
HAZEL CREST, IL 60429-2226

The Age Discrimination in Employment Act (ADEA) of 1967, as amended, prohibits discrimination in employment on the basis of age (40 years or older). The ADEA allows persons claiming age discrimination to go directly to court without going through an agency's administrative complaint procedures. The following information is being provided to you to explain the procedures concerning age discrimination.

If your complaint alleges age discrimination, you may bypass the administrative complaint process by electing not to file a formal complaint and instead filing a civil action in an appropriate U.S. District Court. Before filing suit in U.S. District Court, you must file a notice of intent to sue with the Office of Federal Operations, Equal Employment Opportunity Commission. You must file the notice within 180 calendar days of the date of the alleged discriminatory action. Once you have filed a timely notice of intent to sue with the EEOC, you must wait thirty (30) calendar days before filing a civil action.

A. *Notices of intent to sue must be mailed to the EEOC at the following address:*

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS
FEDERAL SECTOR PROGRAMS
P.O. BOX 19848
WASHINGTON, D.C. 20036-9848

*or delivered to:*

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS
FEDERAL SECTOR PROGRAMS
1801 L STREET, N.W.
WASHINGTON, D.C. 20507-0001

*or faxed (if no more than 10 pages) to:*

OFFICE OF FEDERAL OPERATIONS
FEDERAL SECTOR PROGRAMS
(202) 663-7022.

B. *The notice of intent to sue should be dated and must contain the following information:*

   (1) Statement of intent to file a civil action under section 15(d) of the Age Discrimination in Employment Act of 1967, as amended;
   (2) Your name, address, and telephone number;
   (3) Name, address, and telephone number of the your designated representative, if any;
   (4) Name and location of the Postal facility where the alleged discriminatory action occurred;
   (5) Date on which the alleged discriminatory action occurred;
   (6) Statement of the nature of the alleged discriminatory action(s); and
   (7) Your signature or your representative's signature.

C. If you choose to file a formal EEO complaint, you must exhaust your administrative remedies before you can file a civil action. 29 C.F.R. §1614 provides that you exhaust administrative remedies under the ADEA: (1) 180 days after filing a complaint, if the Postal Service has not taken final action and you have not filed an appeal; or (2) within 90 calendar days after receiving a final action by the Postal Service; or (3) 180 days after filing an appeal with the EEOC if the Commission has not issued a final decision; or (4) within 90 days after receiving the Commission's final decision on appeal.

| Signature of Dispute Resolution Specialist | Date Issued | Your Signature | Date Received |
|---|---|---|---|
| Pamela W. Lee | 04/23/07 | | |

PS Form 2563-B, March 2001

# VERY IMPORTANT

**Carefully read the Notice of Right to File Individual Complaint form prior to completing the EEO Complaint of Discrimination in the Postal Service (PS Form 2565) or commonly referred to as the formal complaint. The instructions on the Notice of Right to File Individual Complaint form clearly spells out the requirements necessary to file a formal complaint. Failure to completely fill out all of the items of the formal complaint, specifically items 14, 15, and 16, may result in the dismissal of your formal complaint.**

**Contact me if you have any questions regarding the filing of the formal complaint.**

EEO FIELD OPERATIONS
Great Lakes

 **UNITED STATES**
**POSTAL SERVICE**

April 19, 2007

Carla H. Hill
18119 Charlemagne Avenue
Hazel Crest, IL 60429-2226

**Re:  EEO Initial Interview**
**Case No. 4J-604-0088-07**

Dear Ms. Hill:

This is in reference to your request for pre-complaint counseling under the Equal
Employment Opportunity Process initiated on March 29, 2007.

I have attempted to contact you by phone to conduct an initial interview to clarify the
issues of your complaint but I have been unsuccessful in reaching you.

It appears that you are raising a claim of disparate treatment based on physical disability
(back), age, and retaliation when the following occurred:

1. On February 16, 2007, you called the toll-free line to request sick leave for
   February 16-18 and was charged with LWOP.
2. On March 17, 2007, another employee was given a clerk position that should
   have been given to you.
3. On March 19, 2007, management tried to force you to come in on your
   nonscheduled day which was against your medical restrictions.  You feel you are
   continually being harassed about providing medical documentation.  You stated
   that Dedra Morris, Injury Compensation Specialist told the Department of Labor
   (DOL) on December 6, 2006 that you were reemployed by the Postal Service
   and had been offered a permanent modified letter carrier position at a higher rate
   of pay and that you accepted it.  Based on that, the DOL terminated your
   benefits.  Three outstanding workman's compensation bills have not been paid.
4. On March 22, 2007, you were issued a Letter of Warning for Failure to Perform
   Duties in a safe Manner.
5. January 4 – March 23, 2007, you were not paid for phone calls you made to the
   office to check to see if there were any Express Mail packages that needed to be
   picked up from Tri-City.
6. On April 11, 2007, you received a Seven-Day Suspension for Failure to Perform
   Duties in a Safe Manner.  This discipline incorrectly cited that you had received a
   Letter of Warning for Failure to Maintain a Regular Schedule issued on March 22.
7. On April 12, 2007, you received a call from management stating your COP was
   denied and asked how you wanted to be paid.

Be advised that my role as an EEO ADR Specialists is that of a third-party neutral. I do not have authority to make decisions or recommendations concerning the ultimate outcome of your dispute. Later, should you file a formal complaint I will not be the one who will make the decision on the acceptability of your claim(s); but claim(s) may be dismissed for reasons, in accordance with 29 C.F.R. 1614.107, i.e., failure to state a claim, failure to comply with the applicable time limitation.

I need to speak with you to clarify the specific incident dates and issues. Please contact me as soon as possible to discuss your complaint. I can be reached Monday-Friday, 8 a.m. to 4:30 p.m. at 708-563-7661.

Thanks for your assistance in this matter.

Sincerely,

Pamela D. Gee
EEO ADR Specialist

National EEO Investigative Services Office


**UNITED STATES**
**POSTAL SERVICE**

UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY
IN THE MATTER OF:

CARLA H HILL                                    )
18119 Charlemagne Avenue          )          **Delivery Confirmation Complainant:**
Hazel Crest IL  60429-2226            )          0306 3030 0002 7428 3263
   Complainant,                          )          **Delivery Confirmation Representative:**
                                 )          0306 3030 0002 7428 3331
     v,                                          )
                                   )          **Agency Case Number:** 4J-604-0088-07
JOHN E. POTTER                              )
Postmaster General                        )
United States Postal Service          )
Great Lakes Area                           )
   Respondent.                             )          **Date Formal Filed:** 5/7/2007
——————————————)

### ACCEPTANCE FOR INVESTIGATION

We have received your complaint of discrimination filed on May 7, 2007.  Enclosed is a copy of the PS Form 2570, EEO Dispute Resolution Specialist's (DRS) Inquiry Report for your reference in this case. Your complaint has been accepted for investigation.  The scope of the investigation will include the following issue(s) only:

➢ <u>Specific Issue(s):</u> The Complainant alleges discrimination based on Age (DOB: 9/30/1959), Physical Disability (Back), and Retaliation (prior EEO activity)[1] in that she was subjected to a hostile work environment when, including but not limited to:

➢ (1) on February 16 and 17, 2007 she was charged LWOP (leave without pay) instead of the sick leave she requested and as of May 2007, she has not been paid for these days;

➢ (2) on March 17, 2007, she was denied reasonable accommodations when she was not reassigned to the clerk craft;

➢ (3) on March 19, 2007, she was assigned to work outside of her medical restrictions;

➢ (4) on March 22, 2007, she was issued a Letter of Warning charging her with Failure to Perform in a Safe Manner;

---

[1] It is noted that you added *Disparate Impact under ADA (Americans with Disabilities Act)* as one of the types of discrimination you are alleging. This is not a recognized factor of discrimination under EEO Law in the Federal sector.  However, you also cited Disability as one of your factors and it will be addressed during the investigation in accordance with the *Rehabilitation Act of 1973, as amended.*

2

➢ (5) from January 4, 2007 to March 23, 2007, she was required to call the office everyday;

➢ (6) on April 11, 2007, she was issued a Letter of 7-day Suspension charging her with Failure to Perform in a Safe Manner;

➢ (7) on April 12, 2007, she was denied COP (continuation of pay); and

➢ (8) on April 23, 2007 she was issued a Letter of 14-day Suspension charging her with Failure to Follow Instructions.

NOTE: If your complaint involves an allegation of age discrimination, the Postal Service is required by the Age Discrimination in Employment Act of 1967, as amended, to advise you that you may consult with an attorney should you desire to do so before signing any agreement resolving your complaint of age discrimination.

If you do not agree with the defined accepted issue(s), you must provide a written response specifying the nature of your disagreement within seven (7) calendar days of receipt of this letter to the EEO Services Analyst at the address below. You are reminded that any notification of disagreement with the defined accepted issues is not an opportunity or forum to raise additional, unrelated allegations of discrimination. Additional unrelated issues must be pursued through established procedures with your local EEO Office.

Your case will be assigned for investigation. Please be prepared to go forward with your case and provide an affidavit when the Investigator contacts you in the near future.

The investigation of the accepted issues will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days. Should you seek to amend the complaint, the amendment will extend the time for processing an additional 180 days from the date of the amendment with the total allowable time for processing the complaint and all amendments no more than 360 days.

If you have a grievance pending on the same issue(s) as those addressed in your complaint of discrimination, the agency may, at its discretion, defer the processing of this complaint until the grievance procedure has run its course and there has been a final resolution of the grievance. When an investigation is deferred, pending the outcome of the grievance process, the 180-day time period for processing the complaint is stopped temporarily, and does not restart until the grievance is resolved. If your complaint is deferred, you will be notified, in writing, of the options which may be available to you as a result.

When the investigation is completed, you will receive a copy of the investigative report, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge or of your right to a final decision by the agency head or designee

3

without a hearing. You may request a final agency decision without a hearing, at the appropriate time, by writing the NEEOISO-FADS, P.O. Box 21979, Tampa, FL 33622-1979.

You may request a hearing by an EEOC Administrative Judge by notifying, in writing, the District Director of the EEOC at the following address:

> Chief Administrative Judge
> EEOC Chicago District Office
> 500 W Madison St #2800
> Chicago IL 60661-2511

You must make your hearing request within 30 calendar days of your receipt of the investigative report and you must provide the Manager NEEOISO-Hearings, P.O. Box 21979, Tampa, FL 33622-1979 with a copy of that hearing request. If you do not receive your investigative report and notification concerning your appeal rights within 180 calendar days from the date on which you filed your formal complaint, you may request a hearing by writing directly to the EEOC District Office shown above, with a copy to the Manager NEEOISO-Hearings, P.O. Box 21979, Tampa, FL 33622-1979.

If you are dissatisfied with the Postal Service's final agency decision where there has been no hearing, or with the Postal Service's final action on the decision of an Administrative Judge following a hearing, you have certain appeals rights. You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), at the address shown below, within 30 calendar days of the date of your receipt of the final agency decision or you may file a civil action in the appropriate U. S. District Court within 90 calendar days of your receipt of the decision.

You may also appeal a final action by the Postal Service implementing a decision of an Administrative Judge following a hearing within 30 calendar days of the date of your receipt of that final action or you may file a civil action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action. Finally, you may respond to an appeal by the Postal Service in connection with its final action not to implement a decision of an Administrative Judge following a hearing or you may file a civil action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action and appeal.

Any appeal to the EEOC should be addressed to the Office of Federal Operations, Equal Employment Opportunity Commission, P. O. Box 19848, Washington, DC 20036-9848. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to NEEOISO-FADS, P.O. Box 21979, Tampa, FL 33622-1979.

4

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U. S. District Court if the Postal Service has not issued a final decision on your complaint or if no final action has been taken on a decision by an Administrative Judge.

If you decide to appeal to the Office of Federal Operations, EEOC, you may file a civil action in an appropriate U. S. District Court within 90 calendar days after your receipt of the Office of Federal Operation's decision.   If you do not receive a decision on your appeal within 180 calendar days from the date of your appeal, you may file a civil action.

Joceline Height
EEO Services Analyst

5/17/07
Date

U.S. Postal Service
# EEO Dispute Resolution Specialist's (DRS) Inquiry Report

| Case No. |
| --- |
| 4J-604-0088-07 |

### NOTICE OF RESTRICTED USAGE

Access to, and usage of, this EEO report is restricted by both the Freedom of Information Act and the Privacy Act to: (1) the complainant and his or her representative, and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The report must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).

## Complainant

| Name *(Last, First, MI)* | | Social Security No. |
| --- | --- | --- |
| HILL, CARLA H. | | 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 |

| Home Address *(No., Street, City, State, ZIP + 4)* | Work Address *(Facility Name, No., Street, City, State, ZIP + 4)* |
| --- | --- |
| 18119 CHARLEMAGNE AVENUE<br>HAZEL CREST, IL 60429-2226 | HAZEL CREST POST OFFICE<br>17541 S. KEDZIE AVENUE<br>HAZEL CREST, IL 60429-9998 |

| Home Telephone No. | Email Address | Office Telephone No. | |
| --- | --- | --- | --- |
| (708) 798-4251 | | (708) 647-0465 | |

| Position Title | Grade Level | Tour | Duty Hours |
| --- | --- | --- | --- |
| LETTER CARRIER | Q-01M | 2 | Varies |

| Off Days *(For Tour I, record of nights)* | Is EEO Poster 72 on display in Complainant's facility? |
| --- | --- |
| Rotating | ☒ Yes, verified on date _____    ☐ No |

| Preference Eligible | Mixed Case | MSPB Appeal Filed? |
| --- | --- | --- |
| ☐ Yes  ☒ No | ☐ Yes  ☒ No | ☐ Yes  ☒ No If Yes, Date Filed: |

## Chronology of Informal Process

| Date of Incident | Date of Initial Contact with EEO Office | Date of Initial Interview |
| --- | --- | --- |
| 2/16/07 | 03/29/2007 | 04/19/2007 |

| REDRESS™ Overview | ADR Election Form Signed | 60 Day Extension Form Signed |
| --- | --- | --- |
| ☒ Yes  ☐ No | ☐ Yes  ☒ No | ☐ Yes  ☒ No If Yes, Expiration Date: |

| Date Complainant Signed or Received Notice of Right to File  04/24/2007 | Date DRS Report Requested  05/10/2007 | Date DRS Report Submitted  05/11/2007 |
| --- | --- | --- |

## Basis for Alleged Discrimination

Check and Particularize Each that Applies

| | |
| --- | --- |
| ☐ 1. Race (Specify): | ☒ 6. Age (Specify Date of Birth): September 30, 1959 |
| ☐ 2. Color (Specify): | ☒ 7. Physical Disability (Specify): OJI (back) |
| ☐ 3. Religion (Specify): | ☐ 8. Mental Disability (Specify): |
| ☐ 4. Sex (Specify): | ☒ 9. Retaliation (Specify Cited Prior EEO Activity): |
| ☐ 5. National Origin (Specify): | 4J-604-0132-06; 4J-604-0083-05; 4J-604-0101-05; 4J-604-0101-02; 4J-604-0016-04 |

Discrimination Claim(s): **Counselee claims Physical Disability (OJI-Back), Reprisal, and Age discrimination when the following occurred:**
**1. On February 16, 2007, counselee called the toll-free number to request sick leave for February 16-17, 2007 and was charged with LWOP and was not paid.**
**2. On March 17, 2007, another employee was given a clerk position that Counselee feels she should have gotten.**
**3. On March 19, 2007, management tried to force Counselee to come in on her non-scheduled day which was against her medical restrictions.**
**Counselee is being continually harassed about providing medical documentation.**
**4. On March 22, 2007, Counselee was issued a Letter of Warning for failure to perform in a safe manner.**
**5. Counselee was not paid for phone calls from January 4 - March 23, 2007 that she made to office to receive further instructions regarding Express Mail pick-up.**
**6. On April 11, 2007, Counselee received a Seven-Day Suspension for failure to perform in a safe manner.**
**7. On April 12, 2007, Counselee received a call from management stating her COP was denied and she has not been paid for injury treatment time or COP.**

Requested Resolution
**The Complainant requested a full-time regular clerk position in the Hazel Crest Post Office, $300,000 punitive damages for mental pain and suffering, and the Letter of Warning expunged.**

**EEO Dispute Resolution Specialist's Checklist.**

Please check All That Apply.

☒  1.  I informed counselee of the impartial role of the Dispute Resolution Specialist in the EEO complaint process, explained the EEO process, and provided counselee with the booklet, *What You Need to Know About EEO* -- an overview of the EEO process in the Postal Service.

☒  2.  I notified counselee of his/her right to be accompanied, represented, and advised by a representative of his/her choice at any stage in the complaint process. If counselee elected representation, I obtained the following information:

Representative's Name: <u>DIANA HAYES</u>

Title: <u>VICE PRESIDENT, APWU</u>                Telephone Number: <u>(708) 563-2946</u>

Fax No: (       )                                 Email Address: _____

Mailing Address: <u>P. O. BOX 188</u>

         <u>BEDFORD PARK, IL 60499</u>

☒  3.  I advised counselee of his/her right to remain anonymous during pre-complaint counseling and he/she DID <u>X</u> / DID NOT _____ waive anonymity.

☒  4.  I explained the privacy act notice. Counselee signed a copy of the notice prior to the interview.

☐  5.  If a mixed case, I informed counselee of the mixed case election procedures in 29 C.F.R. §1614.302.

☒  6.  If age discrimination was alleged, I informed counselee of the alternate procedures available for pursuing age claims, as outlined in 29 C.F.R. §1614.201.

☐  7.  If a sex based claim of wage discrimination was alleged under Equal Pay Act (EPA), I advised counselee of his/her right to bypass the administrative procedure and file a civil action, as outlined in 29 C.F.R. §1614.408.

☒  8.  If discrimination based on disability was alleged I informed counselee of his/her requirement to submit documentation of his/her disability. Documentation HAS <u>X</u> / HAS NOT _____ been submitted.

☐  9.  If counselee presented his/herself as an agent of a class, I explained the class complaint procedures and the class agent's responsibilities, as outlined in 29 C.F.R.§1614.204.

☒  10.  I informed counselee of his/her requirement to immediately notify the area Manager, EEO Compliance and Appeals and the EEOC if the representative's or his/her mailing address change.

☐  11.  I explained that I will not be the one who will make the decision on the acceptability of counselee's claim(s); but, there is a possibility that, for the reason(s) I have briefly restated below, the claim(s) will be dismissed in accordance with 29 C.F.R.1614.107.

### Dispute Resolution Specialist's Inquiry

Brief Summary of Inquiry (If applicable)

Counselee requested EEO counseling on March 29, 2007 and was given an initial interview in writing on April 19, 2007. Counselee refused REDRESS. She cites OIC Beverly Greene and Supervisor Cynthia Simon-Pruitt as the responsible management officials. Counselee alleges: On February 16, 2007, she called the toll-free number to request sick leave for February 16-17, 2007 and was charged with LWOP and not paid for COP or injury treatments. On March 17, 2007, another employee was given a clerk position that she feels she was entitled to because of a 2004 EEO Settlement. On March 19, 2007, management tried to force her to come in on her nonscheduled day which was against her medical restrictions. Counselee feels she is being continually harassed about providing medical documentation. She stated that Dedra Morris, Injury Compensation Specialist told the Department of Labor (DOL) on December 6, 2006 that she was reemployed by the Postal Service and had been offered a permanent modified letter carrier position at a higher rate of pay and that she accepted it. Based on that information, Counselee said the DOL terminated her benefits. Three outstanding workman's compensation bills have not been paid. On March 22, 2007, she was issued a Letter of Warning for Failure to Perform Duties in a Safe Manner. Counselee was not paid for phone calls she made to the office to check to see if there were any Express Mail packages that needed to be picked up from Tri-City. On April 11, 2007, she received a Seven-Day Suspension for Failure to Perform Duties in a Safe Manner. On April 12, 2007, she received a call from management stating her COP was denied and inquired as to how she wanted to be paid.

### REDRESS™ (Dispute Resolution Specialist complete this section if counselee participated in ADR)

Date of mediation

Disposition
☐ Resolved    ☐ Not Resolved

### Summary of Final Interview

Counselee was given a final interview on , in writing. Notice of Right to File a formal complaint was issued by Priority Mail Delivery Confirmation and explained to the Counselee.

### Privacy Act Notice

The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants

or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Office Address of Dispute Resolution Specialist (No., Street, City, State, and Zip + 4) | Office Address of Manager EEO Compliance & Appeals (No., Street, City, State, and Zip + 4) | |
|---|---|---|
| EEO FIELD OPERATIONS - GREAT LAKES 6801 WEST 73RD STREET BEDFORD PARK, IL 60499-9411 | EEO COMPLIANCE AND APPEALS 244 KNOLLWOOD DRIVE, 2ND FLOOR BLOOMINGDALE, IL 60117-3010 | |
| Specialist's Office Telephone No. (708)563-7661 | Specialist's Office Hours 8 A.M. - 4 P.M. | |
| Signature of EEO Dispute Resolution Specialist *Pamela D. Gee* | Typed Name of EEO Dispute Resolution Specialist PAMELA D. GEE | Date 05/11/2007 |

PS Form 2570, June 2001(Page 3 of 3)

EEO Dispute Resolution Specialist's (DRS) Inquiry Report
PS Form 2570
Continuation Page

OIC Beverly Greene and Supervisor Cynthia Pruitt-Simon responded to the allegations as follows:

1. Supervisor Cynthia Simon-Pruitt stated that on January 20, 2007, Counselee submitted a PS Form 3971 requesting 16 hours of annual leave for February 16 and 17, 2007. The leave was disapproved with the option to resubmit at a later date. Counselee did not resubmit but called in sick on February 16, 2007. Counselee was charged with LWOP because no documentation was received on February 16, 2007 (the end of the pay period). Management stated that the ELM states an absence which is disapproved, is charged LWOP and may be administratively considered as AWOL. Counselee was not charged AWOL and an adjustment was made changing the hours to sick leave.

2. OIC Beverly Greene stated Counselee questioned her as to why she was not considered for a vacant clerk position after another employee was changed to a PTF Clerk. Counselee advised the OIC about her previous EEO settlement. The OIC said she was not aware of the settlement. The OIC stated when she reviewed the August 2004 EEO Settlement it stipulated that Counselee was to provide a medical release from a licensed physician stating she was physically capable of performing the essential functions of the clerk position, which included a permanent release to lift up to 40 pounds and intermittently lifting 70 pounds. Counselee was required to provide this documentation within 14 calendar days of her execution of this agreement. The management officials named in this complaint were not working at the Hazel Crest Post Office at the time the settlement was signed, but to their knowledge, Counselee did not provide the required documentation. Management denies telling her that the clerk position was not given to her because she could not lift 70 pounds.

3. On March 19, 2007, management did request Counselee to come to work on her non-scheduled day, but she did not come to work and there was no corrective action taken. Management denies harassing Counselee about her medical documentation. Management stated they have worked with her and adjusted her duties according to her injuries and her CA-17s. She was asked to go back to her doctor because Counselee's doctor failed to fill out his part of the CA-17. He combined two injuries on one CA-17 and management did not know what injury he was addressing. Management said in order for them to comply with her restrictions, they have to have clear and concise information.

4. Management stated the March 22, 2007, Letter of Warning was warranted because Counselee failed to perform in a safe manner. Supervisor Simon-Pruitt stated Counselee was not reimbursed for her calls to the office. Counselee was not instructed by management to use her cell phone. Employees have the option of returning to the office for instructions or to make phone calls. Cells phones are used by employees on a voluntary basis.

5. On April 11, 2007, a 7-Day Suspension was issued. Management stated Counselee failed to exercise care to avoid a personal injury.

Dedra Morris, Injury Compensation Specialist, Central Illinois District stated Counselee's COP was denied because she had not provided information to clarify her injury. Ms. Morris stated the Department of Labor (DOL) did not terminate her medical benefits. The DOL sent her a letter dated February 26, 2007, stating their office determined that she was capable of working as a modified letter carrier. The effective date was December 6, 2006 which is the effective date of the job offer Counselee signed on December 11, 2006 accepting the assignment. This is an action that DOL performs when a limited duty employee has worked in an assignment for more than 60 days, thereby demonstrating their capability of performing the duties.

It is significant to note that Counselee added a new incident on the PS Form 2565 that she was not counseled on. She was issued a 14-Day Suspension for Failure to Follow Instructions on April 23, 2007.

_Pamela D. Gee_
Signature of EEO Dispute Resolution Specialist

National EEO Services Office

**UNITED STATES**
**POSTAL SERVICE**

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
## IN THE MATTER OF:

CARLA H HILL )
18119 CHARLEMAGNE AVENUE )
HAZEL CREST        IL    60429-2226 )    Delivery Confirmation Complainant        0306 3030 0002 7428 3201
 Complainant, )    Delivery Confirmation Representative  0306 3030 0002 7428 3225
)
v. )
JOHN E. POTTER )
POSTMASTER GENERAL )
)
)    **Agency Case Number**        **4J-604-0088-07**
GREAT LAKES AREA )
U.S. POSTAL SERVICE )    **Date Formal Filed:**            **May 09, 2007**
 Respondent. )

### ACKNOWLEDGEMENT OF COMPLAINT

This correspondence is to acknowledge the receipt of your formal complaint of discrimination referenced above, which is considered to be filed on the date indicated which is the date of the postmark or, if the postmark is illegible, the date it was received in this office.

Your complaint file is being evaluated to determine whether the complaint should be accepted or dismissed. Once that determination is made, you will be advised as to the status of your complaint and provided with a copy of the EEO/ADR Specialist's Inquiry Report.

If your complaint is accepted for investigation, either in whole or in part, it will be assigned to a contract EEO Investigator who will contact you to obtain an affidavit. The Postal Service is required to conduct an impartial and appropriate investigation of your complaint within 180 calendar days of the filing of the complaint unless you and the Postal Service agree in writing to extend the time period. If you amend your complaint by adding issues or claims that are like or related to your original issues, the Postal Service is required to complete its investigation within the earlier of 180 calendar days after the last amendment or 360 calendar days after the filing of the original complaint. However, you may request a hearing before an Administrative Judge on your complaints any time after 180 calendar days from the date you filed your original complaint.

When the investigation is complete, you will receive a copy of the investigative report and at that time you will be advised of your right to elect one of the following options with respect to the further processing of your complaint:

**Agency Case Number 4J-604-0088-07**
**Acknowledgement of Complaint**
**Pg. 2**

OPTION 1:  Request a hearing before an Administrative Judge appointed by the Equal
Employment Opportunity Commission (EEOC) by making the request in writing to:

SUPERVISORY ADMINISTRATIVE JUDGE
CHICAGO DISTRICT OFFICE
500 W MADISON ST #2800
CHICAGO          IL      60661-2511

A copy of your hearing request must also be sent to the following address:

NEEOISO - HEARINGS
U.S. POSTAL SERVICE
PO BOX 21979
TAMPA FL  33622-1979

OPTION 2:  Request that the Postal Service issue a final agency decision on the merits of your
complaint without an EEOC hearing by making the request in writing to:

NEEOISO - FAD
U.S. POSTAL SERVICE
PO BOX 21979
TAMPA FL  33622-1979

If your complaint is not accepted for investigation; i.e.: it was dismissed, you will have the right to
appeal the dismissal.  You will also have the right to appeal any final agency decision or notice of
final action during the processsing of your complaint.  Any appeal of such actions must be sent
to the following address:

OFFICE OF FEDERAL OPERATIONS
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
PO BOX 19848
WASHINGTON DC  20036-9848

A copy of any such appeal must also be sent to the following address:

NEEOISO - OFO
U.S. POSTAL SERVICE
PO BOX 25478
TAMPA FL  33622-5478


_____          5/9/2007
Joceline A. Height                Date
EEO Services Analyst


cc:    Diana Hayes
       PO Box 188
       BEDFORD PARK IL  60499-0188

National EEO Investigative Services Office

**UNITED STATES**
**POSTAL SERVICE**

June 04, 2007

CARLA H HILL
18119 CHARLEMAGNE AVENUE
HAZEL CREST IL 60429-2226

Agency Case Number      4J-604-0088-07

Dear Carla H Hill:

The investigation of the above referenced case has been assigned to:

EVETTE R. YOUNG, CONTRACT EEO INVESTIGATOR

The investigator will contact you regarding the investigation of the referenced complaint. Any questions you may have regarding the investigation should be directed to the investigator.

The investigator may choose the method of conducting the interview and may use written interrogatories or a telephonic interview. If you have any questions or concern about how the investigator is performing, please contact me at the number below or by mail.

Sincerely,

Reginald D. Jefferson
EEO Services Analyst

cc: Investigator Evette R. Young
    Diana Hayes

PO Box 21979
Tampa FL 33622-1979
Tel. (813) 739- 2016
FAX  (813) 739-2098

DIANA HAYES
PO BOX 188
BEDFORD PARK IL 60499-0188

*FMLA Coordinator*
*Central Illinois District*
**UNITED STATES**
**POSTAL SERVICE**

*June 12, 2007*

*Carla Hill*
*PL: 201*
*Hazel Crest, IL.*

*FMLA: Approved*

*Your application for FMLA consideration has met the eligibility criteria of one year of Postal Service and 1250 work hours.  Your medical certificate, dated <u>June 8, 2007</u>, in regards to your serious health condition, was received in the Central Illinois District Family Medical Leave Coordinator's office on <u>June 12, 2007.</u>*

*In a letter dated May 18, 2007, and mailed both certified (7004 1350 0005 1432 0575) and regular mail, you were approved for Family Medical Leave for dates of April 9, 2007 through June 6, 2007.  The letter informed you that any Family Medical Leave requested after June 6, 2007, would require additional Family Medical Leave documentation to be submitted.*

*Your request for leave covered under FMLA, for your serious health condition, has been approved for the following:*

*The health care provider indicated a need for you to take work intermittently, to work on a reduced schedule, or a request for <u>FMLA block leave</u> protection as:*

- *Continuing until June 27, 2007, the date of your next re-evaluation.*

*Please be advised that any request for Family Medical Leave protection after June 27, 2007, in regards to this serious health condition, will require additional Family Medical Leave documentation to be submitted.*

*Your FMLA Case ID # is still 3065501  Please refer to this number, in regards to your current Family Medical Leave approval, in regards to this serious health condition.*

*You are also again advised that your Family Medical Leave entitlement is twelve weeks and/or 480 hours, per year.*

*Once the Family Medical Leave entitlement have been exhausted, all leave requested, in regards to the serious health condition, will not receive Family Medical Leave approval and/or protection.*

*Due to the nature of your serious health condition, you may be required to be cleared before reporting back to work.  Please check with your supervisor and/or your designated FMLA Coordinator, Ms. Cynthia Simon-Pruitt, for return to work clearance procedures.*

## *Return to work clearance is done off-the-clock.*

*If you have any questions, please contact my office Monday through Friday, at (708) 563-7832, upon your receipt of this notification. If I am unavailable, please leave a voice message, with a call-back number, and I will return your call as soon as I report back to my office.*

*Dennis N. Jackson*
*CID FMLA Coordinator*

*Mailed Certified (7006 3450 0001 9248 3341) and regular mail on June 12, 2007.*

*6801 W. 73RD Street*
*Bedford Park, IL. 60499-9998*
*Telephone no:  (708) 563-7832*

EEO FIELD OPERATIONS
GREAT LAKES



*UNITED STATES*
*POSTAL SERVICE*

April 23, 2007

Carla H. Hill
18119 Charlemagne Avenue
Hazel Crest, IL 60429-2226

**SUBJECT:** Notice of Right to File
EEO Case No.:4J-604-0088 -07

Dear Ms. Hill:

This letter is to notify you that I have concluded the processing of your claim of discrimination initiated on March 29, 2007.

In this matter, you claim that you were discriminated against based on physical disability (back), age, and retaliation when the following occurred: *disparate impact under the ADA*

1. On February 16, 2007, you called the toll-free line to request sick leave for February 16-18 and was charged with LWOP.
2. On March 17, 2007, another employee was given a clerk position that should have been given to you.
3. On March 19, 2007, management tried to force you to come in on your nonscheduled day which was against your medical restrictions. You feel you are continually being harassed about providing medical documentation. You stated that Dedra Morris, Injury Compensation Specialist told the Department of Labor (DOL) on December 6, 2006 that you were reemployed by the Postal Service and had been offered a permanent modified letter carrier position at a higher rate of pay and that you accepted it. Based on that, the DOL terminated your benefits. Three outstanding workman's compensation bills have not been paid.
4. On March 22, 2007, you were issued a Letter of Warning for Failure to Perform Duties in a safe Manner.
5. January 4 – March 23, 2007, you were not paid for phone calls you made to the office to check to see if there were any Express Mail packages that needed to be picked up from Tri-City.
6. On April 11, 2007, you received a Seven-Day Suspension for Failure to Perform Duties in a Safe Manner. This discipline incorrectly cited that you had received a Letter of Warning for Failure to Maintain a Regular Schedule issued on March 22.
7. On April 12, 2007, you received a call from management stating your COP was denied and asked how you wanted to be paid.

An inquiry was conducted and management responded:

1. On February 16, 2007- Supervisor Cynthia Simon-Pruitt stated that on January 20, 2007, you submitted a PS Form 3971 requesting 16 hours of annual leave for February 16 and 17, 2007. The leave was disapproved with the option to resubmit at a later date. You did not resubmit but called in sick on February 16, 2007. You were charged with LWOP because no documentation was received on February 16, 2007 (the end of the pay period). The ELM states an absence

which is disapproved, is charged LWOP and may be administratively considered as AWOL. You were not charged AWOL.

2. Postmaster Beverly Greene stated you came to her after an employee was changed to a PTF Clerk and asked why she didn't consider you for the clerk position. You also advised her about your EEO settlement which she was not aware of the settlement. Management denies telling you that the clerk position was not given to you because you could not lift 70 pounds. Management states that your August 2004 EEO Settlement stipulated that you provide a medical release from a licensed physician stating you were physically capable of performing the essential functions of the clerk position, which included a permanent release to lift up to 40 pounds and intermittently lifting 70 pounds. You were to provide this documentation within 14 calendar days of your execution of this agreement. The management officials named in your complaint were not working at the Hazel Crest Post Office at the time the settlement was signed, but to their knowledge, you did not provide the required documentation.

3. On March 19, 2007, management did request you to come to work on your non-scheduled day, but you did not come to work and there was no corrective action taken. Management denies harassing you about providing medical documentation. Management stated they have worked with you and adjusted your duties according to your injuries and your CA-17s. You were asked to go back to your doctor because your doctor failed to fill out his part of the CA-17. He combined two injuries on one CA-17 and management did not know what injury he was addressing. In order for management to comply with your restrictions, they have to have clear and concise information.

4. Management stated your March 22, 2007; Letter of Warning was warranted because you failed to perform in a safe manner. Supervisor Simon-Pruitt stated you were not reimbursed for your calls to the office. You were not instructed by management to use your cell phone. You chose to do so because you did not want to come back to the office. Employees have the option of returning to the office for instructions or to make calls. Cells phones are used by employees on a voluntary basis.

5. On April 11, 2007, a 7-Day Suspension was issued. Management stated you failed to exercise care to avoid a personal injury.

Dedra Morris, Injury Compensation Specialist, stated your COP was denied because you have not provided information to clarify your injury. Ms. Morris stated the Department of Labor (DOL) did not terminate your medical benefits. The DOL sent you a letter dated February 26, 2007, stating their office determined that you were capable of working as a modified letter carrier. The effective date was December 6, 2006 which is the effective date of the job offer you signed on December 11, 2006 accepting the assignment. This is an action that DOL performs when a limited duty employee has worked in an assignment for more than 60 days, thereby demonstrating their capability of performing the duties.

At this time there is no resolution to your counseling request. You have two options available to you. You can do nothing at which point your inquiry will expire and no further action will be taken on your counseling request or you can elect to file a formal complaint.

If you opt to file a formal complaint, you have 15 days from the date of receipt of this letter to file a timely formal complaint. Your complaint could be subject to dismissal in accordance with 29 CFR Part 1614.107 if not filed within the 15 day time limit. Your complaint will be deemed timely if it is postmarked before the expiration of the 15 day time limit. The Complaint must be specific and contain only those issues either specifically discussed with me or issues that are like or related to the issues that you discussed with me.

3

Enclosed are the required forms if you wish to pursue your complaint further through the EEO process. If you choose to file a formal complaint, you must complete, sign, and date PS Form 2579 and PS Form 2565 and return them to the following address:

**NEEOISO-Formal Complaint**
**U.S. Postal Service**
**P.O. Box 25438**
**Tampa, FL 33622-5438**

You are **not** permitted to use a penalty envelope to submit your formal complaint. You will receive written acknowledgment of your formal complaint.

As a reminder, it is your responsibility to immediately notify your Regional EEO Office located at Great Lakes Area Appeals Processing, 244 Knollwood Drive, 2nd Floor, Bloomingdale, IL 60117-3010

of any changes to your mailing address. If you designate or change your EEO representative, it is your responsibility to advise the Regional EEO Office in writing of that person's name, title, mailing address, and phone number.

If you have any questions, please do not hesitate to give me a call.

Sincerely,

Pamela D. Gee
EEO ADR Specialist

Enclosures

4

## CERTIFICATE OF SERVICE

I certify that the attached document(s) was mailed on this date by delivery
confirmation to the following:

Delivery Confirmation No. 0306 1070 0003 2619 8181

Carla H. Hill
18119 Charlemagne Avenue
Hazel Crest, IL 60429-2226

_____          ___April 23, 2007_____
EEO ADR Specialist                        Date
EEO Field Operations – Great Lakes
6801 West 73rd Street
Bedford Park, IL 60499-9411


**UNITED STATES**
**POSTAL SERVICE**®

# Notice of Right to File Individual Complaint

| TO: Name *(First, MI, Last)* | Re: Case No. |
|---|---|
| **CARLA H. HILL** | **4J-604-0088-07** |

This notice will attest to the fact that on _____ **April 23, 2007** _____, I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you received this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney, if you retain one to represent you. I am providing you with *PS Form 2565, EEO Complaint of Discrimination in the Postal Service*, for this purpose. The complaint must be delivered to:

> NEEOISO - FORMAL COMPLAINTS
> U. S. POSTAL SERVICE
> P. O. BOX 25438
> TAMPA, FL 33622-5438

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) **Your name, address, position, and level;**

- ■ If you change your address, you have a regulatory requirement to immediately report the change to the Manager, EEO Compliance and Appeals, in your area. *(If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service, you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)*

(2) **The specific action or matter complained of,** the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;

(3) **The specific type of discrimination alleged,** e.g. race – African American, sex - female, etc.;

- ■ If you allege disability discrimination, the alleged disability must be more than a temporary condition.
- ■ If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) **A brief statement of the facts** that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.

- ■ If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.
- ■ If you allege retaliation, you must show a connection between the action at issue in the complaint your are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

(5) **The name of the EEO Dispute Resolution Specialist** who provided you with this notice and the date you received this Notice of Right to File.

## Privacy Act Notice

Privacy Act Notice. The collection of this information is authorized by The Equal Employment Opportunity Act of 1972; 42 U.S.C. § 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which US PS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Signature of Dispute Resolution Specialist | Date | Your Signature | Date Received |
|---|---|---|---|
| *Pamela D. Hee* | 04/23/2007 | *Ms Carla H. Hill* | 5/4/07 |

*Dispute Resolution Specialist: if you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested*

PS Form 2579-A, March 2001

**UNITED STATES POSTAL SERVICE®**

# Notice of Right to File Individual Complaint

| TO: Name (First, MI, Last) | Re: Case No. |
|---|---|
| CARLA H. HILL | 4J-604-0088-07 |

This notice will attest to the fact that on _____ **April 23, 2007** _____ , I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you received this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney, if you retain one to represent you. I am providing you with **PS Form 2565, EEO Complaint of Discrimination in the Postal Service**, for this purpose. The complaint must be delivered to:

NEEOISO - FORMAL COMPLAINTS
U. S. POSTAL SERVICE
P. O. BOX 25438
TAMPA, FL 33622-5438

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) **Your name, address, position, and level;**

- If you change your address, you have a regulatory requirement to immediately report the change to the Manager, EEO Compliance and Appeals, in your area. *(If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service; you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)*

(2) **The specific action or matter complained of,** the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;

(3) **The specific type of discrimination alleged,** e.g. race – African American, sex - female, etc.;

- If you allege disability discrimination, the alleged disability must be more than a temporary condition.
- If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) **A brief statement of the facts** that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.

- If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.
- If you allege retaliation, you must show a connection between the action at issue in the complaint your are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

(5) **The name of the EEO Dispute Resolution Specialist** who provided you with this notice and the date you received this Notice of Right to File.

**Privacy Act Notice**

**Privacy Act Notice.** The collection of this information is authorized by The Equal Employment Opportunity Act of 1972; 42 U.S.C. § 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 633a, the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which US USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations,

Contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Signature of Dispute Resolution Specialist | Date | Your Signature | Date Received |
|---|---|---|---|
| *[signature]* | 04/23/2007 | *Mrs Carla H. Hill* | 5/4/07 |

*Dispute Resolution Specialist: If you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested*

PS Form 2579-A, March 2001

**UNITED STATES POSTAL SERVICE®**

## EEO Complaint of Discrimination in the Postal Service

*(See Instructions and Privacy Act Statement on Reverse)*

| 1. Name | 2. SSN | 3. Case No. |
|---|---|---|
| CARLA H. HILL | 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 | 4J-604-0088-07 |

| 4a. Mailing Address – Street or PO Box | 4b. City State & Zip +4 |
|---|---|
| 18119 Charlemagne Avenue | Hazel Crest IL 60429-2226 |

| 5. Email Address* | 6. Home Phone | 7. Work Phone |
|---|---|---|
| | (708) 798-4251 | (708) 647-0465 |

| 8. Position Title *(USPS Employees Only)* | 9. Grade Level *(USPS Employees Only)* | 10. Do you have Veteran's Preference Eligibility? |
|---|---|---|
| Letter Carrier | 6 | ☐ Yes  ☑ No |

| 11. Installation Where You Believe the Discrimination Occurred *(Identify Installation, City, State, and Zip+4)* | 12. Name and Title of Person(s) Who Took the Action(s) You Allege was Discriminatory |
|---|---|
| 17541 S. Kedzie Avenue Hazel Crest, IL 60429 | Beverly Greene Cynthia Simon-Pruitt Deara Morris |

| 13a. Name of Your Designated Representative | 13b. Title |
|---|---|
| Diana Hayes | Vice President |

| 13c. Mailing Address (Street or P.O. Box) | 13d. City, State and Zip +4 |
|---|---|
| P.O. Box 188 | Bedford Park, IL 60499-0188 |

| 13e. Email Address* | 13f. Home Phone | 13g. Work Phone |
|---|---|---|
| | ( ) | (708) 563-2946 |

**14. Type of Discrimination You Are Alleging**

☑ Disparate Impact under ADA
☐ Race *(Specify):*
☐ Color *(Specify):*  EEO
☐ Religion *(Specify):*  Dec 2007
☐ National Origin *(Specify):*
☐ Sex *(Specify):*
☑ Age (40+) *(Specify):* More favoritism to younger
☑ Retaliation *(Specify):* EEO Filing IN Feb 2007
☑ Disability *(Specify):* Back

**15. Date on which alleged act(s) of Discrimination Took Place**

Feb. 16, March 17, March 19, Mar. 22, 1/4 - 3/23, 4/11, 4/12, 4/23

**16.** Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. *Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R § 1614.106(d)*

1.) On February 16+17, 2007 I called in sick and was charged LWOP I submitted documentation from my doctor and still have not been paid now in May 2007, Cynthia Simon-Pruitt the RMO told me that when you call in sick before or after a holiday you are given LWOP. I called in 3 days before a holiday and had medical documentation, Robert McGee a similarly situated letter carrier who also works under the supervision of Cynthia Simon-Pruitt, has the same job duties as me, works the same work hours, Robert is an African American male who is not in a protected group and I am an African American female who is in a protected group, Rob was treated differently than me when he called in sick on 12/26/2006 the day after Christmas and was paid sick leave and not requested to bring medical documentation as I was for two days. why is Robert treated differently than me?

**17. What Remedy Are You Seeking to Resolve this Complaint?**

The RMO's moved from the Hazel Crest Post Office because of my fear to return to work afraid they may physically harm me or have a co-worker do it as management has done in the past. I want to made whole. Assigned to the full time regular window distribution clerk position with permanence at the Hazel Crest Post Office as the number 2 regular. Compensatory damages - non pecuniary or pecuniary + future pecuniary $5,000,000.00 for non seniority put times to clerk position for all past, present and future managers to cease and desist with reprisal, harassment and discrimination.

| 18. Did You Discuss Your Complaint with a Dispute Resolution Specialist or a REDRESS™ mediator? |
|---|
| ☐ Yes    ☑ No |

*(Date You Received the Notice of Final Interview)*

| 19a. Signature of Dispute Resolution Specialist | 19b. Date |
|---|---|
| *Samuel W. Lee* | 4-23-07 |

| 20. Signature of Complainant or Complainant's Attorney | 21. Date of this Complaint |
|---|---|
| Ms. Carla H. Hill | 5-4-07 |

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

2. Postmaster Beverly Greene and Cynthia Simon-Pruitt were both aware of my settlement agreement when they came to Hazel Crest Post Office last year. I have discussed it with both Beverly and Cynthia. Cynthia even asked me had I ever been offered a window clerk position and I told her yes and when since I have been on limited duty so long. I talked to her long before March 2007 when Kendra McGee was promoted to the position. When I first heard about the position on or about January 2007 I asked Beverly at the time about the position and was told I already promised it to someone else. Beverly knew about the settlement agreement because I specifically told her and I told her in December 2007 I would give her a copy of it. Beverly told me she didn't want a copy because she wasn't involved in it. My doctor Dr. Emory did provide me with a medical release to the clerk position with lifting up to 40 pounds which was submitted to the agency by my then attorney Gregory T. Mitchell. The management officials named in my complaint have made Beverly and Cynthia fully aware of my situation and being denied to be assigned to the vacant clerk position as a reasonable accomodation for my back injury. My doctor has written to the Postal Service requesting my changing of my vocation to window distribution clerk to accomodate my disability. I was discriminatorily passed over for the position of window clerk. My nonselection to the window clerk position was discriminatorily motivated because of my medical problems and still going monthly

to the orthopedic specialist. I was denied an equal job or benefits to a clerk position based on my know disability. To prevent any further harm to the health and safety of myself it could have been eliminated or reduced by reasonable accomodation of the vacant window distribution clerk position. Administrative Judge Winston Jackson Jr. was the person responsible for the clerk settlement agreement in 2004. He told the agency to give me the distribution window clerk position because of my injured status of 10 pounds continuosly and intermittently for 11 months when we engaged in settlement proceedings. I still wasn't awarded the position. I filed a breach of contract and The Commission remanded the case back to the agency in February 2007 for further proceedings. I am an individual with an disability because my medical restrictions prevent me from working in the class of jobs requiring heavy lifting. The essential function of my position is to deliver mail which can be carried out without heavy lifting. I am substantially limited in the major life activity of lifting. My physical back impairment limits the major life activity of lifting. I suffer from a permanent inability to lift objects of any weight more than 4 times a day, and can never lift objects weighing more than 20 pounds. IN addition to evidence concerning my restrictions that relate to work activities, I experience difficulty putting away groceries, bathing, washing clothes and doing housework. Reasonable accomodation to the vacant window distribution

clerk position would have been suitable for me since I can perform the essential functions of the position and be within my medical restrictions. The RMO's are seeking to reassign me outside of the Hazel Crest Post Office way way out somewhere because Kendra McGee told me that Jim Fiscauldo wanted her to do something against me at work and in turn she would be rewarded with a clerk position. Kendra never told me what he wanted her to do just they were going to move me out of the office. Kendra said she didn't do what Jim wanted but the RMO's still assigned her to the window distribution clerk position. It is discrimination reprisal because this is the second clerk position that I have not been selected to since August 2005 not even two years. My permanent medical restrictions are due to in the job back injuries since November of 2002. Back in February 2004 my doctor wrote a prescription to management that I continue to have back pain and will be doing my exercise program at home or at a health club. The doctor recommended I use a pull cart and avoid lifting over 40 pounds. I was told by Jim Fiscauldo my supervisor that if I used a push cart to deliver mail I would be terminated. Because of his denial to reasonably accommodate my doctors request I was forced to continue bag carrying which is now why I have permanent impairment. The agency's actions are the reason I am permanently impaired and now they are seeking to remove me from the Postal Service. The failure

of the agency to accomodate my back disability caused
me permanent damage. This is disability based harassment
by the RMO's toward me. This is the fourth clerk position
denied me in this office. The first denial of the clerk position
was on or around 2002 when Vanessa hewis came from the
Bosen Post Office to become a part-time flexible. The
second denied clerk position was on or around 2002 when
Dale Alston-Thomas came from Joliet Post Office as a full-
time regular. The third denied clerk position was to Suzanne
Hankins in or around August 2005 a part time flexible
carrier to a part time flexible clerk. The fourth denied clerk
position was to Kendra McGhee a full time regular carrier to a
part time flexible clerk. My settlement agreement that was
breached for the window distribution clerk position in 2004
was remanded back to the agency for further proceedings from
the point where it ceased in February 2007. I am
embarassed and publically humiliated, feel rejected and
emotionally devasted. I have having emotional distress since
all of the harassment and discrimination started in 2002.
I have been experiencing retaliation from the RMO's since
at or around April 2002 and continuing through the
present. My physical and mental state of mind is
deteriorating more and more because of the nonselection of
the window distribution clerk position by the agency's actions.
The non selection to the window distribution clerk position
has caused me suffer from depression, emotional distress,
migranes, insomnia, loss of weight, not able to concentrate

and memory loss. The agency's action to not reasonably accomodate me by assigning me to the vacant window clerk position has created an hostile work environment for me. I am off for medical restrictions from my on-the-job back disability and are now afraid of returning back to work. The previous RMO's physically assaulted me and now I am afraid of the current RMO's doing the same. I was denied reasonable accomodation when the agency failed to consider my doctor's initial request to change my craft to window clerk. Kendra McGhee was awarded the window distribution clerk position with less seniority than me in the office which is a violation of the seniority rule. The RMO's did not post the position for bidding in the office or in Postal Ease for bidding either. The position was given to Kendra McGhee because she was treated more favorably than me. From September 2003 until on or around August 2006 I was working inside the post office performing all of the essential functions of a clerk with the exception of working the window and casing mail at the clerk's case, I did everything else. I had already been trained for the position and was performing the job duties so why not assign me permanently to the position to accomodate my back disability. Instead Kendra McGhee had to be trained for the position I had been doing for almost three years and with no injuries. It is an equivalent position in terms of grade and pay which I was qualified to do with or

without reasonable accomodation. I am protected from disability discrimination under 29 CFR 1630.2(9), In 1999, The Supreme Court issued a series of decisions based on the Americans with Disabilities Act and The Rehabilitation Act that deals with issues related to an individual's disability rather than the disability itself. These series of decisions dealt with the measures individuals take to mitigate the effects of their disability. These series of decisions are known as the Sutton trilogy:

1. Sutton V. United Air Lines, 99 Feor 9003
2. Murphy V. United Parcel Services, 99 Feor 9004
3. Albertsons Inc., V Kirkingburg, 99 Feor 9005

In each case, the court found the central question at issue was whether the plaintiff had an impairment that significantly restricted that individual's ability to perform a major life activity. The courts found this determination should be made on a case-by-case basis, taking into account any mitigating measures that positively or negatively impacted the individual's ability to engage in major life activities. The acts as perpetrated by the RMO's can be stated as a direct personal deprivation by the agency against me that presents an unsolved harm that I did not receive the window distribution clerk position in March 2007. Adverse action of not receiving the window distribution clerk position is not a collateral attack on a settlement agreement. It is an attack on the policy and procedures of the managers who are responsible for the

decision-making regarding reasonable accomodations.
By not acting on requests from my doctor and myself
to the window distribution clerk position, it will affect the
condition of my employment and would not insure me to
work in a reasonable safe work unit. The reasonable
accomodation of window distribution clerk would do just
that. A claim for compensatory damages cannot be dismissed
under any provision of 29 CFR 1614.107. The agency did
not offer the resolution process that might have brought
about the requested relief. The agency must evaluate
and consider the abilities of myself as they stand at the
time of the employment decision. The agency cannot assume
about my abilities based on outdated medical information or
it's experience with others who have similar conditions, or
general medical information about the condition in question.
The United States government is supposed to be the model
employer when it comes to disabilities. The agency would be
required to reasonably accomodate an individual's disability
even if it had no impact on the individual's work. An example
would be allowing a person flextime to get treatment. I
feel angry, frustrated, hurt and disappointed with the
agency. I request to be compensated for mental anguish
for disparity in treatment. Kendra McGhee is a regular
letter carrier, working under the same RMO's as myself,
performing the same job duties, working the same hours
and not in a protected class. I am a regular letter carrier,
working under the same RMO's, performing the same job duties,

working the same hours and in a protected class. Why is Kendra McGhee treated more favorably than me?

3. On March 19, 2007 management told me to come to work. My medical restrictions from my doctor states I can only work 5 day work weeks. The RMO's are quite aware of my medical restrictions being the harassment I receive from them every month to go against my doctor's medical documentation. I told the RMO's I can't work 6 days because of my medical restrictions. Both RMO's have said to me that my doctor can't tell them how many days I can work or not. Cynthia Simon-Pruitt told me that only Dedra Morris at Injury Compensation can decide if I only work 5 days or not. My doctor filled out his part of the CA-17 so management is lieing. He did not combine two injuries on that CA-17 because at that time I had two separate injuries which I went to the doctor on two separate times. Harassment of a physical disability that I want to be compensated for the mental anguish caused by the agency's actions.

4. I was issued a letter of warning on March 22, 2007 for failure to perform in a safe manner. That letter was issued for failure to reasonably accomodate me to a vacant window clerk position because of my physical disability based upon my medical restrictions. My doctor has stated that it can be expected that I will continue to have injuries as long as I am performing the work duties assigned to me as a letter carrier. My letter of warning wasn't reduced to

a verbal discussion because Cynthia-Simon Pruitt said
"Oh no I can't do that". It is harassment of a medical
con tion, disability discrimination and reprisal because
of my EEO activity in December 2006 and February 2007.
Cynthia Simon-Pruitt lied about saying I was not
instructed to call the office everyday for Express Mail
pick up from Tri-City. Cynthia never asked me to come
back to the office until I kept asking to be reimbursed
for my phone calls. I would have gladly come back to
burn up their gas than to make calls I have to pay for
on my phone. Other carriers can vouch that they
heard Cynthia and Beverly Greene telling me to call
back to the office everyday. I want to be reimbursed
for the calls made from January 4 - March 23, 2007.

5. On April 9, 2007 My ortho filled out my CA-17 stating
that I couldn't resume work for about 3 weeks to
attend physical therapy for my back injury. Management
harassing me again saying I have to go back to the doctor
for clarity because he can't tell me I can't come to work.
Beverly Greene and Cynthia Simon-Pruitt do this everytime
I go to my doctor's appointments. My doctor will also
verify that the RMO's are harassing me. On April
23, 2007 I was issued an adverse action of letter of
14 day suspension for failure to follow instructions. Beverly
Greene stated that I have to come to work and my
doctor can't tell me I can't. The letter was sent first
class with delivery confirmation and certified mail to my

home. The two letters of reprimand are reprisal in discipline because of back to back write ups. The back to back letters of reprimand are punitive than corrective. Neither disciplinary letters of adverse action has been adjudicated. The adverse actions have caused me to suffer more depression, anxiety, insomnia, loss of appetite, not being able to concentrate, irritability, memory loss, withdrawal from my family and friends. On April 11, 2007 I was issued a letter of 7 day reprimand of suspension for failure to perform in a safe manner. This adverse action hasn't been adjudicated either. Management stated in this suspension, the suspension will be determined at a later date after it has been adjudicated at the step 3 level. which is arbitration. This adverse action of suspension is punitive because management is not intending on settling the suspension at level 1 with me The Union Steward or level 2 with The Union Vice President. The discipline is reprisal based because of the EEO activity in February. I've suffered back to back reprimand 3 in a 30 day period which is also disability discrimination. Tenisha Durrough a letter carrier at the Hazel Crest Post Office was issued a letter of warning in November 2006 by Cynthia Simon-Pruitt for failure to perform in a safe manner. I was issued in March 2007 by Cynthia Simon-Pruitt a letter of warning for failure to perform in a safe manner. Tenisha & I both have the same job duties, work the same hours, she's not in a protected class

I am. Tenisha's letter of warning was reduced to a verbal discussion mine wasn't. Why is Tenisha being treated more favorably than me? Jerry Brown white male was issued on March 23, 2007 a 14 day letter of suspension. He is a letter carrier working under Cynthia Simon-Pruitt, performing the same job duties as me, working the same work hours. Cynthia Simon-Pruitt expunged his 14 day suspension mine hasn't been adjudicated yet. Why is management retaliating against me by issuing discipline on March 22, 2007, April 16, 2007 and April 23, 2007, I am seeking compensation for the mental pain and suffering caused by the agency's disability discrimination against me. If the agency had given me a reasonable accomodation to reassign me to the clerk craft I would not have suffered another new injury or the mental injury caused by the nonselection to the window distribution clerk position.

6 Dedra Morris is harassing me because of my physical disability. Every month I go to the doctor their is a need to clarify my information if I understand what the doctor is saying why don't they? My COP has been denied by Dedra Morris because she sent me a letter stating that I need to change my CA-1 for injury to a CA-2A for reoccurence of an old injury. I suffer from a new injury and filled out a CA-1. Dedra sent back my 3971 denying my COP until I fill out the correct form. Dedra said the Department of Labor told her to send me the form the Department of Labor told me that was

not told to her. I am now experiencing financial
difficulties because I am now in a LWOP status.
I have been off now going on 6 weeks and it has
created financial hardship and mental stress and
depression. My O.I.C. Beverly Greene used all of my
sick leave I had so now I am down to 0 hours sick
leave. I did not fill out a request on a 3971 for sick
leave and the RMO's took it upon themselves to take it
from me instead of paying me COP. I told Beverly
Greene because I didn't give her anything in writing
requesting sick leave she shouldn't have used it.
Beverly told me I have the right to do whatever I want
to do. I told her no you don't so I'll file a grievance
on it. The RMO's haven't paid me also for my doctors
appointments under COP. I also was instructed by
Cynthia Simon-Pruitt to fill out a 3971 on the March
22, 2007 injury to go to the Postal doctor for treatment.
Cynthia told me the Post office no longer pays when
you go for treatment and that Dedra Morris would have to
approve it. I haven't been paid for injury treatment
time or COP. Dedra Morris maliciously called the
Department of Labor and lied telling them I was
re-employed on 12/6/2006 when I in fact have never
been unemployed. DOL was told I was offered a
permanent modified letter carrier position which I wasn't
hired back at a higher rate of pay again a lie. My pay
is higher now from step increases and cost of living

raises. I want to be compensated because of the agency's and Dedra Morri's disability discrimination against me. I have sought counseling from the EAP counseling program and my primary care physician. I have been prescribed medication for my back pain, migrane headaches, insomnia and have to return to get a referral to see a psychiatrist for treatment of depression and harassment brought on by the agency actions. My physical and mental condition is being exacerbated by the discriminatory conduct of the agency.

Management simply has retaliated against me because of EEO activity and physical disability of the back. My pay was reduced, my pay was docked, disciplinary reprimand of a letter of warning, 7 day suspension, 14 day suspension, denial of payment for phone calls made, denial of working 5 days instead of 6 per medical restrictions, denied COP for time off, passed over for the clerk position for a fourth time, failure to offer reasonable accomodation of a disability of the back, harassment of medical restrictions, etc.

This last 5 years of my life has been a living hell because of the agency's action. Causing me great physical and mental deterioration and harm to my family as well because of the mental stress I'm enduring. The agency's non selection and reprisal, harassment and discrimination has exacerbated my physical and mental condition that I want to be compensated for with pecuniary, non-pecuniary, future pecuniary compensatory damages

Our previous Union Steward, white female, Marge Nemeth

is also part of the discrimination in our office
against. On or about March 20 said to me on the
workroom floor in front of all the carriers at work
that I need to quit and find myself a real job. Marge
went on to say I don't blame management for not giving
you the clerk position do you? Marge went on to say
I would have given the clerk position to someone healthy
like Kendra than to give it to someone like you who's
hurt. Marge's out right discriminatory remarks in
front of everyone embarrassed and humiliated me causing
emotional distress. The carriers are now rebeling against
me because I am not able to carry and because the
RMO's assigned Kendra McGhee to the clerk craft who
is healthy and young (33) it hurt the carriers since she
hasn't been replaced. Kendra weighs 90 pounds and it's
discrimination that she was given the clerk position and
I wasn't because I can't lift up to 70 pounds because of
a physical back disability. Kendra can't lift up to 70 pounds
either because she's too small in weight and size. All of
this discrimination because of my back disability. I am
afraid of going back to work because of my mistrust of every
one. The RMO's are seeking to move me out of the office
somewhere way, way out miles from my home. It's not
fair because if I had been reasonably accomodated
by assigning me to the clerk position in 2004 or 2007 I
wouldn't be hurt now and going through all this
disciplinary reprimand. I transferred to the Hazel
Crest Post Office to be close to my children and if I
am moved from the office because of the agency's adverse
action against me I would be even more devasted.
Marge's discriminatory actions have harmed my reputation
and character to my co-workers. I'm paranoid because I
feel someone is following and watching me at home.

UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY CASE
IN THE MATTER OF:

Carla H. Hill
Complainant

Agency Case No.    4J-604-0088-07

v.

Formal Filed:    May 9, 2007

John E. Potter,
Postmaster General,
c/o Great Lakes Area Operations
Respondent.

## FINAL AGENCY DECISION

This is the final agency decision of the U.S. Postal Service regarding your complaint of discrimination identified above. In that complaint, you alleged discrimination based on your age (DOB: 09/30/1959), physical disability (Back), and in retaliation (Prior EEO Activity) when 1) On February 16 and 17, 2007, you were charged Leave Without Pay (LWOP) instead of sick leave you requested and as of May 2007, you have not been paid for those days; 2) On March 17, 2007, you were denied reasonable accommodations when you were not reassigned to the clerk craft; 3) On March 19, 2007, you were assigned to work outside of your medical restrictions; 4) On March 22, 2007, you were issued a Letter of Warning charging you with Failure to Perform in a Safe Manner; 5) from January 4, 2007 to March 23, 2007, you were required to call the office everyday; 6) On April 11, 2007, you were issued a Letter of 7-Day Suspension charging you with Failure to Perform in a Safe Manner; 7) On April 12, 2007, you were denied Continuation of Pay (COP); 8) On April 12, 2007, you were issued a Letter of 14-Day Suspension charging you with Failure to Follow Instructions; 9) On May 18, 2007, you became aware that you had been denied COP and was charged with sick leave; 10) On June 1, 2007, you became aware that you had been denied COP and was charged with sick leave; 11) On or about May 17, 2007 and June 21, 2007, the Injury Compensation Specialist returned your requests for pay; and 12) On or about March 20, 2007, a co-worker made disparaging remarks to you.

Initially, your complaint included one additional allegation. However, on June 29, 2007, these allegations were dismissed for failure to state a claim. I have reviewed the record and I agree that these allegations were properly dismissed in accordance with 29 C.F.R. 1614.107. Consequently, the June 29, 2007 decision

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 2

is herein endorsed and incorporated by reference for the purpose of this final agency decision.

## CASE CHRONOLOGY

An Equal Employment Opportunity Investigator processed your complaint, and a copy of the Investigative Report was transmitted to you on September 25, 2007. Following receipt of that report, you had 30 days in which to request a hearing before an Administrative Judge (AJ) of the Equal Employment Opportunity Commission (EEOC) or a final agency decision without a hearing.

As you failed to request either a hearing or a final agency decision without a hearing, this decision is being issued in accordance with EEOC Regulation 29 C.F.R. 1614.110(b).

## APPLICABLE LAW

### Disparate Treatment

The United States Supreme Court established a burden-shifting framework for analyzing claims of discrimination in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973), and subsequently refined that analysis in Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). The McDonnell Douglas and Burdine approach involves a three-step process when a complainant alleges intentional discrimination based on a disparate treatment theory. The Equal Employment Opportunity Commission has adopted this approach in its decision making. Downing v. U.S. Postal Service, EEOC Appeal No. 01822326 (September 19, 1983); Jennings v. U.S. Postal Service, EEOC Appeal No. 01932793 (April 13, 1994); and Saenz v. Department of the Navy, EEOC Request No. 05950927 (January 9, 1998). A complainant alleging discrimination must first demonstrate that there is some substance to his or her claim. To satisfy this burden, the complainant must establish a *prima facie* case of discrimination for each of the bases of discrimination alleged by a preponderance of the evidence. Furnco, 438 U.S. at 576.

Although a complainant may establish a *prima facie* case by presenting direct evidence of discrimination, the more frequent method of establishing a *prima facie* case is through circumstantial evidence by showing that he or she (1) belongs to a protected class; (2) was subjected to an adverse employment action; and (3) was treated differently in this regard than similarly situated individuals who were not members of the protected group. Mayberry v. Vought Aircraft Company, 55 F.3d 1086, at 1090 (5th Cir. 1995); Mitchell v. Toledo Hospital, 964 F.2d 577, at 582-83 (6th Cir. 1992). The failure to establish a specific element of a *prima facie* case may be overcome by presenting evidence

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 3

of agency actions from which an inference of discrimination could be drawn if they remained unexplained. Day v. Postmaster General, EEOC Appeal No. 01996097 (September 18, 2000).

Once a *prima facie* case has been established, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for its action. Furnco, 438 U.S. at 578. See also St. Mary's Honor Center v. Hicks, 509 U.S. 502, at 506 (1993). The employer need not persuade the trier of fact that the proffered reason was its actual motivation but merely needs to raise a genuine issue of fact as to whether it discriminated against the complainant. Burdine, 450 U.S. at 254; Keval v. Commodity Futures Trading Commission, EEOC Appeal No. 01832127 (November 2, 1984); Hollis v. Department of Veterans' Affairs, EEOC Appeal No. 01934600 (May 3, 1994). If the agency offers no adequate explanation for the discrepancy in treatment between the complainant and similarly situated employees, the agency does not carry its burden of production and the complainant prevails on the basis of the inference of discrimination created by the *prima facie* case. Frady v. Postmaster General, EEOC Appeal No. 01A05317 (January 10, 2003); Houston v. Department of Veterans' Affairs, EEOC Appeal No. 01976054 (August 27, 1999); and Parker v. Postmaster General, EEOC Request No. 05900110 (April 30, 1990).

If the employer meets this burden, any presumption of discrimination created by the *prima facie* case disappears; it simply "drops from the case." Hicks, *supra*, 509 U.S. at 507; United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, at 715 (1983). See also Hernandez v. Department of Transportation, EEOC Request No. 05900159 (June 28, 1990) and Peterson v. Department of Health and Human Services, EEOC Request No. 05900467 (June 8, 1990). The complainant can then prevail only if he or she proves that the employer's reasons are not only pretext but are pretext for discrimination. Hicks, 509 U.S. at 507 and 516; Nichols v. Grocer, 138 F.3d 563, at 566 (5th Cir. 1998); Swanson v. General Services Administration, 110 F.3d 1180, at 1185 (5th Cir. 1997). See also Papas v. Postmaster General, EEOC Appeal No. 01923753 (March 17, 1994) and Bradford v. Department of Defense, EEOC Appeal No. 01940712 (September 20, 1994). Thus, the complainant cannot create a factual issue of pretext based merely on personal speculation that there was discriminatory intent. Southard v. Texas Board of Criminal Justice, 114 F.3d 539, at 555 (5th Cir. 1997); Lyles v. U.S. Postal Service, EEOC Appeal No. 01A11110 (May 22, 2002); and Nathan v. U.S. Postal Service, EEOC Appeal No. 01995788 (August 29, 2001). Pretext involves more than a mistake. It means that the reason offered by management is factually baseless, is not the actual motivation for the action, or is insufficient to motivate the action. Tincher v. Wal-Mart Stores, Inc., 118 F. 3d 1125, at 1130 (7th Cir. 1997) and Morgan v. Hilti, Inc., 108 F. 3d 1319, at 1323 (10th Cir. 1997). The complainant always carries the "ultimate burden of persuading the trier of

fact that he has been the victim of intentional discrimination." Burdine, 450 U.S. at 254 and Hicks, 509 U.S. at 511.

At all times, the ultimate burden of persuasion remains with the complainant. Board of Trustees of Keene College v. Sweeney, 439 U.S. 24, 25 N.2 (1978). This burden was reaffirmed and clarified in St. Mary's Honor Center v. Hicks, Id. In Hicks, the Court held that in order to impose liability upon an employer for discriminatory employment practices, an ultimate finding of unlawful discrimination is required regardless of whether or not the employer's explanation for its action was believable. See also Brewer v. Postmaster General, EEOC Appeal No. 01941786 (June 21, 1994) and Montoya v. Department of Housing and Urban Development, EEOC Appeal No. 01940999 (August 4, 1994).

## Age Discrimination

In order to establish a *prima facie* case of age discrimination, a complainant must show proof of the Title VII criteria set forth by the Supreme Court in McDonnell Douglas; Id. O'Connor v. Consolidated Coin Caterers Corporation, 517 U.S. 308 (1996); Loeb v. Textron, Inc., 600 F. 2d 1003 (1st Cir. 1979); and Mitchell v. Department of the Interior, EEOC Appeal No. 01990787 (January 10, 2002). The agency's burden to articulate a legitimate, nondiscriminatory reason for its action and the complainant's burden ultimately to prove pretext remain the same as in a Title VII disparate treatment case. The Court in O'Connor also held that it is not just a question of whether a comparison employee is outside the protected age category but also whether the comparator is substantially younger than the complainant. See also Fullman v. Postmaster General, EEOC Appeal No. 01A31036 (March 18, 2004). The Supreme Court has also held that a complainant alleging age discrimination must prove not only that age was considered, but also that age *made a difference in the outcome* of the employer's decision-making process. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, at 141 (2000) and Hazen Paper Company v. Biggins, 507 U.S. 604, at 610 (1993). In other words, in age cases the complainant must prove by a preponderance of the evidence that age was considered and that it was the *determining factor*. If the complainant's burden fails on either point, no relief is provided. Cleverly v. Western Electric Company, 594 F.2d 638, at 641 (5th Cir. 1979); Kentroti v. Frontier Airlines, 585 F.2d 967, at 974 (10th Cir. 1978); Laugeson v. Anaconda Company, 520 F.2d 307, at 317 (6th Cir. 1976). See also Sullivan v. Chairman, Tennessee Valley Authority, EEOC Appeal No. 01940217 (November 9, 1994) and Lasley v. Department of Veterans' Affairs, EEOC Appeal No. 01870615 (October 8,1987).

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 5

## Similarly Situated Employees

One of the key elements of a *prima facie* case of disparate treatment based on an adverse employment action is proof that similarly situated comparison employees not in the complainant's protected class were treated more favorably. This is so, in part, because agencies are not monolithic entities. <u>Turner v. Department of the Navy</u>, EEOC Request No. 05900445 (September 25, 1990). In general, in the absence of direct evidence of discrimination, if the complainant cannot identify any similarly situated comparison employees who were treated more favorably, he or she will not prevail. <u>Aguilar v. U.S. Postal Service</u>, EEOC Appeal No. 01944167 (August 8, 1995). In order for two or more employees to be considered similarly situated for the purpose of creating an inference of disparate treatment, a complainant must show that all of the relevant aspects of his or her employment situation are virtually identical to those of the other employees who he or she alleges were treated more favorably. <u>Smith v. Monsanto Chemical Company</u>, 770 F. 2d 719, at 723 (8th Cir. 1985); <u>Murray v. Thistledown Racing Club, Inc.</u>, 770 F. 2d 63, at 68 (6th Cir. 1985); <u>Nix v. WLCY Radio/Rahall Communications</u>, 738 F. 2d 1181, at 1185 (11th Cir. 1984); <u>Mazzella v. RCA Global Communications, Inc.</u>, 642 F. Supp. 1531, at 1547 (S.D. N.Y. 1986), *aff'd.* 814 F. 2d 653 (2nd Cir. 1987). The Equal Employment Opportunity Commission has on numerous occasions ruled in similar fashion. See, for example, <u>Tolar v. U.S. Postal Service</u>, EEOC Appeal No. 01965083 (December 16, 1998), citing <u>O'Neal v. U.S. Postal Service</u>, EEOC Request No. 05910490 (July 23, 1991); and <u>Knapp-Huffman v. Attorney General (Bureau of Prisons)</u>, EEOC Appeal No. 01991026 (January 16, 2002). If employees have different supervisors, perform different job functions, were subject to different job standards, engaged in different conduct, or worked during different time periods, they are not similarly situated. <u>O'Neal</u>, *Id.*; <u>Allen v. Department of the Navy</u>, EEOC Appeal No. 05900539 (June 15, 1990); <u>Willis v. Department of the Treasury</u>, EEOC Appeal No. 01A51459 (March 16, 2003); and <u>Stewart v. Department of Defense</u>, EEOC Appeal No. 01A02890 (June 27, 2001).

## Person with a Disability

In order to assert a claim of disability discrimination, a complainant must satisfy the threshold requirement that he or she is a "person with a disability" as that term is defined in the Rehabilitation Act and Equal Employment Opportunity Commission regulations. Title 29, Code of Federal Regulations, Part 1630.2(g) defines a person with a disability as an individual who (i) has a physical or mental impairment which substantially limits one or more of that person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment. See also <u>Melahn v. Department of the Navy</u>, EEOC Appeal No. 01832380 (October 21, 1985). Whether an individual has a disability is not based on the name or diagnosis of the impairment involved but rather the effect

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 6

which that impairment has on the individual's life. <u>Sutton *et al.* v. United Airlines, Inc.</u>, 527 U.S. 471, at 483 (1998). Also, the mere fact that an agency relied on a complainant's physical condition in taking a personnel action does not indicate that the agency perceived that the complainant had a substantially limiting condition. <u>Kelly v. U.S. Postal Service</u>, EEOC Appeal No. 01830028 (November 15, 1983). Similarly, the mere fact that an agency processed an employee's claim for benefits under the Federal Employees Compensation Act and/or granted the employee a modified work assignment in connection with that claim would not prove that the agency regarded the employee as disabled. <u>Brown v. U.S. Postal Service</u>, EEOC Appeal No. 01990686 (February 21, 2002).

According to EEOC regulations, major life activities include, but are not limited to, caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. See 29 C.F.R. 1630.2(i). The Interpretive Appendix to the regulations also identifies sitting, standing, lifting, and reaching as other major life activities. The term "impairment" is defined broadly at 29 C.F.R. 1630.2(h) and the Commission's guidance on having a record of an impairment or being perceived as disabled appears at 29 C.F.R. 1630.2 (k) and (l). The regulations define "substantially limited" as meaning that the individual cannot perform the major life activity at all or is significantly limited in the ability to perform the activity compared to the average person in the general population. 29 C.F.R. 1630.2(j) and <u>Toyota Motor Manufacturing of Kentucky, Inc. v. Williams</u>, 534 U.S. 184 (2002). See also <u>Harrison v. Department of Justice</u>, EEOC Appeal No. 01A03948 (July 30, 2003). Courts also look to mitigating factors such as assistive devices or medication in determining whether an individual is substantially limited. <u>Sutton</u>, *Id.* Temporary or intermittent conditions are not covered. <u>Heino v. Postmaster General</u>, EEOC Appeal No. 01994965 (January 28, 2002); <u>Anderson v. National Gallery of Art</u>, EEOC Appeal No. 03910108 (September 17, 1991); and <u>Wolfe v. Postmaster General</u>, EEOC Appeal No. 01993796 (July 8, 2002). If the major life activity of "working" is involved, the individual must be unable to perform an entire class of jobs or a broad range of jobs within the class in order to be substantially limited. 29 C.F.R. 1630.2(j)(3). See also <u>Webber v. Department of the Air Force</u>, EEOC Appeal No. 01989587 (March 2, 2001).

A generalized assertion, without specific evidence to support it, that an individual is substantially limited is not sufficient to satisfy a complainant's burden of proof. <u>Lohr v. U.S. Postal Service</u>, EEOC Request No. 05930799 (May 19, 1994); <u>Zeigler v. Postmaster General</u>, EEOC Appeal No. 01930854 (May 12, 1994) and <u>Jenkins v. Postmaster General</u>, EEOC Appeal No. 01954572 (March 24, 1997). It is also not enough that the agency is in possession of a diagnosis, that an individual's supervisor knows that they have a particular condition, that the complainant has an approved claim with the Office of Workers Compensation Programs, or that the complainant has a percentage disability awarded by the

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 7

Department of Veterans' Affairs.  Black v. U.S. Postal Service, EEOC Request No. 05930748 (May 12, 1994); Pascale v. Department of the Navy, EEOC Petition No. 03850092 (March 5, 1986); Schnabele v. U.S. Postal Service, EEOC Appeal No. 01982634 (July 13, 2001); and Bono v. Postmaster General, EEOC Appeal No. 01951113 (August 11, 1997).

## Disability – Disparate Treatment

Courts have adopted and applied the Title VII burdens of proof to disability discrimination claims. See, for example, Norcross v. Sneed, 755 F.2d 113 (8th Cir. 1985) and Prewitt v. United States Postal Service, 662 F.2d 292 (5th Cir. 1981).  The Commission has also analyzed cases under this theory.  Greathouse v. Department of the Army, EEOC Appeal No. 01984880 (May 2, 2001) and Oberg v. Secretary of the Navy, EEOC Request No. 05890451 (July 20, 1989). In order to establish a *prima facie* case of disability discrimination, a complainant must prove, by a preponderance of the evidence, that he was treated differently than individuals not within his protected group, or that the agency failed to make a needed reasonable accommodation, resulting in adverse treatment of the complainant.  See Session v. Helms, 751 F.2d 991, at 992-3 (9th Cir.), *cert.* denied, 474 U.S. 846 (1985).  A complainant also must demonstrate a causal relationship between the disabling condition and the agency's reasons for the adverse employment action.  Rideout v. Department of the Army, EEOC Appeal No. 01933866 (November 22, 1995); Mackey v. U.S. Postal Service, EEOC Appeal No. 01931771 (April 28, 1994); and Milder v. Department of Veterans' Affairs, EEOC Appeal No. 01971724 (January 15, 1999).

## Disability – Accommodation

Assuming that a complainant has established that he or she is a person with a disability, the next element of a *prima facie* case based on a failure to accommodate is to establish that he or she is "otherwise qualified."  The regulations define a "qualified individual with a disability" as a person who satisfies the requisite skill, experience, educational, and other job-related requirements of the position the individual holds or desires and who, with or without reasonable accommodation, can perform the essential functions of that position without endangering the health and safety of the individual or others.  29 C.F.R. 1630.2(m).  The essential functions of a position are the fundamental job duties of the position the complainant holds or desires considering whether the position exists to perform the function, whether there are a limited number of individuals available to perform the function, or whether the function is highly specialized and the incumbent was hired for his or her expertise.  29 C.F.R. 1630.2(n).  The complainant has the burden of proving that he or she is a "qualified individual with a disability."  Jasany v. United States Postal Service, 755 F. 2d 1244 (6th Cir. 1985).  The complainant must also show that the agency

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 8

was aware of the allegedly disabling condition and that an accommodation can be made. Mikovich v. Postmaster General, EEOC Appeal No. 01A11150 (June 20, 2002) and Lincovich v. U.S. Postal Service, EEOC Appeal No. 01810610 (August 9, 1982).

If it is determined that the complainant is unable to perform the essential functions of his or her position, the next inquiry is concerning whether there is any reasonable accommodation by the employer which would enable him or her to perform those functions.   White v. York International Corporation, 45 F. 3d 357, at 361-362 (10th Cir. 1995).   An employer is not required to provide an accommodation which does not assist the complainant in performing the essential functions of his or her position. Conley v. Postmaster General, EEOC Appeal No. 01984624 (July 6, 2001) The employer must be able to accommodate the individual without undue hardship. Brown v. Secretary of the Interior, EEOC Petition No. 03A00004 (May 22, 2002) and Hoang v. Postmaster General, EEOC Appeal No. 01923725 (March 30, 1993).   The employer is not required to accommodate an individual by eliminating the essential functions of his or her job or by creating a job not already existing within the organization, including a light duty position. Turco v. Hoechst Celanese Corporation, 101 F. 3d 1090, at 1093-1094 (5th Cir. 1996); Shiring v. Runyon, Postmaster General, 90 F. 3d 827, at 831-832 (3rd Cir. 1996); and Watson v. Lithonia Lighting and National Service Industries, Inc., 304 F. 3d 749 (7th Cir. 2002), cert. denied 123 S. Ct. 1286 (2003) The Rehabilitation Act does not require an employer to lower or substantially modify standards to accommodate an individual or to take an action inconsistent with the contractual rights of others under a collective bargaining agreement.   Jasany, 755 F. 2d at 1250-1251; Foreman v. Babcock & Wilcox Company, 117 F. 3d 800, at 810 (5th Cir. 1997); Williams v. Widnall, 79 F. 3d 1003 (10th Cir. 1996); and Hufford-Smith v. Attorney General, EEOC Appeal No. 01995040 (February 13, 2002).   In addition, a disabled worker is not entitled to the reasonable accommodation which he or she prefers and must show a connection between the disabling condition and the requested accommodation. Gile v. United Airlines, Inc., 95 F. 3d 492, at 498 (7th Cir. 1996); Wiggins v. U.S. Postal Service, EEOC Appeal No. 01953715 (April 22, 1997) ; and Metzenbaum v. Office of Personnel Management, EEOC Appeal No. 01986974 (April 4, 2002).

An employer may accommodate an individual through reassignment.  However, the employer does not have to accommodate him or her by promoting him to a higher level position or bumping another employee out of a job to create a vacancy. Shiring, 90 F. 3d at 832. The court held that the employee would have to establish that "...there were vacant, funded positions whose essential duties [the employee] was capable of performing, with or without reasonable accommodation, and that those positions were at an equivalent level or position [as the position the employee previously held]."     Therefore, for the accommodation of reassignment to be reasonable, a position must exist within

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 9

the organization and be vacant, the employee must be "otherwise qualified" to meet the criteria for this position, and the reassignment must not offend the contract rights of others under the applicable collective bargaining agreement. Foreman, 117 F. 3d at 810.

## Retaliation

To establish a *prima facie* case based on reprisal, a complainant must show that (1) he or she engaged in prior protected activity; (2) the agency official was aware of the protected activity; (3) he or she was subsequently disadvantaged by an adverse employment action or adverse treatment; and (4) there is a causal link between the protected activity and adverse action/treatment. Hochstadt v. Worcester Foundation for Experimental Biology, Inc., 425 F. Supp. 318, 324 (D. Mass), aff'd 545 F.2d 222 (1st Cir. 1976); Manoharan v. Columbia University College of Physicians and Surgeons, 842 F. 2d 590, 593 (2nd Cir. 1988); Coffman v. Department of Veterans' Affairs, EEOC Request No. 05960437 (November 20, 1997); and Whitmire v. Department of the Air Force, EEOC Appeal No. 01A00340 (September 25, 2000). A complainant may establish prior EEO activity by participating at any stage of the EEO process or opposing unlawful discriminatory conduct. See, generally, Lewis v. Department of the Navy, EEOC Appeal No. 01810158 (May 22, 1981) (counseling stage); Ballard v. Postmaster General, EEOC Appeal No. 01923276 (August 17, 1992) (witness); and Burrough v. U.S. Postal Service, EEOC Appeal No. 01842417 (June 24, 1986) (representative). A complainant may also establish a *prima facie* case by presenting evidence which, unexplained, would reasonably give rise to an inference of reprisal. Shapiro v. Social Security Administration, EEOC Request No. 05960403 (December 6, 1996). Obviously, the complainant must offer evidence that the agency officials who took the action were aware of his or her prior participation or opposition activity (Demeier v. Department of the Air Force, EEOC Appeal No. 01A11166 (May 23, 2002)) but establishing that alone will not enable a complainant to establish the causal connection element of a *prima facie* case. Garcia-Gannon v. Department of the Air Force, EEOC Appeal No. 01821195 (June 30, 1983). Adverse actions need not be ultimate employment actions, just adverse treatment based on a retaliatory motive. Burlington Northern Santa Fe Railway Company v. White, 126 S. Ct. 2405 (2006); and Lindsey v. U.S. Postal Service, EEOC Request No. 05980410 (November 4, 1999).

The causal connection may be inferred by evidence that the protected conduct was closely followed by the adverse action. Clark County School District v. Breeden, 532 U.S. 286 (2001). The Court in Breeden noted that where a complainant is relying on temporal proximity to establish a causal connection between prior protected activity and a current adverse employment action, that proximity must be "very close" and cited with approval Circuit Court of Appeals

decisions holding that time gaps of three to four months between an individual's prior EEO activity and the current adverse employment action were too attenuated to suggest an inference of retaliation. The Commission has followed suit and rendered decisions establishing much shorter time frames to establish the requisite temporal proximity. See, for example, Heads v. U.S. Postal Service, EEOC Appeal No. 01A51547 (June 2, 2005); Archibald v. Department of Housing and Urban Development, EEOC Appeal No. 01A54280 (September 22, 2005); and Lynch v. U.S. Postal Service, EEOC Appeal No. 01A24705 (August 14, 2003). To support a finding of unlawful retaliation, there must be proof that the agency official(s) took the action at issue because of complainant's prior protected activity and sought to deter complainant or others. EEOC Compliance Manual on Retaliation, No. 915.003 (May 20, 1998), pp. 8-16.

Any harassment of an employee that would not occur but for the employee's previous EEO activity may violate Title VII if sufficiently patterned or pervasive. McKinney v. Dole, 765 F.2d 1129, 1138 (D.C. Cir. 1985). See also Patrick v. Postmaster General. EEOC Appeal No. 01A05642 (November 28, 2000). For harassment to be considered retaliatory conduct in violation of Title VII, it must be insufficiently pervasive or severe as to create a hostile work environment which significantly and adversely affects the emotional or psychological well-being of the employee, and must somehow be connected to that employee's previous EEO activity. See Hicks v. Gates Rubber Company, 833 F.2d 1406, at 1412-1413 (10th Cir. 1987); Gilbert V. City of Little Rock, 722 F.2d 1390, at 1394 (8th Cir. 1983); Henson v. City of Dundee, 682 F.2d 897, at 904 (11th Cir. 1982); Bundy v. Jackson, 641 F.2d 934, at 943-944 (DF.C. Cir. 1981); Rogers v. EEOC, 454 F.2d 234, at 238 (5th Cir. 1971).

## PROCEDURAL AND FACTUAL BACKGROUND

At all times relevant to the issue(s) in this complaint, you were employed as a Letter Carrier at the Hazel Crest Post Office, Illinois. You have alleged that Officer-In-Charge Beverly Greene, Customer Services Supervisor Cynthia Simon-Pruitt, and Health and Resources Management Specialist Dedra Morris intentionally discriminated against you because of your age (DOB: 09/30/1959), physical disability (Back), and in retaliation (Prior EEO Activity) when 1) On February 16 and 17, 2007, you were charged Leave Without Pay (LWOP) instead of sick leave you requested and as of May 2007, you have not been paid for those days; 2) On March 17, 2007, you were denied reasonable accommodations when you were not reassigned to the clerk craft; 3) On March 19, 2007, you were assigned to work outside of your medical restrictions; 4) On March 22, 2007, you were issued a Letter of Warning charging you with Failure to Perform in a Safe Manner; 5) from January 4, 2007 to March 23, 2007, you were required to call the office everyday; 6) On April 11, 2007, you were issued a Letter of 7-Day Suspension charging you with Failure to Perform in a Safe

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 11

Manner; 7) On April 12, 2007, you were denied Continuation of Pay (COP); 8) On April 12, 2007, you were issued a Letter of 14-Day Suspension charging you with Failure to Follow Instructions; 9) On May 18, 2007, you became aware that you had been denied COP and was charged with sick leave; 10) On June 1, 2007, you became aware that you had been denied COP and was charged with sick leave; 11) On or about May 17, 2007 and June 21, 2007, the Injury Compensation Specialist returned your requests for pay; and 12) On or about March 20, 2007, a co-worker made disparaging remarks to you.

Ms. Beverly Green was the Officer-In-Charge at the Hazel Crest Post Office at the time of the alleged discrimination (Investigative File [IF], Affidavit B, Page [p.] 1). Her job duties included supervising the supervisor who was in charge of the workroom floor, managing the window operations, and overseeing the office operation (IF, Affidavit B, p. 1). Ms. Green did not have a direct reporting relationship with you (IF, Affidavit B, p. 1).

Ms. Simon-Pruitt has indicated that she was your direct supervisor at the time of the alleged discrimination (IF, Affidavit C, p. 1). When she arrived at Hazel Crest Post Office she was informed that you had medical restrictions and that your reasonable accommodations would be adhered to. (IF, Affidavit C, p. 3). She was not privy to your physical impairment but each month or so she would approve a notification of absence so that you could make your doctor's appointments (IF, Affidavit C, p. 3). She also conducted a monthly review of your restrictions to see if the physician had modified them (IF, Affidavit C, p. 3).

Ms. Morris has been a Health & Resource Management Specialist since November of 2003 (IF, Affidavit D, p. 1). She was responsible for managing cases in the 604 zip zone associate offices (IF, Affidavit D, p. 1). Because you were an employee of the Hazel Crest Post Office, your case fell under her area of responsibility (IF, Affidavit D, p. 1).

The record contains a Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation, dated July 28, 2004, and indicating that you sustained injuries to your hands, stomach, back, knee, and shoulder in a slip and fall accident (IF, Exhibit 5, Pages [pp.] 1-2). Another Federal Employee Traumatic Injury form indicates that on March 12, 2007, you injured your right hand and shoulder while you were delivering mail (IF, Exhibit 5, pp. 3-4). On March 22, 2007, another injury compensation claim form was filed, when you allegedly injured your neck and back while on the job (IF, Exhibit 5, pp. 5-6).

The record contains three Modified Limited Duty Offers, effective January 8, 2006, February 16, 2007, and April 7, 2007, respectively (IF, Attachment to Affidavit D, pp. 8-12). The duties assigned in the offer were generally consistent with your normal duties as a Letter Carrier, except that there were temporal

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 12

limitations placed upon your ability to perform certain job tasks (IF, Attachment to Affidavit D, pp. 8-12).

The record evidence indicates that you have filed grievances for each of the allegations you asserted in your EEO complaint (IF, Attachment to Affidavit A, pp. 15-16, 29-30, 31-34, 35-36, 61-63, 131, 141-142, 143-145, 157-158, 171, 175-178). The 7-Day Suspension issued on April 23, 2007, was expunged from your file as the result of a Step-B grievance decision (IF, Attachment to Affidavit A, p. 141-142). The Letter of Warning, issued on April 10, 2007, was also expunged from your file in a Step-B grievance decision (IF, Attachment to Affidavit A, pp. 35-36). The other grievances (5) which reached Step-B were decided in management's favor.

Although recognized as separate accepted issues, for administrative purposes accepted issue #s 7, 9, and 10 will be analyzed together, as they all related to a similar chain of events and the same management official.

## COMPLAINANT'S *PRIMA FACIE* CASE

*1) On February 16 and 17, 2007, you were charged Leave Without Pay (LWOP) instead of sick leave you requested and as of May 2007, you have not been paid for those days;*

### Disparate Treatment (Age)

In this case, you have established prong (1) of the analysis, as the record indicates that your DOB is 09/30/1959 (IF, Exhibit 1, p. 1).

Prong (2) of the analysis has not been established. You attempted to request sick leave on January 20, 2007 for the dates in question (IF, Counselor's Report, p. 4). The leave requests were denied with the caveat that you submit them at a later date (IF, Counselor's Report, p. 4). The record confirms that you called in sick on February 16 and 17, 2007 and were charged LWOP because no approval was on file at the end of the pay period. However; further evidence indicates that although you were originally charged LWOP for the two days in question, Ms. Simon-Pruitt requested a pay adjustment in order to change your time to sick leave (IF, Attachment to Affidavit C, pp. 6-7, Affidavit B, p. 1, Affidavit C, p. 1). The pay adjustment was returned because you had already been paid for the time (IF, Affidavit B, pp. 1, 3-5, Affidavit C, p. 1). Therefore, you were not subjected to an adverse employment action.

To establish prong (3) of the analysis, you must identify similarly situated employees who are outside of your protected group, and who you believe were treated more favorably. To do this, you must show that all of the relevant

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 13

aspects of your employment situation are virtually identical to those of the employees whom you alleged were treated more favorably.

You have identified employee Robert McGee (DOB: 11/10/1969) as a comparison employee who was treated more favorably. Mr. McGee was not similarly situated to you because according to your testimony, he called in sick over the Christmas holiday while your call-in occurred over President's Day (IF, Affidavit A, pp. 1-2). Moreover, as stated above, it was determined that your LWOP status was already changed to sick leave, therefore you were not treated less favorably than Mr. McGee. Prong (3) is not established.

You have failed to establish a *prima facie* case of disparate treatment discrimination for this accepted issue.

## Retaliation Discrimination (Prior EEO Activity)

Prong (1) requires you to establish that you have participated in prior EEO activity. This prong is established, as the record shows that you have filed 4 prior complaints (IF, Exhibit 3, p. 1).

Prong (2) requires you to establish that the alleged discriminating management official was aware of your prior EEO activity. Record evidence indicates that Ms. Simon-Pruitt was the alleged discriminating official and that she was not aware of your prior EEO activity (IF, Affidavit A, p. 1, Affidavit C, p. 3). Therefore, Prong (2) has not been established.

Prong (3) requires you to establish that you were subjected to an adverse employment action. As stated above, although you were originally charged LWOP for your absences on February 16 and 17, 2007, a pay adjustment was requested and your time was recorded as sick leave (IF, Attachment to Affidavit C, pp. 6-7, Affidavit B, p. 1, Affidavit C, p. 1). It was determined that you had been paid for the time requested. Therefore, prong (3) has not been established.

Prong (4) requires you to establish a casual connection between your prior EEO activity and the alleged discrimination. Here, because Ms. Simon-Pruitt was unaware of your participation in prior EEO activity, it is unlikely that she had a retaliatory motive against you. Although Ms. Greene was aware of your prior EEO activity, she was not directly responsible for recording your time (IF, Affidavit B, p.1, Affidavit A, pp. 1-2). Further, management promptly submitted the pay adjustment to ensure that your time was correctly changed from LWOP to sick leave. This evidence demonstrates that there was no discriminatory animus on the part of Ms. Simon-Pruitt against you. Your participation in prior EEO activity, without more, is not sufficient to establish the requisite nexus. Prong (4) has not been established.

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 14

Therefore, you have failed to establish a *prima facie* case of retaliation discrimination.

## Disability Discrimination

Title 29, Code of Federal Regulations, Part 1630.2(g) defines a person with a disability as an individual who: (i) has a physical or mental impairment which substantially limits one or more of that person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment. See also Melahn *supra.*

A major life activity is "substantially limited" if an individual is unable to perform it or there is a significant restriction, in terms of condition, manner, or duration, in the individual's activity as compared to an average person in the general population. 29 C.F.R. Section 1630.2(j)(1)(i). To establish that the Complainant is substantially limited in the major life activity of working, there must exist, a significant restriction of her ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person; it is insufficient to show that she is excluded from qualifying for a particular job. 29 C.F.R. Section 1630.2(j).

The record contains on Offer of Modified Assignment (Limited Duty), dated February 16, 2007, which indicates that you were somewhat limited in your ability to perform the essential functions of your job. You were restricted to performing the tasks of clearing carriers, taking mail out to carriers, delivering express and priority mail, office paperwork, and mounted delivery services (IF, Attachment to Affidavit A, p. 162). You have provided testimony which indicates that since 2005 and continuing you had "permanent back restrictions" (IF, Affidavit A, p. 5). The Duty Status Report dated February 5, 2007, indicates that your physician recommended limited duty, no bag carrying as a permanent restriction, mounted delivery for 3-4 hours, and your ability to case mail 2 times a day, each for 2 hours, with a gap in time between all due to your thoracic sprain (IF, Attachment to Affidavit A, p. 160). However, there is no medical documentation from your physician indicating the nature and severity of your injury, the nature of any treatment you were receiving, or the long-term prognosis of the injury. Without this information, it cannot be determined whether your physical condition is permanent or temporary. A temporary physical condition may not be considered a "substantial limitation" for purposes of a disability discrimination analysis. MRI results from June 5, 2007, were inconclusive and do not provide any helpful information in determining your status as a disabled person in that it stated there was minimal disc desiccation at upper thoracic level, otherwise unremarkable (IF, Attachment to Affidavit A, pp. 95-96). While it is clear your OWCP claims were accepted regarding your shoulder and spine injuries in April of 2007, this is still

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 15

insufficient to establish a substantial limitation on a major life activity at the time of the alleged discrimination (IF, Attachment to Affidavit A, pp. 119-127). Therefore, you have failed to establish your status as a disabled person as defined within the Rehabilitation Act.

If you had established that you are a person with a disability, Courts have adopted and applied the Title VII burdens of proof to disability discrimination claims. Greathouse *supra*, Oberg *supra*. In order to establish a *prima facie* case of disability discrimination, a complainant must prove, by a preponderance of the evidence, that similarly situated employees were treated more favorably. A complainant also must demonstrate a causal relationship between the disabling condition and the agency's reasons for the adverse employment action. Rideout *supra*, Mackey *supra*, and Milder *supra*.

For this accepted issue, you have identified employee Robert McGee as a comparison employee. However, the record contains no information regarding the disability status of this employee and therefore his comparability to you cannot be determined. Further, as stated above, you were not treated more favorably than him because you were ultimately paid sick leave for the hours requested (IF, Attachment to Affidavit C, pp. 6-7). Further, you have provided no evidence, outside of your bare allegations, to establish a causal relationship between your physical condition and the events in this accepted issue.

Therefore, you have failed to establish a *prima facie* case of disability discrimination.

*2) On March 17, 2007, you were denied reasonable accommodations when you were not reassigned to the clerk craft;*

## Disability Discrimination - Accommodation

As stated above, you have failed to establish that you are a disabled person entitled to protection under the Rehabilitation Act. However, if you had established that you are a person with a disability Courts have adopted and applied the Title VII burdens of proof to disability discrimination claims. Greathouse *supra,* Oberg *supra*. In order to establish a *prima facie* case of disability discrimination based upon failure to accommodate, a complainant must prove, by a preponderance of the evidence that the agency failed to make a reasonable accommodation, resulting in adverse treatment of the complainant. Rideout *supra*, Mackey *supra*, and Milder *supra*.

In this case, you have alleged that the agency failed to accommodate you by not assigning you to the clerk craft. You indicate that another carrier was given a clerk position March 17, 2007 and you state you have filed EEO complaints on

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 16

not being assigned to the clerk craft previously. (IF, Affidavit A, p. 2) You indicate and the record reflects two letters you wrote to management officials, one from February 2000 and another from March 2003, indicating that you were requesting a change to the clerk craft upon the availability of a position (IF, Attachment to Affidavit A, pp. 37-39). You also filed a grievance in June of 2007, claiming that management violated a previous EEO settlement agreement by not placing you in the clerk craft (IF, Attachment to Affidavit A, p. 61). According to the grievance, the EEO settlement was dated August 19, 2004, and stated in pertinent part that you had to provide management with a doctor's release within 14 days of the date of the settlement, indicating that you were physically capable of performing all of the functions of the clerk job. This included providing a permanent release stating that you could lift up to 40 lbs. and that you could intermittently lift up to 70lbs. However, you never provided the necessary information and therefore you were not given the clerk position. As such, management did not fail to make a necessary reasonable accommodation by not providing you with the position. The grievance was closed by deeming no violation of the national agreement or violation of the EEO settlement. (IF, Attachment to Affidavit A, p. 62).

You have also alleged that Kendra McGhee was treated more favorably when she was given the clerk position instead of you (IF, Affidavit A, pp. 9-10). Ms. Green testified that when she arrived at Hazel Crest, Ms. McGhee submitted a letter dated September 12, 2006 requesting to change to the clerk craft when there was an opening. Ms. Green had no knowledge of your wanting to become a clerk. When another clerk was promoted, the vacant position was given to Ms. McGhee (IF, Affidavit B, pp. 1, 19-20). It is also noted that the management officials involved in your 2004 EEO settlement were no longer at the Hazel Crest facility at the time Ms. McGhee was granted the clerk position (IF, Counselor's Report, p. 4). You have not established that Ms. McGhee had similar circumstances, i.e. failing to meet the standards of an EEO settlement agreement with the agency. You have failed to establish the *prima facie* case.

*3) On March 19, 2007, you were assigned to work outside of your medical restrictions;*

## Disparate Treatment (Age)

Prong (1) has been established by virtue of your age (IF, Exhibit 1, p. 1).

Prong (2) has not been established. As of March 14, 2007, your restrictions included no carrying a mail bag, working only a 5-day work week, 3-4 hours of mounted delivery, two 1-hour sessions of casing mail, and no repetitive use of your right arm (IF, Attachment to Affidavit A, p. 66). You have claimed that Ms. Simon-Pruitt assigned you to work for a sixth day in a row, violating the 5-day

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 17

work week restriction. However, you did not report as scheduled (IF, Affidavit A, p. 2). Ms. Simon-Pruitt has confirmed scheduling you on your non-work day on March 19, 2007 (IF, Affidavit C, p. 1). The record indicates that you worked 5-days during the week of March 17-22, 2007 (IF, Exhibit 4, pp. 1-2). Further, your medical restrictions stated that you were limited to a 5-day work week. As such, the record does not reflect that you suffered a loss or any adverse action when you did not report for work. Therefore, you have failed to establish prong (2) for this accepted issue.

You have failed to identify any comparison employees for this accepted issue. Therefore, you have failed to carry your burden with regard to this prong of the analysis.

The *prima facie* case for disparate treatment discrimination for this accepted issue has not been met.

## Retaliation Discrimination (Prior EEO Activity)

Prong (1) is established by virtue of your participation in prior EEO activity.

You identified Ms. Simon-Pruitt as the discriminating official in this accepted issue (IF, Affidavit A, p. 3). However, as stated above, she was unaware of your prior EEO activity (IF, Affidavit C, p. 1). Therefore, prong (2) has not been established.

Prong (3) requires you to establish that you were subjected to an adverse employment action. Here, though management did assign you to work outside of your medical restrictions, you failed to do so and, as such, suffered no adverse action. Therefore, prong (3) cannot be met.

The required nexus between your prior EEO activity and the allegation of discrimination has not been established. As with accepted issue #1, Ms. Simon-Pruitt could not have had a discriminatory motive if she was unaware of your participation in prior protected activity. Further, her decision to schedule you to work on your non-scheduled day was in no way connected to your prior EEO activity, but was due to the needs of service (IF, Affidavit C, p. 1). You have provided no evidence to support your claim of a retaliatory motive. Thus, prong (4) has not been established.

## Disability Discrimination

Because you are not a disabled person, you were not entitled to relief under the Rehabilitation Act. Further, had you established your disabled status, you have failed to identify any comparison employees whom you believe were treated

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 18

more favorably than you in this accepted issue. Therefore, you cannot establish the *prima facie* case for disability discrimination.

*4) On March 22, 2007, you were issued a Letter of Warning charging you with Failure to Perform in a Safe Manner;*

## Disparate Treatment (Age)

Here, you have established prongs (1) and (2) of the disparate treatment analysis by virtue of your age and by establishing that you were issued a Letter of Warning for Failure to Perform your job in a Safe Manner (IF, Exhibit 1, p. 1, Attachment to Affidavit A, pp. 165-166). The Letter of Warning was issued because you failed to curtail the mail and/or dismount to deliver the mail when you encountered obstructions in the road March 12, 2007 (IF, Attachment to Affidavit A, p. 165).

You have identified employee Jim Godowski (DOB: 12/16/1956) as an employee who was treated more favorably (IF, Affidavit A, p. 6). You indicated that he injured himself on the job, but he was not given a pre-disciplinary interview, nor was he issued a Letter of Warning (IF, Affidavit A, p. 6). The record indicates that Mr. Godowski is within your protected age group and therefore he is not comparable to you for purposes of an age discrimination analysis (IF, Exhibit 6, p. 7). You identified Mr. Godowski as a "white male" employee, however; you have not made a claim for disparate treatment discrimination based upon sex or race and therefore this information is irrelevant to your claim. You also stated that employee Teneisha Durrough (DOB: 4/7/1975) was also issued a Letter of Warning in November 2006 for failure to work in a safe manner, which was reduced when she filed her grievance (IF, Affidavit A, p. 7, Attachment to Affidavit A, p. 170). This indicates that she was not treated more favorably than you, though younger. Prong (3) has not established.

You have failed to establish a *prima facie* case of disparate treatment discrimination for this accepted issue.

## Retaliation Discrimination (Prior EEO Activity)

The record evidence establishes that you participated in EEO activity prior to the alleged discrimination in this accepted issue (IF, Exhibit 2, p. 1). Prong (1) is established.

Ms. Simon-Pruitt is the alleged discriminating official for this accepted issue (IF, Affidavit A, p. 3). As such, you cannot establish prong (2) of the analysis because she was unaware of your prior EEO activity (IF, Affidavit B, p. 1).

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 19

Prong (3) is established because the Letter of Warning was issued to you (IF, Attachment to Affidavit A, pp. 165-166). The discipline arguably constituted an adverse employment action.

The record indicates that through the grievance process, your Letter of Warning was expunged from your file (IF, Attachment to Affidavit A, p. 35). Management failed to prove that you acted unconscientiously or what safety practices you violated (IF, Attachment to Affidavit A, p. 35). However, this does not establish that management had a retaliatory motive against you. Ms. Simon-Pruitt believed she was justified in issuing the Letter of Warning because of your failure to curtail mail when faced with obstructions in your delivery path (IF, Attachment to Affidavit A, p. 35). Her motives for issuing the discipline were based upon this reasoning and not your prior EEO activity, of which she was unaware. Prong (4) has not been established.

Therefore, you have failed to establish a *prima facie* case of retaliation discrimination.

## Disability Discrimination

Had you established your status as a disabled person, you have again failed to identify any appropriate comparison employees. You have produced no evidence that your physical condition was in any way linked to the issuance of the Letter of Warning. Ms. Simon-Pruitt legitimately believed that you had violated safety procedures, causing injury to your shoulder (IF, Attachment to Affidavit A, p. 165). The subsequent step B grievance decision does not implicate Ms. Simon-Pruitt in illegal discrimination.

The prima *facie case* for disability discrimination has not been met.

*5) From January 4, 2007 to March 23, 2007, you were required to call the office everyday;*

## Disparate Treatment (Age)

Here, you have established prong (1) of the analysis. Prong (2), however, has not been established. You were given the job of calling the Tri-City facility daily to see if there was any express mail for the Hazel Crest Post Office. You were not the only carrier who was assigned this duty as someone was assigned every day. You were assigned this duty because it was within your medical restrictions and because it was necessary for the needs of service (IF, Affidavit B, p.1). The record also indicates that as a matter of personal convenience, management allowed you to call into the office instead of making a personal appearance (IF, Affidavit C, p. 1). You were not initially reimbursed for the telephone calls

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 20

because management had not instructed you to use your cellular phone to make them (IF, Counselor's Report, p. 4). On March 23, 2007, you requested and received reimbursement for these calls. Thereafter, management instructed you to come in to the office for your daily assignment (IF, Affidavit C, p. 1). None of this evidence establishes that you were treated adversely by management officials.

You have failed to identify any comparison employees for this accepted issue. As such, you cannot establish prong (3) of the analysis.

The *prima facie* case of disparate treatment discrimination has not been met.

## Retaliation Discrimination (Prior EEO Activity)

Prong (1) is established because of your prior protected activity.

Prong (2) is also established, as this time you have also identified Ms. Green as an alleged discriminating official and she has indicated her awareness of your prior EEO activity (IF, Affidavit A, p. 3, Affidavit B, p. 1). You cannot, however, establish that you were subjected to an adverse employment action. Management's request that you call the Tri-City Post Office was a function of the needs of service for the facility. This duty was part of your modified job assignment and therefore, requesting that you perform this task was not an adverse employment action (IF, Attachment to Affidavit A, p. 162, Affidavit B, p. 1). Further, you were properly reimbursed for the telephone calls made (IF, Affidavit C, p. 1).

Outside of your bare assertions, there is no evidence connecting your prior EEO activity to the requirement that you call the Tri-City Post Office for express mail. You have not shown that management had a discriminatory animus against you because of your prior EEO activity with regard to this accepted issue. Ms. Greene's knowledge of your activity, without more, is not enough to establish the required nexus. Further, Ms. Greene was only generally aware that you had filed prior EEO claims and she had no intricate knowledge of the particulars (IF, Affidavit B, p. 1). Therefore, prong (4) has not been established.

## Disability Discrimination

As you have failed to present sufficient evidence to establish your disabled status, you cannot make the prima facie case of disability discrimination. Your physical condition was a factor in your being required to call the Tri-City Post Office, to the extent that this particular task fell within your medical restrictions. However, you were not treated adversely when compared to other employees. The record indicates that other employees were also assigned the duty of calling

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 21

the Tri-City Post Office and you were reimbursed for any calls made (IF, Affidavit B, p. 1, Affidavit C, p. 1). You have not identified any comparison employee whom you believe was treated more favorably. Your claim for disability discrimination must fail.

*6) On April 11, 2007, you were issued a Letter of 7-Day Suspension charging you with Failure to Perform in a Safe Manner;*

## Disparate Treatment (Age)

Your age establishes prong (1) of the analysis.

The record confirms that you were issued a 7-Day Suspension for Failure to Follow Instructions, not Failure to Perform in a Safe Manner, as articulated (IF, Attachment to Affidavit A, p. 141). Management issued the discipline because you failed to report to work April 10, 2007 after being specifically requested to do so by management officials. Prong (2) has been established.

You have neglected to identify any comparison employees for this accepted issue and therefore you cannot establish prong (3) of the analysis.

As such, you have failed to establish a *prima facie* case of disparate treatment discrimination for this accepted issue.

## Retaliation Discrimination (Prior EEO Activity)

Prong (1) is established because of your prior EEO activity.

You have identified Ms. Greene as the discriminating official in this accepted issue. As stated above, she has acknowledged knowing of your prior EEO activity. This is sufficient to establish prong (2) of the analysis.

Prong (3) has also been established, as the issuance of the 7-Day Suspension constituted an adverse employment action.

Prong (4), however, is not established. There is no indication that your prior EEO activity was connected to this incident. The record indicates that management directed you to report to work April 10, 2007, contradicting your medical documentation which stated that you were not advised to return to work that day (IF, Attachment to Affidavit A, p. 141). This constituted a simple misreading of your CA-17, but did not indicate that management had a retaliatory motive against you. The dispute resolution team determined that the 7-Day Suspension should be expunged form your record (IF, Attachment to Affidavit A, p. 141).

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 22

However, this is not an indication that management participated in illegal discrimination. Prong (4) has not been met.

Therefore, you have failed to establish a *prima facie* case of retaliation discrimination.

## Disability Discrimination

Similar to your other accepted issues you cannot establish a *prima facie* case for disability discrimination without first establishing that you are a disabled person entitled to protection under the law. Moreover, without specifically identifying comparison employees, you cannot establish that management treated you less favorably because of your physical condition.

*7) On April 12, 2007, you were denied Continuation of Pay (COP); 9) On May 18, 2007, you became aware that you had been denied COP and were charged with sick leave; 10) On June 1, 2007, you became aware that you had been denied COP and were charged with sick leave; and 11) On or about May 17, 2007 and June 21, 2007, the Injury Compensation Specialist returned your requests for pay.*

## Disparate Treatment (Age)

Here, you have established prong (1) of the analysis by virtue of your date of birth.

With regard to prong (2), the record indicates the Federal Employees Compensation Act (FECA) provides that the agency must continue an injured employee's regular pay, who sustains a traumatic injury, during periods resulting in disability up to a maximum of 45 calendar days from the date of injury if the employee meets the guidelines for COP eligibility (IF, Affidavit D, p. 1). At the time of the alleged discrimination, you had three active OWCP claims: thoracic sprain on July 28, 2004, right shoulder injury on March 12, 2007, and a thoracic strain on March 22, 2007 (IF, Affidavit D, p. 1). Prior to the last two occurrences, you had been working a modified duty assignment due to the July 28, 2004 injury (IF, Affidavit D, p. 1).

Because of the closeness in proximity of your three injury claims in 2007 and because of some confusion regarding your work restrictions Ms. Dedra Morris, Health and Resources Management Specialist, wrote to you April 11, 2007 informing you to fill out a CA-2A if you felt your new injury claims were related to your previous work condition (IF, Affidavit D, p. 1). When you failed to respond, Ms. Morris wrote to you again on May 17, 2007, and again you failed to respond (IF, Affidavit D, p. 1, Attachment to Affidavit A, pp. 17-19, 24, 28, 129). Because

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 23

of your failure to respond, Ms. Morris was unable to determine if you qualified for COP and your claims from April 10, 2007 through April 30, 2007 were unable to be processed (IF, Affidavit D, p. 1). The office of Health and Resources Management does not grant or deny COP, but can certify the claim prior to submission to the OWCP for approval (IF, Affidavit D, p. 3). There is no record evidence supporting your claim that you were charged with sick leave for the days you requested COP, but were denied.

You also sent in your CA-7's, as requested by Ms. Morris, in order to process your COP requests for April of 2007 (IF, Affidavit A, p. 10, Affidavit D, p. 3). However, the date range indicated on the forms was unclear and they were returned to you for clarification (IF, Affidavit D, p. 3). As the delay in processing your COP claims appear to have been caused by your own actions, you were not subject to an adverse employment action at the hands of management officials. Prong (2) has not been established.

No comparison employees were identified for this accepted issue. Thus, you cannot establish prong (3) of the analysis. Thus, a *prima facie* case for disparate treatment discrimination has not been met for this accepted issue.

## Retaliation Discrimination (Prior EEO Activity)

Prong (1) has been established, as the record confirms your prior EEO history.

Prong (2) requires you to establish that the alleged discriminating management official was aware of your prior EEO activity. Here, Ms. Morris has indicated that she was unaware of your prior EEO activity (IF, Affidavit D, p. 3). Therefore, prong (2) has not been established.

Prong (3) requires you to establish that you were subjected to an adverse employment action. As stated above, you COP claims were unable to be processed by the Health and Resources Management Department because you failed to respond to repeated requests regarding clarification of your status. Ms. Greene has indicated that your claims were eventually paid after you responded to Ms Morris' requests (IF, Affidavit B, p. 1). Prong (3) has not been established.

Because Ms. Morris was not aware of your prior EEO activity, she could not have had a retaliatory motive in processing your claim for COP. Further, she was not the ultimate decision-maker pertaining to the approval or denial of your request (IF, Affidavit D, p. 3). Therefore, she did not have the power to deny your claim for COP. Had you complied with Ms. Morris' requests for information regarding your COP claim, your requests may have been approved in a more timely fashion. As it stands, there is no connection between your prior EEO activity and the denial of your COP claims.

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 24

Therefore, you have failed to establish a *prima facie* case of retaliation discrimination.

## Disability Discrimination

As previously noted, you have not provided sufficient evidence necessary to establish a *prima facie* case of disability discrimination. Should you be claiming disparate treatment, there were comparison employees identified for this accepted issue.

*8) On April 12, 2007, you were issued a Letter of 14-Day Suspension charging you with Failure to Follow Instructions;*

## Disparate Treatment (Age)

In this case, you have established prongs (1) and (2) of the disparate treatment analysis by virtue of your date of birth and being issued a 14-Day Suspension for Failure to Follow Instructions dated April 23, 2007 (IF, Affidavit C, p. 1, Attachment to Affidavit C, pp. 13-14). The discipline was issued because you failed to report to work in order to clarify your duty status, as specifically requested by management because your CA-17 was incomplete (IF, Attachment to Affidavit C, p. 13).

You have identified Jerry Brown as a comparison employee (IF, Affidavit A, p. 10). You have alleged that he was issued a 14-Day Suspension as well, but his suspension was expunged prior to arbitration while your suspension was expunged after arbitration (IF, Affidavit A, p. 10, Attachment to Affidavit C, pp. 17-18). Mr. Brown's suspension was for Failure to Act in a Safe Manner, thus a different charge than yours making him not similarly situated. The record indicates that your suspension and Mr. Brown's suspension reached step A of the grievance process (IF, Attachment to Affidavit A, pp. 175-176). However, there is no step B information in the record for either grievance. The ultimate disposition of your suspension was the same as that of Mr. Brown (IF, Affidavit A, p. 10).

You have failed to establish the *prima facie* case of disparate treatment discrimination for this accepted issue.

## Retaliation Discrimination (Prior EEO Activity)

The record evidence establishes that you participated in EEO activity prior to the alleged discrimination in this accepted issue (IF, Exhibit 2, p. 1). Prong (1) is established.

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 25

Ms. Simon-Pruitt is the alleged discriminating official for this accepted issue (IF, Affidavit A, p. 3). As such, you cannot establish prong (2) of the analysis because she was unaware of your prior EEO activity (IF, Affidavit B, p. 1).

Prong (3) is established because the Notice of Suspension was issued to you (IF, Attachment to Affidavit A, pp. 176-177). The discipline arguably constituted an adverse employment action.

Prong (4) requires you to establish a casual connection between your prior EEO activity and the alleged discrimination. Here, there is no direct evidence that Ms. Simon Pruitt issued the suspension because of your prior EEO activity. The record establishes that you had a history of failing to follow the instructions of management officials and the notice of suspension at issue was issued for the same reason. You must produce affirmative evidence that Ms. Simon-Pruitt considered your EEO status when she issued the discipline. You have provided nothing more than mere speculation and bare allegation to support your claim. As such, prong (4) cannot be established.

Therefore, you have failed to establish a *prima facie* case of retaliation discrimination.

## Disability Discrimination

As with all of your other accepted issues, you have not established that you were a disabled person as defined within the Rehabilitation Act, at the time of the alleged discrimination. As stated above, employee Jerry Brown was not treated more favorably than you, as the evidence indicates that your suspension and his suspension both reached step A of the grievance process before being expunged from your respective records. In addition, his deficiency and yours varied in that the charge was not the same.

You have failed to establish a *prima facie* case of disability discrimination.

*12) On or about March 20, 2007, a co-worker made disparaging remarks to you.*

Pursuant to 29 C.F.R. 1614.107(a): Prior to a request for a hearing in a case, the agency shall dismiss an entire complaint: (1) that fails to state a claim under 1614.103 or 1614.106(a). The regulations provide that an agency may not accept a complaint from a complainant that is not aggrieved. The term "aggrieved" has been interpreted by the courts and the Office of Federal Operations to mean an employee who has suffered a personal loss or harm with respect to a term, condition, or privilege of employment.

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 26

Generally, to be aggrieved, a complainant must demonstrate: 1) complainant suffered an injury and 2) the agency's allegedly unlawful conduct caused that injury. Additionally, there must be a causal connection between the challenged conduct and the injury.

Moreover, the required causal connection will be satisfied only if there is a substantial likelihood that the relief requested will redress the injury. Stated another way, it is clear that unless a complainant has suffered a direct and personal deprivation at the hands of the agency, complainant cannot properly be considered a "person aggrieved" under the Commission's Regulations and thus is without standing to file a charge based on an alleged discriminatory remark or employment practice.

It should be noted that under EEO regulations, every work-related issue does not constitute a term, condition, or privilege of employment. The central issue is whether complainant can demonstrate the incidence of an actual personal loss or harm and that complainant personally would benefit in a tangible way from the EEO Commission's intervention.

In claim #12, you indicate a former union steward in March of 2007 making disparaging remarks relative to getting a real job and being injured. You spoke to the Union Vice-President who spoke to this employee who denied making the remarks. You have not claimed any personal loss related to a term, condition or privilege of employment. Nor, is there any evidence that you reported the incident to management. Management testifies to being unaware of this particular issue (IF, Affidavit B, p. 2, Affidavit C, p. 5)

The Commission's federal sector case precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. Diaz v. Department of the Air Force, EEOC Request No. 05931049 (April 21, 1994).

Harassment must generally be ongoing and continuous in order to constitute unlawful discrimination; a few isolated incidents are not sufficient to show harassment. See Hicks v. Gates Rubber Co., 833 F.2d 1406, 1412-13 (10th Cir. 1987). Unless the conduct is very severe, a single incident or group of isolated incidents will not be regarded as discriminatory harassment. Walker v. Ford Motor Co., 684 F.2d 1355, 1358 (11th Cir. 1982). Moreover, the Commission has consistently held that a mere verbal exchange does not, without some showing of injury in fact, indicate that complainant is aggrieved. See Fuller v. United States Postal Service, EEOC Request No. 05910324 (May 2, 1991); Poulos v. Department of Health and Human Services, EEOC Appeal No. 01921437 (April 15, 1992), affd, EEOC Request No. 05920721 (February 11, 1993).

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 27

Furthermore, you have not shown that you suffered a personal loss or harm with respect to a term, condition or privilege of employment as a result of the agency's action. The actions complained of in this accepted issue were those of a co-worker, not a management official. You did not articulate in your affidavit or in your formal complaint that any action or lack of action on the part of management caused you any harm. Subsequently, you have not demonstrated that you were an "aggrieved" employee within the meaning of 29 C.F.R. 1614.103, and as such, you have failed to state a claim upon which relief can be granted. The claim as cited above is now dismissed as failing to state a claim in accordance with 29 C.F.R.
1614.107(a)(1).

### MANAGEMENT'S LEGITIMATE NON-DISCRIMINATORY REASON

Assuming, *arguendo*, that you had established a *prima facie* case for Disparate Treatment, Disability, and/or Retaliation Discrimination, then the Agency must articulate legitimate, non-discriminatory reasons for its actions.

With regard to accepted issue #1, Ms. Greene testified that a pay adjustment was submitted to Shared Services for your absences in February however; they returned the pay adjustment request indicating that you were not entitled to an adjustment because you had already been paid for the time (IF, Affidavit B, p. 1).

Ms. Simon-Pruitt confirmed that a pay adjustment was submitted on your behalf, but that documents were received from Shared Services indicating that you had already been paid (IF, Affidavit C, p. 1).

With regard to accepted issue #2, Ms. Greene stated that the agency has provided you with work within your restrictions in the Letter Carrier Craft and that you have never been denied reasonable accommodations (IF, Affidavit B, p. 1). She added that she was unaware of your desire to become a clerk until you filed a grievance on the issue (IF, Affidavit B, p. 1).

Ms. Simon-Pruitt testified that as a Customer Service Supervisor, she has no power to determine who is reassigned to the clerk craft (IF, Affidavit C, p. 1).

To accepted issue #3, Ms. Simon-Pruitt responded that she did not work you outside of your restrictions on March 19, 2007 (IF, Affidavit C, p. 1). She averred that you failed to follow instructions by not showing up to work that day as scheduled (IF, Affidavit C, p. 1).

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 28

In accepted issue #4, Ms. Simon Pruitt acknowledged that she issued you a Letter of Warning because you failed to perform you duties in a safe manner (IF, Affidavit C, p. 1).

With regard to accepted issue #5, Ms. Greene testified that the Hazel Crest facility has to go to the Tri City facility daily to pickup and deliver Express Mail, if there is any, between the hours of 2:00 and 3:00 PM (IF, Affidavit B, p. 1). She claimed that this job was assigned to you as a duty that you could perform within your restrictions (IF, Affidavit B, p. 1). She stated that you were not the only Carrier who called in to see if they have to go to Tri-City and that this duty is assigned to someone everyday (IF, Affidavit B, p.1).

Ms. Simon-Pruitt has indicated that you were not required to call into the office everyday (IF, Affidavit C, p. 1). She testified that as a courtesy, management allowed you to call into the office instead of reporting to the office for your assignments (IF, Affidavit C, p. 1). She stated that on March 23, 2007, you requested and received reimbursement for your phone calls (IF, Affidavit C, p. 1). She averred that after this, you were instructed to come into the office daily for your assignments (IF, Affidavit C, p. 1).

With regard to accepted issue #6, Ms. Simon-Pruitt has acknowledged that she issued you the 7-Day suspension for failure to follow instructions (IF, Affidavit C, p. 1).

In response to your statements regarding accepted issue #s 7, 9, 10, and 11, Ms. Morris stated that the Federal Employees Compensation Act (FECA) provides that an employer must continue an injured employee's regular pay, who sustains a traumatic injury, during periods resulting disability, up to a maximum of 45 calendar days from the date of injury (IF, Affidavit D, p. 1). She stated that prior to your 2007 injuries you were working in a modified assignment due to an injury occurring on July 28, 2004 (IF, Affidavit D, p. 1). She testified that you filed a claim for traumatic right shoulder injury on 03/12/07 and that you were returned to work with the same restrictions prior to this injury (IF, Affidavit D, p. 1). Ms. Morris indicated that one week later you filed another traumatic injury claim involving your back and again you were returned to work with the same restrictions that allowed you to perform the same modified carrier duties prior to these injuries (IF, Affidavit D, p. 1). She averred that the restrictions remained viable until your treating physician placed you off work effective 04/10/07 (IF, Affidavit D, p. 1).

Ms. Morris testified that upon notification of your physical condition, she wrote to you advising you that if you felt your physical condition was related to a previous work related condition, then you needed to complete a Recurrence Claim Form (CA-2A) as required by Department of Labor (IF, Affidavit D, p. 1). She claimed

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 29

that she did not receive a response form you, therefore she sent a subsequent letter and again there was no response (IF, Affidavit D, p. 1). She admitted that due to your failure to respond to her correspondences, it was unclear what you were actually claiming and her office was unable to determine with which work related illness your current physical condition was associated (IF, Affidavit D, p. 1). She added that her office was thus unable to determine whether you were eligible for COP and your corresponding leave requests were denied pending receipt of the appropriate claim forms (IF, Affidavit D, p. 1).

Ms. Morris acknowledged that subsequent requests for compensation were received via submission of CA-7 (Claim for Compensation) but were returned to you for completion (IF, Affidavit D, p. 3). She testified that she did not have the authority to deny compensation but could only certify the claim prior to submission to OWCP by verifying LWOP hours (IF, Affidavit D, p. 3). She stated that you submitted a CA-7 on May 11, 2007 which was received in her office on May 16, 2007 requesting compensation for the inclusive date range from "2/07 to 03/07" (IF, Affidavit D, p. 3). Ms. Morris stated that you neglected to check whether or not the dates were for intermittent time (IF, Affidavit D, p. 3). She added she advised you that the date range indicated on your form was not clear and requested that you resubmit it using appropriate dates (IF, Affidavit D, p. 3). Ms. Morris added that your age, prior EEO activity, and physical condition were not motivating factors in any of her decisions (IF, Affidavit D, pp. 1, 3).

With regard to accepted issue #8, Ms. Simon-Pruitt acknowledged that she issued you the 14-Day Suspension because you failed to follow instructions (IF, Affidavit C, p. 1). She indicated that your age, prior EEO activity, and physical condition were not factors in any decisions made (IF, Affidavit C, pp. 1-2).

Though Issue #12 has been dismissed, it should be noted that there is no evidence that you reported to management the issue of a co-worker making inappropriate remarks to you. (IF, Affidavit B, p. 2, Affidavit C, p. 5)

Management cited the National Agreement between the United States Postal Service and the National Association of Letter Carriers, AFL-CIO, 2001-2006, Article 3 governing Management Rights, Article 16 governing Discipline Procedures, Article 41 governing the Letter Carrier Craft, Handbook EL-505, governing *Injury Compensation*, Handbook EL-307, governing *Reasonable Accommodation an Interactive Process*, and the *Employee and Labor Relations Manual* (ELM), version 17.15, dated July 20, 2006, section 510 governing Leave, section 540 governing the Injury compensation Program, and section 665.13 governing Discharge of Duties, as justification for their actions (IF, Exhibits 8-11).

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 30

## **PRETEXT**

Having thus articulated the agency's legitimate, facially non-discriminatory explanation, all presumptions of discrimination now drop from the case. *St. Mary's* Honor Center v. Hicks, 509 U.S. 502, 507, 125 L.Ed. 407, 113 S.Ct. 2742 (1993). The burden shifts to the Complainant to prove by a preponderance of the evidence that the agency's proffered reasons are merely a pretext for discrimination.

Pretext may be demonstrated by showing "such weaknesses, impossibilities, inconsistencies, incoherencies, or contradictions in the agency's proffered reasons for its action that a reasonable fact-finder could rationally find them unworthy of credence and then infer that the employer did not act for the asserted non-discriminatory reason." Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997). A review of the record indicates that you offered nothing more than rank speculations and conclusory allegations. These efforts are insufficient in order to establish pretext. Morgan, supra.

In this case, there is no evidence that management's actions were a pretext for illegal discrimination. Management did not act inconsistently with Postal Service policies governing discipline (IF, Exhibit 9, pp. 4-7). Several disciplinary actions were issued against you; some were expunged from your record while others were vindicated by the dispute resolution team during the step B grievance process (IF, Attachment to Affidavit A, pp. 15-16, 29-36, 61-63, 141-145). While the 7-Day Suspension for Failure to Follow Instructions and the Letter of Warning for Failure to Perform in a Safe Manner were expunged during the grievance process, this is not an indication that management illegally discriminated against you.    The discipline issued was based upon sound reason and judgment used by management officials, whether or not upheld by the grievance process. You have provided no evidence, outside of your unsupported allegations, that either Ms. Greene or Ms. Simon Pruitt considered your age, physical condition, or prior EEO activity in making their decisions regarding the disciplinary measures taken. Further, neither Ms. Greene nor Ms. Simon-Pruitt was aware of your age and neither were fully-informed regarding the particulars of your prior EEO activity (IF, Affidavit B, p. 1, Affidavit C, p. 2). In addition, records of evidence reveal that Ms. Greene (DOB: 5/5/1959) and Ms. Simon-Pruitt (DOB: 9/10/56) are both members of your same age protected group, albeit older than you. This clearly reduces the likelihood of a discriminatory animus against you because of your protected status.

As stated above, your physical condition was only a factor in management's actions to the extent of their assigning you duties which were within your medical restrictions (IF, Attachment to Affidavit A, pp. 64, 132-133, 162, 164). Because you were not a disabled person, management could not have discriminated against you based upon a disability.    It appears you failed to provide the necessary

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 31

documentation in order to secure a clerk position in an earlier EEO complaint which
is now on appeal to the Commission in Washington DC. IF, Affidavit A, pp. 12, 62).

Requesting that you call the Tri-City facility to ascertain if there was any express
mail available for the Hazel Crest facility was a routine task or assignment and did
not constitute a discriminatory act especially since other employees did the same
thing (IF, Affidavit B, p. 1).

Ms. Morris has presented sound and credible testimony, explaining why your COP
requests were unable to be processed. You were uncooperative with regard to
providing the proper forms and explaining discrepancies in the information received
(IF, Attachment to Affidavit A, pp. 17-18, 24, 28, 129). Therefore, the processing of
your claim was appropriately delayed. There is no evidence that Ms. Morris
considered your age, prior protected activity, or your physical condition in the
processing of your claims. The processing of your COP requests was in
compliance with Postal Service policies governing the Injury Compensation
Program (IF, Exhibit 8, pp. 12-17). Therefore, the reasons given by management
officials for their actions are deemed legitimate, and thus not a pretext for illegal
discrimination.

## CONCLUSION

After carefully considering the entire record, and applying the legal standards
outlined in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973);
Hazen Paper Company v. Biggins, 507 U.S. 604 (1993) (applying the standard to
cases brought under the ADEA); Prewitt v. U.S. Postal Service, 662 F .2d 292
(5th Cir. 1981) (applying the standard to cases brought under the Rehabilitation
Act); and Hochstadt v. Worcester Foundation for Experimental Biology, Inc., 425
F .Supp. 318 (D.Mass), aff'd 545 F .2d 222 (1st Cir. 1976) (applying the standard
to reprisal cases); the Agency finds that you have failed to prove that you were
subjected to discrimination as alleged. Consequently, your case is now closed
with a finding of no discrimination.

## APPEAL TO EEOC

You have the right to appeal the Postal Service's final decision to the Director,
Office of Federal Operations, Equal Employment Opportunity Commission
(EEOC), P.O. Box 19848, Washington, DC 20036-9848, within 30 calendar days
of your receipt of this decision. You must use Form 3573, a copy of which is
enclosed, in connection with your appeal. You may also deliver your appeal in
person or by facsimile provided that briefs filed by facsimile are ten or fewer
pages in length. Any supporting statement or brief must be submitted to the
EEOC within 30 calendar days of filing the appeal. Along with your appeal, you
must submit proof to the EEOC that a copy of the appeal and any supporting

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 32

documentation or brief were also submitted to the National EEO Investigative Services Office, NEEOISO – FAD, USPS, P. O. Box 21979, Tampa, FL 33622-1979. You are advised that if you file your appeal beyond the 30-day period set forth in the Commission's regulations, you should provide an explanation as to why your appeal should be accepted despite its untimeliness. If you cannot explain why your untimeliness should be excused in accordance with 29 C.F.R. 1614.604, the Commission may dismiss the appeal as untimely.

## RIGHT TO FILE A CIVIL ACTION

Alternatively, if you are dissatisfied with the Postal Service's decision in this case, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered. If you choose to file a civil action, that action should be styled **Carla H. Hill v. John E. Potter, Postmaster General**. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security. Whether these requests are granted or denied is within the sole discretion of the District Judge. Your application must be filed within the same 90-day time period for filing the civil action.

*Doris a. Hill*
Doris A. Hill
EEO Services Analyst                          Date: 12/14/2007
NEEOISO
P. O. Box 21979
Tampa, FL 33622-1979

**Enclosure:** Appeal Form 573
cc:

Complainant
Carla H. Hill
18119 Charlemagne Ave.
Hazel Crest, IL  60429-2226
          **Delivery Confirmation No.**0307 0020 0005 2120 8057

Representative
Diana Hayes
P.O. Box 188
Bedford Park, IL  60499-0188
          **Delivery Confirmation No.**0307 002 0005 2120 8071

Final Agency Decision
Carla H. Hill
4J-604-0088-07
Page 33


Manager, Human Resources
USPS, Central Illinois District
6801 W. 73rd Street
Bedford Park, IL  60499-9994


Regional Manager, EEO Compliance and Appeals
USPS, Great Lakes Area Office
244 Knollwood Drive 2nd Floor
Bloomingdale, IL  60117-3010

*The U.S. Equal Employment Opportunity Commission*

## NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

OFFICE OF FEDERAL OPERATIONS
P.O. Box 19848
Washington, DC 20036

**Complainant Information: (Please Print or Type)**

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a final action been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ___Yes; Date Received _____ (Remember to attach a copy)<br>___No<br>___This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any other administrative or collective bargaining procedures? | ___No<br>___Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ___No<br>___Yes (Attach a copy of the civil action filed) |

NOTICE: Please <u>attach a copy of the final decision or order</u> from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC <u>and</u> with the agency <u>within 30 days</u> of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant or complainant's representative: | |
| Date: | |

EEOC Form 573 REV 1/01 (page 1 of 1)

*The U.S. Equal Employment Opportunity Commission*

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE**: EEOC Form 573, Notice of Appeal/Petition, January 2001
2. **AUTHORITY**: 42 U.S.C. § 2000e-16
3. **PRINCIPAL PURPOSE**: The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.
4. **ROUTINE USES**: Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.
5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION**: Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

Send your appeal to:

**The Equal Employment Opportunity Commission**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C. 20036**

EEOC Form 573 REV 1/01 (page 2 of 2)