UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLA HILL, ) <br> ) <br>        Plaintiff, ) <br> ) <br>        v. ) <br> ) <br> JOHN E. POTTER, United States Postal ) <br> Service, BEVERLY GEEENE, O.I.C., ) <br> CYNTHIA SIMON-PRUITT, Supervisor ) <br> ) <br>        Defendant. ) | No. 07 C 6835 <br><br> Judge Coar |

## ANSWER

Defendant John E. Potter, Postmaster General, United States Postal Service, by his attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, hereby responds to plaintiff's amended complaint, stating as follows:

### First Defense

Unless specifically admitted below, all allegations are denied. Answering the specific allegations of the complaint, using the same paragraph numbering, defendant admits, denies or otherwise avers as follows:

1. **Complaint:** This is an action for employment discrimination.

   **Response:** Defendant avers that plaintiff has filed a form complaint alleging employment discrimination.

2. **Complaint:** The plaintiff is Carla Hill of the county of Cook in the state of Illinois.

   **Response:** Admit.

3. **Complaint:** The defendant is John Potter, United States Postal Service, Beverly Greene, Cynthia Simon-Pruitt, who resides at 17541 S. Kedzie, Hazel Crest, Cook County, IL, (708) 647-0465.

**Response:** Defendant admits that John E. Potter, Postmaster General of the United States Postal Service is the proper defendant in this lawsuit. Defendant denies the remaining allegations as alleged in paragraph 3 of the Second Amended Complaint.

4. **Complaint:** The plaintiff sought employment or was employed by the defendant at United States Postal Service, 17541 S. Kedzie Avenue, Hazel Crest, Cook, Illinois 60429.

**Response:** Admit.

5. **Complaint:** The plaintiff was hired and is still employed by the defendant.

**Response:** Defendant admits that plaintiff was hired and is still employed by the defendant.

6. **Complaint:** The defendant discriminated against the plaintiff on or about, or beginning on or about April 10, 2007.

**Response:** Deny.

7.(a) **Complaint:** The plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i) the United States Equal Employment Opportunity Commission on or about March 29, 2007.

**Response:** Defendant admits that, on March 29, 2007, Plaintiff contacted an Equal Employment Opportunity ("EEO") Dispute Resolution Specialist in EEO Case No. 4J-604-0088-07. Defendant admits that on May 9, 2007, Plaintiff filed an EEO Complaint of

Discrimination in the Postal Service, PS Form 2565, in EEO Case No. 4J-604-0088-07. Defendant denies the remaining allegations as alleged in paragraph 7 of the Second Amended Complaint.

7.(b)  **Complaint:**  If charges were filed with an agency indicated above, a copy of the charge is attached.    ☒ YES

It is the policy pf both the equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**Response:**  Defendant admits that Plaintiff attached the EEO Complaint of Discrimination in the Postal Service, PS Form 2565, in EEO Case No. 4J-604-0088-07 to her Second Amended Complaint. Defendant denies the remaining allegations as alleged in paragraph 7(b) of the Second Amended Complaint.

8.  **Complaint:**  The United State Equal Employment Opportunity Commission has issued a Notice of Right to Sue, which was received by the plaintiff on December 21, 2007, a copy of which Notice is attached to this complaint.

**Response:**  Defendant avers that Defendant issued a Final Agency Decision on December 14, 2007 in EEO Case No. 4J-604-0088-07. Defendant is without sufficient information or knowledge to form a reasonable belief as to the date in which Plaintiff received the Final Agency Decision and, therefore, denies those allegations as stated in paragraph 8 of the Second Amended Complaint. Defendant admits that Plaintiff attached the Final Agency Decision in EEO Case No. 4J-604-0088-07. Defendant denies the remaining allegations as alleged in paragraph 8 of the Second Amended Complaint.

9.    **Complaint:**    The defendant discriminated against the plaintiff because of the plaintiff's [check all that apply]:

    (a) ☒    Age (Age Discrimination Employment Act).
    (b) ☐    Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
    (c) ☒    Disability (American with Disabilities Act or Rehabilitation Act)
    (d) ☐    National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C.§1981).
    (e) ☐    Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C.§1981).
    (f) ☐    Religion (Title VII of the Civil Rights Act of 1964).
    (g) ☐    Sex (Title VII of the Civil Rights Act of 1964).

**Response:**    Defendant denies the allegations set forth in Paragraph 9.

10.    **Complaint:**    The plaintiff is suing the defendant, a state of local government agency, for discrimination on the basis of race, color, or national origin (42 U.S.C. §1983).

    ☐ YES    ☒ NO

**Response:**    Admit that 42 U.S.C. § 1983 is inapplicable.

11.    **Complaint:**    Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); over 42 U.S.C. §1981 and §1983 by 42 U.S.C. §1988; over the A.D.E.A. by 42 U.S.C. §12117.

**Response:**    Deny that there is jurisdiction under 42 U.S.C. § 1988, as plaintiff has not filed a complaint for deprivation of civil rights under color of state law under 42 U.S.C. § 1981 and § 1983. Defendant avers that jurisdiction lies over allegations of illegal age-based employment discrimination under 42 U.S.C. § 12117, but denies that jurisdiction arises from 28 U.S.C. §§ 1331,1343(a)(3) or 42 U.S.C. § 2000e-5(f)(3).

12. **Complaint:** The defendant [check only those that apply]

(a) ☐ failed to hire the plaintiff.
(b) ☐ terminated the plaintiff's employment.
(c) ☒ failed to promote the plaintiff.
(d) ☐ failed to reasonably accommodate the plaintiff's religion.
(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.
(f) ☒ other (specify): Cut my hours of work 20,000.00. Forced to pay back $2,905.00 to the unemployment security when hours were cut down to 13 or less hours per week for 8 months.

**Response:** Defendant denies the allegations set forth in Paragraph 12.

13. **Complaint:** The facts supporting the plaintiff's claim of discrimination are as follows: In 2000 I was being converted to a window distribution clerk which I have enclosed documentation. My postmaster was detailed out of the office and new managers stopped the process. In 2003 I was offered the position and not given it. In August 2004 a clerk position was given to a young black female with less seniority than me. In April 2007 another young black demale with less seniority was given another position.

**Response:** Defendant denies the allegations set forth in Paragraph 13.

14. **Complaint:** [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.    Yes!

**Response:** Defendant denies the allegations set forth in Paragraph 14.

15. **Complaint:** The plaintiff demands that the case be tried by a jury. ☒YES ☐No

**Response:** Defendant admits that paragraph 15 of plaintiff's complaint contains a demand for a jury trial. Defendant denies that plaintiff is entitled to a jury trial on her ADEA claims.

16. **Complaint:** Therefore the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

5

(a) ☐    Direct the defendant to hire the plaintiff.

(b) ☐    Direct the defendant to re-employ the plaintiff.

(c) ☒    Direct the defendant to promote the plaintiff.

(d) ☐    Find that the defendant failed to reasonably accommodate the plaintiff's religion

(e) ☒    Find that the defendant failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒    Direct the defendant to (Specify): Pay all back pay losses of about $50,000.00.  Pay the $2,905.00 I paid to the Employment Security becuase of them cutting my hours. Compensatory damages of $5,000.000.00 for being purposely passed over for a clerk position I was next in lone to be promoted.

(g) ☒    If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒    Grant such other relief as the court may find appropriate.

**Response:**    Defendant denies that plaintiff is entitled to the relief sought in paragraph 16 of the complaint, or any relief whatsoever.

## Second Affirmative Defense

Plaintiff fails to state a claim of age and disability discrimination.

## Third Affirmative Defense

All actions taken by Defendant Potter, his representatives and employees were non-discriminatory, were based on good faith, and were not in violation of any law prohibiting discrimination.

6

**Fourth Affirmative Defense**

Defendant took reasonable care to prevent and correct any alleged harassment or hostile work environment and plaintiff unreasonably failed to take advantage of the employer's anti-harassment policies and complaint procedures or otherwise failed to avoid harm.

**Fifth Affirmative Defense**

Plaintiff's lawsuit and any recovery are subject to any federal statute limiting the cause of action or the recovery of damages, including, but not limited to, a cap on compensatory damages and a limitation on interest.

**Sixth Affirmative Defense**

Sovereign immunity bars plaintiff's recovery of punitive damages against the federal defendant in an employment discrimination case.

**Seventh Affirmative Defense**

Plaintiff failed to exhaust her administrative remedies.

**Eighth Affirmative Defense**

John E. Potter, Postmaster General of the United States Postal Service, is the only proper defendant in this lawsuit. Any other named defendants should therefore be dismissed.

**Ninth Affirmative Defense**

Plaintiff's claim is limited to the allegations set forth and exhausted in her administrative EEO complaints.

**Tenth Affirmative Defense**

To the extent plaintiff may have failed to mitigate the damages alleged, her recoveries are subject thereto.

**Eleventh Affirmative Defense**

Plaintiff is not entitled to a jury trial on her ADEA claims.

WHEREFORE, the defendant, requests that this case be dismissed with costs and that the court award it such further relief as may be appropriate.

> Respectfully submitted,
>
> PATRICK J. FITZGERALD
> United States Attorney
>
> By: s/Ernest Y. Ling
>     ERNEST Y. LING
>     Assistant United States Attorney
>     219 South Dearborn Street
>     Chicago, Illinois 60604
>     (312) 353-5870
>     ernest.ling@usdoj.gov